1  AARON STREEPY, WSBA #38149          **The Honorable Thomas O. Rice**

2  JAMES MCGUINNESS, WSBA #23494
   STREEPY LAW, PLLC

3  4218 227th Ave Ct. East
   Buckley, WA 98321

4  (253) 528-0278

5

6

7              UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF WASHINGTON

8

9  UNITED FOOD AND COMMERCIAL          NO. 2:22-CV-00272-TOR
   WORKERS UNION, LOCAL 3000, a
10 non-profit corporation; UNITED FOOD  PLAINTIFFS' RESPONSE TO
   AND COMMERCIAL WORKERS              DEFENDANTS' MOTION TO
11 UNION, LOCAL 21, a non-profit        DISMISS COMPLAINT
   corporation; UNITED FOOD AND
12 COMMERCIAL WORKERS UNION,            **05/24/2023**
   LOCAL 1439, a non-profit corporation; **With Oral Argument: 9:00 a.m.**
13 AND FAYE IRENE GUENTHER, an
   individual,
14
15                        Plaintiffs,

16      v.

17 JOSEPH H. EMMONS, individually,
   AND OSPREY FIELD CONSULTING
18 LLC, a limited liability company,

19
                          Defendants.
20

21

22

23

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
Telephone (253) 528-0278

# <u>TABLE OF CONTENTS</u>

**I.  INTRODUCTION** _____ **1**

**II. MATERIAL FACTS** _____ **2**

**III.   LEGAL AUTHORITY AND ARGUMENT**_____ **4**

A.  Legal Standard._____ 4

B.  Plaintiffs' Complaint Alleges Sufficient Facts to Support a
Plausible Legal Claim Against Defendants for Defamation and False
Light._____ 5

  1.   The specific context involved in the distribution of flyers shows
Defendants expressly made or implied a factual assertion and not mere
opinions. _____ 6

  2.   The specific language utilized in Defendants' flyers establishes the use of
actionable undisclosed facts._____ 8

C.  Plaintiffs' Complaint Sets Forth Sufficient Facts Showing the
Fault and Damages Elements of their Defamation Claims. _____ 9

  1.   Plaintiffs are not public figures._____ 10

  2.   In the Alternative, Plaintiffs Alleged Actual Malice. _____ 15

  3.   Guenther Alleged Damages. _____ 16

D.  Defendants' Motion Under 12(b)(6) Should be Dismissed Because it
Relies on Extrinsic Evidence Offered to Resolve a Competing Legal
Theory. _____ 18

PLAINTIFFS' RESPONSE TO 12(b)(6) MOTION
Case No. 2:22-cv-00272-TOR

**Streepy Law** pllc
4218 227th Ave Ct. East
Buckley, WA 98321
*Telephone* (253) 528-0278

1

**IV.    CONCLUSION** _____ 20

2

3

## TABLE OF AUTHORITIES

4

*Federal Cases*

5

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) _____ 5

6

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) _____ 5

7

8

*Cook, Perkiss & Liehe, Inc. v. N. Calif. Collection Serv., Inc.,*
   911 F.2d 242 (9th Cir. 1990). _____ 20

9

*Cox v. Galazin,*
   460 F. Supp. 2d 380 (D. Conn. 2006). _____ 14

10

11

*D.A.R.E. Am. V. Rolling Stone Magazine,*
   101 F. Supp. 2d 1270 (C.D. Cal. 2000) _____ 10

12

13

*Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,*
   472 U.S. 749 (1985) _____ 12

14

*Gertz v. Robert Welch, Inc.,*
   418 U.S. 323 (1974) _____ 10, 11

15

16

*Guam Fed. of Teachers, Local 1581 v. Ysrael,*
   492 F2d 438 (9th Cir. 1974) _____ 14

17

18

*Henry v. Nat'l Ass'n of Air Traffic Specialist, Inc.,*
   836 F. Supp. 1204 (D. Md. 1993), aff'd, 34 F.3d 1066 (4th Cir. 1994)._____ 14

19

*Khoja v. Orexigen Therapeutics, Inc.,*
   899 F.3d 988 (9th Cir. 2018). _____ 18, 19

20

21

*Lee v. City of Los Angeles,*
   250 F.3d 668 (9th Cir. 2001). _____ 18, 19

22

*Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990)_____ 5

23

**STREEPY LAW** PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
*Telephone (253) 528-0278*

*Moussouris v. Microsoft Corp.*,
  2018 WL 3584701 (W.D. Wash. July 11, 2018). _____ 19

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) _____ 5

*Partington v. Bugliosi*,
  56 F.3d 1147 (9th Cir. 1995) _____ 5

*Planet Aid, Inc. v. Reveal*,
  44 F.4th 918 (9th Cir. 2022) _____ 10, 11

*Rhine v. United States*,
  2021 WL 6617461 (W.D. Wash. Sept. 2, 2021) _____ 5

*St. Amant v. Thompson*,
  390 U.S. 727 (1968). _____ 15, 16

*Steam Press Holdings, Inc. v. Haw. Teamsters Local 996*,
  302 F.3d 998 (9th Cir. 2002) _____ 6

*Tavoulareas v. Piro*,
  817 F.2d 762 (D.C. Cir.), *cert. denied*, 484 U.S. 870 (1987) _____ 10

*Unelko Corp. v. Rooney*,
  912 F.2d 1049 (9th Cir. 1990) _____ 5

*United States v. Multistar Indus., Inc.*,
  2022 BL 28571 (E.D. Wash. Jan. 27, 2022) _____ 5, 20

*Unsworth v. Musk*,
  2019 WL 8220721 (C.D. Cal. Nov. 18, 2019) _____ 10

*Von Saher v. Norton Simon Museum of Art*.
  592 F.3d 954 (9th Cir. 2010). _____ 8, 19

**State Cases**

*Bowman v. Heller*,
  420 Mass. 517 (1995) _____ 10, 14

**STREEPY LAW** PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
*Telephone (253) 528-0278*

*Caruso v. Local Union No. 690 of Int'l Bhd. of Teamsters*,
  100 Wn.2d 343 (1983)._____ 17

*Clardy v. Cowles Publ'g Co.*,
  81 Wn. App. 53 (1996)_____ 16

*Duc Tan v. Le*,
  177 Wash.2d 649 (2013)._____ 15

*Dunlap v. Wayne*,
  716 P.2d 842 (Wash. 1986)._____ 9

*Ernst Home Ctr., Inc. v. United Food & Com. Workers Int'l Union, AFL-CIO, Loc.
  1001*,
  77 Wn. App. 33 (1995). _____ 7

*Gregory v. McDonnell Douglas Corp.*,
  17 Cal. 3d 596 (1976)_____ 7

*Herron v. KING Broadcasting Co.*,
  112 Wash.2d 762 (1989) _____ 5

*Life Designs Ranch, Inc., v. Sommer*,
  191 Wn. App. 320 (Div. 3, 2015). _____ 17

*Maison de France, Ltd. v. Mais Oui!, Inc.*,
  126 Wn. App. 34 (Div. 1, 2005). _____ 17

*Reykdal v. Espinoza*,
  196 Wn.2d 458 (2020) _____ 16

*Sewell v. Eubanks*,
  181 Ga. App. 545 (1987)._____ 14

*Ward v. Painters' Local Union No. 300*,
  41 Wn.2d 859 (1953)._____ 17

**Statutes**

§504(a) Landrum-Griffin Act _____ 8

RCW 49.44.020 _____ 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
*Telephone (253) 528-0278*

RCW 49.44.030 _____ 7

RCW 9A.68.060 _____ 7

***Rules***

Fed. R. Civ. P. 12(d) _____ 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

PLAINTIFFS' RESPONSE TO 12(b)(6) MOTION
Case No. 2:22-cv-00272-TOR

STREEPY LAW PLLC
4218 227ᵗʰ Ave Ct. East
Buckley, WA 98321
*Telephone (253) 528-0278*

1

## I.    INTRODUCTION

2      For several reasons, the Court should deny Defendants' Motion to Dismiss

3   and allow Plaintiffs to conduct discovery and gather evidence in support of the

4   claims asserted in their complaint. First, Plaintiffs' complaint alleges sufficient facts

5   to support a plausible legal claim against Defendants for defamation and false light.

6   Defendants published affirmative statements of fact about the Plaintiffs which

7   involve specific people and events.  Indeed, their statements allege the Plaintiff labor

8   organizations and their chief officer (Faye Guenther) conspired to conceal specific

9   illegal conduct allegedly committed by two other union officers (Renner and

10  Gonzalez).   Even worse, Defendants published statements alleging that Guenther

11  bribed another union officer (Gonzalez) for a specific purpose, namely, to install an

12  individual (her "puppet" Michael Hines) into office at another UFCW union.  These

13  are not mere opinion. They are specific factual statements designed to injure

14  Plaintiffs which Plaintiffs can prove are false.

15      Second, the complaint also sets forth sufficient facts showing the fault and

16  damages elements of defamation claims. Plaintiffs allege Defendants acted both

17  negligently and with actual malice.  The complaint alleges Defendants entered into

18  a conspiracy with another unidentified third party to injure Plaintiffs.   The

19  conspiracy involved a clandestine operation to harm Plaintiffs' reputations among

20  their members.  Defendant Emmons confessed to engaging in a clandestine ("black-

21  ops") mission against Plaintiffs at the behest of a third party he won't identify in

22  response to Plaintiffs' discovery requests.  The complaint alleges he concealed his

23  identity during the black ops mission. The complaint also alleges they failed to

PLAINTIFFS' RESPONSE TO 12(b)(6) MOTION
1   Case No. 2:22-cv-00272-TOR

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
Telephone (253) 528-0278

1  investigate their factual assertions before publishing them and conducted the black-

2  ops mission to obtain personal pecuniary gain from the third party.  Finally,

3  Defendants are not even members of the Plaintiff labor organizations, nor have they

4  ever been.  These facts and reasonable inference drawn from them show Defendants

5  published the false statements negligently and with serious doubts about their truth.

6      Moreover, the Court should decline to consider extrinsic evidence attached

7  to the declaration Defendants filed with the Court.  The extrinsic evidence is offered

8  as substantive evidence to support Defendants' legal theory that Plaintiff Guenther

9  is a public figure and the Defendants' statements involve matters of public concern.

10  But the complaint alleges the merger was popular and non-controversial, which must

11  be accepted as true for purposes of this Motion. The non-member Defendants party

12  to this case created a dispute or debate about the merger that simply never existed

13  within any UFCW membership. Nor was the subject of the Defendants' flyer a

14  controversy or debate Guenther had interjected herself into or had spoken about in

15  the press or social media before the flyer was published.   If the Court does consider

16  the extrinsic evidence, the Rule 56 (b) summary judgment legal standard should

17  apply, and Plaintiffs should be allowed discovery to obtain evidence showing

18  genuine issue(s) of fact exists or that none exist, and the Plaintiffs are entitled to

19  judgment as a matter of law.

20  ## II.    MATERIAL FACTS

21      Plaintiffs filed their complaint in state court on July 25, 2022. Dkt. 1-2

22  ("Compl."). Plaintiffs UFCW Local 1439 and UFCW Local 21 were labor

23  organizations when the events described in the complaint occurred. Compl. ¶¶ 1.5-

PLAINTIFFS' RESPONSE TO 12(b)(6) MOTION
2   Case No. 2:22-cv-00272-TOR

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
Telephone (253) 528-0278

1.6. UFCW Local 1439 represented employees in Eastern Washington retail grocery stores. Compl. ¶ 1.5. UFCW Local 21 represented workers throughout Washington. Compl. ¶ 1.6. Plaintiff UFCW Local 3000 is a labor organization that resulted from a merger between UFCW Local 1439 and UFCW Local 21 on March 1, 2022. Compl. ¶ 3.28. Plaintiff Faye Guenther was the President of UFCW 21 before the merger and currently is the President of Local 3000.  Compl. ¶ 1.2. Defendant Emmons is not and never has been a member of UFCW 3000, 1439 or 21. Compl. 3.31-3.33.

Plaintiffs' complaint alleges the Defendants published defamatory statements about each Plaintiff starting in December of 2021. Compl. ¶ 4.2; *see also* Compl. ¶ 3.7 ("postmarked December 13, 2021"). In their flyer, Defendants made specific and affirmative representations of fact about Plaintiff Faye Guenther.  Defendants' first factual assertion about Guenther states: "First, Faye Guenther (President of Local 21) helped former Local 367 President Angel Gonzalez cover up his harassment charges and paid him off in exchange for installing her puppet, Mike Hines." Compl. ¶ 3.9; Ambika Kumar Decl. Ex. A. Defendants' second factual assertion about Ms. Guenther states: "Now she's helping Eric Renner (the Local 1439 President) hide from sexual harassment charges and land a cushy new gig with Local 21 through a forced merger."  Compl. ¶ 3.10; Kumar Decl. Ex. A.

In their flyer, Defendants also made affirmative representations of fact about the Plaintiff unions: (1) "The in-union 'Sexual Harassment club' is at it again!!" (2) "OUR UNION SHOULD BE LOOKING OUT FOR US <u>NOT PROTECTING HARASSERS</u>!" (emphasis original). Kumar Decl. Ex. A; *see also*, Compl. ¶ 3.11.

PLAINTIFFS' RESPONSE TO 12(b)(6) MOTION
Case No. 2:22-cv-00272-TOR

3

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
*Telephone* (253) 528-0278

The flyer claimed "It's time to STOP THE COVERUPS." (emphasis original). Kumar Decl. Ex. A; *see also*, Compl. ¶¶ 3.8-3.9, 4.2.

The parties engaged in discovery after the Plaintiffs filed their complaint in state court. Declaration of James G. McGuinness ("JGM Decl.") ¶ 2 & Ex. A. Plaintiffs presented their first discovery requests on September 2. JGM Decl. ¶ 4 & Ex. C. Defendants submitted their second discovery request for falsity information (RCW 7.96.050) to Plaintiffs on September 7, 2022. JGM Decl. ¶ 3 & Ex. B.

On September 15, 2022, discovery and proceeding were stayed under Washington law when Defendants filed a motion to dismiss under the anti-SLAPP statute. JGM Decl. ¶ 5 & Ex. D.  After the parties met and conferred over discovery requests, Plaintiffs agreed to pare down written discover requests. JGM Decl. ¶ 8 & Ex. G. On October 22, 2022, Emmons informed Plaintiffs he would not answer any written discovery requests or submit to a deposition upon oral examination.  JGM Decl. ¶ 9 & Ex. H.

Defendants then removed the case to federal court on November 9, 2022. The parties filed a stipulation with the court on February 16, 2023, addressing discovery and Defendants' dispositive Motion. JGM Decl. ¶ 11.

### III.    LEGAL AUTHORITY AND ARGUMENT

**A. Legal Standard.**

Rule 12(b)(6) motions to dismiss for failure to state a claim "tests the legal sufficiency of the plaintiff's claims." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint will not be dismissed if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
*Telephone* (253) 528-0278

1
2
3

(2007). A claim is plausible on its face when there is "content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

4
5
6
7

> In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. … A claim may be dismissed only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

8
9

*United States v. Multistar Indus., Inc.*, 2022 BL 28571 (E.D. Wash. Jan. 27, 2022) (quoting *Navarro*, 250 F.3d at 732).

10
11

**B. Plaintiffs' Complaint Alleges Sufficient Facts to Support a Plausible Legal Claim Against Defendants for Defamation and False Light.**

12
13
14
15
16
17
18
19

"The elements of a cause of action for defamation in Washington are (1) a false statement; (2) lack of privilege; (3) fault; and (4) damages." *Rhine v. United States,* 2021 WL 6617461 (W.D. Wash. Sept. 2, 2021) (citing *Herron v. KING Broadcasting Co.*, 112 Wash.2d 762, 768 (1989)). The First Amendment protects statements of subjective opinion, viewpoint, and interpretation, but not false statements or implied assertions of objective fact. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990); *Partington v. Bugliosi*, 56 F.3d 1147, 1153 (9th Cir. 1995) (citing *Unelko Corp. v. Rooney*, 912 F.2d 1049, 1053 (9th Cir. 1990)).

20
21
22
23

> To determine whether a statement implies a factual assertion, we examine the totality of the circumstances in which it was made. First, we look at the statement in its broad context, which includes the general tenor of the entire work, the subject of the statements, the setting, and the format of the work. Next we turn to the specific context and content of the statements, analyzing the extent of figurative or hyperbolic language used and the reasonable

PLAINTIFFS' RESPONSE TO 12(b)(6) MOTION
Case No. 2:22-cv-00272-TOR

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
Telephone (253) 528-0278

expectations of the audience in that particular situation. Finally, we inquire whether the statement itself is sufficiently factual to be susceptible of being proved true or false.

*Steam Press Holdings, Inc. v. Haw. Teamsters Local 996*, 302 F.3d 998, 1006 (9th Cir. 2002).

### 1. The specific context involved in the distribution of flyers shows Defendants expressly made or implied a factual assertion and not mere opinions.

The Defendants' Motion claims that context shows Mr. Emmons' comments were "made in a heated campaign," and that "[n]o reasonable reader would understand them to be conveying hard facts." *See* Defs.'. Mot. at 1:13-14. To the contrary, the flyers expressly state "[t]he in-union 'Sexual Harassment club' is at it again!!"  The clear factual implication is the Plaintiff labor organization is a (1) sexual harassment club, and (2) has a history of committing sexual harassment. Next, the flyer expressly accuses Guenther of helping "former 367 President Angel Gonzalez **cover up his harassment charges and paid him off in exchange for installing her puppet, Mike Hines.**" The flyer continues to attack Guenther by stating she is helping "Eric Renner (the Local 1439 President) **hide from sexual harassment charges and land a cushy new gig with Local 21 through a forced merger.**" *Id., emphasis original.* The parting shot in the flyer implies the organizations and Guenther are protecting harassers. Certainly, Guenther and the labor organizations can prove these statements of fact are false through testimony, documentary evidence, and the testimony of Gonzalez and Hines.

The Defendants cite cases where Courts found union statements to be mere opinions. Those cases are distinguishable from the instant one. One case involved

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
*Telephone (253) 528-0278*

1    the distribution of a union pamphlet suggesting that a company allowed off-the-

2    clock work. *Ernst Home Ctr., Inc. v. United Food & Com. Workers Int'l Union,*

3    *AFL-CIO, Loc. 1001*, 77 Wn. App. 33, 44 (1995).  Another statement suggested

4    union officers were "willing to sacrifice the interests of their members to further

5    their own political aspirations and personal ambitions." *Gregory v. McDonnell*

6    *Douglas Corp.*, 17 Cal. 3d 596, 599, 603 (1976). Those cases involved labor

7    disputes.  This case does not involve any dispute at all.

8           Contrary to Defendants' assertions, the conduct alleged in the flyer is

9    catastrophic to both Guenther and the Plaintiff labor organizations' reputations.

10   Accusing a labor union of being a sexual harassment club is inherently destructive

11   to its reputation among members and the very purpose of the organization which is

12   to advocate for employee rights; not violate them.  The defamatory statements aimed

13   at Guenther are even more dire. At a minimum, Defendants accused a female union

14   President of concealing specific illegal sexual harassment by two male union

15   officers. Such an accusation would likely cost Guenther her job. But Defendants go

16   further and accuse Guenther of bribing Gonzalez which arguably constitutes

17   criminal conduct.  RCW 9A.68.060 (commercial bribery), RCW 49.44.020 (making

18   it a gross misdemeanor for any person to offer any compensation to influence "any

19   duly constituted representative of a labor organization" in respect to representative's

20   official duties), RCW 49.44.030 (making it illegal for labor representative to receive

21   bribe), §504(a) Landrum-Griffin Act (disqualifying individuals convicted of certain

22   crimes, including bribery, from holding union office).

23

STREEPY LAW PLLC
4218 227ᵗʰ Ave Ct. East
Buckley, WA 98321
*Telephone (253) 528-0278*

1
2
3
4
5
6
7
8

Defendants assert there was a "heated campaign" underway, and that UFCW members would have understood the flyer was part of a merger debate. But they ignore relevant dates described in the complaint.  There was no debate about the merger until the non-member Defendants attempted to create one with their flyer. The Complaint shows the absence of a debate among the leaders of the union and its membership. Indeed, the postmark on the envelopes which carried the defamatory flyer to Spokane shows it was mailed the day before the executive board of the respective unions approved of the merger.

9
10
11
12
13
14
15
16
17
18
19
20

The Defendants also ask the Court to take judicial notice of news articles, Plaintiffs' websites and posts, and Plaintiffs' social media posts to "indicate what was in the public realm at the relevant time," citing *Von Saher v. Norton Simon Museum of Art*. 592 F.3d 954, 960 (9th Cir. 2010). However, the Defendants' declaration shows that *no such post was public at the time of Emmons' distribution of flyers.* The earliest such declaration was made was on December 17, 2021, four days *after* the flyers were mailed to Eastern Washington stores., In fact, the first online reference to the potential merger was made by Jessica Roach, a UFCW 367 member in Gig Harbor, who reposted the flyer on December 16, 2021. Compl. ¶ 3.12. The extent to which *any* debate, let alone a "heated" one, would have occurred prior to the Locals' December 17, 2021 announcement was solely caused by the distribution of the defamatory flyer.

21

## 2. The specific language utilized in Defendants' flyers establishes the use of actionable undisclosed facts.

22
23

The statements published by Defendant Emmons were complete fiction, crafted to seem credible and to cause maximum damage and interfere with the

PLAINTIFFS' RESPONSE TO 12(b)(6) MOTION
Case No. 2:22-cv-00272-TOR

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
*Telephone (253) 528-0278*

internal affairs of UFCW 1439 and UFCW 21. Compl. ¶ 4.3. The flyer was published at a time when only a select group of key high-level individuals had knowledge of a potential merger. See Compl. ¶ ¶ 3.2-3.4. The timing implied insider knowledge and understanding of facts and circumstances related to sexual harassment claims and an upcoming merger. The flyer further misleads the audience by implying membership status within "OUR UNION..." Kumar Decl. Exhibit A. In Washington arguments for actionability disappear when the audience members know the facts underlying an assertion and can judge the truthfulness of the allegedly defamatory statement themselves. *Dunlap v. Wayne*, 716 P.2d 842, 849 (Wash. 1986). But an expression of opinion that is not based on disclosed or assumed facts and therefore implies that there are undisclosed facts on which the opinion is based, is treated differently. *Id*. Here, Defendants distributed the flyer at a time, prior to announcement of the merger, so that it broke the news on the merger lending credibility to its other false claims that the Plaintiffs were engaged in illegal misconduct and were covering up sexual harassment allegations. The audience was therefore more likely to take statements as facts rather than hyperbole or opinions. The Defendants' target audience members had no possible way to judge the truthfulness of the defamatory statements themselves based on either disclosed *or* assumed facts because no facts related to the merger or sexual harassment complaints were known to the audience.

### C. Plaintiffs' Complaint Sets Forth Sufficient Facts Showing the Fault and Damages Elements of their Defamation Claims.

Defendants assert that Plaintiffs failed to allege "the requisite degree of fault." Defs. Mot. at 10:16-17. The Defendants' motion assumes the Plaintiffs are public

PLAINTIFFS' RESPONSE TO 12(b)(6) MOTION
9   Case No. 2:22-cv-00272-TOR

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
*Telephone* (253) 528-0278

1    figures for purposes of defamation analysis and concludes that Plaintiffs must allege

2    facts sufficient to find "actual malice." However, the Defendants failed to satisfy

3    their burden of proving Plaintiffs are public figures. *Unsworth v. Musk*, 2019 WL

4    8220721 (C.D. Cal. Nov. 18, 2019) ("As the moving party, Defendant bears the

5    burden of showing Plaintiff is a limited-purpose public figure.") citing *D.A.R.E. Am.*

6    *V. Rolling Stone Magazine*, 101 F. Supp. 2d 1270, 1276 (C.D. Cal. 2000). Even if

7    Defendants established Plaintiffs are public figures, the complaint alleges actual

8    malice and sets forth facts sufficient to meet that heightened standard.

9        **1. Plaintiffs are not public figures.**

10       There are two types of public figures. All-purpose public figures are those

11   who are a "household name on a national scale." *Bowman v. Heller*, 420 Mass. 517

12   (1995), citing *Tavoulareas v. Piro*, 817 F.2d 762, 772 (D.C. Cir.), *cert. denied*, 484

13   U.S. 870 (1987), Gertz v. Robert Welch, Inc., 418 U.S. 323, 345 (1974), *in accord*,

14   *Planet Aid, Inc. v. Reveal*, 44 F.4th 918, 924 (9th Cir. 2022). Limited-purpose public

15   figures are people who have assumed prominence on a limited range of issues. While

16   all-purpose public figures are required to prove actual malice for virtually any

17   subject of defamation, limited-purpose public figures must only prove actual malice

18   for speech touching those issues. While union officials are not all-purpose public

19   figures they sometimes are demonstrated to be limited-purpose public figures. This

20   determination is context-dependent and thus determined "by looking to the nature

21   and extent of an individual's participation in the particular controversy giving rise

22   to the [tort liability]." *Gertz,* 418 U.S. at 352. The Ninth Circuit Court recently set

23

PLAINTIFFS' RESPONSE TO 12(b)(6) MOTION
10  Case No. 2:22-cv-00272-TOR

forth the test in determining "whether an individual is a limited-purpose public figure:"

> In undertaking this inquiry, we consider whether (i) a public controversy existed when the statements were made, (ii) whether the alleged defamation is related to the plaintiff's participation in the controversy, and (iii) whether the plaintiff voluntarily injected itself into the controversy for the purpose of influencing the controversy's ultimate resolution.

*Planet Aid, Inc.*, 44 F.4th at 926.

### i.    No public controversy existed when the statements were made.

The complaint alleges "Defendant Emmons published defamatory statements by mailing and hand delivering copies of a flyer …" Compl. ¶ 4.1. The "flyers were mailed to grocery stores in Eastern Washington … beginning on December 13, 2021." Compl. 3.14. Hence, to support its argument that the "Debate over the merger began before the Flyer was allegedly distributed" (Defs.' Mot.. 14:13), Defendants must show the merger was made public and was the subject of public debate prior to December 13, 2021.

But Defendants have offered no evidence to support their contention, which also conflict with facts pled in Plaintiffs' Complaint. Defendants' reliance on Compl. ¶¶ 3.5-3.7 and ¶ 3.16 is misplaced since it describes facts related to this case *after* publication of the flyer began on December 13, 2021.

Paragraph 3.3 does not claim or imply that approval of the merger from the International Union was anything more than a private communication. Nor were the discussions about the merger among leadership anything but private. There is nothing in paragraph 3.3 supporting the Defendants' implication that these private

PLAINTIFFS' RESPONSE TO 12(b)(6) MOTION
11 Case No. 2:22-cv-00272-TOR

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
Telephone (253) 528-0278

negotiations involved debate or controversy. Even if the leadership teams were the intended audience and were involved in a public debate (which they were not), the limited scope of the audience for which the publication would be aimed would reduce the First Amendment Protection. See *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 758, 761 (1985) ("We have long recognized that not all speech is of equal First Amendment importance" and discussions where speech to limited audience did not require "special protection.")

Pargraph 3.4 makes no claim that anyone other than leadership, key staff and executive board members discussed the matter between December 9 and 13. Nothing in Paragraph 3.4 alleges any public knowledge of the merger, controversy, or debate.

Thus, the publication of the flyer not only preceded any controversy or public debate, it came prior to announcement of any plans to merge locals to general membership or the public. Defendants also rely on Kumar Decl. Exs. A & S. Defs.' Mot. at 7:11-12; see also, Defs.' Mot. at 12:11 (citing Compl. ¶¶ 3.3-3.28). The additional citations do not support the Defendants' argument. Other than ¶¶ 3.3-3.4 (discussed above), and ¶¶ 3.8-3.11 (describing the flyer), the events described in 3.12-3.28 occurred *after* December 13, 2021.

Defendants also cited Exhibit A as proof of the ongoing debate over the merger. Exhibit A is the flyer itself. Exhibit S, which is a screen capture of UFCW 21's website, is from December 17, 2021, which is *after* the Defendants circulated the flyer. Additionally, nothing in Exhibit S demonstrates an ongoing political debate.

PLAINTIFFS' RESPONSE TO 12(b)(6) MOTION
12 Case No. 2:22-cv-00272-TOR

1
2
3
4
5
6

Defendants incorrectly assert that "Plaintiffs assumed a role in the merger debate because they started it" (Defs.' Mot. at 14:1) and asks this court to make an unprecedented ruling that private conversations between key staff and executive board leadership is proof that a public controversy exists. The Court should reject Defendants' request since there is not a single assertion or implication that those conversations involved any dispute or controversy between leadership groups.

7
8
9
10
11
12
13
14
15

### ii.    The defamatory statements were not related to plaintiffs' participation in any controversy.

Defendants argue that Plaintiffs participated in a controversy over the merger. However, the defamatory statements occurred prior to the merger agreement being approved by either union and before it was announced to membership or the public. Defendants are also unable to cite to any preceding debate about sexual harassment allegations, payoffs, or misuse of union funds at any time. Finally, Defendants are unable to cite any instance of Plaintiff Guenther supporting the merger at any time other than drawing the conclusion that "As president of Local 21, Guenther necessarily led these activities." Defs.' Mot. at 14:4-5.

16
17

### iii.    Plaintiffs did not voluntarily interject themselves into the controversy for purposes of influencing the outcome.

18
19
20

The flyer was published prior to the vote to even recommend the merger to membership, and therefore the controversy was started by the flyer and Plaintiffs were forced into the controversy.

21

### iv.    Defendants cited public figure cases are not applicable.

22
23

Defendants argue "courts consistently find that unions and their officials are public figures for purposes of union business." However, each case cited by the

PLAINTIFFS' RESPONSE TO 12(b)(6) MOTION
13 Case No. 2:22-cv-00272-TOR

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
Telephone (253) 528-0278

Defendants is distinguishable. *Ysrael* involved a "public row" between the Union and a government official where statements were published in a newspaper. *Guam Fed. of Teachers, Local 1581 v. Ysrael*, 492 F2d 438, 439 (9th Cir. 1974). In *Henry*, an internal "power struggle existed prior to the publication of the challenged letters" and was part of "a volley of open letters from both the [Union] Board and [Plaintiff]" to 1700 Union members. *Henry v. Nat'l Ass'n of Air Traffic Specialist, Inc.,* 836 F. Supp. 1204, 1219 (D. Md. 1993), aff'd, 34 F.3d 1066 (4th Cir. 1994). *Cox* involved a Union President making statements about a former Union President after a Department of Labor audit noted some financial non-compliance. *Cox v. Galazin*, 460 F. Supp. 2d 380 (D. Conn. 2006).

In contrast, a court reached a different conclusion where no controversy existed regarding an internal union officer election. *Bowman,* 420 Mass. at 517. The court noted:

> The defendant does not claim that the election contest received any public attention. There was no basis for concluding the result of the election contest would be felt by persons who were not participants in the union election. The election in this case had no more public controversy than the usual election of a president of a social club or an election to the governing board of an educational institution, to the directorship of a corporation, or the governing body of a condominium association.

*Bowman,* 420 Mass. at 524, citing *Sewell v. Eubanks*, 181 Ga. App. 545, 546 (1987).

The instant case is more like *Bowman*. Not all internal union issues are such that they convert unions and their officers to limited public figures. Here, Emmons is not and has never been a member of either local union. This alone makes the present matter distinguishable from cases cited by Defendants where the limited-

PLAINTIFFS' RESPONSE TO 12(b)(6) MOTION
14 Case No. 2:22-cv-00272-TOR

purpose public figure finding by courts was protecting free speech among members of a limited group. Additionally, Defendants failed to demonstrate the merger vote received any public attention or that the result of the vote would be felt by persons who were not union members.  This merger was void of any public controversy greater than internal governing decisions by other social clubs, educational institutions or condominium associations.  This Court should decline to find that an internal executive board discussion converted Plaintiffs to limited-purpose public figures solely because non-members invented facts about the organizations and its officers and distributed them to Local 21 and 1439 members.

### 2.  In the Alternative, Plaintiffs Alleged Actual Malice.

Where a plaintiff alleges "evidence of the intent to avoid the truth" as opposed to a mere failure to investigate, courts refuse to dismiss a defamation case. *Duc Tan v. Le*, 177 Wash.2d 649, 668 (2013). "[R]ecklessness may be found where there are obvious reasons to doubt the veracity of the informant or the accuracy of his report." *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968). The Court further held:

> The defendant in a defamation action brough by a public official cannot, however, automatically insure a favorable verdict by testifying that he published with a belief that the statements were true. Professions of good faith will be unlikely to prove persuasive, for example, where a story is fabricated by the defendant, is the product of his imagination, or is based wholly on an unverified anonymous telephone call. Nor will they be likely to prevail when the publisher's allegations are so inherently improbable that only a reckless man would have put them in circulations.

*St. Amant*, 390 U.S. at 732.

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
*Telephone (253) 528-0278*

1    The Defendants relied on three cases where defendants relied on more

2    trustworthy sources. *St. Amant*, 390 U.S. 727 (sworn affidavit of person with no

3    record of dishonesty), *Clardy v. Cowles Publ'g Co.*, 81 Wn. App. 53 (1996)

4    (application for HUD insurance), *Reykdal v. Espinoza*, 196 Wn.2d 458 (2020)

5    (public official's own website advocated sex education curriculum for fourth

6    graders).

7    Conversely, Plaintiffs here alleged "Defendants took no steps to verify the

8    factual accuracy of the written statements." Compl. 3.51 The Plaintiffs plead that

9    Defendants "benefitted financially … for distributing the flyers." Compl. 3.34.

10    Defendant Emmons even admitted to engaging in a "black ops assignment," against

11    the Plaintiffs. Compl. ¶ 3.30 He parked his car in the rear of the parking lot (Compl.

12    ¶ 3.18) and attempted to conceal his identity by wearing a mask, local sports team

13    baseball cap and glasses. See Compl. ¶ 3.18-3.19.As plead, a reasonable juror could

14    conclude that distributing a flyer without any factual support for its basis, without

15    taking any step to verify the accuracy of the statements in the flyer, by attempting to

16    conceal ones car by parking it near the rear of the parking lot, by concealing ones

17    identity while distributing the flyer by wearing a mask, hat and glasses, and

18    admitting that it was a black ops mission constitutes reckless behavior sufficient to

19    meet the legal standard of actual malice.

20    Plaintiff Guenther also properly pled a claim for false light invasion of

21    privacy. The assertion that her false light claim should be dismissed because she did

22    not state a valid defamation claim is without merit.

23    **3.  Guenther Alleged Damages.**

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
*Telephone (253) 528-0278*

1    Defendants do not assert that the Plaintiff organizations failed to adequately
2    plead the damages element of their defamation claims since Plaintiffs pled the
3    increased labor costs associated with responding to the flyer and investigating its
4    origins. Compl. 3.59-3.61, 4.8. Further, Defendants' assertions that Plaintiff
5    Guenther failed to adequately plead damages is without merit.  First, as discussed
6    more fully in §II.C.2, Supra, of this Brief, Guenther did allege Defendants published
7    the flyer with actual malice.  Second, the flyer's statements were defamatory per se.
8    "Whether a given communication constitutes defamation per se may be either a
9    question of law or a question of fact." *Maison de France, Ltd. v. Mais Oui!, Inc.*,
10   126 Wn. App. 34, 108 (Div. 1, 2005). If they are in the more nebulous area of injury
11   to public confidence, to business, etc., "A jury normally decides what is defamatory
12   per se." *Life Designs Ranch, Inc., v. Sommer*, 191 Wn. App. 320, 328 (Div. 3, 2015).

13   "The imputation of a criminal offense involving moral turpitude has been held
14   to be clearly libelous *per se*." *Caruso v. Local Union No. 690 of Int'l Bhd. of*
15   *Teamsters*, 100 Wn.2d 343, 353 (1983). Further, "It is not necessary that the
16   defamatory publication be in technical terms. It is sufficient if the language used
17   imputes, to the recipient, the commission of a criminal offense by the one allegedly
18   defamed." *Ward v. Painters' Local Union No. 300*, 41 Wn.2d 859, 863 (1953).
19   Therefore, Defendants fail to meet their burden in a motion to dismiss if (1) the flyer
20   imputed a criminal offense to Guenther, or (2) any reasonable juror could find the
21   statements damaged public confidence in her.

22   Defendants minimize the severity of the false statements against Guenther and
23   assert that if Guenther is not a public figure she failed to plead "special damages."

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
Telephone (253) 528-0278

Yet, for a Union President, the statements could hardly be more harmful. Without a shred of evidence, the Defendants expressly accused her of concealing unlawful sexual harassment and engaging in bribery.  In addition to reciting these statements the complaint sets forth specific facts showing their impact on UFCW members and both reputational harm and damages for pain and suffering. The baseless information contained in the flyer spread to social media resulting in additional false claims and causing members to conclude their Unions and Guenther are "corrupt." At least some of those members contacted the Union demanding to know whether the statements in the flyer are true. At this early stage in the litigation, Guenther should be afforded the opportunity through discovery to gather evidence showing the extent of the ongoing reputational harm.

### D. Defendants' Motion Under 12(b)(6) Should be Dismissed Because it Relies on Extrinsic Evidence Offered to Resolve a Competing Legal Theory.

Generally, district courts cannot consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). When "matters outside the pleading are presented to and not excluded by the court," the 12(b)(6) motion converts into a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). There are two limited exceptions: (1) the incorporation-by-reference document and (2) judicial notice under Rule 201 of the Federal Rules of Evidence. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

A court may take judicial notice of "matters of public record without converting a motion to dismiss into a motion for summary judgment," however, it

PLAINTIFFS' RESPONSE TO 12(b)(6) MOTION
18  Case No. 2:22-cv-00272-TOR

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
*Telephone* (253) 528-0278

1    may not take notice of disputed facts contained in such public records. *Khoja* at 999

2    (quoting *Lee*, 250 F.3d at 689). Furthermore, a court may only take judicial notice

3    of publications, such as newspapers and magazines, if they are introduced to

4    "indicate what was in the public realm at the time…" *Von Saher,* 592 F.3d at 960

5    (citation & internal quotation marks omitted). In limited instances, "blog posts" can

6    be considered as publications for the above use. *Moussouris v. Microsoft Corp.*, 2018

7    WL 3584701, at *9 (W.D. Wash. July 11, 2018). Courts are generally cautious when

8    allowing for either exception as their "overuse and improper application" "can lead

9    to unintended and harmful results," including the dismissal of "plausible claims that

10   may turn out to be valid only after discovery." *Khoja,* 899 F.3d at 998.

11       Defendants invite the Court to take judicial notice of "news articles, plaintiff's

12   websites and points, and Plaintiffs' social media," which Defendants' introduced via

13   Kumar Decl. Exs. C–T, to "indicate what was in the public realm at the [relevant]

14   time." Defs.' Mot. 3:19. However, in three instances, Defendants' motion utilizes

15   the extrinsic materials for more than this purported purpose and instead cites the

16   materials to resolve disputes in material facts pertinent to Plaintiff's claim.

17       First, the Defendants utilize the Kumar Decl. S, to support their claim the flyer

18   was distributed to union members "amid a political debate over a proposed union

19   merger." Defs.' Mot. 7:12–13. Here, Defendants use Plaintiffs' website, Kumar

20   Decl. Exs. S, not to "indicate what was in the public realm," but rather to support

21   factual assertions which Plaintiffs dispute, including the timing of the Flyer's

22   distribution, whether the nature of the alleged "debate" was "political," and whether

23   proposed merger was subject to a "public debate."

PLAINTIFFS' RESPONSE TO 12(b)(6) MOTION
19 Case No. 2:22-cv-00272-TOR

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
*Telephone (253) 528-0278*

1    Second, Defendants cite Kumar Decl. Ex. S to show Plaintiff sought to

2    publicly influence the outcome of the merger. Defs.' Mot. 14:6–9. Defendants'

3    assertion that the website post contains an "issuing of an announcement to promote

4    [the merger]" again goes beyond an indication "of what was in the public realm" and

5    instead speaks to the content, nature, and function of the website posts—all

6    unresolved factual disputes.

7    Third, Defendants use social media posts, Kumar Decl. Ex. T, to "show" that

8    Plaintiffs were public figures for purposes of their union activities when the flyers

9    were distributed. Defs.' Mot. 14:19–21. This extrinsic material goes beyond showing

10    "what was in the public realm." It seeks to resolve disputed factual issues about,

11    whether and when, a public debate occurred.

12    Consideration of extrinsic materials "would take the Court's evaluation of the

13    motion…away from the face of the Complaint and would conflict with the Court's

14    obligation… to construe Plaintiff's factual allegations in the light most favorable to

15    Plaintiff." *Multistar Indus., Inc.*, 2022 WL 264461, at 3*. If the Court considers the

16    evidence to resolve the Motion, it should convert it to a Rule 56 motion for summary

17    judgment under Rule 12(d), and grant Plaintiffs the opportunity for discovery. Fed.

18    R. Civ. P. 12(d). Plaintiffs should be afforded the opportunity through discovery to

19    gather evidence to support their claims. Should the Court find the Complaint

20    deficient, Plaintiffs request leave to amend. *Cook, Perkiss & Liehe, Inc. v. N. Calif.*

21    *Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

22    **IV.    CONCLUSION**

23    For the above reasons, the Court should deny Defendants' Motion to Dismiss.

PLAINTIFFS' RESPONSE TO 12(b)(6) MOTION
20 Case No. 2:22-cv-00272-TOR

1

2      DATED this 27th day of March 2023.

3

4                                        s/James G. McGuinness
                                         James G. McGuinness, WSBA #23494
5                                        Aaron Streepy, WSBA #38149
                                         **STREEPY LAW, PLLC**
6                                        4218 227th Ave Ct E
                                         Buckley, WA 98321
7                                        Tel: (253) 528-0277
                                         jim@mcguinnessstreepy.com
8                                        aaron@mcguinnessstreepy.com
                                         *Counsel for Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFFS' RESPONSE TO 12(b)(6) MOTION
21 Case No. 2:22-cv-00272-TOR

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
*Telephone (253) 528-0278*

1    I hereby certify that on March 27, 2023, I electronically filed the foregoing

2    with the Clerk of the Court using the CM/ECF system which will send notification

3    of such filing to the parties who have appeared in the above case.

4    Dated:  March 27, 2023.

5

6                    _____s/Aaron Streepy_____
                     Aaron Streepy, WSBA No. 38149

7                    4218 227th Ave Ct. East
                     Buckley, WA 98321

8                    Telephone: (253) 528-0278
                     Email: aaron@mcguinnessstreepy.com

9

10                   *Counsel for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFFS' RESPONSE TO 12(b)(6) MOTION
22 Case No. 2:22-cv-00272-TOR

STREEPY LAW PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
Telephone (253) 528-0278