UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 3000, a non-profit corporation, UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 1439, a non-profit corporation, UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 21, a non-profit corporation, and FAYE IRENE GUENTHER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH H. EMMONS, individually and OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>Defendants. | NO. 2:22-CV-0272-TOR<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Rule 12(b)(6) Motion to Dismiss Complaint (ECF No. 9). This matter was submitted for consideration with oral argument on May 24, 2023. James G. McGuinness and Aaron M. Streepy

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 1

appeared on behalf of Plaintiffs. Sara A. Fairchild appeared on behalf of Defendants. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Rule 12(b)(6) Motion to Dismiss Complaint (ECF No. 9) is **denied**.

## BACKGROUND

This case concerns a union-related speech dispute. ECF No. 1-2. On March 2, 2022, Plaintiffs filed a Complaint in Spokane County Superior Court, raising claims for defamation and false light. ECF No. 1-2 at 10–12, ¶¶ 4.1–5.2. On November 9, 2022, Defendants removed the action to this Court. ECF No. 1. The following facts are drawn from Plaintiffs' Complaint and are accepted as true for the purposes of the present motion. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

The United Food and Commercial Workers ("UFCW") International Union requires local unions to request approval to begin formal discussions regarding the merging of local unions. ECF No. 1-2 at 4, ¶ 3.1. On December 2, 2021, UFCW International approved UFCW 21 and 1439's request to engage in formal merger conversations. *Id.*, ¶ 3.3.

On December 14, 2021, UFCW's 1439's executive board met and approved a motion to recommend the merger to the membership of the local union. *Id.*, ¶ 3.5. UFCW 1439 leadership began necessary preparation for a vote of the full

membership on the question of whether to merge with UFCW 21. *Id.* The same day, UFCW's 21's executive board met and approved a motion to recommend the merger to the membership of the local union. *Id.*, ¶ 3.5. UFCW 21 leadership began necessary preparation for a vote of the full membership on the question of whether to merge with UFCW 1439. *Id.*

On December 15, 2021, UFCW 1439's President, Eric Renner, received reports from UFCW 1439 union members and staff that a flyer was being circulated to grocery stores in the Spokane area. *Id.*, ¶ 3.7. First, the flyer falsely claimed that UFCW 21, UFCW 1439, and United Food and Commercial Workers Local 367 as well as its officers and staff were engaged in payoffs and coverups. *Id.* at 5, ¶ 3.8. Second, the flyer falsely claimed UFCW 21 President Faye Guenther "helped former 367 President Angel Gonzalez cover up his harassment charges and paid him off in exchange for installing her puppet, Mike Hines." *Id.*, ¶ 3.9. Third, the flyer falsely claimed that Ms. Guenther assisted Mr. Renner in hiding from sexual harassment charges, falsely implying Mr. Renner was utilizing the merger to avoid charges of sexual harassment. *Id.*, ¶ 3.10. Finally, the flyer stated: "OUR UNION SHOULD BE LOOKING OUT FOR US NOT PROTECTING HARASSERS!" *Id.*, ¶ 3.11. The flyer recommended a "NO" vote on any merger. *Id.*

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 3

On December 16, 2021, UFCW 21 received reports of the flyers circulating on social media by workers and members in the Puget Sound region of Washington. *Id.*, ¶ 3.12. Jessica Roach, a UFCW 367 member, reposted the flyer on a member Facebook forum, initiating a conversation writing "Brothers and Sisters … let's talk." *Id.* Roach stated the "flyer was mailed to Fred Meyer, addressed to the shop steward, the store director, and two assistants (sic) managers. … [UFCW 1439's] President appears to be making a back door deal with Faye, President of 21, in a desperate attempt to secure his employment. Also, much like our previous President, Angel, their President, Eric Renner, is being sued for sexual harassment. The evidence against him must be solid because this, as WE KNOW, this is a desperate move. … I think this flyer is meant to alert of us (sic) the corruption that is happening, perhaps, so we can start the conversation of how to combat it." *Id.* This post received dozens of comments and likes, and UFCW 21 and 3000 members asked questions about whether the claims were true. *Id.* Flyers were mailed to grocery stores in Eastern Washington beginning on December 13, 2021 and throughout December. *Id.* at 6, ¶ 3.14.

On January 8, 2022, Defendant Joseph Emmons entered Safeway and placed the flyers at two employee work locations. *Id.* at 7, ¶¶ 3.22–3.23. Identical flyers were reported and forwarded to UFCW 1439 from stores throughout the area. *Id.*, ¶ 3.26. Due to the flyer distribution, UFCW 21 and 1439 moved staff from the

Seattle area to Eastern Washington, Northern Idaho, and Eastern Oregon to respond to the flyers. *Id.*, ¶ 3.27.

In January and February 2022, Local 1439 and 21 conducted separate votes of its membership and both Locals approved the merger. *Id.*, ¶ 3.28. The merger formed the new United Food and Commercial Workers Union, Local 3000, effective March 1, 2022. *Id.*

Mr. Emmons is not, and has never been a member of UFCW 21, 367, nor 1439. *Id.* at 8, ¶¶ 3.31–3.33. Mr. Emmons and Osprey Field Consulting benefited financially in distributing the flyers, either in the form of compensation or wages for services rendered or goodwill to Osprey Field Consulting. *Id.*, ¶ 3.34. Defendants did not contact any of the unions to determine whether the allegations within the communications were true prior to publishing the flyer. *Id.*, ¶ 3.35. Mr. Emmons distributed the flyers in Oregon and Washington, and Defendants had no personal knowledge nor a good faith belief of the false factual statements contained therein. *Id.* at 8–9, ¶¶ 3.36–3.50. Defendants took no steps to verify the factual accuracy of the written statements in the flyers and Defendants intended and knew the flyers were likely to harm Plaintiffs. *Id.*, ¶¶ 3.51–3.58. Plaintiffs suffered losses as a result of the defamatory statements in the form of investigation costs, attorneys' fees, the assignment of additional staff to address the flyers,

reimbursed expenses due to the diversion of staff, and reputational harm. *Id.* at 9–10, ¶¶ 3.59–3.61.

## DISCUSSION

### I. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences … to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the Court's review is limited to the complaint, documents incorporated into the complaint by reference, and judicial notice. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d

1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

Defendants requests the Court take judicial notice of news articles, websites, and social media as relevant to "what was in the public realm at the [relevant] time." ECF No. 9 at 9 (citing *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2010)). Plaintiffs oppose this extrinsic evidence on the grounds that the documents were not public at the time of the alleged defamation and that the information seeks to resolve disputed factual issues regarding whether and when a public debate occurred. ECF No. 17 at 14, 26. The Court finds the majority of these documents are not relevant to resolving the issues presented in this motion. However, the Court considers the flyer as it is incorporated into the complaint by reference. *See* ECF Nos. 1-2; 10-1.

II.    **Defamation**

Defendants move to dismiss Plaintiffs' defamation claim on the grounds that (1) the statements are opinions, (2) Plaintiffs fail to allege the requisite fault, and (3) Plaintiff Guenther fails to allege damages. ECF No. 9 at 13–26.

In Washington, defamation requires (1) a false statement, (2) lack of privilege, (3) fault, and (4) damages. *Herron v. KING Broadcasting Co.*, 112 Wash. 2d 762, 768 (1989).

//

### A. Opinion Statements

As a threshold issue, opinions are protected by the First Amendment. *Dunlap v. Wayne*, 105 Wash. 2d 529, 538 (1986). In considering whether a statement is an opinion, courts consider the totality of the circumstances, including "at least (1) the medium and context in which the statement was published, (2) the audience to whom it was published, and (3) whether the statement implies undisclosed facts." *Id.* at 539.

Here, there are two alleged defamatory statements at issue: (1) Guenther "helped former 367 President Angel Gonzalez cover up his harassment charges and paid him off in exchange for installing her puppet, Mike Hines" and (2) Guenther was "helping Eric Renner (the Local 1439 President) hide from sexual harassment charges." ECF No. 9 at 13. Defendants contend that (1) the statements were published in a context and medium that typically contain opinion, (2) the union audience would have understood the flyers were rhetoric, rather than objective fact, on the merger debate; and (3) the flyers do not imply undisclosed facts. ECF No. 9 at 14–17. Plaintiffs contend the statements contained express and/or implied factual assertions that rendered the statements actionable as non-opinions. ECF No. 17 at 12–15.

As to the first factor, the flyer from an unknown author contained statements regarding the alleged sexual harassment coverups and bribery which recommended

a "no" vote on any merger.  ECF No. 10-1.  As alleged in the Complaint, only the executive board and "key staff" were discussing a proposed merger prior to the flyers being distributed.  *See* ECF No. 1-2 at 4.  Only after the flyers were distributed did union members discuss the merger and asked questions about whether the claims in the flyer were true.  *See id*.  As to the second factor, the audience of the flyers were solely union members who were to weigh in on the merger.  As to the third factor, the statements contain a mix of fact and opinion and are capable of being proved true or false.  As relevant to Plaintiff Guenther, the statements that she helped Angel Gonzalez and Eric Renner conceal sexual harassment charges and engaged in bribery are capable of being proved true or false.

Considering the totality of the circumstances, a reasonable factfinder could conclude Defendants' statements, as pleaded in the Complaint, implied assertions of objective facts.  Accepting the alleged facts as true, the statements are not merely non-actionable opinions.

### B. Limited Purpose Public Figure

As relevant here, "[l]imited-purpose public figures are those who voluntarily inject themselves or are drawn into a public controversy and thereby become public figures for a limited range of issues." *Clardy v. Cowles Pub. Co.*, 81 Wash. App. 53, 58 (1996) (citing *Gertz v. Robert Welch*, 418 U.S 323, 351 (1974)).

Courts consider the following nonexclusive considerations in the alleged public-figure's conduct: (1) access to media, (2) voluntariness and nature of the role, (3) acts to influence the resolution or outcome of the controversy, (4) prior existence of controversy, and (5) retention of status as a public figure. *Id.* at 60, 63–65.

First, although the unions sent out additional staff to address the flyers, there are no allegations regarding Guenther's access to the media. Second, Guenther assumed a position of leadership as the President of UFCW 3000, and the predecessor UFCW 21. Third, there are no allegations that Guenther attempted to influence the resolution or outcome of the merger, only generally that leadership participated in creating a proposed merger. ECF No. 1-2. Fourth, as alleged in the Complaint, there was no "prior existence" of a controversy where the proposed merger had not been announced to the general union membership. Finally, Guenther maintained a leadership position during the relevant time period.

Accepting these allegations as true and the limited evidence before the Court, Plaintiff Guenther was not acting as a limited-purpose public figure for purposes of the present motion. Where the Court finds that Guenther is not a limited-purpose public figure, Plaintiffs need not show actual malice. *Clardy*, 81 Wash. App. at 58.

### C. Damages

A plaintiff must prove damages to recover on a defamation claim. *Corbally*

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 10

*v. Kennewick Sch. Dist.*, 94 Wash. App. 736, 741 (1999). A plaintiff may recover special damages or general damages if the claim amounts to defamation per se. *See Life Designs Ranch, Inc. v. Sommer*, 191 Wash. App. 320, 328 (2015). Whether a claim is defamation per se is generally a question for a jury. *Id.* A statement is defamation per se if it (1) exposes a living person to hatred, contempt, ridicule or obloquy, to deprive her of the benefit of public confidence or social intercourse, or (2) injures her in her business trade, profession, or office. *Id.* "The imputation of a criminal offense involving moral turpitude has been held to be clearly libelous per se." *Caruso v. Local Union No. 690*, 100 Wash. 2d 343, 353 (1983) (internal citation omitted).

Here, the Complaint contains no allegations on special damages. *See* ECF No. 1-2. However, Plaintiff Guenther's claims as alleged may amount to defamation per se on the grounds that the statements impute criminal offenses involving moral turpitude regarding concealing sexual harassment charges and bribery. Therefore, Plaintiff Guenther need not plead special damages.

### III. False Light

Defendants move to dismiss Plaintiff Guenther's false light claim on the same grounds as the defamation claim. ECF No. 9 at 26–27.

A plaintiff may prove a false light claim if a matter is published in a false light where "(a) the false light would be highly offensive to a reasonable person

and (b) the actor knew of or recklessly disregarded the falsity of the publication and the false light in which the other would be placed." *Eastwood v. Cascade Broad. Co.*, 106 Wash. 2d 466, 470 (1986).

The Court does not dismiss the false light claim against Plaintiff Guenther for the same reasons as stated under the defamation claim.

IV.   **Appropriate Parties**

At oral argument, the Court questioned Plaintiffs regarding whether the unions were appropriate Plaintiffs.  The Complaint alleges that Local 3000 was not in existence at the time the flyers were published.  Moreover, the alleged defamatory statements are made against Plaintiff Guenther, not the unions.  Therefore, the Court dismisses the unions as Plaintiffs, as there are no alleged defamatory or false light claims made other than those against Plaintiff Guenther.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Rule 12(b)(6) Motion to Dismiss Complaint (ECF No. 9) is **DENIED**.

2. Plaintiffs UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 3000, a non-profit corporation, UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 1439, a non-profit corporation, and UNITED FOOD AND COMMERCIAL

WORKERS UNION, LOCAL 21, a non-profit corporation, are

**DISMISSED without prejudice.**

3. The Clerk is to adjust the docket accordingly.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED May 26, 2023.



THOMAS O. RICE
United States District Judge