# EXHIBIT H

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Washington

| | |
|---|---|
| FAYE IRENE GUENTHER <br> *Plaintiff* <br> v. <br> JOSEPH H. EMMONS, individually, AND OSPREY FIELD CONSULTING LLC, a limited liability co., <br> *Defendant* | Civil Action No. 2:22-cv-00272-TOR |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 3000

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A

| Place: See Attachment A | Date and Time: October 26, 2023 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/05/2023

*CLERK OF COURT*

OR

_____          s/John A. DiLorenzo
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Joseph H. Emmons and Osprey Field Consulting, LLC _____, who issues or requests this subpoena, are:
John A. DiLorenzo, Davis Wright Tremaine, LLP, 1300 S.W. Fifth Ave., Suite 2400, Portland, OR 97201 (503) 241-2300

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

0166

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00272-TOR

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                              _____
                                                     *Server's signature*

                                                  _____
                                                     *Printed name and title*

                                                  _____
                                                     *Server's address*

Additional information regarding attempted service, etc.:

0167

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### TO FED. R. CIV. P. 45(a) SUBPOENA DUCES TECUM
### TO UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 3000
*GUENTHER v. EMMONS,* NO. 2:22-cv-00272-TOR (E.D. Wash.)

Pursuant to Fed. Rule Civ. P. 45(a), United Food and Commercial Workers Union, Local 3000, is commanded to produce the following designated documents to Davis Wright Tremaine LLP, 920 Fifth Avenue, Suite 3300, Seattle, WA 98104-1610, for inspection and copying.

### Definitions

a. "**You,**" "**your,**" and "**Local 3000**" each means United Food and Commercial Workers Union, Local 3000, including its officers, directors, board members, employees, agents, contractors, accountants, attorneys, consultants, experts, investigators, predecessors, and other persons and entities under its supervision, direction, or control, or acting on its behalf.

b. "**Agreement**" means any written agreement, including without limitation any employment agreement, independent contractor agreement, separation agreement, non-disclosure agreement, settlement agreement, and severance agreement.

c. "**And**" and "**or**" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests all responses that might otherwise be construed to be outside the scope and are not to be interpreted in such a manner as to exclude any information within the scope of the discovery request.

d. "**Case**" means the present action, *Guenther v. Emmons,* No. 2:22-cv-00272-TOR (E.D. Wash.).

e. "**Communication**" means any oral or written exchange of words or of thoughts or ideas to another person, whether person to person, in a group, in a meeting, by telephone, by letter, by facsimile, by e-mail, by text message, by Social Media Platform, or by any other process, whether oral, written, electronic, or otherwise.

f. "**Social Media Platform**" means an interactive computer-mediated technology that facilitates online interactions, including without limitation Facebook, Flickr, Google+, Instagram, LinkedIn, Pinterest, Reddit, Snapchat, TikTok, Tumblr, Twitter, WhatsApp, Yahoo! Groups, YouTube, GoFundMe, blogging platforms, web forums, and other similar websites or software applications.

g. "**Complaint**" means the Complaint filed in this Lawsuit on July 25, 2022, in the Superior Court of Washington for Spokane County.

h. "**Documents**" has the same meaning as in Federal Rule of Civil Procedure 34 and includes all communications. A draft or non-identical copy is a separate document within the meaning of this term.

i. "**Faye Guenther**" means the sole plaintiff in this case, Faye Irene Guenther.

  j.  "**Flyer**" means the flyer described in the Complaint.

  k.  "**Lawsuit**" means this action, *Guenther v. Emmons*, originally filed in the Superior Court of Washington for Spokane County on July 25, 2022, as Case Number 22-2-02442-32 and removed to the United States District Court for the Eastern District of Washington as Case Number 2:22-cv-00272-TOR.

  l.  "**Local 21**" means United Food and Commercial Workers Union, Local 21, including its officers, directors, board members, employees, agents, contractors, accountants, attorneys, consultants, experts, investigators, assigns, and other persons and entities under its supervision, direction, or control, or acting on its behalf.

  m.  "**Local 1439**" means United Food and Commercial Workers Union, Local 1439, including its officers, directors, board members, employees, agents, contractors, accountants, attorneys, consultants, experts, investigators, assigns, and other persons and entities under its supervision, direction, or control, or acting on its behalf.

  n.  "**Local 367**" means United Food and Commercial Workers Union, Local 367, including its officers, directors, board members, employees, agents, contractors, accountants, attorneys, consultants, experts, investigators, assigns, and other persons and entities under its supervision, direction, or control, or acting on its behalf.

  o.  "**Merger**" means the merger between Local 1439 and Local 21 that created Local 3000.

  p.  "**Grievance**" means any complaint, grievance, accusation, negative assessment, or other communication conveying concern or dissatisfaction.

  q.  "**Complainants**" means the seven individuals who signed an August 23, 2021 grievance letter to the United Food and Commercial Workers International Union concerning Eric Renner: Adam Jackson, Laurel Fish, Katie Dugger, Sandra Huggins, Leslie Cowin, Amy Poston, and Austin DePaolo.

### Subpoenaed Documents

1. All documents related to the flyer, including but not limited to:

  a. Documents related to any investigation into the flyer conducted by Local 21, Local 1439, and/or Local 3000;

  b. Communications between Local 21 and its members concerning the flyer;

  c. Communications between Local 1439 and its members concerning the flyer;

  d. Communications between Local 3000 and its members concerning the flyer; and

    e. Documents relating to and/or substantiating the allegations in Complaint paragraphs 3.12 through 3.27 (inclusive) and 3.30.

 2. All documents related to the merger, including but not limited to:

    a. Communications related to the initiation of the merger;

    b. Documents and communications that contain, refer, or relate to the negotiation of the terms of the merger;

    c. Documents and communications that contain, refer, or relate to the terms and conditions of the merger;

    d. Documents referring or relating to Faye Guenther's role in initiating, structuring, negotiating, communicating about, or otherwise facilitating the merger;

    e. All votes concerning the merger; and

    f. All other communications related to the merger between January 1, 2021, and March 1, 2022.

 3. All documents relating to any grievances, formal or informal, concerning Eric Renner, including but not limited to documents related to any investigation into the grievance(s).

 4. All documents related to Eric Renner's resignation from his role as President of Local 1439, including but not limited to documents that contain, refer, or relate to the reasons for his resignation and the terms of his resignation.

 5. All documents related to the hiring of Eric Renner as an employee of Local 3000, including but not limited to the offer of employment, the reasons for hiring him, the terms of his employment, and related communications.

 6. All agreements between Eric Renner and Local 21, Local 1439, and/or Local 3000.

 7. All of President Faye Guenther's communications referring or relating to:

    a. The flyer;

    b. The merger;

    c. Jeff Anderson;

    d. Mike Hines' employment with Local 367;

    e. Angel Gonzalez;

    f.  Grievances(s) concerning Eric Renner;

    g.  Eric Renner's resignation from Local 1439;

    h.  Eric Renner's employment with Local 3000.

  8.  All documents relating to grievances, formal or informal, concerning Faye Guenther.

  9.  All communications with any one or more of the Complainants between August 23, 2021, and the present.

  10.  All agreements with any one or more of the Complainants related to their August 23, 2021, grievance concerning Eric Renner.

  11.  All agreements between Jeff Anderson and Local 21, Local 1439, and/or Local 3000.

  12.  Documents sufficient to show all of President Faye Guenther's speaking engagements, media appearances, interviews, or other public speaking events between January 1, 2019, and the present.

  13.  Documents sufficient to show all of President Faye Guenther's communications to Local 21 and/or Local 3000 members, including but not limited to blog posts, posts on Social Media Platforms, website posts, newsletters, articles, press releases, or mass emails.