# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH H. EMMONS, individually, OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>Defendants. | No. 2:22-cv-00272-TOR |

## UFCW 3000'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SUBPOENA

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, UFCW 3000, by and through its attorneys, Streepy Law, PLLC, hereby objects and responds to the Subpoena, served on UFCW 3000 on October 12, 2023, by Defendants Joseph H. Emmons and Osprey Field Consulting, as follows:

## OBJECTIONS TO DEFINITIONS

1. UFCW 3000 objects to Definition "p" regarding **"Grievance"**. The Definition is overbroad and unduly burdensome to the extent it attempts to extend the scope of these document requests to documents related to the function of UFCW 3000 as the exclusive representative of tens of thousands of employees and such extension would violate Washington's union-member privilege (see RCW § 5.60.060). UFCW 3000 defines **"Grievance"** as any complaint, grievance, accusation, negative assessment, or other communication conveying concern or dissatisfaction of the same or similar nature of complaints mentioned in the flyer (harassment or sexual harassment) excluding grievances processed on behalf of union members as part of a union's role as exclusive representative of bargaining unit members.

2. UFCW 3000 objects to each document request to the extent it calls for the production of a privilege log for documents that are dated or were created after July 25, 2022, that are protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1

*All documents related to the flyer, including but not limited to:*

0174

*a. Documents related to any investigation into the flyer conducted by Local 21, Local 1439, and/or Local 3000;*
*b. Communications between Local 21 and its members concerning the flyer;*
*c. Communications between Local 1439 and its members concerning the flyer;*
*d. Communications between Local 3000 and its members concerning the flyer; and*
*e. Documents relating to and/or substantiating the allegations in Complaint paragraphs 3.12 through 3.17 (inclusive) and 3.30.*

OBJECTIONS AND RESPONSE:
UFCW 3000 objects to this request to the extent it invades the attorney-client privilege and the work product doctrine. UFCW 3000 further objects to the request to the extent subsections b, c, and d seek documents protected by the union-member privilege in Washington. RCW § 5.60.060. UFCW 3000 will not produce any privileged and/or protected documents.

Without waiving the aforementioned objections, UFCW 3000 will produce any responsive non-privileged documents located after a reasonable search.

**DOCUMENT REQUEST NO. 2**

*All documents related to the merger, including but not limited to:*
*a. Communications related to the initiation of the merger;*
*b. Documents and communications that contain, refer, or relate to the negotiation of the terms of the merger;*
*c. Documents and communications that contain, refer, or relate to the terms and conditions of the merger;*
*d. Documents referring or relating to Faye Guenther's role in initiating, structuring, negotiating, communicating about, or otherwise facilitating the merger;*
*e. All votes concerning the merger; and*
*f. All other communications related to the merger between January 1, 2021, and March 1, 2022.*

OBJECTIONS AND RESPONSE:
UFCW 3000 objects to this request to the extent it invades attorney-client privilege and the work product doctrine. To the extent this request asks for communications subject to the union-member privilege in Washington, UFCW 3000 objects. UFCW 3000 will not produce any privileged and/or protected documents.

Additionally, UFCW 3000 objects to paragraph (e) to the extent it requires UFCW 3000 to disclose individual member votes for or against the merger. Such a request is not proportional to the needs of the case.

Without waiving the aforementioned objections, UFCW 3000 will produce all other responsive non-privileged documents located after a reasonable search.

2

## DOCUMENT REQUEST NO. 3

*All documents relating to any grievances, formal or informal, concerning Eric Renner, including but not limited to documents related to any investigation into the grievance(s).*

OBJEECTIONS AND RESPONSE:
UFCW 3000 objects to this request to the extent that it seeks documents protected by the attorney-client privilege and the work product doctrine. UFCW 3000 will not produce any privileged and/or protected documents.

UFCW 3000 objects to this request because it is overly broad in that it applies to "all grievances," and is not limited to a reasonable time frame, and, therefore, is unduly burdensome.

My understanding is defendants are willing to modify the request to include only those documents relating to grievances of the same nature of the complaints mentioned in the flyer (harassment or sexual harassment) and to be consistent with UFCW 3000's definition of "Grievance" set forth above.

Without waiving the aforementioned objections, UFCW 3000 will produce any responsive non-privileged documents located after a reasonable search.

## DOCUMENT REQUEST NO. 4

*All documents related to Eric Renner's resignation from his role as President of Local 1439, including but not limited to documents that contain, refer, or relate to the reasons for his resignation and the terms of his resignation.*

OBJECTIONS AND RESPONSE:
Eric Renner did not resign his President position at Local 1439. Therefore, UFCW 3000 does not have any such documents in its possession, custody, or control.

## DOCUMENT REQUEST NO. 5

*All documents related to the hiring of Eric Renner as an employee of Local 3000, including but not limited to the offer of employment, the reasons for hiring him, the terms of his employment, and related communications.*

OBJECTIONS AND RESPONSE:
UFCW 3000 objects to this request to the extent that it seeks documents protected by the attorney-client privilege and the work product doctrine. UFCW 3000 will not produce any privileged and/or protected documents.

UFCW 3000 objects to this request because it is duplicative of Request No. 2 which seeks all documents related to the merger of UFCW Locals 1439 and 21.

Subject to the aforementioned objections, UFCW 3000 will produce any responsive non-privileged documents located after a reasonable search.

## DOCUMENT REQUEST NO. 6

*All agreements between Eric Renner and Local 21, Local 1439, and/or Local 3000.*

OBJECTIONS AND RESPONSE:
UFCW 3000 objects to this request because it is duplicative of Request No. 2 which seeks all documents related to the merger of UFCW Locals 1439 and 21.

Without waiving the aforementioned objection, UFCW 3000 will produce any responsive non-privileged documents located after a reasonable search.

## DOCUMENT REQUEST NO. 7

*All President Faye Guenther's communications referring or relating to:*
   *a. The flyer;*
   *b. The merger;*
   *c. Jeff Anderson;*
   *d. Mike Hines' employment with Local 367;*
   *e. Angel Gonzalez;*
   *f. Grievance(s) concerning Eric Renner;*
   *g. Eric Renner's resignation from Local 1439;*
   *h. Eric Renner's employment with Local 3000.*

OBJECTIONS AND RESPONSE:
UFCW 3000 objects to this request to the extent that it seeks documents protected by the attorney-client privilege.

UFCW 3000 also objects to requests 7(c, e, f) because it is overly broad and unduly burdensome with no subject matter or time limitations. Such a request would seek information that is not proportional to the needs of the case. My understanding is defendants are willing to modify the requests to include only those documents relating to grievances of the same nature of the complaints mentioned in the flyer (harassment or sexual harassment) excluding grievances processed on behalf of union members as part of UFCW 3000's role as exclusive representative of bargaining unit members.

UFCW 3000 objects to request 7(g) because it is duplicative of Request No. 4 which already asked for all documents related to Mr. Renner's resignation. Additionally, because UFCW 3000 is not aware of any resignation from Local 1439, it has no responsive documents to request No. 7(g).

Without waiving the aforementioned objections, UFCW 3000 will produce any responsive non-privileged documents located after a reasonable search.

## DOCUMENT REQUEST NO. 8

*All documents relating to grievances, formal or informal, concerning Faye Guenther.*

4

0177

OBJECTIONS AND RESPONSE:
UFCW 3000 objects to this request to the extent that it seeks documents protected by the attorney-client or work product privilege. UFCW 3000 also objects to the request because it is overly broad and unduly burdensome and has no limitation on reasonable time. UFCW 3000 further objects to the request to the extent it seeks documents protected by the union-member privilege in Washington. RCW § 5.60.060.

My understanding is defendants are willing to modify the request to include only those documents relating to grievances of the same nature of the complaints mentioned in the flyer (harassment or sexual harassment) excluding grievances processed in UFCW 3000's role as exclusive bargaining representative.

Without waiving the aforementioned objections, UFCW 3000 will produce any responsive non-privileged documents located after a reasonable search.

## DOCUMENT REQUEST NO. 9

*All communications with any one or more of the Complainants between August 23, 2021, and the present.*

OBJECTIONS AND RESPONSE:
UFCW 3000 objects to this request to the extent that it seeks documents protected by the attorney-client privilege. UFCW 3000 also objects to the request because it is overly broad and unduly burdensome as some Complainants continued to work for UFCW 1439 and would have received routine and unrelated communications. My understanding is defendants are willing to modify the request to include only those documents related to the August 23, 2021 complaint or similar complaints of the same nature (including harassment or sexual harassment).

Without waiving the aforementioned objections, UFCW 3000 will produce any responsive non-privileged documents located after a reasonable search.

## DOCUMENT REQUEST NO. 10

*All agreements with any one or more of the Complainants related to their August 23, 2021, grievances concerning Eric Renner.*

OBJECTIONS AND RESPONSE:
It is my understanding the defendants are willing to enter into a protective order agreeing to limit the use of any responsive agreement to purposes related to this litigation.

If that understanding is correct, UFCW 3000 will produce any agreements after a reasonable search.

## DOCUMENT REQUEST NO. 11

*All agreements between Jeff Anderson and Local 21, Local 1439, and/or Local 3000.*

5

0178

OBJECTIONS AND RESPONSE:

UFCW 3000 does not have any such documents in its possession, custody, or control.

**DOCUMENT REQUEST NO. 12**

*Documents sufficient to show all of President Faye Guenther's speaking engagements, media appearances, interviews, or other public speaking events between January 1, 2019, and the present.*

OBJECTIONS AND RESPONSE:
UFCW 3000 will produce documents it believes responsive to the request after a reasonable search.

**DOCUMENT REQUEST NO. 13**

*Documents sufficient to show all of President Faye Guenther's communications to Local 21 and/or Local 3000 members, including but not limited to blog posts, posts on Social Media Platforms, website posts, newsletters, articles, press releases, or mass emails.*

OBJECTIONS AND RESPONSE:
UFCW 3000 objects to this request to the extent that it seeks documents protected by the union-member privilege in Washington. RCW § 5.60.060. UFCW 3000 also objects to the request because it is overly broad and unduly burdensome and is not limited to a reasonable time frame. The request further seeks information that is not proportional to the needs of the case.

Subject to the aforementioned objections, UFCW 3000 will produce any responsive non-privileged documents located after a reasonable search.

Without waiving the aforementioned objections,

**Dated**: October 25, 2023

_____
James G. McGuinness
Aaron M. Streepy
4218 227th Ave. Ct. East,
Buckley, WA 98321
253-528-0278
jim@mcguinnessstreepy.com
aaron@mcguinnessstreepy.com
*Attorneys for UFCW Local 3000*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of October 2023, copies of the foregoing UFCW 3000's Objections and Responses to Emmons and Osprey Field Consulting Subpoena were served upon Defendants via email as indicated:

John DiLorenzo at johndilorenzo@dwt.com
Ambika Kumar at ambikakumar@dwt.com
Sarah Fairchild at sarafairchild@dwt.com
Michelle Stark at michellestark@dwt.com
Malinda Quirante at malindaquirante@dwt.com

James G. McGuinness