# EXHIBIT J

| | |
|---|---|
| **From:** | DiLorenzo, John |
| **Sent:** | Tuesday, November 21, 2023 1:16 PM |
| **To:** | Jim McGuinness; Aaron Streepy |
| **Cc:** | Kumar, Ambika; Fairchild, Sara; Himes, Meagan; DiLorenzo, John |
| **Subject:** | Response to discovery concerns |

Dear Jim and Aaron,

This is in response to our last zoom conference between Jim, Sara and me relating to discovery issues. Here are our specific concerns regarding Local 3000's and Local 367's objections to defendants' subpoenas and Plaintiff's objections to our discovery requests.

<u>Definition of grievance</u>: Plaintiff and both unions object to the definition of "grievance" as overbroad. As discussed on our call, we are open to narrowing, but for many of the requests, your proposal is too narrow. We have responded to your proposed narrowing by request below.

<u>Privilege log</u>: Plaintiff and both unions object to logging **any** privileged document that post-dates the filing of the complaint in this case. We do not agree. Local 367 was never a party to this case, and even parties to a case need to log post-complaint documents withheld on the basis of privileges other than the attorney-client privilege or work product doctrine (ACP/WP). We agree Local 3000 and Plaintiff may omit from their privilege logs ACP/WP documents dated/generated after the complaint, July 25, 2022. We also agree that Local 367 may forego logging ACP/WP documents generated directly in response to Mr. Emmons's subpoenas. However, Plaintiff and the unions do need to log all other responsive documents they withhold on the basis of privilege (including RCW 5.60.060) so that we can independently evaluate each

privilege claim. And Local 367 needs to log all withheld documents other than ACP/WP documents created in response to the subpoena.

Requests to Local 3000

- #3 – This request seeks "documents relating to any grievances, formal or informal, concerning Eric Renner, including but not limited to documents related to any investigation into the grievance(s)." You propose narrowing to "only those documents relating to grievances of the same nature of the complaints mentioned in the flyer (harassment or sexual harassment)." At this stage, we agree Local 3000 may limit its search and production for this request to documents related to (i) grievances concerning any form of harassment or abusive behavior, including grievances of the same nature of the complaints in the August 23, 2021, letter Local 1439 members sent to the International Union, and (ii) grievances related to the merger or Mr. Renner's relationship with Ms. Guenther or Local 21. We reserve the right to seek additional responsive documents in the event that as discovery proceeds, we learn other grievances may lead to the discovery of admissible evidence.

- #7 – This request seeks Ms. Guenther's communications referring or relating to (c) Jeff Anderson, (e) Angel Gonazlez, and (f) grievances concerning Eric Renner, among other topics. Local 3000 wishes to "modify" these three subparts (c, e, and f) "to include only those documents relating to grievances of the same nature of the complaints mentioned in the flyer (harassment or sexual harassment)." We cannot agree to this. On (c), we are entitled to Ms. Guenther's communications referring or relating to Jeff Anderson, particularly in light of the fact that the information he provided to Ms. Guenther appears to be the sole basis for Ms. Guenther's allegations that Mr. Emmons distributed the flyers with

actual malice. On (e), we are also entitled to Ms. Guenther's communications referring or relating to Angel Gonzalez given your position that the flyer's statement concerning Ms. Guenther's relationship with Mr. Gonzalez is false. On (f), at this stage, we agree Local 3000 may limit its search and production for this subpart to communications referring or relating to grievances concerning any form of harassment, but again, we reserve the right to seek additional responsive documents as discovery proceeds.

- #8 – This request seeks "documents relating to grievances, formal or informal, concerning Faye Guenther." Local 3000 again wishes to "modify" this request to include only documents relating to harassment grievances. We cannot agree to this either. This proposed narrowing has no relationship to the claims or defenses in this case. Given your claims that the flyer's statements are false and that Ms. Guenther suffered reputational damages, we are entitled to any grievance concerning Ms. Guenther and the merger, her role in securing Mr. Renner his position in Local 3000, her relationship and interactions with Mr. Gonzalez, her relationship and interactions with Mr. Hines, or her character, integrity, or performance as Local 21/3000's President, including any allegations of misconduct.

- #9 – This request seeks communications with the individuals who signed the August 23, 2021, letter to the International Union regarding Mr. Renner's misconduct. You propose narrowing the request to "only those documents related to the August 23, 2021 complaint or similar complaints of the same nature (including harassment or sexual harassment)." At this stage, we agree Local 3000 may limit its search and production for this request as you have proposed, but we reserve the right to seek additional communications that may be relevant as discovery proceeds.

- #10 – We are willing to enter into a protective order and will put together a draft.

Requests to Local 367

- #1 – This request seeks "documents relating to any grievances, formal or informal, concerning Angel Gonzalez, including but not limited to documents related to any investigation into the grievance(s)." You propose narrowing to "only those documents relating to grievances of the same nature of the complaints in the flyer (harassment or sexual harassment)." At this stage, we agree Local 367 may limit its search and production for this request as you have proposed, but we reserve the right to seek additional responsive documents as discovery proceeds. You further state Local 367 objects to the extent this request "seeks documents reflecting settlement negotiations of a disputed claim because such request is not calculated to lead to the discovery of admissible evidence." We disagree. Given your position that there was no "cover up" of Mr. Gonzalez's harassment, and that Ms. Guenther was not involved in Mr. Hines becoming president, the settlement negotiations concerning a claim that Mr. Gonzalez engaged in harassment are absolutely relevant. Please produce all documents relating to grievances concerning Mr. Gonzalez and any allegations of harassment, including any settlement negotiations concerning such allegations.

- #6 – This request seeks in part "communications between Angel Gonzalez and Faye Guenther referring or relating to … Any grievance(s) against Angel Gonzalez." You propose narrowing to "only those documents relating to grievances of the same nature of the complaints in the flyer (harassment or sexual harassment)." At this stage, we agree Local 367 may limit its search and production

for this request as you have proposed, but we reserve the right to seek additional responsive documents as discovery proceeds.

- #7 – This request seeks "communications with or amongst Local 367 employees or officers referring or relating to Angel Gonzalez, Faye Guenther, and Michael Hines." Local 367 objects to producing any documents because it believes the request is "overly broad and unduly burdensome" and "not proportional to the needs of the case." Given the flyer's statement concerning Ms. Guenther, Mr. Gonzalez, and Mr. Hines, and the fact that Ms. Guenther works for a different union, this request is highly relevant and sufficiently tailored. Please produce responsive documents. If, with the above clarification, you still maintain your objections, please provide us with your reasoning as to why this request is overbroad and not proportional.

Requests to Plaintiff
- Rog 4, Rog 5, RFP 8, RFP 11 – Each of these requests seeks information/documents related to grievances of some sort. You propose excluding "labor grievances" for all. We need to better understand what you mean by "labor grievance" before we can agree to this. Is a "labor grievance" a complaint by a union member against an employer, or is it broader? During our call, we asked for further information about how you would narrow the search to exclude the grievances you believe are not relevant—e.g., Is there a pool of "labor grievances" that would not be searched at all? Or would you be searching the same set of documents but using more specific search terms? If you could provide answers to these questions, that will help us have meaningful discussions on how to narrow the search in a way that avoids pulling in too many non-responsive documents but still captures the documents we need.

- RFP 1 and 2 – For these requests, you object on the ground that they overlap with other requests, and you state you will only provide documents to "other" or "more specific" RFPs. RFP 1 seeks the documents referenced in Plaintiff's initial disclosures, which contains a 3-page list of what Plaintiff described as "non-privileged documents … that Plaintiff may use to support her claims." RFP 2 seeks "documents related to the flyer, including without limitation your communications regarding the flyer and any investigation into the flyer." We are entitled to these documents. We of course do not need two copies of a document if the same document could be responsive to more than one request, but the fact that other discovery requests may implicate some of the same documents as RFP 1 and 2 does not relieve Plaintiff of her obligation to search for and produce documents responsive to these requests.

- RFP 17 – This request seeks "[a]ll documents comprising, containing, describing, or otherwise referring to posts made by you on any social media platform or website related to your role as President of Local 21." You object that this is overbroad and ask that Defendants narrow the request. Plaintiff's response to Rog 2 indicates she used Twitter, Instagram, and Facebook to communicate with members of Local 21 while President. As a start, please produce all responsive posts Plaintiff made on those platforms and on Local 21's website while President of Local 21. (For this request, posts mean those that are visible to all followers/friends, not private messages.) We reserve the right to seek additional documents responsive to this request as discovery proceeds.

We also have some concerns regarding your objections based on RCW 5.60.060, undue-burden, and relevance grounds, but we can wait to see the documents you produce before addressing those. We look forward to your document production. Let us know if you have any questions.

Also, if we don't talk with you earlier, have a nice Thanksgiving.



**John DiLorenzo**
**Partner |** Davis Wright Tremaine LLP
Member of Oregon, New York and District of Columbia bars
**P** 503.778.5216  **C** 503.704.5162  **E** johndilorenzo@dwt.com
**A** 1300 SW Fifth Avenue, Suite 2400, Portland, OR 97201-5610

**DWT.COM**