# EXHIBIT P

| | |
|---|---|
| **From:** | Jim McGuinness <jim@mcguinnessstreepy.com> |
| **Sent:** | Monday, February 5, 2024 4:08 PM |
| **To:** | Fairchild, Sara; Aaron Streepy; DiLorenzo, John |
| **Cc:** | Kumar, Ambika; Himes, Meagan |
| **Subject:** | Re: Motion to compel production in Guenther v. Emmons |

[EXTERNAL]

Confirmed.
Sincerely,
James G. McGuinness
Streepy Law, PLLC
406-300-2072 (cell)

**From:** Fairchild, Sara <SaraFairchild@dwt.com>
**Sent:** Monday, February 5, 2024 5:06 PM
**To:** Jim McGuinness <jim@mcguinnessstreepy.com>; Aaron Streepy <Aaron@mcguinnessstreepy.com>; DiLorenzo, John <johndilorenzo@dwt.com>
**Cc:** Kumar, Ambika <AmbikaKumar@dwt.com>; Himes, Meagan <MeaganHimes@dwt.com>
**Subject:** RE: Motion to compel production in Guenther v. Emmons

Thanks, Jim.  Could you confirm that Local 3000 also does not object?

**Sara Fairchild**   She/Her/Hers
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8234  **E** sarafairchild@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Jim McGuinness <jim@mcguinnessstreepy.com>
**Sent:** Monday, February 5, 2024 4:04 PM
**To:** Fairchild, Sara <SaraFairchild@dwt.com>; Aaron Streepy <Aaron@mcguinnessstreepy.com>; DiLorenzo, John <johndilorenzo@dwt.com>
**Cc:** Kumar, Ambika <AmbikaKumar@dwt.com>; Himes, Meagan <MeaganHimes@dwt.com>
**Subject:** Re: Motion to compel production in Guenther v. Emmons

[EXTERNAL]

Sara:
Plaintiff does not object to the requested relief or expedited consideration by the court.
Sincerely,
James G. McGuinness
Streepy Law, PLLC
406-300-2072 (cell)

**From:** Fairchild, Sara <SaraFairchild@dwt.com>
**Sent:** Monday, February 5, 2024 2:51 PM

0219

**To:** Jim McGuinness <jim@mcguinnessstreepy.com>; Aaron Streepy <Aaron@mcguinnessstreepy.com>; DiLorenzo, John <johndilorenzo@dwt.com>
**Cc:** Kumar, Ambika <AmbikaKumar@dwt.com>; Himes, Meagan <MeaganHimes@dwt.com>
**Subject:** RE: Motion to compel production in Guenther v. Emmons

Jim,

The hearing date is simply the date when the motion is noted for the court's consideration.  We are not requesting oral argument.  I have responded to your email regarding scheduling the Fish deposition, and as stated there, we can look for a date in early March.  However, we do not see the postponement of the deposition as a reason to delay obtaining the NDAs and related documents.

Again, please confirm that Plaintiff and Local 3000 do not object to the relief we have outlined, and please let us know whether you object to our request to expedite the court's consideration of our motion by COB today.

Thanks,
Sara

**Sara Fairchild**  She/Her/Hers
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8234  **E** sarafairchild@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Jim McGuinness <jim@mcguinnessstreepy.com>
**Sent:** Monday, February 5, 2024 1:31 PM
**To:** Fairchild, Sara <SaraFairchild@dwt.com>; Aaron Streepy <Aaron@mcguinnessstreepy.com>; DiLorenzo, John <johndilorenzo@dwt.com>
**Cc:** Kumar, Ambika <AmbikaKumar@dwt.com>; Himes, Meagan <MeaganHimes@dwt.com>
**Subject:** Re: Motion to compel production in Guenther v. Emmons

[EXTERNAL]

Sara:
I'm not available for a hearing or deposition during the week starting February 19th.  As you know, Aaron will be out of the country that week.
Sincerely,
James G. McGuinness
Streepy Law, PLLC
406-300-2072 (cell)

**From:** Fairchild, Sara <SaraFairchild@dwt.com>
**Sent:** Sunday, February 4, 2024 10:11 PM
**To:** Aaron Streepy <Aaron@mcguinnessstreepy.com>; DiLorenzo, John <johndilorenzo@dwt.com>; Jim McGuinness <jim@mcguinnessstreepy.com>
**Cc:** Kumar, Ambika <AmbikaKumar@dwt.com>; Himes, Meagan <MeaganHimes@dwt.com>; DiLorenzo, John <johndilorenzo@dwt.com>
**Subject:** RE: Motion to compel production in Guenther v. Emmons

Aaron and Jim,

Based on your response to our draft stipulation, we intend to move for an order that would (1) compel Local 3000 to produce the NDAs and any other non-privileged documents subject to the NDAs that are responsive to Defendants' subpoena and (2) permit parties to the NDAs to disclose non-privileged information and documents subject to the NDAs in response to discovery requests in this case. The proposed order would require the parties to treat material subject to the NDAs as confidential, as was set forth in the draft stipulation. It also would expressly state that nothing in the order precludes parties or non-parties from seeking a protective order or moving to quash a subpoena on grounds other than the NDAs.

In response to Aaron's email below, we do not see how Local 3000's objection to the definition of "grievance" would impact the production Defendants are seeking here given the narrowed definition we agreed to months ago.

**Please confirm by COB Monday, February 5, that Plaintiff and Local 3000 do not object to the relief outlined above.**

Additionally, we would like to ask the Court to decide the motion sooner than the default 30-day schedule. **Please let us know whether Plaintiff and Local 3000 object to a motion to expedite the hearing date to February 19.**

Thanks,
Sara

**Sara Fairchild**   She/Her/Hers
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8234   **E** sarafairchild@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Aaron Streepy <Aaron@mcguinnessstreepy.com>
**Sent:** Thursday, February 1, 2024 2:59 PM
**To:** Fairchild, Sara <SaraFairchild@dwt.com>; DiLorenzo, John <johndilorenzo@dwt.com>; Jim McGuinness <jim@mcguinnessstreepy.com>
**Cc:** Kumar, Ambika <AmbikaKumar@dwt.com>; Himes, Meagan <MeaganHimes@dwt.com>; DiLorenzo, John <johndilorenzo@dwt.com>
**Subject:** Re: Motion to compel production in Guenther v. Emmons

[EXTERNAL]

Sara, I think we had some objections to the definition of "grievance" that we've mostly or completely resolved. Additionally, we had had some specific objections to turning over privileged communications. There may be related documents that contain sensitive information about a complainant or Mr. Renner that I would need to think about whether a protective order or redaction is warranted.

But to the extent that requests 3 and 7(f) are related to the complaints in the letter to the International Union concerning Eric Renner (which is the only "grievance" of the type we believe you are looking for based on the exchange with John late last year), I don't think we had an objection to turning those settlements/NDAs and related documents over once the NDA question is addressed by consent of the parties or a court order.

Not trying to be difficult with that answer as I think I agree with your email below, but I don't want to lose track that there may be specific objections that we've already raised and discussed.

Aaron

**From:** Fairchild, Sara <SaraFairchild@dwt.com>
**Date:** Thursday, February 1, 2024 at 1:07 PM

0221

**To:** Aaron Streepy <Aaron@mcguinnessstreepy.com>, DiLorenzo, John <johndilorenzo@dwt.com>, Jim McGuinness <jim@mcguinnessstreepy.com>
**Cc:** Kumar, Ambika <AmbikaKumar@dwt.com>, Himes, Meagan <MeaganHimes@dwt.com>, DiLorenzo, John <johndilorenzo@dwt.com>
**Subject:** RE: Motion to compel production in Guenther v. Emmons

Thanks, Aaron.  We understand that in addition to the NDAs themselves, Local 3000 (as Local 1439's successor) has other documents subject to the NDAs that would be responsive to our subpoena to Local 3000, which I am reattaching here.  See requests 3 and 7(f).  Could you confirm that Local 3000 also does not object to producing those documents with either the consent of all parties or a court order compelling disclosure?

**Sara Fairchild**  She/Her/Hers
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8234  **E** sarafairchild@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

---

**From:** Aaron Streepy <Aaron@mcguinnessstreepy.com>
**Sent:** Thursday, February 1, 2024 8:57 AM
**To:** Fairchild, Sara <SaraFairchild@dwt.com>; DiLorenzo, John <johndilorenzo@dwt.com>; Jim McGuinness <jim@mcguinnessstreepy.com>
**Cc:** Kumar, Ambika <AmbikaKumar@dwt.com>; Himes, Meagan <MeaganHimes@dwt.com>; DiLorenzo, John <johndilorenzo@dwt.com>
**Subject:** Re: Motion to compel production in Guenther v. Emmons

[EXTERNAL]

Sarah,

That is the hold up. Parties to an NDA include:

UFCW 1439 (Jeff Hofstader, Secretary-Treasurer)

Teamsters #690 Taj Wilkerson represented:
1. Laurel Fish (UFCW 1439 Political Director/Organizer)
2. Adam Jackson (UFCW 1439 Organizing Director)
3. Katie Dugger (UFCW 1439 Union Representative)

Former employees:
1. Amy Poston – Former employee
2. Sandra Huggins – Former Benefits Director of UFCW 1439
3. Leslie Cowin – Former employee
4. Austin DePaulo – Former employee
5. Alex Garcia – Former officer of UFCW 1439 (represented by counsel as previously disclosed)

I can get their contact information but I've just been on the road or sick quite a bit and haven't had an opportunity to review the file. I'd also like to note that we've previously taken the position that Local 3000 does not object to the production of the NDAs provided the other parties also do not object. We also have no objection to the Defendants' investigators or attorneys discussing their position on waiving the NDA portion of the settlement or to ask questions about the complaint letter itself. However, L3000 has not agreed to allow questioning of former Director level employees or officers about communications made to counsel after the complaint letter was sent or communications

made unrelated to the complaint letter in their roles as Directors or Officers. Please let us know if you would like to discuss this further.

And I can probably get you the emails and/or phone numbers for the parties to the NDA later today as I'm finally back at my desk today.

Thanks,
Aaron

---

**From:** Fairchild, Sara <SaraFairchild@dwt.com>
**Date:** Tuesday, January 30, 2024 at 4:45 PM
**To:** Aaron Streepy <Aaron@mcguinnessstreepy.com>, DiLorenzo, John <johndilorenzo@dwt.com>, Jim McGuinness <jim@mcguinnessstreepy.com>
**Cc:** Kumar, Ambika <AmbikaKumar@dwt.com>, Himes, Meagan <MeaganHimes@dwt.com>, DiLorenzo, John <johndilorenzo@dwt.com>
**Subject:** RE: Motion to compel production in Guenther v. Emmons

Thanks, Aaron.  Yes, please provide the names of all parties to the agreements and any contact information you have for them.  If you don't have contact information readily available, we can try to track it down.

**Sara Fairchild**  She/Her/Hers
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8234  **E** sarafairchild@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

---

**From:** Aaron Streepy <Aaron@mcguinnessstreepy.com>
**Sent:** Tuesday, January 30, 2024 4:41 PM
**To:** Fairchild, Sara <SaraFairchild@dwt.com>; DiLorenzo, John <johndilorenzo@dwt.com>; Jim McGuinness <jim@mcguinnessstreepy.com>
**Cc:** Kumar, Ambika <AmbikaKumar@dwt.com>; Himes, Meagan <MeaganHimes@dwt.com>; DiLorenzo, John <johndilorenzo@dwt.com>
**Subject:** Re: Motion to compel production in Guenther v. Emmons

[EXTERNAL]

Sarah,

One former employee was represented by counsel. Alex Garcia's attorney was:

Andrew Biviano
522 W. Riverside Ave., Suite 550
Spokane, WA 99201
abiviano@pt-law.com
509-232-7760

Teamsters were not represented by counsel. It looks like you were able to track down an attorney for them.

There were three former employees of UFCW 1439 who were not represented by counsel. Were you still looking for their contact information?

Aaron

---

**From:** Fairchild, Sara <SaraFairchild@dwt.com>
**Date:** Friday, January 26, 2024 at 2:02 PM
**To:** Aaron Streepy <Aaron@mcguinnessstreepy.com>, DiLorenzo, John <johndilorenzo@dwt.com>, Jim McGuinness <jim@mcguinnessstreepy.com>
**Cc:** Kumar, Ambika <AmbikaKumar@dwt.com>, Himes, Meagan <MeaganHimes@dwt.com>, DiLorenzo, John <johndilorenzo@dwt.com>
**Subject:** RE: Motion to compel production in Guenther v. Emmons

Thanks.  Could you also share contact information for the other parties to the agreement or their counsel?

**Sara Fairchild**   She/Her/Hers
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8234  **E** sarafairchild@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

---

**From:** Aaron Streepy <Aaron@mcguinnessstreepy.com>
**Sent:** Friday, January 26, 2024 1:57 PM
**To:** Fairchild, Sara <SaraFairchild@dwt.com>; DiLorenzo, John <johndilorenzo@dwt.com>; Jim McGuinness <jim@mcguinnessstreepy.com>
**Cc:** Kumar, Ambika <AmbikaKumar@dwt.com>; Himes, Meagan <MeaganHimes@dwt.com>; DiLorenzo, John <johndilorenzo@dwt.com>
**Subject:** Re: Motion to compel production in Guenther v. Emmons

[EXTERNAL]

Three of them on October 8, 2021 and two on October 9, 2021.

---

**From:** Fairchild, Sara <SaraFairchild@dwt.com>
**Date:** Friday, January 26, 2024 at 1:53 PM
**To:** Aaron Streepy <Aaron@mcguinnessstreepy.com>, DiLorenzo, John <johndilorenzo@dwt.com>, Jim McGuinness <jim@mcguinnessstreepy.com>
**Cc:** Kumar, Ambika <AmbikaKumar@dwt.com>, Himes, Meagan <MeaganHimes@dwt.com>, DiLorenzo, John <johndilorenzo@dwt.com>
**Subject:** RE: Motion to compel production in Guenther v. Emmons

Thanks, Aaron.  Could you give us the dates the NDAs were executed?

**Sara Fairchild**   She/Her/Hers
**Associate,** Davis Wright Tremaine LLP

**P** 206.757.8234  **E** sarafairchild@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

---

**From:** Aaron Streepy <Aaron@mcguinnessstreepy.com>
**Sent:** Friday, January 26, 2024 1:48 PM
**To:** DiLorenzo, John <johndilorenzo@dwt.com>; Jim McGuinness <jim@mcguinnessstreepy.com>
**Cc:** Fairchild, Sara <SaraFairchild@dwt.com>; Kumar, Ambika <AmbikaKumar@dwt.com>; Himes, Meagan

<MeaganHimes@dwt.com>; DiLorenzo, John <johndilorenzo@dwt.com>
**Subject:** Re: Motion to compel production in Guenther v. Emmons

[EXTERNAL]

John,

There are 5 NDAs. They included Eric Renner as a party.

I only represented UFCW 1439 and make no representation on whether any of the other parties to the NDAs (Teamsters 690, then current employees, then former employees, then former officer, or Eric Renner) have any objection to your client's motion.

Let me know if you have any additional questions.

Aaron

**From:** DiLorenzo, John <johndilorenzo@dwt.com>
**Date:** Thursday, January 25, 2024 at 5:41 PM
**To:** Jim McGuinness <jim@mcguinnessstreepy.com>, Aaron Streepy <Aaron@mcguinnessstreepy.com>
**Cc:** Fairchild, Sara <SaraFairchild@dwt.com>, Kumar, Ambika <AmbikaKumar@dwt.com>, Himes, Meagan <MeaganHimes@dwt.com>, DiLorenzo, John <johndilorenzo@dwt.com>
**Subject:** RE: Motion to compel production in Guenther v. Emmons

## Thanks Jim.  I will await Aaron's response.

**John DiLorenzo**
**Partner,** Davis Wright Tremaine LLP
Member of Oregon, New York and District of Columbia bars

**P** 503.778.5216  **C** 503.704.5162  **E** johndilorenzo@dwt.com
**A** 1300 SW Fifth Avenue, Suite 2400, Portland, OR 97201-5610
**DWT.COM**

**From:** Jim McGuinness <jim@mcguinnessstreepy.com>
**Sent:** Thursday, January 25, 2024 4:31 PM
**To:** DiLorenzo, John <johndilorenzo@dwt.com>; Aaron Streepy <Aaron@mcguinnessstreepy.com>
**Cc:** Fairchild, Sara <SaraFairchild@dwt.com>; Kumar, Ambika <AmbikaKumar@dwt.com>; Himes, Meagan <MeaganHimes@dwt.com>
**Subject:** Re: Motion to compel production in Guenther v. Emmons

[EXTERNAL]

John:
Under the circumstances, it makes sense to us that you would present it as an unopposed motion by the Defendant.  Aaron will be back in the office tomorrow and can confirm an answer to your questions about the number of NDA's.
Sincerely,
James G. McGuinness
Streepy Law, PLLC
406-300-2072 (cell)

**From:** DiLorenzo, John <johndilorenzo@dwt.com>
**Sent:** Wednesday, January 24, 2024 2:57 PM
**To:** Jim McGuinness <jim@mcguinnessstreepy.com>; Aaron Streepy <Aaron@mcguinnessstreepy.com>
**Cc:** DiLorenzo, John <johndilorenzo@dwt.com>; Fairchild, Sara <SaraFairchild@dwt.com>; Kumar, Ambika <AmbikaKumar@dwt.com>; Himes, Meagan <MeaganHimes@dwt.com>
**Subject:** Motion to compel production in Guenther v. Emmons

Hello Jim and Aaron,

Attached is a draft of a stipulated motion to compel and a declaration in support.  I would appreciate you reviewing what we propose to file and letting me know whether you will stipulate to the motion.  If not, we will file alone.  Also can you let me know how many NDAs were obtained and whether Renner is himself a party to the NDAs?  Thanks.



**John DiLorenzo**
**Partner |** Davis Wright Tremaine LLP
Member of Oregon, New York and District of Columbia bars
**P** 503.778.5216  **C** 503.704.5162  **E** johndilorenzo@dwt.com
**A** 1300 SW Fifth Avenue, Suite 2400, Portland, OR 97201-5610

**DWT.COM**    in X

0226