UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JOSEPH H. EMMONS, individually, and OSPREY FIELD CONSULTING, LLC, a limited liability company,<br><br>　　　　　　Defendants. | NO. 2:22-CV-0272-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL |

BEFORE THE COURT are Defendants' Motion for an Order Compelling Production of Documents Subject to Nondisclosure Agreements and Authorizing Related Discovery (ECF No. 35) and Defendants' Motion to Expedite the Hearing Date on Motion for Order Compelling Production of Documents (ECF No. 37). The matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motions to Compel (ECF No. 35) and to Expedite

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ~ 1

(ECF No. 37) are **GRANTED.**

## BACKGROUND

These motions arise out of Plaintiff's claims against Defendants for defamation and false light. ECF No. 1-2 at 11-13. Plaintiff is the President of United Food and Commercial Workers Union ("UFCW Union"), Local 3000, which formed after the merger of Local 21 and Local 1439. *Id.* at 2-3, ¶ 1.1; *see also* ECF No. 36-6. Prior to a vote on Local 21 and Local 1439's merger, Defendant Joseph Emmons distributed a flyer accusing Plaintiff, who was then President of Local 21, of helping Eric Renner, who was then President of Local 1439, hide from charges of sexual harassment. ECF Nos. 1-2 at 5, ¶¶ 3.9-3.11; 35 at 3. The flyer encouraged a "no" vote on the proposed merger. *Id.* The merger was ultimately successful, with Plaintiff assuming the role of President of Local 3000, and Mr. Renner assuming the role of Vice President. ECF No. 35 at 5. Importantly, Mr. Renner is not a party to this case.

Through discovery, Defendants learned that employees of Local 1439 had raised concerns to UFCW International regarding, among other things, alleged sexual harassment by Mr. Renner in the workplace. ECF No. 35 at 2. Defendants also learned that Mr. Renner, Local 1439 (now Local 3000), Teamsters Local 690, and eight former employees who accused Mr. Renner of sexual harassment and/or helped draft the complaint to UFCW International, had executed a "General

Release and Complaint Settlement." ECF No. 35 at 4; 36-5 at 2. The agreement was drafted by Plaintiff's counsel. ECF No. 35 at 2. The agreement contained a nondisclosure agreement (NDA) clause, which dictated:

> UFCW 1439, Renner, Complainants and Teamsters 690 (collectively, "the parties") agree to keep the terms of this General Release and Complaint Settlement confidential. The parties agree not to engage in any vilification of the other, including, but not limited to, management style, methods of doing business, the quality of representation and services provided, role in the community, or treatment of employees. Renner, Complainants, and Teamsters 690 will take no action which is intended to, or would reasonably be expected to, harm UFCW 1439. Renner agrees to take no action which is intended to, or would reasonably be expected to, harm the Complainants or Teamsters 690. Complainants and Teamsters 690 agrees to take no action which is intended to, or would reasonably be expected to, harm Renner. However, *nothing in this Agreement shall prohibit any party's disclosure of information which is required to be disclosed in compliance with applicable laws or regulations or by order of a court or other regulatory body*. The parties agree to take reasonable steps to ensure the privacy and non-dissemination of any documents, texts, videos, statements or other evidence related to the complaints listed in the [letter to UFCW International].

ECF No. 36-4 at 3 (emphasis added). It is unknown what, if any, consideration the complainants received in exchange for their signatures to this agreement. ECF No. 35 at 4. The agreements were executed on October 8 and 9, 2021. *Id.*

Upon learning of the existence of these documents, Defendants served document subpoenas on Local 3000 and Mr. Renner, and a deposition subpoena on Laurel Fish, one of the complainants who had written to UFCW International. *See* ECF Nos. 36-8; 36-12; 36-15. With the exception of Mr. Renner, all parties to the

1  agreement—Local 3000, Ms. Fish, and several of the other complainants—
2  stipulated that they would be willing to produce related documentation and/or
3  testify if a court order were entered authorizing disclosure of material and/or
4  testimony subject to the NDA.  *See* ECF Nos. 36 at 2-3, ¶ 5; 36 at 10, ¶ 19; 36-16
5  at 2-4.  For his part, Mr. Renner's attorney indicated in e-mails to Defense counsel
6  that he believed the information subject to the NDA was irrelevant to answering
7  Plaintiffs' defamation and false light claims and that his client was "a non-party
8  who has a privacy interest . . . in protecting the agreements."  ECF No. 36-13 at 7.
9  Counsel further threatened that disclosure might result in Mr. Renner filing his
10 own action or in moving for a protective order.  *Id.* at 7, 9.  In a final exchange, he
11 wrote: "[Mr. Renner] is not going to consent to disclosure of documents governed
12 by confidentiality and non-disparagement clauses absent a Court order."  ECF No.
13 36-13 at 2.  To date, Mr. Renner has not intervened in this action despite being
14 notified of Defendants' intent to file this motion to compel, but the Court marks his
15 objections nonetheless.  *See* Fed. R. Civ. P. 24.

## DISCUSSION

17 Defendants submit this motion to compel production of: (1) the Release
18 Agreements executed between Renner, Local 1439, the complainants, and
19 Teamsters Local 690; (2) other documents subject to the NDA in that agreement
20 which are responsive to Defendants' subpoenas and not otherwise privileged; and

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ~ 4

1  (3) additional information and documents subject to the NDA which the parties
2  may seek in the future and which are relevant and proportional to the needs of the
3  case.  ECF No. 35-1 at 1-2, ¶¶ a-b.  Defendants specify that they will "(i) use the
4  NDA Material only for purposes of this litigation; (ii) disclose NDA Material only
5  to persons to whom it is reasonably necessary to disclose the information for
6  purposes of this litigation; and (iii) confer with the parties to the Agreements
7  before disclosing any NDA Material in court filings to determine whether they will
8  consent to such disclosure, whether the filing can be redacted, or whether a motion
9  to seal is warranted."  *Id.* at 2-3, ¶ 5; *see also* ¶ 6 (noting the stipulation does not
10 preclude any party or third-party who receives a discovery request seeking NDA
11 material from moving for a protective order or to quash or modify the subpoena on
12 other grounds).  With the exception of Mr. Renner, Plaintiff and other non-party
13 signatories to the NDA are unopposed to this motion.  ECF No. 36-16 at 2.

14    A party moving an order compelling disclosure or discovery responses must
15 include a certification that the movant conferred or attempted to confer in good
16 faith with opposing counsel before resorting to court action.  Fed. R. Civ. P.
17 37(a)(1).  Under the Federal Rules of Civil Procedure, parties have a duty to
18 cooperate and comply with the discovery process.  The scope of permissible
19 discovery includes "any nonprivileged matter that is relevant to any party's claim
20 or defense." Fed. R. Civ. P. 26(a)(1).  Once the moving party establishes that the

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ~ 5

1  information sought is within the scope of permissible discovery, the burden shifts

2  to the party opposing discovery to establish the information should not be subject

3  to production.  *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.

4  1975).  However, the Court may limit the extent or frequency of discovery in

5  certain instances, including where discovery is unreasonably cumulative or

6  duplicative, a party has already had ample opportunity to obtain discovery, or the

7  proposed discovery is outside the scope of Rule 26(b)(1).  Fed. R. Civ. P.

8  26(b)(2)(C).  Thus, the Court is vested with broad discretion to permit or deny

9  discovery.  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

10      Rule 34 provides for the production of documents and things, requiring a

11  party to produce or permit inspection of documents responsive to a request for

12  production of documents when such documents are in the party's "possession,

13  custody or control."  Fed. R. Civ. P. 34(a)(1); *see also* Fed. R. Civ. P. 45 advisory

14  committee's note to 1970 amendment ("[T]he scope of discovery through a

15  subpoena is the same as that applicable to Rule 34 and other discovery rules.").

16      The emails attached to the declaration of Defense counsel, ECF No. 36,

17  establish that counsel attempted to confer in good faith with all parties and non-

18  parties who might be affected by the disclosure of documents or other information

19  subject to the NDAs.  Fed. R. Civ. P. 37(a)(1).  The Court therefore considers

20

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ~ 6

whether the information sought is relevant and proportionate to the scope of requested discovery.

The subpoena to Local 3000 requests documents or information related to grievances against Mr. Renner, agreements between Mr. Renner and the Union, Plaintiff's communications regarding Mr. Renner, and complaints regarding Plaintiff. ECF No. 36-8 at 7-8. Likewise, the subpoena to Mr. Renner requests information pertaining to his communications with Plaintiff regarding any grievances about him or his employment, his communications referring or relating to Plaintiff, and all documents referencing complaints against him. ECF No. 36-12 at 6. Finally, the subpoena to Ms. Fish requests that she produce all documents and agreements related to the complaint letter she sent along with other Local 1439 employees at the time of her deposition, which is tentatively scheduled for March 2024. ECF No. 36-15.

The materials and information sought which are protected by the NDAs appear relevant and proportional to Defendants' subpoenas and to one of Defendants' chief defenses: namely, that Defendants could not have defamed Plaintiff or portrayed her in a false light because the statements the flyer made about her pertaining to Mr. Renner's alleged misconduct and her alleged coverup thereof were in fact true. ECF No. 35 at 9. Additionally, a valid reason for why discovery should not be permitted has not been identified. Although Mr. Renner's

counsel hinted that the existence of the NDA should proscribe discovery here, at least one Washington federal court has held that "an NDA or confidentiality agreement is not a valid basis for withholding discovery, and the documents sought are not shielded from disclosure merely because they have been designated as confidential in an agreement." *LifeGoals Corp. v. Advanced Hair Restoration LLC*, C16-1733JLR, 2017 WL 6516042, at *3 (W.D. Wash. Dec. 19, 2017) (quotations and citations omitted). Therefore, future requests for production cannot reasonably be denied on the basis that the agreement contains an NDA. Further, as Defendants note, because the NDA permits disclosure where required by court order, the parties were on notice that disclosure might occur in a judicial proceeding such as this one. ECF No. 35 at 11. Concerns that may arise about the scope, proportionality, or confidentiality of the proposed discovery can be addressed by the parties conferring beforehand, sealing or redacting material, or the party opposing discovery moving for a protective order.

//
//
//
//
//
//

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ~ 8

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for an Order Compelling Production of Documents Subject to Nondisclosure Agreements and Authorizing Related Discovery (ECF No. 35) is **GRANTED**.

2. Defendants' Motion to Expedite (ECF No. 37) is **GRANTED**.

3. Local 3000 shall produce the Release Agreements executed on October 8 and 9, 2021, between UFCW Local 1439, Eric Renner, the complainants, and Teamsters Local 690, within three (3) days of this Order.

4. Local 3000 and Eric Renner shall produce all other non-privileged documents in their possession which are responsive to Defendants' subpoenas and subject to the NDAs within ten (10) days of this order.

5. Laurel Fish shall produce all non-privileged documents which are responsive to Defendants' subpoena and subject to the NDAs at the time of her rescheduled deposition, which is tentatively set for March 2024.

6. The parties shall treat all NDA Material produced in this case as confidential. The parties shall (1) use NDA material only for purposes of this litigation, (2) disclose NDA material only to persons to whom it is reasonably necessary to disclose the information for purposes of this litigation, and (3) confer with the parties to the Agreements before disclosing any NDA material in court filings to determine whether they

will consent to disclosure, whether the filing can be redacted, or whether a motion to seal is warranted. If a party to the agreements objects to the requested disclosure, the filing party shall redact the material or file it under seal. The objecting party must then file its own brief and/or declaration in response to the filing party's motion to seal, providing reasons for keeping the NDA material under seal.

7. This Order does not preclude any party or third-party who receives a discovery request to obtain NDA material from seeking a protective order or moving to quash or modify a subpoena on grounds other than NDAs.

8. Defendants shall serve a copy of this Order on all parties to the Agreements and/or their counsel.

The District Court Executive is directed to enter this Order and furnish copies to counsel. The file remains **OPEN**.

DATED February 14, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ~ 10