Ambika Kumar, WSBA #38237
Sara A. Fairchild, WSBA #54419
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700

John A. DiLorenzo (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, OR 97201
Telephone: (503) 241-2300
Fax: (503) 778-5299

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH H. EMMONS, individually, AND OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>Defendants. | No. 2:22-cv-00272-TOR<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS UNDER 41(a)(2)**<br><br>**June 20, 2024**<br>**With Oral Argument: 1:30 p.m.**<br><br>**(Previously noted for 05/30/2024 without oral argument)** |

DEFS' RESPONSE TO PLTF'S 41(a)(2) MOTION TO DISMISS
Case No. 2:22-cv-00272-TOR

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................. 1

II. FACTUAL BACKGROUND ............................................................... 1

    A. Case Initiation ............................................................................ 1

    B. Discovery .................................................................................... 2

    C. Evidence ..................................................................................... 4

    D. Invocation of RCW 4.84.250 ..................................................... 5

III. LEGAL AUTHORITY AND ARGUMENT ........................................ 6

    A. The Court Should Dismiss With Prejudice. ............................... 6

    B. Alternatively, the Court Should Condition Guenther's Requested Dismissal Without Prejudice on Payment of Attorneys' Fees. ............ 8

IV. CONCLUSION ................................................................................... 10

DEFS' RESPONSE TO PLTF'S 41(a)(2) MOTION TO DISMISS
Case No. 2:22-cv-00272-TOR - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Comer v. Micor, Inc.*,
    436 F.3d 1098 (9th Cir. 2006) ................................................................... 7

*Dental Health Servs. Inc. v. Miller*,
    2024 WL 1173803 (W.D. Wash. Mar. 19, 2024) ................................ 6, 7

*GDS Indus., Inc. v. Great Am. Ins. Co.*,
    2016 WL 6962866 (S.D. Cal. Nov. 29, 2016) ......................................... 8

*Kamal v. Eden Creamery, LLC*,
    88 F.4th 1268 (9th Cir. 2023) ............................................................. 6, 8

*ME2 Prods., Inc. v. Sheldon*,
    2017 WL 4769121 (D. Or. Sept. 21, 2017) .......................................... 8, 9

*Stevedoring Servs. of Am. v. Armilla Int'l B.V.*,
    889 F.2d 919, 921 (9th Cir. 1989)), *report & recommendation adopted*, 2017
    WL 4683924 (D. Or. Oct. 18, 2017) ........................................................ 8

*Telegram Messenger Inc. v. Lantah, LLC*,
    2020 WL 5074399 (N.D. Cal. Aug. 24, 2020) ........................................ 8

*United States v. Ito*,
    472 F. App'x 841 (9th Cir. 2012) ........................................................ 6, 8

*Westlands Water Dist. v. United States*,
    100 F.3d 94 (9th Cir. 1996) ..................................................................... 6

**State Cases**

*AllianceOne Receivables Mgmt., Inc. v. Lewis*,
    180 Wn.2d 389 (2014) ............................................................................. 7

*Elliott Bay Adjustment Co., Inc. v. Dacumos*,
    200 Wn. App. 208 (2017) ........................................................................ 7

DEFS' RESPONSE TO PLTF'S 41(a)(2) MOTION TO DISMISS
Case No. 2:22-cv-00272-TOR - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Pierson v. Hernandez,*
  149 Wn. App. 297 (2009) .................................................................................. 6

**Federal Statutes**

28 U.S.C. § 1332 ........................................................................................................ 2

**State Statutes**

RCW 4.84.250 ................................................................................................. *passim*

RCW 4.84.270 ......................................................................................................... 7

RCW 4.105.020 ....................................................................................................... 2

RCW 7.96.050 .................................................................................................. 2, 10

**Rules**

Fed. R. Civ. P. 26 ..................................................................................................... 2

Fed. R. Civ. P. 41 ................................................................................................. 6, 8

Fed. R. Evid. 408 ................................................................................................. 5, 7

DEFS' RESPONSE TO PLTF'S 41(a)(2) MOTION TO DISMISS
Case No. 2:22-cv-00272-TOR - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I.   INTRODUCTION

Plaintiff Faye Guenther has asked the Court to dismiss this case without prejudice after forcing Defendants Joseph Emmons and his company Osprey Field Consulting LLC to incur substantial expenses defending against her meritless claims for nearly two years.  Guenther asserts dismissal is appropriate because she has achieved "the goals of the litigation" by identifying the parties behind the allegedly defamatory statements at issue.  ECF No. 39 ("Mot.") at 5.  But she knew this when she filed the lawsuit and confirmed it on October 12, 2023—over six months ago.

The Court should dismiss Guenther's claims with prejudice and allow Defendants to recover attorneys' fees under RCW 4.84.250.  Dismissal with prejudice is appropriate here because dismissing without prejudice would cause "legal prejudice" by depriving Defendants of their right to seek attorneys' fees under RCW 4.84.250.  Guenther triggered this fee-shifting statute, and dismissal without prejudice would deny Defendants their right to seek relief under it.  *See* § III.A.

If the Court grants dismissal without prejudice, it should condition dismissal on Guenther's payment of Defendants' attorneys' fees.  Courts routinely award fees as a condition of dismissal without prejudice, and such an award is particularly appropriate here, given Guenther's delay in bringing this motion.  *See* § III.B.

## II.   FACTUAL BACKGROUND

### A.   Case Initiation

Guenther filed this action in state court on July 25, 2022, asserting claims for defamation and false light.  ECF No. 1-2.  Her union, United Food and Commercial Workers (UFCW) Local 3000, and its predecessors were also named plaintiffs.  *Id.*

DEFS' RESPONSE TO PLTF'S 41(a)(2) MOTION TO DISMISS
Case No. 2:22-cv-00272-TOR - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

The Complaint alleges Emmons distributed a flyer that accused Guenther of helping union leaders—Eric Renner and Angel Gonzalez—hide from sexual harassment claims before a proposed union merger. *See id*. ¶¶ 3.2-3.10; ECF No. 10-1 ("Flyer").

On September 7, 2022, Defendants sent Guenther a request under RCW 7.96.050 for "all reasonably available information material to the falsity of the statements [she] allege[s] are defamatory or otherwise actionable." Declaration of John DiLorenzo ("DiLorenzo Decl.") ¶ 3 & Ex. 2.  RCW 7.96.050 requires defamation plaintiffs to either disclose evidence of falsity or forego reputational and presumed damages.  Guenther produced nothing in response. *Id.* ¶ 3.

Given the parties were diverse under 28 U.S.C. § 1332(a)(1), Defendants repeatedly asked Guenther to disclose the amount in controversy to determine whether the case was removable. *Id.* ¶ 2 & Ex. 1.  She did not. *Id*.  As a result, Defendants filed a motion to dismiss under Washington's anti-SLAPP statute, RCW 4.105.020, in state court. *Id.* ¶ 4.  On October 24, 2022, in response to a question on the court's Civil Joint Case Status Report, Guenther stated damages were "not less than $250,000." ECF No. 1 ¶ 17; ECF No. 1-1.  Defendants promptly removed to this Court, ECF No. 1, and filed another motion to dismiss, which the Court denied.  ECF No. 21.  The Court also dismissed the union plaintiffs. *Id.* at 12.

**B.    Discovery**

On July 13, 2023, Guenther served Rule 26(a) initial disclosures, listing 27 specific categories of documents "in her possession, custody, and/or control" that she "may use to support her claims."  DiLorenzo Decl. Ex. 3 at 7-10.  She also stated "[her] damages are reputational," and she would "make available for inspection …

DEFS' RESPONSE TO PLTF'S 41(a)(2) MOTION TO DISMISS
Case No. 2:22-cv-00272-TOR - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

non-privileged documents … that supports [sic] her contention." *Id.* at 10-11.

On September 6, 2023, Guenther deposed Emmons, and on October 12, 2023, she deposed Mike Selvaggio. DiLorenzo Decl. ¶¶ 6, 22. Selvaggio testified he created the Flyer and engaged Emmons to help distribute it on behalf of UFCW 555. ECF No. 40-2. Meanwhile, on October 5, 2023, Defendants served Guenther with 18 RFPs, which sought all documents referenced in her initial disclosures, among others. DiLorenzo Decl. ¶ 7 & Ex. 4. Defendants also served subpoenas on UFCW International, UFCW 3000, UFCW 367, Renner, and Mike Hines, and deposed Jeff Anderson, the anonymous informant described in the Complaint. *Id.* ¶¶ 23-28. Defendants attempted to subpoena Gonzalez, but he evaded service. *Id.* ¶ 29, Ex.19.

Over the next six months, Guenther produced a total of 12 documents, all supposedly responsive to a single RFP. *Id.* ¶¶ 11-12. None related to her claims. *Id.* Guenther and UFCW 3000 withheld documents related to the truth of the Flyer's statements, purportedly based on non-disclosure agreements Guenther's counsel negotiated ("NDAs"). *Id.* ¶ 24; ECF No. 35 at 4-5, 8-9; ECF No. 36 ¶¶ 5-7, 11; ECF No. 36-11. This forced Defendants to spend months seeking the NDA parties' consent to disclosure of the discovery Defendants sought, and ultimately required Defendants to move to compel. ECF No. 36 ¶¶ 10-16; ECF No. 35. In granting Defendants' motion, the Court recognized "an NDA or confidentiality agreement is not a valid basis for withholding discovery." ECF No. 38 at 8 (citation omitted).

The Court ordered that all discovery subject to the NDAs may be used "only for purposes of this litigation." *Id.* at 9. UFCW 3000 and Renner produced documents subject to the NDAs, and on March 11 and 12, 2024, Defendants deposed

DEFS' RESPONSE TO PLTF'S 41(a)(2) MOTION TO DISMISS
Case No. 2:22-cv-00272-TOR - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

three of the individuals who had signed the NDAs after complaining of Renner's harassment. DiLorenzo Decl. ¶¶ 24, 27, 30-32. Based on this evidence, which showed that Guenther's counsel Aaron Streepy had negotiated the NDAs days before Guenther and Renner initiated a union merger allowing Renner to maintain a high-paying position in the union despite the complaints, Defendants informed Guenther's counsel they intended to depose Streepy. *Id.* ¶ 14; *see also id.* ¶ 17.

Defendants also sent Guenther a letter indicating they would seek court intervention if she did not promptly produce documents in response to Defendants' RFPs. *Id.* Ex. 7. On March 12, 2024, Guenther's counsel said they would produce all outstanding documents within a week. *Id.* ¶ 14. They did not do so. *Id.* ¶ 15.

Instead, on April 3, 2024, Guenther moved to voluntarily dismiss her claims, ECF No. 39, and two days later, she sought a stay of discovery pending resolution of her motion. DiLorenzo Decl. ¶ 16 & Ex. 8. On April 17, 2024, the Court denied Guenther's requested stay and stated "Mr. Streepy's deposition can be taken." *Id.* Ex. 9 at 9. Despite this ruling, Streepy filed a motion to quash in the Western District of Washington and refused to consent to transfer to this Court. *Id.* ¶ 19 & Ex. 10. Defendants have since noticed depositions of Guenther and Renner. *Id.* ¶¶ 21, 32.

### C. Evidence

Through discovery, Defendants have gathered evidence showing the truth of the Flyer's statement that Guenther (then-President of UFCW 21) helped Renner (President of UFCW 1439) "hide from sexual harassment charges" through a merger. ECF No. 10-1. In August 2021, seven individuals complained of Renner's sexual harassment. ECF No. 36-1. ███████████████

DEFS' RESPONSE TO PLTF'S 41(a)(2) MOTION TO DISMISS
Case No. 2:22-cv-00272-TOR - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   ███████████████████████████████████████████████

2   ███████████████████████████████. DiLorenzo Decl. Exs. 17-18. The

3   complainants signed the NDAs on the condition that ████████████████

4   █████████. *Id.* Ex. 16; Ex. 20 at 10-13, 20, 22-23; Ex. 21 at 3-5, 7-13, 19-21.

5   The last NDA was signed October 9, 2021. *Id.* Ex. 16; Ex. 22. Less than two weeks

6   later, Guenther, her counsel, and Renner were preparing documents to initiate the

7   merger of UFCW 21 and UFCW 1439, allowing Renner to maintain his high-paying

8   position in the newly formed UFCW 3000 notwithstanding the sexual harassment

9   complaints against him and his agreement to resign. *Id.* Exs. 11-12; Ex. 13 (Renner-

10  UFCW 3000 contract). Yet, the NDAs continue to prohibit the complainants from

11  discussing their claims against Renner. DiLorenzo Decl. Ex. 16.

12      Because Guenther did not begin producing documents in response to 17 of 18

13  RFPs until after the April 17, 2024, hearing, when the Court directed her to do so,

14  Defendants are still developing evidence to show the truth of the Flyer's statement

15  concerning Gonzalez.

16      Documents Guenther produced under the Court's April 17, 2024, ruling show

17  she knew that UFCW 555 was responsible for the Flyer before filing this lawsuit.

18  *Id.* Exs. 14-15. Guenther did not take any further discovery after confirming this

19  fact in Selvaggio's deposition on October 12, 2023, *id.* ¶ 22, or add defendants.

20      **D.    Invocation of RCW 4.84.250**

21      On February 7, 2024, after Defendants filed their motion to compel production

22  of the NDAs and related evidence, Guenther's counsel sent Defendants a letter titled

23  "OFFER OF SETTLEMENT—RCW 4.84.250 & FRE 408." *Id.* Ex. 24. The letter

DEFS' RESPONSE TO PLTF'S 41(a)(2) MOTION TO DISMISS
Case No. 2:22-cv-00272-TOR - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

stated it was "notice of the applicability of RCW 4.84.250," informed Defendants that Guenther's damages are "under $10,000," and contained a settlement offer. *Id*. The offer required acceptance before the Court ruled on Defendants' pending motion to compel. *Id*. Defendants declined to accept the offer. *Id.* ¶ 34 & Ex. 25.

### III. LEGAL AUTHORITY AND ARGUMENT

#### A. The Court Should Dismiss With Prejudice.

On a Rule 41(a)(2) motion for dismissal without prejudice, "the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). If the answer is yes, the court may dismiss with prejudice. *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023). "Legal prejudice" means prejudice to a legal interest, legal claim, or legal argument. *Id.* at 1280. A party suffers "legal prejudice" when they lose "their ability to move for attorney's fees." *United States v. Ito*, 472 F. App'x 841, 842 (9th Cir. 2012); *see, e.g.*, *Dental Health Servs. Inc. v. Miller*, 2024 WL 1173803, at *2-3 (W.D. Wash. Mar. 19, 2024) (dismissing claims with prejudice because dismissal without prejudice would deprive defendant of "prevailing party status" necessary to seek attorneys' fees).

Here, dismissal without prejudice would cause legal prejudice because it would deprive Defendants of their right to recover fees under RCW 4.84.250. RCW 4.84.250 provides that attorneys' fees "shall be taxed and allowed to the prevailing party as part of the costs of the action" where the damages "pleaded" are $10,000 or less. A party may "plead" damages in any manner that puts "the other party on notice or constructive notice of" of their intent to trigger RCW 4.84.250. *Pierson v.*

DEFS' RESPONSE TO PLTF'S 41(a)(2) MOTION TO DISMISS
Case No. 2:22-cv-00272-TOR - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Hernandez*, 149 Wn. App. 297, 306 (2009) (interrogatory answer constituted "pleading" under RCW 4.84.250). A defendant is "the prevailing party" "if the plaintiff … recovers nothing." RCW 4.84.270. Dismissal without prejudice results in no prevailing party. *AllianceOne Receivables Mgmt., Inc. v. Lewis*, 180 Wn.2d 389, 396-99 (2014).

RCW 4.84.250 applies here because Guenther expressly invoked it and stated her damages are "under $10,000." DiLorenzo Decl. Ex. 24. Her letter qualifies as a "pleading" under the statute because it put Defendants on notice of her intent to seek fees under RCW 4.84.250.[1] Although not necessary, Defendants similarly put Guenther on notice of their intent to seek fees should they prevail. *Id.* Ex. 25. Guenther now moves for dismissal without prejudice. If granted, such a dismissal would preclude Defendants from exercising their statutory right to fees under RCW 4.84.250-.270, which they would otherwise have as the prevailing party. *Elliott Bay Adjustment Co., Inc. v. Dacumos*, 200 Wn. App. 208, 214, 218 (2017) (where court grants dismissal with prejudice on plaintiff's motion, defendant is prevailing party for purposes of RCW 4.84.250). This constitutes legal prejudice. *See Dental*, 2024 WL 1173803, at *2-3 (collecting cases).

Guenther argues that cost of defense alone does not amount to legal prejudice. Mot. 4. But where, as here, Defendants have a statutory right to seek fees, loss of

---

[1] That the letter cited FRE 408 does not preclude Defendants from relying on it here, as Guenther used it to invoke RCW 4.84.250 for her own benefit. *See* DiLorenzo Decl. Ex. 24. *Cf. Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006).

DEFS' RESPONSE TO PLTF'S 41(a)(2) MOTION TO DISMISS
Case No. 2:22-cv-00272-TOR - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

that right does cause legal prejudice. *Ito*, 472 F. App'x at 842; *e.g.*, *GDS Indus., Inc. v. Great Am. Ins. Co.*, 2016 WL 6962866, at *3 (S.D. Cal. Nov. 29, 2016).

Accordingly, the Court should dismiss with prejudice and allow Defendants an opportunity to move for attorneys' fees and costs under RCW 4.84.250.

### B.  Alternatively, the Court Should Condition Guenther's Requested Dismissal Without Prejudice on Payment of Attorneys' Fees.

If the Court permits dismissal without prejudice, and thus allows Guenther to assert the same claims in a future action, the Court should condition dismissal on Guenther's payment of Defendants' attorneys' fees. Under Rule 41(a)(2), courts have discretion to condition dismissal "on terms that [it] considers proper," including an award of attorneys' fees for work that would not be useful in future litigation. *Kamal*, 88 F.4th at 1286-87. Guenther asserts that "legal prejudice" is required for an award of fees and costs. Mot. 6. That is incorrect. "[C]ourts routinely impose the condition of costs and fees on a voluntary dismissal," absent legal prejudice. *ME2 Prods., Inc. v. Sheldon*, 2017 WL 4769121, at *3 (D. Or. Sept. 21, 2017) (citing *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)), *report & recommendation adopted*, 2017 WL 4683924 (D. Or. Oct. 18, 2017); *see, e.g.*, *Kamal*, 88 F.4th at 1285, 1287 (finding no legal prejudice but remanding for consideration of whether to award fees as condition of dismissal); *Telegram Messenger Inc. v. Lantah, LLC*, 2020 WL 5074399, at *5 (N.D. Cal. Aug. 24, 2020).

When determining whether to award fees and costs, courts consider: "(1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation

DEFS' RESPONSE TO PLTF'S 41(a)(2) MOTION TO DISMISS
Case No. 2:22-cv-00272-TOR - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

has progressed; and (4) the plaintiff's diligence in moving to dismiss." *ME2*, 2017 WL 4769121, at *3. All four factors weigh in favor of awarding fees and costs here.

*First*, Defendants will incur excessive and duplicative expenses if Guenther refiles her claims. Much of the evidence Defendants have gathered showing the Flyer's statements are true is subject to the Court's Order limiting use of that material to this case. ECF No. 38 at 9-10. Defendants also cannot reuse in future litigation their efforts in removing the case, moving to dismiss, moving to compel production of documents, or responding to this motion, among other expenses.

*Second*, Defendants have expended substantial resources defending against Guenther's claims in preparation for trial. Counsel has served at least ten third-party subpoenas, traveled to Spokane for depositions, and moved to compel production of documents. Meanwhile, Guenther has unnecessarily increased Defendants' expenses at every turn. She withheld the amount in controversy at the case's outset, forcing Defendants to litigate her claims in state court for months. DiLorenzo Decl. ¶ 2. She and her union withheld critical discovery based on a confidentiality provision that her counsel negotiated, forcing Defendants to seek other parties' consent to disclosure and ultimately to obtain relief from the Court. *Id.* ¶ 24. Guenther continued to withhold nearly all documents responsive to Defendants' RFPs until the Court ordered her to produce them on April 17, 2024—over six months after Defendants served the requests. *Id.* ¶¶ 13-18. And even after the Court ordered Streepy's deposition to proceed, Streepy moved to quash in another district and opposed a transfer to this Court, which is familiar with the facts. *Id.* ¶ 19, Ex.10.

*Third*, the case has progressed to nearly the close of discovery. The parties

DEFS' RESPONSE TO PLTF'S 41(a)(2) MOTION TO DISMISS
Case No. 2:22-cv-00272-TOR - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

have litigated two motions to dismiss and conducted extensive discovery, including numerous third-party subpoenas and depositions. The discovery deadline is June 26, 2024. ECF No. 34 at 3.

*Fourth*, Guenther waited almost **six months** after she "accomplished the goals of the litigation" before moving to dismiss her claims. Mot. 5. She purportedly achieved her "goals" in the Emmons and Selvaggio depositions on September 6 and October 12, 2023, *id.* at 2, after which she took no further discovery. Yet, Guenther did not move to dismiss until April 3, 2024. In that time, Defendants continued to defend against her claims, including by taking third-party discovery, multiple depositions, and bringing a motion to compel (ECF No. 35). DiLorenzo Decl. ¶¶ 23-31; *id.* ¶ 35. Had Guenther acted diligently, those costs would have been avoided.

Moreover, the evidence to date indicates Guenther's claims are meritless. *See supra* § II.C. Guenther never responded to Defendants' RCW 7.96.050 request for evidence of falsity. DiLorenzo Decl. ¶ 3. The lawsuit was a fishing expedition—as her motion concedes. Mot. 6. Yet, Guenther asks the Court for the opportunity to reassert her claims in a future case. If the Court permits her to do so, Defendants are entitled to attorneys' fees and costs.

## IV.   CONCLUSION

For these reasons, Defendants respectfully request the Court dismiss Guenther's claims with prejudice and permit Defendants to file a motion for attorneys' fees under RCW 4.84.250. Alternatively, the Court should require Guenther to pay Defendants' attorneys' fees and costs as a condition of dismissal, in an amount to be determined on subsequent motion.

DEFS' RESPONSE TO PLTF'S 41(a)(2) MOTION TO DISMISS
Case No. 2:22-cv-00272-TOR - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 3rd day of May, 2024.

        Attorneys for Defendants

        By: *s/Sara A. Fairchild*
        Ambika Kumar, WSBA #38237
        Sara A. Fairchild, WSBA #54419
        DAVIS WRIGHT TREMAINE LLP
        920 Fifth Avenue, Suite 3300
        Seattle, WA 98104-1610
        Telephone: (206) 622-3150
        Fax: (206) 757-7700
        ambikakumar@dwt.com
        sarafairchild@dwt.com

        John A. DiLorenzo (*pro hac vice*)
        DAVIS WRIGHT TREMAINE LLP
        1300 S.W. Fifth Avenue, Suite 2400
        Portland, OR 97201
        Telephone: (503) 241-2300
        Fax: (503) 778-5299
        johndilorenzo@dwt.com

DEFS' RESPONSE TO PLTF'S 41(a)(2) MOTION TO DISMISS
Case No. 2:22-cv-00272-TOR - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2024, I caused the document to which this certificate is attached to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Aaron Streepy
Jim McGuinness
STREEPY LAW, PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
aaron@mcguinnessstreepy.com
jim@mcguinnessstreepy.com

**Attorneys for Plaintiff Faye Irene Guenther**

I declare under penalty of perjury that the foregoing is true and accurate. DATED this 3rd day of May, 2024.

By: *s/Sara A. Fairchild*
Sara A. Fairchild, WSBA #54419

DEFS' RESPONSE TO PLTF'S 41(a)(2) MOTION TO DISMISS
Case No. 2:22-cv-00272-TOR - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax