Ambika Kumar, WSBA #38237
Sara A. Fairchild, WSBA #54419
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700

John A. DiLorenzo (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Ave, Suite 700
Portland, OR 97205
Telephone: (503) 241-2300
Fax: (503) 778-5299

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual,<br><br>      Plaintiffs,<br><br>  v.<br><br>JOSEPH H. EMMONS, individually, AND OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>      Defendants. | No. 2:22-cv-00272-TOR<br><br>**DEFENDANTS' MOTION REGARDING SEALING PURSUANT TO FEBRUARY 14, 2024, ORDER (ECF NO. 38)**<br><br>**06/03/2024**<br>**Without Oral Argument** |

DEFS' MOTION REGARDING SEALING
Case No. 2:22-cv-00272-TOR

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Defendants Joseph H. Emmons and Osprey Field Consulting LLC bring this Motion pursuant to the Court's Order Granting Defendants' Motion to Compel, dated February 14, 2024 (ECF No. 38) ("Order"). Paragraph 6 of the Order directs the parties to file material subject to certain non-disclosure agreements ("NDAs") under seal absent permission from all parties to the NDAs to file them publicly. ECF No. 38 at 9-10. Defendants are filing material that may be subject to the NDAs to support their concurrently filed Response to Plaintiff's Motion to Dismiss Under Rule 41(a)(2). All parties to the NDAs have not consented to filing this material in the public record. Although Defendants do not believe that these materials qualify for sealing under the relevant Ninth Circuit standard, Defendants are filing these materials under seal to comply with the Court's Order and give any party to the NDAs who objects to disclosure an opportunity to present their reasons to the Court. Absent objections which are persuasive to the Court, Defendants recommend that the materials be unsealed and that Paragraph 6 of the Court's Order be lifted.

## II. FACTUAL BACKGROUND

Defendants previously moved to compel production of documents and testimony subject to NDAs in this case. *See* ECF No. 35 ("Motion to Compel"). In granting Defendants' Motion to Compel, the Court found "[t]he materials and information sought which are protected by the NDAs appear relevant and proportional … to one of Defendants' chief defenses: namely, that Defendants could not have defamed Plaintiff or portrayed her in a false light because the statements the flyer made about her pertaining to [Eric] Renner's alleged misconduct and her

DEFS' MOTION REGARDING SEALING
Case No. 2:22-cv-00272-TOR - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

alleged coverup thereof were in fact true." ECF No. 38 at 7. The Court ordered third parties United Food and Commercial Workers Union Local 3000 ("UFCW 3000) and Mr. Renner to produce documents subject to the NDAs and responsive to Defendants' subpoenas, including the NDAs themselves. *Id.* at 9. The Court also ordered that the NDAs did not preclude future discovery of documents and deposition testimony subject to them. *Id.* at 7-10.

Paragraph 6 of the Order states:

> The parties shall treat all NDA Material [i.e., material subject to the NDAs] produced in this case as confidential. The parties shall (1) use NDA material only for purposes of this litigation, (2) disclose NDA material only to persons to whom it is reasonably necessary to disclose the information for purposes of this litigation, and (3) confer with the parties to the Agreements before disclosing any NDA material in court filings to determine whether they will consent to disclosure, whether the filing can be redacted, or whether a motion to seal is warranted. If a party to the agreements objects to the requested disclosure, the filing party shall redact the material or file it under seal. The objecting party must then file its own brief and/or declaration in response to the filing party's motion to seal, providing reasons for keeping the NDA material under seal.

*Id.* at 9-10 (¶ 6).

After the Court issued its Order, UFCW 3000 and Mr. Renner produced documents that may be subject to the NDAs, and Defendants deposed three witnesses—Adam Jackson, Laurel Fish, and Alex Garcia—whose testimony also may be subject to the NDAs. Declaration of Sara A. Fairchild ("Fairchild Decl.") ¶ 2. Plaintiff later produced the same documents UFCW 3000 produced under the Court's Order. *Id.*

DEFS' MOTION REGARDING SEALING
Case No. 2:22-cv-00272-TOR - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants now seek to use documents and deposition testimony that may be subject to the NDAs to support Defendants' concurrently filed Response to Plaintiff's Motion to Dismiss Under Rule 41(a)(2) ("Response Brief"). Specifically, Defendants rely on the following exhibits to the Declaration of John A. DiLorenzo in Support of Defendants' Response to Plaintiff's Motion to Dismiss Under Rule 41(a)(2) ("DiLorenzo Decl."), which may be subject to the NDAs:

- **Exhibit 16** – This exhibit contains the relevant NDAs. UFCW 3000 produced these documents with the Bates stamps UFCW 3000 Resp – 006001 – Subp. #3 through UFCW 3000 Resp – 006018 – Subp. #3.

- **Exhibit 17** – This exhibit contains an email exchange concerning scheduling witness interviews that preceded the NDAs. UFCW 3000 produced this document with the Bates stamp UFCW 3000 Resp – 006047 – Subp. #3.

- **Exhibit 18** – This exhibit contains an email from Plaintiff's counsel Aaron Streepy that attached drafts of the NDAs. The exhibit does not include the attachments. UFCW 3000 produced this document with the Bates stamp UFCW 3000 Resp – 006226 – Subp. #3.

- **Exhibit 20** – This exhibit contains excerpts from the transcript of Adam Jackson's deposition.

- **Exhibit 21** – This exhibit contains excerpts from the transcript of Laurel Fish's deposition.

- **Exhibit 22** – This exhibit contains excerpts from the transcript of Alex Garcia's deposition.

DEFS' MOTION REGARDING SEALING
Case No. 2:22-cv-00272-TOR - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants also seek to use information from these documents in their Response Brief.

Pursuant to the Court's Order, Defendants' counsel contacted the relevant parties to the NDAs and requested their permission to file the above-listed documents publicly. Fairchild Decl. ¶¶ 4-5. Not all parties to the NDAs consented. *Id.* ¶ 6. Defendants therefore are filing publicly a redacted version of their Response Brief, and filing under seal the above-listed exhibits and an unredacted version of the Response Brief.[1]

As discussed below, Defendants do not believe that the materials filed under seal should remain under seal. Defendants will serve a copy of this Motion on the parties to the NDAs.

### III.    ARGUMENT & AUTHORITY

There is a "strong presumption" in favor of public access to court records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal judicial records that are "more than tangentially related to the underlying cause of action" must provide "compelling reasons" for doing so. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099, 1101 (9th Cir. 2016). The "compelling reasons" standard is a "stringent" one, *id.* at 1096, and must be

---

[1] Defendants have also redacted portions of DiLorenzo Declaration Exhibits 8 and 9 that may be subject to the NDAs pursuant to the Court's Order. Because Defendants do not rely on these portions in their Response Brief, Defendants do not include them in this Motion.

DEFS' MOTION REGARDING SEALING
Case No. 2:22-cv-00272-TOR - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

"supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79.

The "compelling reasons" standard should apply here because Defendants' Response Brief is "more than tangentially related" to the merits of Plaintiff's claims. Specifically, Defendants argue that they are entitled to attorneys' fees as a condition of dismissal in part because Plaintiff's claims lack merit. Response Br. at 4-5, 10.

Defendants do not believe that the sealed exhibits or information derived from them in Defendants' Response Brief qualify for sealing under the "compelling reasons" standard. Rather, Defendants are filing these materials under seal pursuant to Paragraph 6 of the Court's Order and to give the parties to the NDA an opportunity to tell the Court why sealing may be necessary. ECF No. 38 at 10.

If any party to the NDAs wishes to maintain any of these materials under seal, that party has the burden of demonstrating "compelling reasons" for this Court to do so. *See id.*; *Ctr. for Auto Safety*, 809 F.3d at 1096-97. If no party responds to Defendants' Motion, or the Court determines that any proffered reasons for sealing do not meet the "compelling reasons" standard, Defendants respectfully submit that the materials should be filed in open court.

## IV.  CONCLUSION

For these reasons, Defendants respectfully ask the Court to order that the material Defendants are filing under seal in connection with their Response to Plaintiff's Motion to Dismiss Under Rule 41(a)(2) be unsealed and filed in the public record. Defendants further respectfully request the Court consider whether in light

DEFS' MOTION REGARDING SEALING
Case No. 2:22-cv-00272-TOR - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

of the circumstances, Paragraph 6 of the Court's February 14, 2024, Order (ECF No. 38) should be lifted altogether.

DATED this 3rd day of May, 2024.

Attorneys for Defendants

By: *s/ Sara A. Fairchild*
Ambika Kumar, WSBA #38237
Sara A. Fairchild, WSBA #54419
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
ambikakumar@dwt.com
sarafairchild@dwt.com

John A. DiLorenzo (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, OR 97201
Telephone: (503) 241-2300
Fax: (503) 778-5299
johndilorenzo@dwt.com

DEFS' MOTION REGARDING SEALING
Case No. 2:22-cv-00272-TOR - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2024, I caused the document to which this certificate is attached to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Aaron Streepy
Jim McGuinness
STREEPY LAW, PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
aaron@mcguinnessstreepy.com
jim@mcguinnessstreepy.com

***Attorneys for Plaintiff Faye Guenther and United Food and Commercial Workers Union Local 3000***

I further certify that on the same date, I caused the same document to be served by email and mail to the following:

Bill Gilbert
Gilbert Law Firm, P.S.
421 W. Riverside, Ste 353
Spokane, WA 99201
bill@wagilbert.com
***Attorney for Eric Renner***

David W. Ballew
Reid, Ballew, Leahy & Holland L.L.P.
100 West Harrison Street
North Tower, Suite 300
Seattle, WA 98119
david@rmbllaw.com
***Counsel for Teamsters Local 690***

Adam Jackson
636 East Magnesium Road
Apartment 353
Spokane, WA 99208
Adamyjackson1@gmail.com

DEFS' MOTION REGARDING SEALING
Case No. 2:22-cv-00272-TOR - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Leslie Cowin
18901 East Buckeye Avenue
Spokane Valley, WA 99022
Leslie-64@hotmail.com

Katie Dugger
7004 East Tenth Avenue
Spokane Valley, WA 99212
Dugger38@gmail.com

Amy Poston
10124 East Walton Court
Spokane, WA 99206
amieree@gmail.com

Austin Depaolo
411 Northwest Flanders Street
Apartment 409
Portland, OR 97209
Austin_glass@msn.com

Sandra Huggins
28311 North Selkirk View Drive
Chattaroy, WA 99003
Sandrah217@gmail.com

Laurel Fish
3614 West Alice Avenue
Spokane, WA 9920
Laurel.fish@gmail.com

Alex Garcia
1503 South Rockwood Blvd
Spokane, WA 99203
Ajgarcia2147@gmail.com

    I declare under penalty of perjury that the foregoing is true and accurate.

    DATED this 3rd day of May, 2024.

By: _s/Sara A. Fairchild_
Sara A. Fairchild, WSBA #54419

DEFS' MOTION REGARDING SEALING
Case No. 2:22-cv-00272-TOR - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax