UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON STREEPY, an individual,<br><br>       Movant,<br><br> v.<br><br>JOSEPH H. EMMONS, individually, AND OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>       Respondents. | CASE NO.  3:24-mc-05005-DGE<br><br>**MOTION TO QUASH OR MODIFY THIRD-PARTY SUBPOENA TO TESTIFY AT DEPOSITION AND MEMORANDUM IN SUPPORT THEREOF**<br><br>NOTE ON MOTION CALENDAR:<br>May 10, 2024 |

**MOTION**

Pursuant to Federal Rules of Civil Procedure 45(d)(3), non-party Aaron M. Streepy ("Mr. Streepy"), by and through undersigned counsel, moves this Court to quash or modify the subpoena Defendants served upon him on April 6, 2024, seeking his testimony in the above-captioned matter on Tuesday, April 23, 2024, at 9:00 AM. Prior to bringing this motion, undersigned counsel met and conferred with counsel for the Respondents but was unable to find a mutually agreeable resolution to this dispute. Declaration of Dmitri Iglitzin (Iglitzin Dec.), ¶¶ 3-4.

As grounds for this motion, the undersigned states as follows:

MOTION TO QUASH OR MODIFY
THIRD-PARTY SUBPOENA - 1
Case No.

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD**
**IGLITZIN &**
**LAVITT LLP**

**MEMORANDUM IN SUPPORT**

**I.    INTRODUCTION**

The Respondents in this action seek to depose Mr. Streepy in relation to *Guenther v. Emmons*, Civil Action No. 2:22-cv-00272-TOR (E.D. Wash.) ("*Guenther*"). Mr. Streepy is an attorney in private practice and attorney of record for the Plaintiff in that case. Declaration of Aaron Streepy (Streepy Dec.), ¶ 1, and Complaint, *Guenther,* attached as Ex. A thereto. The request is illegitimate, unfounded, and appears to be a calculated endeavor to encroach upon the confidential communications and work-product protections foundational to our legal system's integrity. It is of significant concern that the Respondents' strategy as Defendants in *Guenther* is, apparently, not to solicit testimony from other witnesses who may hold the same information, but rather to single out Mr. Streepy for questioning.

Notably, the scope of the request to depose Mr. Streepy is unlimited, thus effectively encompassing any information pertaining to the case in which he represents the Plaintiff. Such an inquiry intrinsically intrudes upon domains safeguarded by the attorney-client privilege and the work-product doctrine. Granting this subpoena would not only infringe upon the principles of privilege but also pave the way for troubling precedent that could potentially embolden similar tactics in future legal proceedings.

Moreover, the use of subpoena power in this way abuses the process by engaging in unfair litigation tactics in an attempt to gain an unfair litigation advantage. As the Courts have held: "Deposing opposing counsel raises additional concerns as its increasing practice … [is] a negative development in the area of litigation, and one that should be employed only in limited circumstances." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Permitting depositions of opposing counsel "not only disrupts the adversarial system and lowers the standards

MOTION TO QUASH OR MODIFY
THIRD-PARTY SUBPOENA - 2
Case No.

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

of the profession, but it also adds to the already burdensome time and costs of litigation." *Id*. at 1327.

## II.  BACKGROUND

Mr. Streepy is one of the attorneys representing Plaintiff Faye Irene Guenther (Plaintiff) in a claim alleging defamation and false light. Plaintiff is not Mr. Streepy's only client. One of his other clients was United Food and Commercial Workers Union, Local 1439 ("UFCW 1439"). Streepy Dec., ¶ 2.

Mr. Streepy did not personally represent UFCW 1439 on any legal matter from 2011 through the end of 2020. Beginning in mid-September 2021, Mr. Streepy was hired by UFCW 1439 to assist in an investigation into workplace complaints against UFCW 1439's President Eric Renner. This representation included Mr. Streepy interviewing current/former employees, providing legal advice to UFCW 1439, and negotiating, along with in-house counsel, a resolution of claims through legal counsel and the union representing the complainants, third parties, and Mr. Renner. Streepy Dec., ¶ 3. This resolution was finalized on or about October 9, 2021. Streepy Dec., ¶ 4.

Plaintiff was President of United Food and Commercial Workers, Local 21 ("Local 21") at the time Mr. Streepy represented UFCW 1439. Streepy Dec., ¶ 5. Local 21 was also a client of Mr. Streepy. UFCW 1439 and Local 21 were separate organizations with distinct bylaws, officers, members, rules, leadership, and policies. Plaintiff was not the President or a member of UFCW 1439. Streepy Dec., ¶ 6. Plaintiff had no authority, responsibility, or, to Mr. Streepy's knowledge, information related to the details of his work or the investigation at UFCW 1439. During this time, Mr. Streepy did not consult with Plaintiff about his investigation, share details with her, or provide

MOTION TO QUASH OR MODIFY
THIRD-PARTY SUBPOENA - 3
Case No.

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

any information related to the matter other than, possibly, to indicate that he represented UFCW 1439. *Id.*

After the resolution of the complaints, Mr. Streepy was engaged by UFCW 1439 and Local 21 on several matters related to their intention to merge and eventual merger. One matter is the *Guenther* litigation, which involves the publication of an anonymous and defamatory flyer implying that Plaintiff had made illegal bribes to install a "puppet" at a separate UFCW local based in Tacoma, Washington and that she had helped Mr. Renner hide from sexual harassment charges. Streepy Dec., ¶ 7.

Plaintiff, Local 21, UFCW 1439 and UFCW 3000 (successor union formed in March 2022 when Local 21 and UFCW 1439 merged) filed suit against Defendants Emmons and his "consulting" company. Streepy Dec., ¶ 9. Defendant Emmons eventually admitted during his deposition to publishing the flyer in-person in Spokane, Washington and failed to identify any attempts to verify the information except that his "mentor" (Michael Selvaggio) told him there had been investigations. Streepy Dec., ¶ 10. Defendant Emmons removed the case from Spokane County to the Eastern District of Washington on grounds of diversity jurisdiction. In May 2023, Plaintiffs Local 21, UFCW 1439, and UFCW 3000 were dismissed as plaintiffs because the defamatory comments were made about Plaintiff, not the organizations. Streepy Dec., ¶¶ 13-14.

On August 29, 2023, counsel for Defendants drafted a letter expressing his desire to depose Mr. Streepy. In it, Defendants' counsel stated he wanted to see the report related to the investigation at UFCW 1439 into allegations against Mr. Renner "since it will likely be relevant to the truth of the statements which your client complains … We will also want to depose you about the circumstances relating to the investigation, the time and resources devoted to the investigation, the facts uncovered and your conclusions." Streepy Dec., ¶ 15. On March 12, 2024,

MOTION TO QUASH OR MODIFY
THIRD-PARTY SUBPOENA - 4
Case No.

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

following a deposition, Defendants' counsel once again indicated his desire to depose Mr. Streepy by indicating that he wanted to know what Mr. Streepy said to Plaintiff about the investigation at UFCW 1439 and did not know how that was possible without getting it from Mr. Streepy. Streepy Dec., ¶ 17.

On April 3, 2024, Plaintiff moved for a voluntary dismissal. Streepy Dec., ¶ 18. The following day, on April 4, 2024, Defendants disclosed their intent to depose Mr. Streepy. Streepy Dec., ¶ 19. The subpoena attempts to compel testimony related to the case with no stated topical limitations. The request for documents requests "All documents relating to the Complaint Letter" and "All documents relating to the Investigation." The term "Relating to" is further defined broadly including "… discussing … and/or otherwise dealing with the subject matter in any manner whatsoever." Iglitzin Dec., Ex. A.

Plaintiff reached out to the presiding judge in the *Guenther* case to obtain a protective order to prevent additional costly discovery pending the resolution of her motion to dismiss. On April 8, 2024, Defendants' attorney in that action represented to that court that he wished to depose Mr. Streepy for the following reasons:

    (1) "regarding his investigation [at UFCW 1439]";

    (2) "Plaintiff's involvement in the investigation";

    (3) "an explanation of some of the notes he has supplied relating to his investigation";

    (4) "and how it was that Renner was provided a senior officer's position at the merged entity at higher pay".

Streepy Dec., ¶ 24. On April 17, 2024, the Eastern District declined to grant Plaintiff a stay on discovery. Streepy Dec., ¶ 25.

MOTION TO QUASH OR MODIFY
THIRD-PARTY SUBPOENA - 5
Case No.

18 WEST MERCER ST., STE. 400  BARNARD
SEATTLE, WASHINGTON 98119  IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132  LAVITT LLP

Respondents' deposition subpoena is not limited consistent with Defendants' counsel's representation to the Eastern District of Washington. On its face, the subpoena seeks to depose Mr. Streepy about the matter he is active litigation counsel without limitation and the subpoena for documents asks for anything "relating to" the Complaint Letter and to the UFCW 1439 investigation. Such questions and documents would automatically implicate his privileged communications with his client.

III.    LAW AND ARGUMENT

**A. This Court Should Grant The Motion To Quash Pursuant To Federal Rule Of Civil Procedure 45(d)(3)(A)(iv) Because Mr. Emmons' Counsel's Attempt To Require Opposing Counsel In The *Guenther* Litigation To Appear For Deposition Would Subject Mr. Streepy To Undue Burden And Violates Sacrosanct Privileges.**

On timely motion, it is mandatory for this Court to quash or modify a subpoena that subjects a person to undue burden, fails to allow reasonable time to comply, or requires disclosure of privileged matter. Fed. R. Civ. P. 34(d)(3)(A). In this case, the subpoena (Iglitzin Dec. Exhibit B) subjects Mr. Streepy to undue burden as it would automatically encroach on privileged matters and does not provide a reasonable time to comply.

The United States Supreme Court in *Hickman v. Taylor*, recognized long ago that a lawyer, in preparing the client's case, assembles information, sifts through what the lawyer considers to be relevant facts, prepares "legal theories and plan[s] strategy, without undue and needless interference" and this work, which has become known as counsel's "work product," is reflected "in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and [in] countless other tangible and intangible ways." *Hickman v. Taylor*, 329 U.S. 495, 511 (1947). The Court continued by explaining the rationale: "Were such material open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency,

MOTION TO QUASH OR MODIFY
THIRD-PARTY SUBPOENA - 6
Case No.

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect of the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served." *Hickman*, 329 U.S. at 510-511.

Even so, the practice of attempting to depose opposing counsel when the information is available elsewhere continues. In condemning the practice, the Ninth Circuit described it as follows: "Hardball litigation occurs when attorneys depart from the 'high degree of civility and respect' on which '[o]ur adversarial system relies.' [FIRM A] sought to depose [FIRM B lawyers] even though [they] were opposing counsel, not percipient witnesses. This tactic is often used for the sole purpose of driving a wedge between a lawyer and his client. … Nominally, all of [FIRM A's] tactics failed. … But [FIRM A] won the war even though they lost all the battles. Despite the fact that each of their attacks was ultimately determined to be without merit, [FIRM A] succeeded in destroying [FIRM B] firm's relations with their clients." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1150-1151 (9th Cir. 2017). That Mr. Streepy is forced to make this motion to quash, diverting time, energy, and costs from representing his client, is a victory for Mr. Emmons.

A very limited exception to the rule prohibiting the deposition of opposing counsel exists only "where relevant and non-privileged facts remain hidden in an attorney's file, and where production of those facts is essential to the preparation of one's case, discovery may properly be had" and only upon showing of adequate justification. *Hickman*, 329 U.S. at 511. Otherwise, the work-product doctrine protects attorneys like Mr. Streepy's mental impressions, including thought processes, opinions, conclusions, and legal theories. *See id.* at 511 (an attorney's thoughts are "inviolate"); *Republic of Ecuador v. Mackay*, 742 F.3d 860, 868 (9th Cir. 2014) (if this material was not protected from discovery, "much of what is now put down in writing would remain

MOTION TO QUASH OR MODIFY
THIRD-PARTY SUBPOENA - 7
Case No.

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

unwritten"… "[a]n attorney's thoughts… would not be his own.") *In re Firestorm 1991*, 916 P.2d 411, 429 (Wash. 1996) (intangible factual information concerning strategy in preparing to defend an anticipated action falls within the kind of intangible work product protected under *Hickman* as described by the commentators and a number of courts, constitutes opinion work product which is rarely discoverable under *Pappas*, and is generally undiscoverable from a party's expert); *In re Murphy*, 560 F.2d 326, 336 (8th Cir. 1977) (attorney's opinion work product enjoys nearly absolute immunity and can be discovered in very rare and extraordinary circumstances); Fed. R. Civ. P. 26(b)(3) (unlike ordinary work product, opinion work product cannot be discovered upon a showing of substantial need or undue hardship). Ninth Circuit courts follow the Necessary Witness rule as set forth in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986):

> Finally, the practice of deposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the "chilling effect that such practice will have on the truthful communications from the client to the attorney is obvious.
>
> We do not hold that opposing trial counsel is absolutely immune from being deposed. We recognize that circumstances may arise in which the court should order the taking of opposing counsel's deposition. But those circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means exists to obtain the information than to depose opposing counsel, see, e.g., Fireman's Fund Insurance Co. v. Superior Court, 140 Cal.Rptr. 677, 679, 72 Cal.App.3d 786 (1977); (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

*Shelton*, 805 F.2d at 1327; *DiLorenzo v. Costco Wholesale Corp.*, 243 F.R.D. 413, 415 (W.D. Wash. 2007) (district courts in the 9th circuit have uniformly followed the Eighth Circuit when analyzing whether to permit the deposition of counsel.); *Lloyd Lifestyle Ltd. v. Soaring Helmet Corp.*, C06-0349C, [2006 BL 41202], 2006 WL 753243, *1-2, 2006 U.S. Dist. LEXIS 16539, *4 (W.D.Wash. Mar. 23, 2006); *see also Christensen Shipyards. Ltd. v. St. Paul Fire & Marine Ins. Co.*, 06-0641C (W.D.Wash. May 18, 2007), *FMC Techs., Inc. v. Edwards*, C05-0946C, [2007 BL

MOTION TO QUASH OR MODIFY
THIRD-PARTY SUBPOENA - 8
Case No.

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

232822], 2007 WL 836709, *2-3, 2007 U.S. Dist. LEXIS 18328, *7-8 (W.D.Wash. Mar. 15, 2007).

In this case, Respondents seek privileged information and cannot justify such an extreme invasion of sacrosanct privileges of attorney-client communications and work-product doctrine. Despite Respondent's assurances to the court in the Eastern District of Washington that he does not wish to depose Mr. Streepy on privileged information, nothing in the subpoena indicates such restraint. Moreover, while the subpoena has no limitation, Mr. DiLorenzo has stated elsewhere that he seeks to know "how it was that Renner was provided a senior officer's position at the merged entity at higher pay." If Mr. Streepy knows anything about Mr. Renner's working conditions for UFCW 3000 which was formed in March 2022, there is no indication he would have learned that in his role as the investigating attorney at UFCW 1439 in 2021. Such information would have been learned while representing his clients unrelated to the investigation and would be the type of communication with absolute privilege. Other statements are so vague it makes it impossible to determine whether he seeks privileged information or not. Mr. Emmons' counsel indicates that he wishes to depose him "regarding his investigation" without any topical specificity that would allow anyone to know whether the queries will invade privilege.

Moreover, other means exist to obtain the information. These methods are also less burdensome, less time-consuming methods that Mr. Emmons may pursue to obtain this information. For example, Mr. Emmons can depose Plaintiff about her "involvement in the investigation." Mr. Emmons can depose Mr. Renner or a representative of UFCW 3000 about Renner's employment at UFCW 3000 and his terms and conditions of employment. To the extent they wish to depose Mr. Streepy "regarding his investigation" generally, the Defendants have

MOTION TO QUASH OR MODIFY
THIRD-PARTY SUBPOENA - 9
Case No.

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

failed to specify a single fact that Mr. Streepy would be the exclusive source of the information as the Complainants and UFCW 3000 are the best sources of fact evidence.

Even Respondents' claim that the deposition is sought to get "an explanation of some of the notes he [Mr. Streepy] has supplied relating to his investigation" is inappropriate. First, Respondents confuse the nature of the notes. UFCW 3000, not Mr. Streepy, provided the notes, in discovery. To the extent they seek clarification on any discovery material, Mr. Emmons' counsel should first raise that issue with whoever provided the material before immediately moving to depose opposing counsel.

Defendants' document request is similarly inappropriate and intrusive upon the attorney-client relationship. Mr. Emmons' demand for all documents relating to the Complaint or investigation into Mr. Renner would include, for example, any legal memorandum prepared by Mr. Streepy's for his client in the current litigation. The request is also duplicative since the investigative notes have already been produced by UFCW 3000.

Respondents also need to establish the information sought is not available elsewhere, which they have not done.

The factors that weigh against the enforcement of the deposition subpoena include Mr. Streepy's status as a non-party in *Guenther,* his status as active litigation counsel in the underlying case, that the risk of delving into topics protected by attorney-client privilege and work-product privilege is great, the ability of Mr. Emmons to obtain any relevant information from other sources which would not implicate the risk of divulging privileged information, and the failure of Mr. Emmons to exhaust alternative sources for the information sought. Conversely, no showing has been made that the information sought cannot be obtained from other sources. On balance, the

MOTION TO QUASH OR MODIFY
THIRD-PARTY SUBPOENA - 10
Case No.

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

deposition subpoena poses an undue burden on Mr. Streepy and his client. Thus, this Court should enter an order granting this Motion to Quash the deposition subpoena of Mr. Streepy.

### IV. CONCLUSION

For the reasons stated above, the Movant respectfully requests this Court grant this motion to quash the deposition subpoena for Aaron Streepy.

I certify that this memorandum contains 2,926 words, in compliance with the Local Civil Rules.

RESPECTFULLY SUBMITTED this 19th day of April, 2024.

*s/Dmitri Iglitzin*
Dmitri Iglitzin, WSBA No. 17673
**BARNARD IGLITZIN & LAVITT LLP**
18 W Mercer St, Suite 400
Seattle, WA 98119
Tel: (206) 257-6003
Fax: (206) 378-4132
iglitzin@workerlaw.com

*Attorneys for Aaron Streepy*

MOTION TO QUASH OR MODIFY
THIRD-PARTY SUBPOENA - 11
Case No.

18 WEST MERCER ST., STE. 400  **BARNARD**
SEATTLE, WASHINGTON 98119  **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132  **LAVITT LLP**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON STREEPY, an individual,<br><br>                              Movant,<br><br>  v.<br><br>JOSEPH H. EMMONS, individually, AND OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>                            Respondents. | CASE NO. 3:24-mc-05005-DGE<br><br>**[PROPOSED] ORDER GRANTING MOTION TO QUASH OR MODIFY THIRD-PARTY SUBPOENA TO TESTIFY AT DEPOSITION** |

THIS MATTER came before the Court on non-party Aaron M. Streepy's Motion to Quash Or Modify the deposition subpoena that was served on Aaron Streepy. Having reviewed the Motion, the opposition, and reply, and all supporting papers, the Court GRANTS the motion to quash the subpoena.

It is so ORDERED this _____ day of April, 2024.

_____
The Honorable

[PROPOSED] ORDER GRANTING MOTION TO
QUASH OR MODIFYTHIRD-PARTY SUBPOENA - 1
Case No.

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

Presented by:

*s/Dmitri Iglitzin*
Dmitri Iglitzin, WSBA No. 17673
**BARNARD IGLITZIN & LAVITT LLP**
18 W Mercer Street, Suite 400
Seattle, WA 98119
Tel: (206) 257-6003
Fax: (206) 378-4132
iglitzin@workerlaw.com

*Attorneys for Aaron Streepy*

[PROPOSED] ORDER GRANTING MOTION TO QUASH OR MODIFYTHIRD-PARTY SUBPOENA - 2
Case No.

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON STREEPY, an individual,<br><br>                               Movant,<br><br>  v.<br><br>JOSEPH H. EMMONS, individually, AND OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>                             Respondents. | CASE NO. 3:24-mc-05005-DGE<br><br>**DECLARATION OF SERVICE** |

     I, Elinor Engle, hereby certify that on the date noted below, I emailed true and correct copies of the Motion to Quash or Modify Third-Party Subpoena to Testify at Deposition and Memorandum in Support Thereof, Declaration of Dmitri Iglitzin with Exhibit(s), Declaration of Aaron Streepy with Exhibit(s), Proposed Order, and this Declaration to *newcases.seattle@wawd.uscourts.gov* for filing, and to the following parties as indicated below:

DECLARATION OF SERVICE - 1
Case No.

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD IGLITZIN & LAVITT LLP**

| PARTY/COUNSEL | DELIVERY METHOD |
|---|---|
| United States District Court<br>Western District of Washington at Seattle<br>*Newcases.seattle@wawd.uscourts.gov* | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☒ E-mail<br>☐ U.S. Mail<br>☐ E-Service |
| John DiLorenzo, Esq.<br>Davis Wright Tremaine, LLP<br>johndilorenzo@dwt.com<br><br>Accepting service for all Defendants in 2:22-cv-00272-TOR, *Guenther v. Emmons et al* | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☒ E-mail<br>☐ U.S. Mail<br>☐ E-Service |
| Nicholas D. Kovarik, Esq.<br>Piskel Yahne Kovarik, PLLC<br>*nick@pyklawyers.com*<br><br>Counsel for Plaintiff Faye Irene Guenther in 2:22-cv-00272-TOR, *Guenther v. Emmons et al* | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☒ E-mail<br>☐ U.S. Mail<br>☐ E-Service |
| Aaron Streepy<br>Jim McGuinness<br>McGuinness and Streepy Law Offices LLC<br>*aaron@mcguinnessstreepy.com*<br>*jim@mcguinnessstreepy.com*<br><br>Counsel for Plaintiff Faye Irene Guenther in 2:22-cv-00272-TOR, *Guenther v. Emmons et al* | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☒ E-mail<br>☐ U.S. Mail<br>☐ E-Service |

DATED this 19th day of April, 2024, at Bonney Lake, Washington.

_____
Elinor Engle, Paralegal

DECLARATION OF SERVICE - 2
Case No.

| | |
|---|---|
| **From:** | WAWDdb_NewCasesSea |
| **Sent:** | Tuesday, April 23, 2024 4:24 PM |
| **To:** | WAWDdb_NewCasesTac |
| **Subject:** | MC24-5005-DGE:   FW: New Miscellaneous Case Filing |
| **Attachments:** | 2024 04 19_MOT to Quash_FINAL.pdf; 2024 04 19_DEC Streepy_FINAL[AMS]_with Exs. A & B.pdf; 2024 04 19_DEC Iglitzin_FINAL_with Ex. A.pdf; 2024 04 19_DEC Iglitzin_FINAL_with Ex. A.pdf; 2024 04 19_PROP ORD on MOT to Quash_FINAL.pdf; 2024 04 19_Dec of Service_FINAL.pdf |

Party is in Buckley, WA.

**From:** Elinor Engle <engle@workerlaw.com>
**Sent:** Friday, April 19, 2024 4:01 PM
**To:** WAWDdb_NewCasesSea <newcases.seattle@wawd.uscourts.gov>
**Cc:** Dmitri Iglitzin <iglitzin@workerlaw.com>
**Subject:** New Miscellaneous Case Filing

**CAUTION - EXTERNAL:**

Good afternoon,

Please find attached a Motion to Quash or Modify Third-Party Subpoena to Testify at Deposition and Memorandum in Support Thereof with two supporting declarations, a proposed order, and Declaration of Service to be filed in a new miscellaneous case in the United States District Court for the Western District of Washington at Seattle.

Please let us know if you need anything further to open the new miscellaneous case.

Thank you,
Elinor Engle

**ELINOR ENGLE** | *Paralegal (she/her)* | Barnard Iglitzin & Lavitt LLP
**DIR:** 206.257.6031  | **FAX:** 206.378.4132
18 West Mercer Street, Suite 400, Seattle, WA 98119

This communication is intended for a specific recipient and may be protected by the attorney-client and work-product privilege. If you receive this message in error, please permanently delete it and notify the sender.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.