UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON STREEPY, an individual,<br><br>　　　　　Movant,<br><br>　v.<br><br>JOSEPH H. EMMONS, individually, AND OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>　　　　　Respondents. | CASE NO.  3:24-mc-05005-DGE<br><br>**DECLARATION OF DMITRI IGLITZIN** |

I, Dmitri Iglitzin, hereby declare as follows:

1. I am over the age of 18 and make this declaration of my own personal knowledge and am competent to testify as to the matters herein.

2. I am the attorney for non-party Aaron Streepy and make this declaration in support of Streepy's Motion to Quash or Modify Third-Party Subpoena to Testify at Deposition and Memorandum in Support Thereof.

3. On April 19, 2024, I conferred with counsel John DiLorenzo, who represents the respondents in the above-captioned matter, regarding the third-party deposition subpoena that his client has served on Mr. Streepy.

DECLARATION OF DMITRI IGLITZIN – Page 1
Case No.

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

4. In that discussion, Mr. DiLorenzo and I were unable to resolve this dispute without the necessity of Mr. Streepy seeking relief from this Court via a motion to quash.

5. Attached as Exhibit A to this Declaration is a true and correct copy of the Subpoena To Testify At A Deposition In A Civil Action that was served upon Mr. Streepy.

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Executed on 19th day of April, 2024.

_____
Dmitri Iglitzin, WSBA No. 17673

DECLARATION OF DMITRI IGLITZIN – Page 2
Case No.

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD IGLITZIN & LAVITT LLP**

# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Washington

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual<br>*Plaintiff*<br>v.<br>JOSEPH H. EMMONS, individually, and OSPREY FIELD CONSULTING LLC, a limited liability co.,<br>*Defendant* | )<br>)<br>)  Civil Action No.  2:22-cv-00272-TOR<br>)<br>)<br>) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:  Aaron Streepy, Streepy Law
4218 227th Ave Ct. East, Buckley, WA 98321

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Davis Wright Tremaine LLP<br>920 5th Avenue, Suite 3300<br>Seattle, WA 98104 | Date and Time:<br>4/23/24, 9:00 am |
|---|---|

The deposition will be recorded by this method:  stenographically and by audiovisual means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/04/2024

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____<br>*Signature of Clerk or Deputy Clerk* | s/ John A. DiLorenzo<br>_____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Joseph H. Emmons, and OSPREY FIELD CONSULTING LLC, , who issues or requests this subpoena, are:

John A. DiLorenzo, Davis Wright Tremaine LLP, 560 SW 10th Ave, Suite 700, Portland, OR 97205 (503) 241-2300

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:22-cv-00272-TOR

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ 50.00 for travel and $ _____ for services, for a total of $ 50.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT A

TO FED. R. CIV. P. 45(a) SUBPOENA DUCES TECUM
TO AARON STREEPY
*GUENTHER v. EMMONS*, NO. 2:22-cv-00272-TOR (E.D. Wash.)

Pursuant to Fed. Rule Civ. P. 45(a), Aaron Streepy is commanded to produce the following designated documents to Davis Wright Tremaine LLP, 920 Fifth Avenue, Suite 3300, Seattle, WA 98104-1610, for inspection and copying.

## Definitions

a. "**You**" and "**your**" each means Aaron Streepy and all other persons acting on his behalf.

b. "**And**" and "**or**" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests all responses that might otherwise be construed to be outside the scope and are not to be interpreted in such a manner as to exclude any information within the scope of the discovery request.

c. "**Communication**" means any oral or written exchange of words or of thoughts or ideas to another person, whether person to person, in a group, in a meeting, by telephone, by letter, by facsimile, by e-mail, by text message, by Social Media Platform, or by any other process, whether oral, written, electronic, or otherwise.

d. "**Documents**" has the same meaning as in Federal Rule of Civil Procedure 34 and includes all communications. A draft or non-identical copy is a separate document within the meaning of this term.

e. "**Complaint Letter**" means the letter dated August 23, 2021, addressed to "UFCW 1439 Executive Board Members and UFCW International Union Leadership" concerning Eric Renner signed by seven individuals.

f. "**Investigation**" means the investigation conducted by you relating to the Complaint Letter.

g. "**Relating to**" means concerning, in whole or in part and without limitation; regarding; constituting; pertinent; relevant or material to; evidencing; having a bearing on; or affecting, discussing, and/or otherwise dealing with the subject matter in any manner whatsoever.

## Subpoenaed Documents

1. All documents relating to the Complaint Letter.

2. All documents relating to the Investigation.