UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON STREEPY, an individual,<br><br>                  Movant,<br><br>   v.<br><br>JOSEPH H. EMMONS, individually, AND OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>                  Respondents. | No. 3:24-mc-05005-DGE<br><br>RESPONDENTS' RESPONSE TO AARON STREEPY'S MOTION TO QUASH |

RESPONSE TO MOTION TO QUASH
3:24-mc-05005-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................ 1

II. FACTUAL BACKGROUND ...................................................................................... 1

    A. Background Regarding the *Guenther* Action. ................................................ 1

    B. Discovery Conducted in the *Guenther* Action Necessitating Mr. Streepy's Deposition. ......................................................................................................... 2

    C. Judge Rice Ordered Mr. Streepy's Deposition to Proceed. ............................... 4

III. ARGUMENT ............................................................................................................... 6

    A. This Court Should Transfer the Motion to the *Guenther* Court. ...................... 6

    B. Alternatively, the Court Should Deny the Motion Because the Subpoena Seeks Relevant, Non-Privileged, Discoverable Information and Should Not Be Quashed or Modified. ................................................................................ 7

    C. Mr. Streepy's Motion Is Improper and Unnecessary, and the Court Should Award Respondents Their Fees Incurred in Opposing It. ................................ 10

IV. CONCLUSION .......................................................................................................... 11

RESPONSE TO MOTION TO QUASH - i
3:24-mc-05005-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Busey v. Richland Sch. Dist.*,
  2014 WL 1404580 (E.D. Wash. Apr. 10, 2014) ................................................................... 7

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991) ............................................................................................................ 10

*Deere & Co. v. XAPT Corp.*,
  2022 WL 522992 (W.D. Wash. Feb. 18, 2022) ................................................................... 6

*DiLorenzo v. Costco Wholesale Corp.*,
  243 F.R.D. 413 (W.D. Wash. 2007) .................................................................................... 7

*Gustavsson v. Ethiopian Airlines Flight ET 302 Crash*,
  2021 WL 211542 (W.D. Wash. Jan. 21, 2021) ................................................................... 7

*In re Subpoena of Amazon.com*,
  2020 WL 2410474 (W.D. Wash. May 12, 2020) ................................................................ 6

*Intellicheck Mobilisa, Inc. v. Wizz Sys., LLC*,
  173 F. Supp. 3d 1085 (W.D. Wash. 2016) .................................................................... 8, 10

*Shelton v. Am. Motors Corp.*,
  805 F.2d 1323 (8th Cir. 1986) ............................................................................................ 8

*STA Grp. LLC v. Motorola Sols. Inc.*,
  2024 WL 1091691 (W.D. Wash. Mar. 13, 2024) ............................................................ 6, 7

*US Plywood Integrity Coal. v. PFS Corp*,
  2021 WL 409968 (W.D. Wash. Feb. 5, 2021) ..................................................................... 6

**State Cases**

*Eastwood v. Cascade Broad. Co.*,
  106 Wn.2d 466 (1986) ........................................................................................................ 9

*Herron v. KING Broad. Co.*,
  112 Wn.2d 762 (1989) ........................................................................................................ 9

**Federal Statutes**

28 U.S.C. § 1927 ...................................................................................................................... 10

RESPONSE TO MOTION TO QUASH - ii
3:24-mc-05005-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**State Statutes**

RCW 4.84.250 ...........................................................................................................................5

**Rules**

Fed. R. Civ. P. 45(f) ............................................................................................................1, 6, 7

RESPONSE TO MOTION TO QUASH - iii
3:24-mc-05005-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I. INTRODUCTION

Movant Aaron Streepy asks this Court to assist him in avoiding an order from another federal court. Judge Rice of the United States District Court for the Eastern District of Washington has already ordered that Mr. Streepy's deposition can be taken in *Guenther v. Emmons et al.*, Case No. 2:22-cv-00272-TOR (E.D. Wash.) (the "*Guenther* Action"). As Mr. Streepy admits, Judge Rice held a discovery hearing in the *Guenther* Action regarding his deposition and other discovery issues just two days before Mr. Streepy sought relief in this Court. After hearing argument from both parties, including Respondents' reasons for needing to take Mr. Streepy's deposition, Judge Rice issued an unambiguous ruling: "Mr. Streepy's deposition can be taken." Declaration of John DiLorenzo ("DiLorenzo Decl.") Ex. 14 at 9:23.

Given Judge Rice's ruling and familiarity with this factually complex case, the Motion should be transferred to Judge Rice in the Eastern District under Federal Rule of Civil Procedure 45(f). Alternatively, the Motion should be denied. As Respondents argued to Judge Rice, Mr. Streepy possesses relevant, nonprivileged information that cannot be obtained elsewhere and is crucial to their defense in the *Guenther* Action. Mr. Streepy's Motion ignores Judge Rice's ruling and overlooks the fact that he is the only person with knowledge of the facts sought, and that those facts are crucial to Respondents' defense in the *Guenther* Action. Finally, Respondents should also be awarded their fees incurred in responding to this attempt to circumvent Judge Rice's order.

# II. FACTUAL BACKGROUND

## A. Background Regarding the *Guenther* Action.

Guenther filed the Complaint in the *Guenther* Action July 2022, asserting claims for defamation and false light. ECF No. 3 ("Streepy Decl.") Ex. A. Mr. Streepy has been Guenther's attorney of record in that case since its inception.[1] *See id.* ¶ 2. Guenther alleges in part that before a vote on the merger of two United Food and Commercial Workers Union ("UFCW") chapters,

---

[1] James McGuinness has and currently serves as co-counsel for Guenther and is not a witness in this matter.

RESPONSE TO MOTION TO QUASH - 1
3:24-mc-05005-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Local 21 and Local 1439, Respondent Joseph Emmons distributed a flyer that accused Guenther, "who was then president of [UFCW] 21" of "utilizing the merger" to help Eric Renner, who was then President of UFCW 1439 "avoid charges of sexual harassment." *Id.* Ex. A ¶ 3.10; DiLorenzo Decl. Ex. 1 ("Flyer"). Respondents maintain that this statement cannot support a defamation or false light claim because the statement is true. *Guenther* Action, ECF No. 28 at 2:22–3:1.

Ultimately, each union voted to approve the merger, and UFCW 21 and UFCW 1439 merged into a new entity: UFCW 3000. Streepy Decl. Ex. A ¶ 3.28. Guenther is now the president of UFCW 3000. DiLorenzo Decl. Ex. 5 at 2:11–14. Renner is a vice president. *Id.*

**B.  Discovery Conducted in the *Guenther* Action Necessitating Mr. Streepy's Deposition.**

During discovery, Respondents learned that shortly before the merger, Mr. Streepy was involved in investigating sexual harassment claims against Eric Renner and negotiating non-disclosure agreements ("NDAs") that prevent the complainants from discussing those claims—facts that go to the heart of Respondents' defense that the Flyer's statement concerning Guenther and Renner is true. *Cf.* Streepy Decl. Ex. B.

In August 2021, a few months before the merger, seven individuals sent a five-page letter to UFCW International and UFCW 1439's Executive Board, accusing Renner of sexual harassment, among other misconduct. DiLorenzo Decl. Ex. 2 ("Complaint Letter"). The UFCW International President responded, stating UFCW 1439 would hire outside counsel to conduct an investigation. *Id.* Ex. 3. UFCW 1439 retained Mr. Streepy, who at the time represented UFCW 21—the union chapter of which Guenther was then president. ECF No. 1 ("Mot.") at 3:18-20. ███████████████████████

███████████████ *See* DiLorenzo Decl. Ex. 7. ███████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████ *Id.* Ex. 8; *id.* Ex. 6 ("NDAs"). The last NDA was signed on October 9, 2021. *Id.* Ex. 6. ███████████████

RESPONSE TO MOTION TO QUASH - 2
3:24-mc-05005-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

██████████████████████████████████. *Id.* Ex. 6 at 1; *id.* Ex. 9 at 53:3–15; *id.* Ex. 10 at 74:21–75:9. Less than two weeks later, Guenther, her counsel, and Renner were preparing the documents to initiate the merger of UFCW 21 and UFCW 1439. *Guenther* Action, ECF No. 48-11, 48-12 (emails regarding preparing documents). The merger allowed Renner to maintain a high-paying position in the newly formed UFCW 3000 while the Complainants continue to be silenced by the NDAs. *Guenther* Action, ECF No. 36-7 at 0060 (UFCW 3000's LM-2 showing Renner's position as Vice President); *see also* DiLorenzo Decl. Ex. 5 at 2:11–14.

On August 29, 2023, after discovering some of this information, Respondent's counsel informed Mr. Streepy that Respondents would likely need to take Mr. Streepy's deposition. Streepy Decl. Ex. B. Instead of immediately noting Mr. Streepy's deposition, however, Respondents first attempted to pursue discovery from Guenther and numerous third parties. DiLorenzo Decl. ¶¶ 4–5. They served Guenther with 18 requests for production ("RFPs") and served subpoenas on UFCW International, Renner, and numerous others. *Id.* Over the next several months, however, Guenther withheld nearly all documents responsive to Respondents' RFPs. *Id.* ¶ 4 & Ex. 4.

In February 2024, after Respondents spent months attempting to obtain the NDA parties' consent to Respondents' discovery of the NDAs and related information, Respondents filed a motion to compel that information. DiLorenzo Decl. ¶ 6 & Ex. 5; *Guenther* Action, ECF No. 35. In granting Respondents' motion, Judge Rice recognized that the material covered by the NDAs went to the heart of "one of Defendants' chief defenses: namely, that Defendants could not have defamed Plaintiff or portrayed her in a false light because the statements the flyer made about her pertaining to Mr. Renner's alleged misconduct and her alleged coverup thereof were in fact true." DiLorenzo Decl. ¶ 6 & Ex. 5 at 7. Pursuant to Judge Rice's order, UFCW 3000 produced documents, and Respondents deposed three individuals who Mr. Streepy interviewed in his investigation and who signed the NDAs. DiLorenzo Decl. ¶ 6; *id.* Ex. 9; *id.* Ex. 10; *id.* Ex. 11.

This evidence further demonstrated that ███████████████████████
███████████████████████████████████████████████████████████████

RESPONSE TO MOTION TO QUASH - 3
3:24-mc-05005-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

███████████████ ██████████████, and raised additional questions about what transpired between Mr. Streepy's investigation and the initiation of the merger. Despite Respondents' discovery efforts, Respondents have not been able to determine who Mr. Streepy spoke with during the course of his investigation or who he discussed his investigation with. *Id.* ¶ 8. Respondents notified Mr. Streepy on March 12, 2024, that they intended to depose him. *Id.* ¶ 7.

On April 3, 2024, UFCW 3000 produced 62 pages of what appear to be Mr. Streepy's handwritten notes from his investigation of the Complaint Letter, which are largely illegible and should have been produced in February under Judge Rice's February 14, 2024, order. *Id.* ¶ 8; *see id.* Ex. 5.

### C. Judge Rice Ordered Mr. Streepy's Deposition to Proceed.

The same day that UFCW 3000 produced Mr. Streepy's notes, Guenther moved to voluntarily dismiss her claims without prejudice, *id.* Ex. 12, and on April 5, 2024, she asked Judge Rice to stay discovery pending resolution of her motion. DiLorenzo Decl. Ex. 13 at 5. Respondents opposed the requested stay, which appeared to be targeted at evading discovery, including producing documents Guenther had agreed to produce and Mr. Streepy's deposition. *Id.* Respondents asked Judge Rice to deny Guenther's "request to use her motion to voluntarily dismiss as a bar to taking Mr. Streepy's deposition." *Id.* at 2. Respondents explained that they wished

> to depose Mr. Streepy regarding his investigation, Plaintiff's involvement in the investigation, an explanation of some of the notes he has supplied relating to the investigation, and how it was that Renner was provided a senior officer's position at the merged entity at higher pay …. To [Respondents'] knowledge, Mr. Streepy is the only source of information regarding his investigation, and [Respondents] need this information to prove the allegedly defamatory statement is true.

*Id.* at 3–4.

On April 17, 2024, Judge Rice held a hearing on the issues raised in the parties' emails. *Id.* at 1. Judge Rice specifically asked the parties to address Mr. Streepy's deposition. *See id.*

RESPONSE TO MOTION TO QUASH - 4
3:24-mc-05005-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Ex. 14 at 3:2–5 (Court: "[A]s I see it, you'll take that deposition and he'll invoke the attorney-client privilege or work product privilege, and you're not going to get anywhere."). Respondents explained that Mr. Streepy "wore several hats" and that they "do not intend to ask him any questions that would invade upon his attorney-client privilege." *Id.* at 3:7–9. "We want to ask him questions about the information that he gleaned from third-party witnesses and the findings of fact that he made in his capacity as the party who was tasked with conducting an investigation." *Id.* at 3:12–15. Respondents had made it clear to Mr. Streepy already that they were "not going to ask him for any of his conclusions or law" or "his opinions or anything that he shared with his clients that are not totally fact-based." *Id.* 3:16–19. "But [because] these were basically witness interviews that he conducted, [ ] we feel that they're fair game, and they also go directly to whether or not the allegations in the flyers are truthful, which is our defense." *Id.* at 3:19–23. Guenther countered, as Mr. Streepy does here, that "there are other witnesses available to them to get those facts." *Id.* at 5:23–6:5.[2]

Judge Rice agreed with Respondents: "It is the Court's decision that discovery can continue and that **Mr. Streepy's deposition can be taken** because of the statute involved. Plaintiffs don't seek to dismiss with prejudice, so the defense has a legitimate interest in discovery evidence as to whether there is a case or not." DiLorenzo Decl., Ex. 14 at 9:22–10:1 (emphasis added).

Guenther never objected to the ruling or moved for reconsideration, nor did Mr. Streepy inform Judge Rice of his intent to move to quash. *Id.* ¶ 11 & Ex. 14 at 10:3–5. Instead, two days after Judge Rice's ruling, Mr. Streepy filed the instant Motion in this Court. Given the circumstances, Respondents sought Mr. Streepy's consent to transfer the Motion to the Eastern District, but he refused. *Id.* ¶ 12 & Ex. 15.

---

[2] The parties also discussed Guenther's invocation of RCW 4.84.250 and its implications. *See* DiLorenzo Decl. Ex. 14 at 9:10–13.

RESPONSE TO MOTION TO QUASH - 5
3:24-mc-05005-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### III. ARGUMENT

### A. This Court Should Transfer the Motion to the *Guenther* Court.

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." "[C]ourts applying Rule 45(f) routinely refer to the 2013 Advisory Committee Notes to Fed. R. Civ. P. 45(f) in determining its scope." *Deere & Co. v. XAPT Corp.*, 2022 WL 522992, at *1 (W.D. Wash. Feb. 18, 2022). Those Notes indicate that the "prime concern should be avoiding burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. The Notes further explain that "exceptional circumstances" include "avoid[ing] disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion . . . ." *Id.* And they advise that "[j]udges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions." *Id.*

Applying these principles, this Court has transferred to the issuing court a motion to quash in an ongoing case "that ha[d] been heavily litigated" and where the issuing court's recent discovery rulings indicated it had "significant knowledge of the facts, procedural posture, and issues underlying the parties' dispute." *Deere & Co.*, 2022 WL 522992, at *2. Indeed, this Court routinely transfers motions under Rule 45(f). *See, e.g., STA Grp. LLC v. Motorola Sols. Inc.*, 2024 WL 1091691, at *2 (W.D. Wash. Mar. 13, 2024) (Estudillo, J.) (transferring motion where issuing court's judge had "extensive knowledge of the intricacies of this complex litigation [that] would allow him to evaluate the relevance of the requested evidence and proportionality more quickly than this Court could." (internal quotation marks omitted)); *US Plywood Integrity Coal. v. PFS Corp*, 2021 WL 409968, at *3 (W.D. Wash. Feb. 5, 2021) ("the potential to disrupt" the ongoing litigation and the "risk of inconsistent rulings" justified transfer); *In re Subpoena of Amazon.com*,

RESPONSE TO MOTION TO QUASH - 6
3:24-mc-05005-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

2020 WL 2410474, at *2 (W.D. Wash. May 12, 2020) (transfer warranted where "the [issuing court] ha[d] already reviewed the subpoena and provided its initial approval").[3]

Here, the factors courts consider when determining whether to transfer all favor a transfer to the issuing court in the Eastern District of Washington. To begin, Mr. Streepy cannot seriously contend that he faces any substantial burden in litigating in the Eastern District where he filed the action that gave rise to this subpoena and where he has been litigating the case for nearly two years. *See* Streepy Decl. Ex. A. Moreover, the issuing court, Judge Rice, has been heavily involved in the underlying litigation, including in discovery. *See supra* § 2. Judge Rice will "be able to prioritize this dispute so it is resolved on a schedule that fits the needs of the underlying litigation." *STA Grp.*, 2024 WL 1091691, at *2 (quoting *In re Hume*, 2017 WL 4224421, at *2 (W.D. Wash. Sept. 22, 2017)). Most importantly, Mr. Streepy's Motion not only risks but **demands** an inconsistent ruling from this Court, since Judge Rice "has already ruled on issues presented by the motion." *See* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment.

"[I]n the interest of judicial efficiency, judicial administration, and consistency, exceptional circumstances exist under Rule 45(f)." *STA Grp.*, 2024 WL 1091691, at *3. The Motion should be transferred to Judge Rice in the Eastern District.

**B.      Alternatively, the Court Should Deny the Motion Because the Subpoena Seeks Relevant, Non-Privileged, Discoverable Information and Should Not Be Quashed or Modified.**

A "three-part test" governs whether counsel may be deposed: "'(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.'" *Busey v. Richland Sch. Dist.*, 2014 WL 1404580, at *2 (E.D. Wash. Apr. 10, 2014) (quoting *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)); *accord DiLorenzo v. Costco Wholesale*

---

[3] A request for a transfer may be made in a response to a motion to quash. *See Gustavsson v. Ethiopian Airlines Flight ET 302 Crash*, 2021 WL 211542, at *1 (W.D. Wash. Jan. 21, 2021) (granting respondents' request to transfer contained in their response to motion to quash).

RESPONSE TO MOTION TO QUASH - 7
3:24-mc-05005-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Corp.*, 243 F.R.D. 413, 414–15 (W.D. Wash. 2007).[4] Here, Respondents seek to depose Mr. Streepy regarding the following: (1) the individuals and/or entities (including union chapters) with whom Mr. Streepy had relevant communications about the investigation and/or the NDAs, and when he communicated with them; (2) the substance of any relevant non-privileged communications Mr. Streepy had regarding the investigation and/or NDAs, particularly during the time between when he was hired to start the investigation and when he, Guenther, and Renner initiated the merger; and (3) an explanation of the notes Mr. Streepy produced from his investigation. Although Mr. Streepy states that he "did not consult with [Guenther] about [his] investigation" or "share details with her," his declaration does not foreclose the possibility that he informed Guenther of the NDAs or their terms, or that he shared any of this information with a third party intermediary, who shared it with Guenther. *See* Streepy Decl. ¶ 7.

The three *Shelton* factors weigh in favor of allowing Mr. Streepy's deposition to proceed:

*First*, Respondents lack other means to obtain this information. Mr. Streepy is the only person who conducted the fact investigation into the Complainants' sexual harassment claims against Renner, and the only one who can speak to the scope of that investigation, identify whom he communicated with about the investigation and NDAs and when, and explain his illegible notes.

*Second*, Respondents seek relevant, nonprivileged information. The specific facts Respondents seek, outlined above, relate to Guenther's claims, *see supra* § II.B–C, and are not privileged. As Respondents have represented both to Mr. Streepy and Judge Rice, they are "not going to ask him for any of his conclusions or law" or "his opinions or anything that he shared with his clients that are not totally fact-based." DiLorenzo Decl., Ex. 14 at 3:16–19. Mr. Streepy argues that "nothing in the subpoena indicates" it will be limited to the topics Respondents have

---

[4] Mr. Streepy styles his motion as one to "quash or modify" the subpoena. Mot. at 1. Yet he advances no argument regarding how the subpoena should be modified, asking only for the Court to quash the subpoena. *Id.* at 11. Mr. Streepy's failure to advance any argument regarding modifying the subpoena waives any such argument. *See Intellicheck Mobilisa, Inc. v. Wizz Sys., LLC*, 173 F. Supp. 3d 1085, 1108 (W.D. Wash. 2016) ("This argument is inadequately briefed and thus not properly before the court."). In any event, the subpoena should not be modified for the same reasons it should not be quashed.

listed. Mot. at 9:5–7. But subpoenas to individual fact witnesses do not typically contain such topics, and Mr. Streepy is free to object during the deposition to any questions that he believes invade privilege.

*Finally*, the information is crucial to Respondents' defense in the *Guenther* Action. Respondents believe that the information they seek from Mr. Streepy will show that the Flyer's statement concerning Guenther and Renner is true, and therefore Guenther does not have a claim. *See Herron v. KING Broad. Co.*, 112 Wn.2d 762, 768 (1989) (defamation requires false statement); *Eastwood v. Cascade Broad. Co.*, 106 Wn.2d 466, 470-71 (1986) (false light requires falsity). All of the existing evidence suggests Mr. Streepy worked with Guenther to help Renner hide from the Complainants' sexual harassment charges. Mr. Streepy drafted the agreements silencing the Complainants ▮, and just days after the agreements were signed, he was working with Guenther and Renner to prepare the documents for the merger that allowed Renner to maintain his high-paying position in the union notwithstanding the claims against Renner ▮.

Mr. Streepy's contrary arguments fail. Mr. Streepy attempts to relitigate the topics and issues already approved and ruled on by Judge Rice. For example, he insists that questioning him "regarding his investigation" will somehow "invade privilege." Mot. at 9:15–18. He also states, contrary to the argument accepted by Judge Rice, that there are other individuals or entities from whom Respondents can gather this information. Mot. at 9:19–10:2. And he says Respondents have failed "to establish the information sought is not available elsewhere." Mot. at 10:15–17. But Judge Rice has already ruled that this deposition—on these topics—can go forward. For good reason: As Respondents have detailed, the non-privileged information they seek is crucial to their case and cannot be obtained elsewhere.

Mr. Streepy also accuses Respondents of attempting to avoid "solicit[ing] testimony from other witnesses who may hold the same information," instead "singl[ing] out Mr. Streepy for questioning." Mot. at 2:10–12. But Respondents have taken extensive discovery to date, DiLorenzo Decl. ¶¶ 4–6, and cannot determine who those additional witnesses are without

RESPONSE TO MOTION TO QUASH - 9
3:24-mc-05005-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Mr. Streepy's testimony. Mr. Streepy contends the subpoena subjects him "to undue burden as it would automatically encroach on privileged matters." Mot. at 6:14–16. As Respondents explained to Judge Rice, that is simply not true. Mr. Streepy's cases regarding the familiar, important nature of the attorney-client privilege are therefore of no moment. To the extent Mr. Streepy believes Respondents' two document requests are burdensome or implicate work product or privilege issues, he is free to argue those points in his discovery responses—but he has no basis for withholding wholesale any relevant, discoverable documents. *Contra* Mot. at 10:10–15.[5]

### C. Mr. Streepy's Motion Is Improper and Unnecessary, and the Court Should Award Respondents Their Fees Incurred in Opposing It.

Mr. Streepy should not have brought this Motion. The Court should award fees, including under 28 U.S.C. § 1927 and/or its inherent authority, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).

Mr. Streepy offers no explanation for his attempt to circumvent a valid court order. If he wanted relief from that order, he could have asked Judge Rice. Instead, without explanation, and while continuing to engage in dilatory discovery tactics in the *Guenther* action, Mr. Streepy came to this Court for relief two days after Judge Rice said his deposition should proceed. Such conduct is improper and a waste of resources for the parties and, more importantly, for two federal courts. Moreover, Mr. Streepy's Motion omits without justification key, obviously relevant information, such as the fact that Judge Rice has already ruled that his deposition can proceed. The Motion thus "multiplie[d] the proceedings . . . unreasonably and vexatiously." *See* 28 U.S.C. § 1927. Respondents accordingly respectfully request the Court award Respondents their attorneys' fees in opposing this Motion, in an amount to be determined on subsequent motion.

---

[5] Mr. Streepy also states, without analysis, that the subpoena "does not provide a reasonable time to comply." Mot. at 6:16. This undeveloped argument should also be abandoned. *See Intellicheck Mobilisa*, 173 F. Supp. 3d at 1108. Moreover, Respondents gave notice on March 12, 2023, of their intent to subpoena Mr. Streepy. The written notice provided on April 4, which still gave a reasonable compliance date of April 23, was a follow-up to the March 12 notice. *See* DiLorenzo Decl. ¶ 7.

RESPONSE TO MOTION TO QUASH - 10
3:24-mc-05005-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## IV. CONCLUSION

Mr. Streepy's Motion should be transferred to Judge Rice in the Eastern District of Washington. In the alternative, it should be denied in its entirety. Whichever outcome, Respondents respectfully request the fees they have incurred in opposing the Motion.

DATED this 6th day of May, 2024.

                        Davis Wright Tremaine LLP
                        Attorneys for Defendants

By *s/ Sara A. Fairchild*
    Ambika Kumar, WSBA #38237
    Sara A. Fairchild, WSBA #54419
    920 Fifth Avenue, Suite 3300
    Seattle, WA 98104-1610
    Tel: 206-622-3150
    Fax: 206-757-7700
    ambikakumar@dwt.com
    sarafairchild@dwt.com

I certify that this memorandum contains 3,470 words, in compliance with the Local Civil Rules.

RESPONSE TO MOTION TO QUASH - 11
3:24-mc-05005-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2024, I caused the document to which this certificate is attached to be served via ECF on the following party:

Dmitri Iglitzin, WSBA No. 17673
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer Street, Suite 400
Seattle, WA 98119
Tel: (206) 257-6003
Fax: (206) 378-4132
iglitzin@workerlaw.com
**Attorneys for Aaron Streepy**

I further certify that the following parties were served by email and mail:

Aaron Streepy
Jim McGuinness
STREEPY LAW, PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
aaron@mcguinnessstreepy.com
jim@mcguinnessstreepy.com
**Attorneys for Faye Guenther and United Food and Commercial Workers Union Local 3000**

I declare under penalty of perjury that the foregoing is true and accurate.

DATED this 6th day of May, 2024.

By: *s/ Sara A. Fairchild*
    Sara A. Fairchild, WSBA #54419

DILORENZO DECL. ISO OF
RESPONSE TO MOTION TO QUASH - 6
3:24-mc-05005-DGE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The Honorable David G. Estudillo

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| AARON STREEPY, an individual,<br><br>      Movant,<br><br>  v.<br><br>JOSEPH H. EMMONS, individually, AND OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>      Respondents. | No. 3:24-mc-05005-DGE<br><br>[PROPOSED]<br>ORDER DENYING AARON STREEPY'S MOTION TO QUASH OR MODIFY THIRD-PARTY SUBPOENA |

BEFORE THE COURT is Movant Aaron Streepy's Motion to Quash or Modify Third-Party Subpoena to Testify at Deposition and Memorandum in Support Thereof ("Motion"). This matter was submitted for consideration without oral argument. The Court has considered the Motion and reviewed the record and files. It is hereby **ORDERED** that Movant's Motion is **DENIED**.

DATED this _____ day of _____, 2024.

                _____
                UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER DENYING MOTION TO QUASH
(3:24-mc-05005-DGE) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Presented by:
Davis Wright Tremaine LLP
Attorneys for Respondents

By *s/ Sara A. Fairchild*
   Ambika Kumar, WSBA #38237
   Sara A. Fairchild, WSBA #54419
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: 206-622-3150
Fax: 206-757-7700
ambikakumar@dwt.com
sarafairchild@dwt.com

[PROPOSED] ORDER DENYING MOTION TO QUASH
(3:24-mc-05005-DGE) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2024, I caused the document to which this certificate is attached to be served via ECF on the following party:

Dmitri Iglitzin, WSBA No. 17673
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer Street, Suite 400
Seattle, WA 98119
Tel: (206) 257-6003
Fax: (206) 378-4132
iglitzin@workerlaw.com
**Attorneys for Aaron Streepy**

I further certify that the following parties were served by email and mail:

Aaron Streepy
Jim McGuinness
STREEPY LAW, PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
aaron@mcguinnessstreepy.com
jim@mcguinnessstreepy.com
**Attorneys for Faye Guenther and United Food and Commercial Workers Union Local 3000**

I declare under penalty of perjury that the foregoing is true and accurate.

DATED this 6th day of May, 2024.

By: *s/ Sara A. Fairchild*
Sara A. Fairchild, WSBA #54419

[PROPOSED] ORDER DENYING MOTION TO QUASH
(3:24-mc-05005-DGE) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax