UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON STREEPY, an individual,<br><br>  Movant,<br><br>v.<br><br>JOSEPH H. EMMONS, individually, AND OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>  Respondents. | CASE NO. 3:24-mc-05005-DGE<br><br>**REPLY IN SUPPORT OF MOTION TO QUASH OR MODIFY THIRD-PARTY SUBPOENA**<br><br>NOTE ON MOTION CALENDAR: May 10, 2024 |

## I. THIS COURT SHOULD NOT TRANSFER THE MOTION AS THE MATTER DOES NOT INVOLVE "EXCEPTIONAL CIRCUMSTANCES."

The Respondents bear the burden of demonstrating that exceptional circumstances warrant a transfer of this matter. *STA Grp. LLC v. Motorola Sols. Inc.*, 2024 WL 1091691, at *1 (W.D. Wash. Mar. 13, 2024); *U.S. Plywood Integrity Coal. v. PFS Corp.*, 2021 WL 409968, at *4 (W.D. Wash. Feb. 5, 2021). Courts consider the "complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014). See also STA Grp. LLC 2024 WL 1091691, at *2. Taking those factors into account, transfer of

REPLY IN SUPPORT OF MOTION TO QUASH OR MODIFY THIRD-PARTY SUBPOENA – 1
Case No. 3:24-mc-05005-DGE

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

the instant motion to a different court is not warranted.

**A. Complexity**

Respondents have failed to provide evidence that the underlying matter is complex. That case, *Guenther v. Emmons et al.*, Case No. 2:22-cv-00272-TOR (E.D. Wash.) (*Guenther*), involves a dispute between a single plaintiff, Guenther, and two defendants, a natural person and his solely owned company. The allegations in that case, standard tort claims of defamation and false light invasion of privacy, do not meet the complexity seen in cases cited by the Respondents. One concerned "a complicated patent case, asserting infringement of four separate patents…" *STGA Grp. LLC*, 2024 WL 1091691, at *2. Another, *U.S. Plywood,* involved a complex Lanham Act false advertising action where the non-party's ("APA") "Product Advisory on Brazilian plywood" necessarily intertwined with elements of the case since all the plaintiffs were members of APA. *U.S. Plywood* at *5. Both of those cases rely, in part, on a "consolidated case … which involves constitutional challenge to Arizona Senate Bill 1070 … a controversial state immigration initiative." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 32 (D.D.C. 2014).

Unlike the cases cited by Respondents, this matter is a garden variety tort claim. Respondents have failed to show otherwise, let alone meet their burden to show that the matter is in any way complex.

**B. Procedural History & Nature of the Issues Pending and Resolved**

Unlike in *Deer & Co. v. XAPT Corp.*, cited by Respondents, where the trial court had deep familiarity and ongoing discovery issues, this case lacks a similar depth of preceding judicial engagement. *Deer & Co.,* 2022 WL 522992, at *1 (W.D. Wash. Feb. 18, 2022). In *Deer & Co.* the court noted that the trial court had "recently issued an extensive opinion resolving nearly *a dozen* of the parties' motions, including multiple motions to dismiss and a motion to stay, evidencing the

REPLY IN SUPPORT OF MOTION TO QUASH OR MODIFY THIRD-PARTY SUBPOENA – 2
Case No. 3:24-mc-05005-DGE

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

Illinois Court's significant knowledge of the facts, procedural posture, and issues underlying the parties' dispute." *Deer & Co.*, 2022 WL 522992 at *3 (emphasis added). The Court further noted that "the Illinois Action requires the determination of several pending discovery motions" and listed five such motions. *Id.*

The present matter is not analogous. Currently, the only significant pending motion identified by Respondents is a motion for Voluntary Dismissal Without Prejudice, which does not compare to the "flurry of motion practice over the validity of, and compliance with, three virtually identical subpoenas issued … in connection with the pending" case that was presented in *Judicial Watch*. 307 F.R.D. at *31-32.

Respondents note that the Hon. Judge Rice, E.D. Wash., has previously denied a motion to stay discovery, and reference a motion to compel discovery after they "spent months attempting to obtain the NDA parties' consent" to discover confidential information. That motion pertained to a non-party to the litigation, was stipulated to by the *Guenther* plaintiff, and the *Guenther* plaintiff agreed to expedite the process.

Additionally, Respondents cite no motion to compel discovery previously issued against the *Guenther* plaintiff or any pending discovery motion or dispute between the parties to that action. The instant effort by the *Guenther* defendants to seek discovery from the *Guenther* plaintiff's counsel appears to be the only discovery matter pending resolution. Therefore, Respondents have failed to show exceptional circumstances exist as to the nature of the issues pending because the dispute pending in Eastern Washington does not include the types of procedural entanglement, i.e., continuing and contentious unresolved discovery disputes, that have warranted transfers in other cases.

### C. Avoiding Inconsistent Holdings

REPLY IN SUPPORT OF MOTION TO QUASH OR MODIFY THIRD-PARTY SUBPOENA – 3
Case No. 3:24-mc-05005-DGE

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD IGLITZIN & LAVITT LLP

Respondents allege that the issuing court already heard arguments related to this non-party subpoena. Defendants provided the transcript resolving that motion, which clearly states what was in front of Judge Rice: "Counsel, this teleconference was to get an expedited ruling on the plaintiff's request that discovery not continue pending resolution of the order to dismiss." Documents 8-1, Tr. 9, 20-21.

Respondents very clearly misinterpret that ruling. It is specious, as well as wholly inconsistent with Rule 45, to suggest that the Eastern District of Washington court, in ruling on a dispute brought to it by parties over which it had jurisdiction, intended to issue a decision relating to the rights of a non-party, Mr. Streepy, outside the presence of counsel for that non-party, and without any consideration of whether the non-party had an opportunity to consult with counsel in order to protect his substantive and procedural rights.

The alternative, and obvious, interpretation to the Eastern District court's ruling is that the court was doing exactly what it said it was doing, providing "an expedited ruling on the plaintiff's request that discovery not continue…" Documents 8-1, Tr. 9, 20-21. This interpretation respects both the letter and intent of FRCP 45 and the due process and representational rights of a non-party to the motion to stay.

The instant Court has jurisdiction and is fully informed on the singular active discovery motion regarding the underlying litigation. The Court should decline to transfer the case under the exceptional circumstances precedent as Respondents have failed to prove the exception should apply – because the matter is not complex, has limited relevant procedural history or issues pending, and there is no concern of an inconsistent holding.

II. **RESPONDENTS HAVE FAILED TO PROVE THAT THE *SHELTON* TEST HAS BEEN SATISFIED**

REPLY IN SUPPORT OF MOTION TO QUASH OR MODIFY THIRD-PARTY SUBPOENA – 4
Case No. 3:24-mc-05005-DGE

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD IGLITZIN & LAVITT LLP

In a highly unusual move, Mr. Emmons subpoenaed Mr. Streepy, seeking discovery relating to an ongoing legal dispute (*Guenther*) from the attorney for the party Mr. Emmons' client opposes in that litigation. Mr. Streepy filed a motion to quash or modify because, in part, Mr. Emmons has not demonstrated that "no other means exist to obtain the information than to depose opposing counsel" and that "the information sought is relevant and nonprivileged."

In large part, Mr. Emmons seeks to know what Mr. Streepy told his client Ms. Guenther and when he told her. Mr. Emmons has not deposed Ms. Guenther. To the extent that any of those communications are not privileged, Ms. Guenther can tell Mr. Emmons. Thus, Mr. Emmons fails the first element of the *Shelton* test because he has not shown "no other means exist to obtain information."

To the extent any of those communications are privileged, Mr. Emmons fails the second element of the *Shelton* test which prohibits seeking information unless it is "relevant and nonprivileged."

The argument that Mr. Streepy can make objections during the deposition as to privilege disregards the purpose of the *Shelton* rule. *Shelton* makes it clear that it requires extraordinary and rare circumstances to even seek a deposition of opposing counsel. This is because unscrupulous attorneys will seek a deposition prior to satisfying the elements of *Shelton* in order to harass opposing counsel. It has the benefit of forcing opposing counsel to divide their time and often drives a wedge between opposing counsel and their client.

**III. TO THE EXTENT THAT THIS COURT DEEMS IT APPROPRIATE TO PERMIT MR. STREEPY TO BE DEPOSED, THAT DEPOSITION SHOULD BE LIMITED TO APPROPRIATE INQUIRIES THAT WILL NOT IMPLICATE THE ATTORNEY-CLIENT RELATIONSHIP BETWEEN MR. STREEPY AND HIS CLIENT OR INFRINGE UPON THE ATTORNEY WORK PRODUCT DOCTRINE**

REPLY IN SUPPORT OF MOTION TO QUASH OR MODIFY THIRD-PARTY SUBPOENA – 5
Case No. 3:24-mc-05005-DGE

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

Notwithstanding the above, arguments, Mr. Streepy would not oppose, if necessary, submitting to a deposition that is appropriately limited so as to protect his rights and the rights of his client.

Thus, for example, to the extent that Emmons' Response characterizes Mr. Streepy's handwriting as "largely illegible," Mr. Streepy has no issue with being deposed for the limited purpose of assisting in deciphering his handwriting. (He would also assist them without the need for a deposition if they would like to set up a Zoom call and go through the documents with him.)

Mr. Streepy is similarly willing to agree to sit for a deposition limited to specific non-privileged factual inquiries that do not impinge upon his impressions, opinions, and other legal conclusions, provided it occurs after the deposition of Plaintiff and non-party Renner. Specifically, Mr. Streepy is willing to answer the only arguably relevant and non-privileged line of inquiry that the Respondents have actually identified in their response. That inquiry, as framed by Respondents, would relate to the claim that "Respondents have not been able to determine who Mr. Streepy spoke with during the course of his investigation or who he discussed his investigation with." Response to Motion to Quash, p. 4; *see also id.*, p. 8 ("Respondents seek to depose Mr. Streepy regarding the following: (1) the individuals and/or entities (including union chapters) with whom Mr. Streepy had relevant communications about the investigation and/or the NDAs, and when he communicated with them; (2) the substance of any relevant non-privileged communications Mr. Streepy had regarding the investigation and/or NDAs, particularly during the time between when he was hired to start the investigation and when he, Guenther, and Renner initiated the merger; and (3) an explanation of the notes Mr. Streepy produced from his investigation."). Mr. Streepy is willing to answer questions that are strictly limited to these issues which do not infringe on attorney-client privileged communications or information that is protected under the attorney work

REPLY IN SUPPORT OF MOTION TO QUASH OR MODIFY THIRD-PARTY SUBPOENA – 6
Case No. 3:24-mc-05005-DGE

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

product doctrine, fully and truthfully.

An order modifying the deposition subpoena in such a way that it is limited to these inquiries, which are strictly factual inquiries into non-privileged events and communications, would reduce any disruption to Mr. Streepy's practice, prevent needless debates on the extent to which certain of Mr. Streepy's thoughts, memories and impressions are protected by the attorney-client communication privilege and/or the work product doctrine, and result in questioning of Mr. Streepy relating only to those matters that the Emmons defendants could not obtain elsewhere, as the *Shelton* rule requires.

### IV. FEES SHOULD NOT BE AWARDED TO THE RESPONDENT IN RELATION TO THIS MOTION

Defendants request sanctions under 28 U.S.C. § 1927 or under the Court's inherent authority. "A district court may impose sanctions under section 1927 only on a showing of the attorney's recklessness or bad faith." *Estate of Blas v. Winkler*, 792 F.2d 858, 859 (9th Cir. 1986). Courts award sanctions for similar reasons under their inherent power. *See, e.g., Goodyear Tire & Rubber Co. v. Haeger,* 581 US 101 (2017). Bad faith is a greater standard than Fed. R. Civ. P. 11 which does not require bad faith. "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, *see, e.g., Optyle Eyewear*, 760 F.2d at 1050-51, or argues a meritorious claim for purpose of harassing an opponent." *Estate of Blas*, 792 F.2d at 860.

Here, Mr. Streepy has the right under Civil Rule 45 to file the instant motion in this Court, asking this Court to hear his challenges to the subpoena. To the extent that Judge Rice may have indicated that he thought that third-party discovery directed at Mr. Streepy was appropriate, while specifically ruling only on a motion to stay discovery brought by the plaintiff in *Guenther,* that indication was in no way binding on Mr. Streepy, who is not a party to that litigation, had not agreed to submit the question of his rights and obligations to that tribunal, and did not have his

REPLY IN SUPPORT OF MOTION TO QUASH OR MODIFY THIRD-PARTY SUBPOENA – 7
Case No. 3:24-mc-05005-DGE

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

counsel present. Therefore, no ruling related to the *Guenther* litigation can be construed as a ruling regarding Mr. Streepy's right to move to quash a subpoena directed at him. At the very least, Respondents have not shown any semblance of bad faith. For these reasons, fees are not appropriate.

V.      **CONCLUSION**

For the reasons stated above, the Movant respectfully renews its request that this Court grant this motion to quash the deposition subpoena for Aaron Streepy or, in the alternative, to order that only a limited deposition should occur, consistent with the foregoing argument.

I certify that this memorandum contains 2,060 words, in compliance with the Local Civil Rules.

RESPECTFULLY SUBMITTED this 10th day of May, 2024.

*s/Dmitri Iglitzin*
Dmitri Iglitzin, WSBA No. 17673
Darin M. Dalmat, WSBA 51384
**BARNARD IGLITZIN & LAVITT LLP**
18 W Mercer St, Suite 400
Seattle, WA 98119
Tel: (206) 257-6003
Fax: (206) 378-4132
iglitzin@workerlaw.com
daltmat@workerlaw.com

*Attorneys for Aaron Streepy*

REPLY IN SUPPORT OF MOTION TO QUASH OR MODIFY THIRD-PARTY SUBPOENA – 8
Case No. 3:24-mc-05005-DGE