FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 07, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual, | NO. 2:22-CV-0272-TOR |
| Plaintiff, | ORDER ON PLAINTIFF'S MOTION TO DISMISS & DEFENDANTS' MOTION REGARDING SEALING |
| v. | |
| JOSEPH H. EMMONS, individually, and OSPREY FIELD CONSULTING LLC, a limited liability company, | |
| Defendants. | |

BEFORE THE COURT is Plaintiff's Motion to Dismiss Without Prejudice (ECF No. 39) and Defendant's Motion Regarding Sealing Pursuant to the Court's February 14, 2024 Order (ECF No. 49). Pursuant to LCivR 7(i)(3)(B)(iii), the Court finds oral argument is unwarranted. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion to Dismiss (ECF No. 39) is **GRANTED IN PART** and Defendant's Motion Regarding Sealing (ECF No. 49) is likewise **GRANTED IN PART**.

**BACKGROUND**

These motions arise out of the dissemination of a flyer accusing Plaintiff

Faye Guenther of helping cover up charges of sexual harassment against certain

persons holding supervisory positions at the United Food and Commercial

Workers Union ("UFCW").

On August 23, 2021, seven employees of Local 1439, the eastern

Washington, northeast Oregon, and northern Idaho chapter of UFCW, wrote to

UFCW International and Local 1439 leadership expressing concerns about Eric

Renner, then-President of Local 1439.  ECF No. 36-1 at 2.  The complainants

alleged that Mr. Renner made sexist and harassing comments about women in the

office and retaliated against those who spoke up to him.  *Id.* at 2-6.  The

complainants asked UFCW to launch an independent investigation into Mr.

Renner's actions.  *Id.* at 6.

Local 1439 agreed to retain outside legal counsel to conduct an independent

investigation into the allegations of the letter.  ECF Nos. 36-2 at 2; 51-2 at 2.

Attorney Aaron Streepy, who represents Plaintiff in this action, was engaged to

serve as an investigator.  ECF No. 51-2 at 2.  At the time, Mr. Streepy was also an

attorney for Local 21, the western Washington counterpart to Local 1439.  ECF

No. 51-4 at 14.  While the specific conclusions of Mr. Streepy's investigation are

unknown, in October 2021 the complainants and Mr. Renner ultimately agreed to

ORDER ON PLAINTIFF'S MOTION TO DISMISS & DEFENDANTS'
MOTION REGARDING SEALING ~ 2

execute a confidential general release agreement, under which Mr. Renner promised to resign from his position with Local 1439 on April 1, 2022, and not to run for a Local 1439 position in the future.[1]  ECF Nos. 51-1 at 2, ¶¶ 1-2; 51-4 at 13, 21.  In exchange, the signatories agreed to keep the terms of the release form and contents of the letter's allegations confidential.  ECF No. 51-1 at 3, ¶ 9.

The apparent purpose behind allowing Mr. Renner to stay on through April 2022 was to allow him to collect his pension after 20 years of Union service.  ECF Nos. 51-4 at 6; 51-5 at 6.  In November 2021, however—only one month after the execution of the release agreement—the complainants learned that Union leadership planned to merge Local 21 with Local 1439 and further intended for Mr. Renner to assume the role of Vice President of the new chapter.  ECF Nos. 51-4 at 19.  At the time of signing the release agreement in October, the complainants were not aware that a merger was planned, nor did Mr. Streepy disclose so.  ECF No. 51-4 at 20.  The merger became official on March 1, 2022, and the two unions combined to form Local 3000.  ECF No. 10-4 at 2.  As arranged, Mr. Renner became Vice President of Local 3000, and Plaintiff, who was the former President

---

[1] For reasons discussed at *infra* Part III, the Court agrees that the release form and related papers should not be filed under seal and relies upon their contents in this Order.

ORDER ON PLAINTIFF'S MOTION TO DISMISS & DEFENDANTS'
MOTION REGARDING SEALING ~ 3

of Local 21, became President of Local 3000.  ECF Nos. 51-4 at 4; 51-5 at 10-11.

Defendants allege that Plaintiff aware of the allegations against Mr. Renner at the time a merger was proposed.  One complainant testified in her deposition that she believed Plaintiff was aware of the complaint letter because it was sent to members of the Executive Board "that [Plaintiff] was overseeing, or soon to oversee."  ECF No. 51-5 at 15.  The complainant also added that she had approached Plaintiff in January before the final vote on the merger to discuss Mr. Renner's behaviors towards women in the office.  *Id.* at 16.  The complainant could not recall Plaintiff's specific response to the disclosure of that information.  *Id.*  Plaintiff has not offered any testimony, declaration, or other evidence rebutting the complainant's deposition testimony.

After learning of Union leadership's plan to merge Locals 21 and 1439 and install Mr. Renner as Vice President, but before a final vote by Union members, Daniel Clay, the President of Local 555—an Oregon chapter of UFCW—contacted Michael Selvaggio.  ECF No. 40-2 at 7.  Mr. Selvaggio is the political director of Ridgelark Strategies LLC, an entity contracted to provide political consulting services to Local 555.  *Id.* at 3-4.  Mr. Selvaggio, in turn, enlisted Defendant Joseph Emmons, and his firm, Defendant Osprey Field Consulting, to distribute flyers to eastern Washington Union members encouraging a "no" vote on the proposed merger.  *Id.* at 16.  Mr. Emmons distributed a flyer in approximately 5-7

ORDER ON PLAINTIFF'S MOTION TO DISMISS & DEFENDANTS'
MOTION REGARDING SEALING ~ 4

Spokane grocery stores, in various locations throughout the store for employees to find.  ECF No. 40-1 at 7.  The flyer read:

**ATTENTION UFCW MEMBERS**

**The in-union "Sexual Harassment club" is at it again!!**

First Faye Gunther [sic] (President of Local 21) helped former 367 President Angel Gonzalez **cover up his harassment charges and paid him off in exchange for installing her puppet, Mike Hines.**

Now she's helping Eric Renner (the Local 1439 President) **hide from sexual harassment charges and land a cushy new gig with Local 21 through a forced merger.**

**OUR UNION SHOULD BE LOOKING OUT FOR US <u>NOT PROTECTING HARASSERS!</u>**

**<u>It's time to STOP THE COVERUPS!</u>**

**VOTE NO ON ANY MERGER!**

ECF No. 72-3 at 12 (emphasis in original).  The poster included photos of Mr. Gonzalez and Mr. Renner.  *Id.*  Mr. Selvaggio also distributed flyers by mail.  ECF No. 40-2 at 12-13.

The flyer was widely circulated on social media by Union members, who speculated whether the allegations therein were true or not.  ECF No. 1-2 at 5, ¶ 3.12.  Local 1439 began an internal investigation of whether staff members had been involved in the dissemination of the flyer, and eventually recovered footage of Mr. Emmons in the act of distributing the papers.  *Id.* at 5-6.

ORDER ON PLAINTIFF'S MOTION TO DISMISS & DEFENDANTS'
MOTION REGARDING SEALING ~ 5

On July 25, 2022, Plaintiff, together with Locals 3000, 1439, and 21, sued Defendants in state court, asserting claims for defamation and false light. *Id.* On October 24, 2022, Plaintiff disclosed that damages were "not less than $250,000." ECF No. 1 at 5, ¶ 17. Defendants filed a notice of removal and moved to dismiss the complaint. *Id.*; *see also* ECF No. 9. The Court denied Defendants' motion to dismiss, but dismissed the Union plaintiffs from the action, leaving just Ms. Guenther. ECF No. 21.

In the interim, Defendants learned of the release agreement and moved to compel the disclosure thereof. ECF No. 35. Plaintiff and all signatories to the agreement—except for Mr. Renner, who is a non-party in this action—consented to the disclosure of the release agreement for purposes of this litigation. *Id.* at 7. On February 14, 2024, the Court granted the motion, subject to the parties' mutually proposed condition that "the Parties shall (i) use NDA[2] Material only for purposes of this litigation; (ii) disclose NDA Material only to persons to whom it is reasonably necessary to disclose the information for purposes of this litigation; and (iii) confer with the parties to the Agreements before disclosing any NDA Material in court filings to determine whether they will consent to such disclosure, whether the filing can be redacted, or whether a motion to seal is warranted." ECF No. 38

---

[2] Non-disclosure agreement.

at 9-10, ¶ 6.  If a party objects to a requested disclosure, the filing party must

redact the NDA material or file it under seal, and the objecting party must file a

response providing the reasons for keeping the material under seal.  *Id.*

On February 7, 2024, Plaintiff sent an offer of settlement to Defendants.

ECF No. 48-24.  Plaintiff represented that the dismissal of the Union plaintiffs

from the action left her "as the sole claimant with damages under $10,000" and

noted "the applicability of RCW 4.84.250."  *Id.* at 2.  RCW 4.84.250 allows the

prevailing party to seek attorneys' fees where the prevailing party pleads damages

that are equal to or less than $10,000.  Defendants rejected the offer and notified

Plaintiff that they intended to pursue attorneys' fees and costs under RCW

4.84.270, which provides that a defendant is the prevailing party under RCW

4.84.250 if the plaintiff "recovers nothing, or if the recovery, exclusive of costs, is

the same or less than the amount offered in settlement by the defendant."  On

March 13, 2024, Plaintiff's counsel offered to resolve the action by withdrawing

the case with prejudice, on the condition that both parties waive any claim to fees

or costs.  ECF No. 72-11 at 2.  Defendants declined the offer.

## DISCUSSION

Plaintiff moves to dismiss the action without prejudice.  ECF No. 39.

Defendants are opposed to dismissal without prejudice and seek dismissal with

prejudice as well as attorneys' fees.  ECF No. 52-1.  Additionally, Defendants

1    request that the Court unseal certain materials offered in support of their response

2    briefing which may be subject to the release agreement.  ECF No. 49.  Defendants

3    further request that the Court reconsider whether its Order at ECF No. 38

4    describing the process for sealing and unsealing materials subject to the release

5    agreement should be modified.  *Id.*

6    **I.     The Court Has Subject Matter Jurisdiction**

7           The Court has subject matter jurisdiction over this action pursuant to 28

8    U.S.C. § 1332(a)(1).  In her Reply, Plaintiff argues that because Defendants'

9    request for an attorneys' fee award references RCW 4.84.250, under which the

10   amount of awardable fees is capped at $10,000, the Court must remand for lack of

11   subject matter jurisdiction.  ECF No. 70 at 5.

12          Plaintiff's argument is premised on a misunderstanding of the Ninth

13   Circuit's removal jurisprudence.  Under 28 U.S.C. § 1332(a)(1), "[t]he district

14   courts shall have original jurisdiction of all civil actions where the matter in

15   controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

16   and is between . . . citizens of different States."  If at any time it appears that "less

17   than a preponderance of the evidence supports the right of removal," then the

18   action must be remanded to state court.  *Hansen v. Grp. Health Coop.*, 902 F.3d

19   1051, 1057 (9th Cir. 2018); *see also* 28 U.S.C. § 1447(c) ("If at any time before

20   final judgment it appears that the district court lacks subject matter jurisdiction, the

1    case shall be remanded.").

2         When an action is removed to federal court, the amount in controversy is

3    assessed at the time of removal. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d

4    413, 417 (9th Cir. 2018). Provided the amount in controversy is satisfied at the

5    time of removal, "any subsequent amendment to the complaint or partial dismissal

6    that decreases the amount in controversy below the jurisdictional threshold does

7    not oust the federal court of jurisdiction." *Id.* (citing *St. Paul Mercury Indem. Co.

8    v. Red Cab Co.*, 303 U.S. 283, 292-93 (1938)); *see also St. Paul*, 303 U.S. at 293

9    ("[E]vents occurring subsequent to removal which reduce the amount recoverable,

10   whether beyond the plaintiff's control or the result of his volition, do not oust the

11   district court's jurisdiction once it has attached."). A defendant's allegation that

12   the amount in controversy exceeds the sum or value of $75,000 "should be

13   accepted when not contested by the plaintiff or questioned by the court." *Dart

14   Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014); *see also

15   Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount

16   in controversy is simply an estimate of the total amount in dispute, not a

17   prospective assessment of the defendant's liability."). Where a plaintiff concedes

18   to federal jurisdiction, either explicitly or by failing to contest removal, there "is

19   strong evidence" that the amount in controversy requirement is satisfied. *Chavez*,

20   888 F.3d at 416.

ORDER ON PLAINTIFF'S MOTION TO DISMISS & DEFENDANTS'
MOTION REGARDING SEALING ~ 9

Plaintiff does not dispute that the amount in controversy requirement was met at the time of removal pursuant to § 1332(a)(1).  Shortly before the notice of removal was filed, Plaintiff represented to the state court that her damages were "[t]o be determined at trial but not less than $250,000."  ECF No. 1-1 at 3.  Further, Plaintiff did not seek remand to state court at the time of removal.  *See Chavez*, 888 F.3d at 416 (noting that failure to seek remand may serve as evidence the amount in controversy is satisfied).  Plaintiff now hedges that the Court must remand the action if it is to consider Defendants' request for attorneys' fees under RCW 4.84.250.  But the Court had subject matter jurisdiction at the time the notice of removal was filed and had no reason to believe the amount in controversy was not as Plaintiff represented.  Thus, the Court has jurisdiction to proceed to consider Plaintiff's Motion to Dismiss and Defendants' Motion Regarding Sealing.

## II.  Motion to Dismiss

Plaintiff moves to dismiss her claims without prejudice.  Defendants ask the Court to dismiss Plaintiff's claims with prejudice so they may seek attorneys' fees.

### A.  Voluntary Dismissal Standard

The Federal Rules of Civil Procedure prescribe that a plaintiff must seek judicial intervention to obtain a voluntary dismissal when either (1) the opposing party has already filed an answer or a motion for summary judgment or (2) the opposing party refuses to stipulate to dismissal.  Fed. R. Civ. P. 41(a)(1)-(2).  In

such conditions, dismissal is countenanced "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). It is within the district court's discretion to dismiss with or without prejudice. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002).

In evaluating the propriety of issuing an order of dismissal pursuant to Rule 41(a)(2), the court must determine whether dismissal without prejudice would cause the defendant to "suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *see also Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1282 (9th Cir. 2023) (the legal prejudice inquiry applies not only when deciding the propriety of dismissal, but also extends to the question of whether dismissal with or without prejudice applies). Legal prejudice is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Prejudice "does not result simply when [a] defendant faces the prospect of a second lawsuit or when [a] plaintiff merely gains some tactical advantage," nor does it result because a defendant incurred "significant expense in preparing and filing its pleadings." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145-46 (9th Cir. 1982). Although mere "trial preparations" will not suffice to show plain legal prejudice, *id.* at 145, courts have held that at the summary judgment stage, district courts "may consider whether the plaintiff has asked for a voluntary dismissal to

ORDER ON PLAINTIFF'S MOTION TO DISMISS & DEFENDANTS'
MOTION REGARDING SEALING ~ 11

avoid a likely adverse ruling," *Thompson v. Janssen Pharm., Inc.*, 756 F. App. 740, 741 (9th Cir. 2019) (citing *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988)).

The Ninth Circuit has held that dismissal with prejudice is appropriate when dismissal without prejudice would preclude a defendant from moving for attorneys' fees by depriving the defendant of "prevailing party" status. *United States v. Ito*, 472 F. App'x 841, 842 (9th Cir. 2012); *see Abbey Dental Ctr. v. Consumer Op., LLC*, 782 F. App'x 618, 620 (9th Cir. 2019) (holding that dismissal without prejudice does not confer prevailing party status). A federal court in Washington recently applied this principle in a similar case. *See Dental Health Servs. v. Miller*, C23-0383-KKE, 2024 WL 1173803 (W.D. Wash. Mar. 19, 2024). There, the defendant opposed the plaintiff's motion to dismiss without prejudice on the grounds that she sought an award of attorneys' fees under statutes which conditioned the award of fees on a party's status as a "prevailing" party. *Id.* at *2. In dismissing the plaintiff's claims with prejudice, the court clarified that the relevant question was not whether the defendant would ultimately prevail in its motion for fees, but simply whether dismissal without prejudice would prevent the defendant from attempting to secure such fees at all. *Id.* ("At this stage, the Court examines only whether [the defendant] faces 'legal prejudice' from losing her ability to seek fees, not the merits of a potential future motion for fees.").

1    When a court grants a voluntary motion to dismiss subject to the imposition

2 of additional conditions, then the plaintiff has "a reasonable period of time within

3 which to refuse the conditional voluntary dismissal by withdrawing her motion for

4 dismissal or to accept the dismissal despite the imposition of conditions." *Lau v.*

5 *Glendora Unified Sch. Dist.*, 792 F.2d 929, 931 (9th Cir. 1986); *see also, e.g.*,

6 *Microhits, Inc. v. Deep Dish Prods., Inc.*, 510 F. App'x 611, 2013 WL 704013 at

7 *1 (9th Cir. 2013) (plaintiff's two-month delay in moving to withdraw its motion

8 after the entry of a dismissal order imposing certain conditions was unreasonable).

9    **B.    Plaintiff's Motion to Dismiss**

10    The Court agrees with Defendants that the claims in issue should be

11 dismissed with prejudice so Defendants may seek attorneys' fees.  Defendants are

12 seeking fees under RCW 4.84.250.  Under RCW 4.84.270, the defendant shall be

13 the "prevailing party" for purposes of RCW 4.84.250 when (1) the plaintiff

14 recovers nothing and (2) the amount "pleaded" by the prevailing party is equal to

15 or less than $10,000.  Notice that the prevailing party intends to plead $10,000 or

16 less does not need to be given at the original pleading stage and may be provided

17 in an offer to settle or other communication at a time before trial.  *Beckmann v.*

18 *Spokane Transit Auth.*, 107 Wash.2d 785, 789 (1987).  A defendant is deemed the

19 "prevailing party" when the plaintiff recovers nothing.  *See* RCW 4.84.270.

20

ORDER ON PLAINTIFF'S MOTION TO DISMISS & DEFENDANTS'
MOTION REGARDING SEALING ~ 13

Here, Defendants notified Plaintiff that they intended to seek attorneys' fees under RCW 4.84.250 (i.e., in the amount of $10,000 or less) in writing during the course of the parties' settlement discussions.  *See* ECF No. 48-25.  If the action were dismissed with prejudice, then Plaintiff would recover nothing and Defendants would be deemed the "prevailing party" per RCW 4.84.270.  By contrast, the dismissal of this action without prejudice would not confer prevailing party status upon any litigant, thereby making it impossible for Defendants to recover attorneys' fees.  *Elliott Bay Adjustment Co., Inc. v. Dacumos*, 200 Wash. App. 208, 213 (2017) ("[A] defendant is not deemed the prevailing party when the plaintiff recovers nothing if the action is dismissed without prejudice as a result of the plaintiff's voluntary nonsuit.").  Accordingly, because dismissal without prejudice would preclude Defendants from moving for attorneys' fees by depriving them of "prevailing party" status, the Court concludes that the action must be dismissed with prejudice so that Defendants may be allowed to move for fees and costs.  *See Ito*, 472 F. App'x 841; *Dental Health Servs.*, 2024 WL 1173803.

## III.    Defendants' Motion Regarding Sealing

The Court resolves Defendants' motion regarding sealing next.  Defendants have appended several sealed materials covered by the release agreement to their Response, ECF No. 51, and ask the Court for permission to unseal these documents, ECF No. 49 at 4-6.  Defendants also ask the Court to reconsider its

February 14, 2024 Order delineating certain procedures to be followed when the parties disagree as to whether a record should be sealed or not. *See* ECF No. 38 at 9-10, ¶ 6.

In deciding a motion to unseal documents, courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To maintain the sealed status of a record related to a dispositive motion, a party must show that "compelling reasons" exist to maintain the secrecy of the records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see also Ground Zero Ctr. for Non-Violent Action v. United States Dep't of Navy*, 860 F.3d 1244, 1261 (9th Cir. 2017) (compelling reasons must be shown to justify maintaining a document under seal "even when those documents were produced pursuant to a sealing order"). The compelling reasons standard also applies when the records are "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1101 (9th Cir. 2016). A party seeking to maintain a document's sealed status "must 'articulate compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (quoting *Foltz*, 331 F.3d at 1135 (brackets removed)). Compelling reasons may include, for example, when "'court files might have become a vehicle for improper purposes,' such as the use

of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (2006)).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

With this in mind, the Court grants Defendants' Motion Regarding Sealing in part.  The sealed records submitted by Defendants here include: (1) the release agreement, ECF No. 51-1; (2) e-mails between Mr. Streepy and a complainant discussing a time to meet and discuss the complainant's allegations, ECF No. 51-2; (3) an e-mail from Mr. Streepy to Mr. Renner attaching potential release documents, ECF No. 51-3; and (4) the deposition testimony of three non-party persons subject to the release agreement, ECF Nos. 51-4, 51-5, 51-6.  These documents were affixed to Defendants' response seeking dismissal with prejudice. Although Defendants indicated that "[a]ll parties to the NDAs have not consented to filing this material in the public record," the Court does not have an objection from either Plaintiff or one of the signatories to the release agreement.  ECF No. 49 at 2.  Since the parties agreed that they would confer before disclosing any release agreement material in Court and that any objecting party would file its own brief or declaration providing supportive reasons for keeping the document under seal, the

Court assumes that the objecting party was aware of Defendants' motion to seal but elected not to explain their opposition to the Court. *See* ECF No. 78 (declaration of Defendants' attorney averring that Plaintiff and parties to the release agreements were sent the motion regarding sealing).

More importantly, Court does not believe that a compelling reason to keep these materials under seal. The release agreement and emails do not contain any details about the nature of the allegations against Mr. Renner or the complaining parties. While the depositions of the three non-party signatories to the agreement contain further specifics about those allegations and the circumstances giving rise to the release agreements, on balance those records are closely related to the merits of this litigation; that is, whether the accusations against Mr. Renner are true and whether Plaintiff knew of those allegations as the merger was being proposed and negotiated. Neither does the Court find that the potential reputational harm to certain persons outweighs the public interest in disclosure. Thus, the Court will allow the materials attached to Defendants' Response at ECF No. 51 to be unsealed.

Nevertheless, Court declines to amend its prior Order authorizing the parties' agreed-upon procedure for filing documents related to the release agreement. ECF Nos. 35-1 at 3; 38 at 9-10, ¶ 6. Requiring such documents to be initially filed under seal or redacted when an opposing party objects to disclosure

protects the reasonable expectations and interests of the signatories to the release agreement while permitting the Court to screen such material before public disclosure. Accordingly, the Court declines to lift paragraph 6 of its prior Order at ECF No. 38.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Dismiss Without Prejudice (ECF No. 39) is **GRANTED IN PART**. Plaintiff's claims are dismissed **WITH PREJUDICE**. The Court retains jurisdiction to determine any attorneys' fee motion filed by Defendants.

2. Defendants' Motion Regarding Sealing (ECF No. 49) is **GRANTED IN PART**. The documents at ECF No. 51 shall be unsealed. The parties shall follow the procedure for filing materials subject to the release agreement as ordered at ECF No. 38, paragraph 6.

The District Court Executive is directed to enter this Order, furnish copies to counsel, **unseal** the filings at ECF No. 51, and **CLOSE** the file.

DATED June 7, 2024.



THOMAS O. RICE
United States District Judge