Ambika Kumar, WSBA #38237
Sara A. Fairchild, WSBA #54419
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700

John A. DiLorenzo (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, OR 97201
Telephone: (503) 241-2300
Fax: (503) 778-5299

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>JOSEPH H. EMMONS, individually, AND OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>　　　　　　　Defendants. | No. 2:22-cv-00272-TOR<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO WITHDRAW HER MOTION TO DISMISS UNDER FED. R. CIV. P. 41(a)(2)**<br><br>**07/22/2024**<br>**Without Oral Argument** |

DEFS' OPPOSITION TO MOTION TO WITHDRAW
MOTION TO DISMISS UNDER FED. R. CIV. P. 41(a)(2)
Case No. 2:22-cv-00272-TOR - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I.  INTRODUCTION

Plaintiff Faye Guenther has moved to reinstate claims she asked the Court to dismiss after she "achieved the goals of the litigation." ECF No. 39 at 6. In moving to dismiss, she represented dismissal was appropriate because she had "identif[ied] the parties responsible" for the flyer and "the financial burden" of continuing to litigate "cannot be justified" given her "limited" "damages." *Id.* at 5-6. She now asserts she has the right to withdraw her motion because the Court dismissed her claims with prejudice.

Defendants Joseph Emmons and his company Osprey Field Consulting LLC (collectively "Emmons") do not dispute that a plaintiff may withdraw a Rule 41(a)(2) motion if the court imposes conditions. But the Court did not do so here. Guenther's motion to dismiss was de facto a motion to dismiss with prejudice because at the time she filed it, the statute of limitations on her claims had expired.

The Court should deny Guenther's motion. If the Court grants it, the Court should extend the dispositive motion deadline and remaining case schedule to allow Emmons to move for summary judgment.

## II.  FACTUAL BACKGROUND

Guenther, United Food and Commercial Workers (UFCW) Local 3000, and its predecessor unions sued Emmons for defamation and false light in July 2022. ECF No. 1-2. On May 26, 2023, the Court dismissed the unions, leaving Guenther as the sole plaintiff. ECF No. 21 at 12.

Guenther alleges Emmons is liable for distributing a flyer that accused her of helping other union leaders hide from sexual harassment claims and encouraged

DEFS' OPPOSITION TO MOTION TO WITHDRAW
MOTION TO DISMISS UNDER FED. R. CIV. P. 41(a)(2)
Case No. 2:22-cv-00272-TOR - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1 union members to vote against a proposed merger. *See* ECF No. 1-2 ¶¶ 3.2-3.10;
2 ECF No. 10-1 ("Flyer"). In September and October 2023, Guenther took the
3 depositions of Emmons and Mike Selvaggio. ECF No. 48 ¶¶ 6, 22. Selvaggio
4 testified that he created the Flyer and mailed copies of it to union members on behalf
5 of UFCW 555 and two of its leaders, Dan Clay and Esai Alday. *See* ECF No. 40-2
6 at 96:8-97:24, 113:10-14:1, 116:2-17:2. Emmons testified that he later distributed
7 the Flyer to five to seven grocery stores at Selvaggio's direction. *See* ECF No. 40-
8 1 at 80:2-81:5; *see* ECF No. 39 at 1 (concluding same). Guenther served no other
9 discovery on Emmons. ECF No. 48 ¶ 22. Nor did she add Selvaggio, Clay, Alday,
10 or UFCW 555 as defendants.

11 Meanwhile, Guenther and her counsel drove up Emmons's litigation
12 expenses. When Emmons sought evidence that the Flyer's statements were false
13 under RCW 7.96.050, she produced nothing. ECF No. 47 at 2; ECF No. 48 ¶ 3. She
14 withheld the vast majority of documents responsive to Emmons's discovery requests
15 for over six months, ECF No. 48 ¶¶ 8-20, causing Emmons to seek some of the same
16 information from third parties. *See id.* ¶¶ 7, 27-31. She produced these documents
17 only after the Court ordered her to do so. *Id.* ¶ 18-20. And despite promising in her
18 initial disclosures to provide evidence of her damages, ECF No. 48-3 at 27-28,
19 Guenther waited until February 7, 2024, to disclose that when the Court dismissed
20 the union plaintiffs eight months earlier, the amount in controversy fell from "not
21 less than $250,000," ECF No. 1-1 at 3, to "under $10,000," ECF No. 48-24.

22 On April 3, 2024, Guenther filed a Rule 41(a)(2) motion, asking the Court to
23 dismiss her claims "without prejudice." ECF No. 39 at 5. She asserted that when

DEFS' OPPOSITION TO MOTION TO WITHDRAW
MOTION TO DISMISS UNDER FED. R. CIV. P. 41(a)(2)
Case No. 2:22-cv-00272-TOR - 2

she deposed Emmons and Selvaggio in September and October 2023, she had "achieved the goals of the litigation" "by identifying the parties responsible" for the Flyer. *Id.* at 1-2, 5-6; *see* ECF Nos. 40-1 (Ex. A) & 40-2 (Ex. B).  She further stated that the deposition testimony had "confirmed the limited scope of [her] damages" and that UFCW International had taken steps to mitigate those damages. *Id.* at 6-7. Therefore, she argued, "the financial burden that continued litigation imposes cannot be justified." *Id.* at 6.  Guenther claimed she "did not unreasonably delay filing her motion for dismissal," but she failed to identify a single new fact that she sought or obtained after Selvaggio's deposition. *See* ECF No. 70 at 6-9.

While Guenther's Rule 41(a)(2) motion was pending, she and her counsel continued to unnecessarily run up Emmons's costs.  After Guenther asked this Court to stop Emmons from taking Aaron Streepy's deposition, and the Court ordered that "Mr. Streepy's deposition can be taken," ECF No. 48-9 at 89:23, Streepy moved to quash in the Western District and refused to consent to transfer, *see* ECF No. 48 ¶ 19; ECF No. 48-10.  As a result, Emmons had to expend additional resources to re-brief the relevant facts and procedural history and file another motion to seal information and documents subject to the protective order—efforts that would not have been necessary in this Court, which already was familiar with the facts and had the same documents. *See* ECF Nos. 59-64.

On June 7, 2024, the Court issued its order on Guenther's Rule 41(a)(2) motion and dismissed her claims with prejudice. ECF No. 79 at 18.  The Court noted that Guenther had invoked the fee-shifting statute RCW 4.84.250 and pleaded that her damages are under $10,000. *Id.* at 7.  Accordingly, the Court held that dismissal

DEFS' OPPOSITION TO MOTION TO WITHDRAW
MOTION TO DISMISS UNDER FED. R. CIV. P. 41(a)(2)
Case No. 2:22-cv-00272-TOR - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

without prejudice would cause Emmons legal prejudice because it would deprive him of his right to seek attorneys' fees under RCW 4.84.250.  *See id.* at 11-14.

Two weeks later, on June 21, 2024, Guenther moved to withdraw her Rule 41(a)(2) motion.  ECF No. 83.  Before the Court dismissed Guenther's claims, the case schedule provided the following deadlines: discovery cutoff on June 26, 2024, dispositive motion deadline on July 3, 2024, and first day of trial on October 7, 2024.  *See* ECF No. 34 at 3, 5, 13.

### III.    ARGUMENT

#### A.    The Court Should Deny Guenther's Motion to Withdraw.

Emmons does not dispute that when a Court grants a Rule 41(a)(2) motion to dismiss but imposes conditions, the moving party may withdraw the motion within a reasonable period of time.  *See* ECF No. 79 at 13.  Here, however, such relief is not warranted.  The Court's dismissal of Guenther's claims with prejudice was not a new condition because the statute of limitations had run, making her Rule 41(a)(2) motion to dismiss without prejudice a de facto motion to dismiss with prejudice.

The statute of limitations for Guenther's defamation and false light claims is two years.  *See* RCW 4.16.100(1); *Eastwood v. Cascade Broad. Co.*, 106 Wn.2d 466, 474, 722 P.2d 1295 (1986).  Guenther alleges Emmons distributed the Flyer in January 2022, meaning the limitations period expired in January 2024.  *See* ECF No. 1-2 ¶ 3.16.  A lawsuit that is voluntarily dismissed without prejudice does not toll the statute of limitations.  *See Humphreys v. United States*, 272 F.2d 411, 411-12 (9th Cir. 1959); *Camper v. State Farm Fire & Cas. Co.*, 2021 WL 1922976, at *4 (W.D. Wash. May 13, 2021).  Thus, when Guenther filed her Rule 41(a)(2) motion

DEFS' OPPOSITION TO MOTION TO WITHDRAW
MOTION TO DISMISS UNDER FED. R. CIV. P. 41(a)(2)
Case No. 2:22-cv-00272-TOR - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

to dismiss on April 3, 2024 (ECF No. 39), she could not re-file her claims because they would be time-barred.

Guenther also conceded she had no intent to re-file. In the motion to dismiss, she asserted she had "achieved the goals of the litigation." *Id*. at 6. And at the hearing on her request to stay discovery, her counsel represented she sought to "resol[ve]" the litigation, without further discovery. ECF No. 48-9 at 82:18.

The only difference between moving to dismiss "without prejudice" and moving to dismiss "with prejudice" in this case was that the former would deprive Emmons of his right to seek attorneys' fees under RCW 4.84.250. Indeed, Guenther's counsel stated that was her intent. *See id.* at 82:21-24 ("Plaintiff made the motion to dismiss without prejudice in part based on some of the assertions that the defendants have made regarding their intentions to seek remedies."). However, the Court held that Emmons has a right to seek attorneys' fees and depriving him of that right would result in legal prejudice. *See* ECF No. 79 at 11-14.

Given the statute of limitations had run when Guenther filed her motion to dismiss, the Court's dismissal with prejudice did not impose any new conditions, as Guenther could not have prevailed on any re-filed claims. Guenther should not be permitted to withdraw her motion solely to prevent Emmons from seeking fees, which the Court has held he has a right to do. *See id.*

None of the cases Guenther cites involved similar circumstances. *See eMove, Inc. v. Hire A Helper LLC*, 2018 WL 4628390, at *4 (S.D. Cal. Sept. 27, 2018) (noting "threat of future litigation" if claims were dismissed without prejudice); *Cohen v. Chanin*, 2020 WL 10758583, at *2 (C.D. Cal. Dec. 21, 2020) ("inequitable

DEFS' OPPOSITION TO MOTION TO WITHDRAW
MOTION TO DISMISS UNDER FED. R. CIV. P. 41(a)(2)
Case No. 2:22-cv-00272-TOR - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

… to allow Plaintiffs to refile the action"); *Benson v. HG Staffing, LLC*, 2019 WL 1173340, at *4 (D. Nev. Mar. 13, 2019) (same); *Corral v. HG Staffing, LLC*, 2019 WL 1177950, at *4 (D. Nev. Mar. 13, 2019) (same); *Van Uden v. Solomensen*, 2019 WL 5865284, at *1 (D. Mont. Oct. 9, 2019) (plaintiff expressly intended to refile claims), *report & recommendation adopted by* 2019 WL 5863975 (D. Mont. Nov. 8, 2019); *In re Sizzler Rests. Int'l, Inc.*, 262 B.R. 811, 824 (Bankr. C.D. Cal. 2001) (no discussion of statute of limitations).

The Court should deny Guenther's Motion to Withdraw.

**B.  If the Court Permits Guenther to Withdraw Her Motion to Dismiss, the Court Should Extend the Dispositive Motions Deadline and Remaining Case Schedule.**

If Guenther is permitted to withdraw her motion to dismiss, the Court should extend the dispositive motions deadline and the remaining case schedule to allow Emmons time to prepare and file a motion for summary judgment. Prior to dismissal, the dispositive motions deadline was July 3, 2024. *See* ECF No. 34 at 5. If the case is reopened, Emmons intends to move for summary judgment on multiple grounds, including his lack of liability as a mere distributor of the Flyer and Guenther's status as a limited purpose public figure, and Emmons will file a motion to extend the case schedule accordingly.

Should Emmons prevail on summary judgment, he intends to seek the additional fees he incurs in doing so. Emmons may also seek other relief up to and including sanctions given Guenther's insistence on continuing to pursue claims against him even after confirming that he merely distributed a small portion of the Flyers a month after they were first mailed and had no reason to believe they were

DEFS' OPPOSITION TO MOTION TO WITHDRAW
MOTION TO DISMISS UNDER FED. R. CIV. P. 41(a)(2)
Case No. 2:22-cv-00272-TOR - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

defamatory. *Cf. Edgerly v. City & County of San Francisco*, 599 F.3d 946, 962-63 (9th Cir. 2010) (affirming award of fees to defendant where plaintiff failed to dismiss defendant after discovery confirmed no basis for liability).

### IV.   CONCLUSION

For these reasons, the Court should deny Guenther's Motion to Withdraw. If the Court grants the Motion, Emmons respectfully requests an opportunity to move for summary judgment of Guenther's meritless claims and an extension of the remaining case deadlines.

DATED this 3rd day of July, 2024.

Attorneys for Defendants

By: *s/Sara A. Fairchild*
Ambika Kumar, WSBA #38237
Sara A. Fairchild, WSBA #54419
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone:  (206) 622-3150
Fax:  (206) 757-7700
ambikakumar@dwt.com
sarafairchild@dwt.com

John A. DiLorenzo (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, OR 97201
Telephone: (503) 241-2300
Fax: (503) 778-5299
johndilorenzo@dwt.com

DEFS' OPPOSITION TO MOTION TO WITHDRAW MOTION TO DISMISS UNDER FED. R. CIV. P. 41(a)(2)
Case No. 2:22-cv-00272-TOR - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2024, I caused the document to which this certificate is attached to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Aaron Streepy
Jim McGuinness
STREEPY LAW, PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
aaron@mcguinnessstreepy.com
jim@mcguinnessstreepy.com

*Attorneys for Plaintiff Faye Irene Guenther*

I declare under penalty of perjury that the foregoing is true and accurate. DATED this 3rd day of July, 2024.

By: *s/Sara A. Fairchild*
    Sara A. Fairchild, WSBA #54419

DEFS' OPPOSITION TO MOTION TO WITHDRAW
MOTION TO DISMISS UNDER FED. R. CIV. P. 41(a)(2)
Case No. 2:22-cv-00272-TOR - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax