FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 08, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual,<br><br>      Plaintiff,<br><br> v.<br><br>JOSEPH H. EMMONS, individually, and OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>      Defendants. | NO. 2:22-CV-0272-TOR<br><br>ORDER GRANTING MOTION TO WITHDRAW |

BEFORE THE COURT is Plaintiff's Motion to Withdraw Her Motion to Dismiss Under Fed. R. Civ. P. 41(a)(2) (ECF No. 83). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. A Reply is unnecessary to resolve this motion. For the reasons discussed below, Plaintiff's Motion to Withdraw (ECF No. 83) is **GRANTED**.

//

ORDER GRANTING MOTION TO WITHDRAW ~ 1

## BACKGROUND

On April 3, 2024, Plaintiff brought a motion to dismiss her claims without prejudice.  ECF No. 39.  Defendants opposed the motion, asking the Court to dismiss with prejudice.  ECF No. 47 at 6.  On June 7, 2024, the Court granted Plaintiff's motion to dismiss, but conditioned its order on dismissal with prejudice so that Defendants could pursue attorneys' fees and costs.  *See* ECF No. 79 at 12-14.

Fourteen days after the entry of the Court's order, Plaintiff moved to withdraw her motion to dismiss.  ECF No. 83.  Plaintiff represents that her motion to withdraw is timely and advises the Court that she "intends to vigorously pursue her claims against both Defendants."  *Id.* at 6.

## DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) allows a court to dismiss an action at the plaintiff's request "on terms that the court considers proper."  The Ninth Circuit has held that "[t]hese terms may include that dismissal be *with* prejudice." *Microhits, Inc. v. Deep Dish Prods., Inc.*, No. 11-56411, 2013 WL 704013 at *1 (9th Cir. Feb. 27, 2013) (emphasis added).

When a court imposes additional conditions upon a plaintiff's motion for voluntary dismissal, Rule 41(a)(2) "effectively provides the plaintiff with a 'reasonable period of time within which either to refuse the conditional voluntary

ORDER GRANTING MOTION TO WITHDRAW ~ 2

dismissal by withdrawing the motion for dismissal or to accept the dismissal despite the imposition of conditions.'" *Beard v. Sheet Metal Workers Union, Loc. 150*, 908 F.2d 474, 476 (9th Cir. 1990) (quoting *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 554 (9th Cir. 1986), *rev'd on other grounds*, *In re Keegan Mgmt. Co.*, 78 F.3d 431, 435 (9th Cir. 1996)) (brackets omitted).  Although the Ninth Circuit has not specified what constitutes a "reasonable period of time" for a plaintiff to withdraw a motion to dismiss, it has rejected the argument that a plaintiff represented by counsel acts reasonably by waiting over two months to file a motion to withdraw.  *See Microhits*, 2013 WL 704013 at *1 (finding the district court did not abuse its discretion in denying the plaintiff's motion to withdraw as untimely).  On the low end, district courts have given plaintiffs as little as one week to withdraw; on the high end, courts have given plaintiffs up to a month to withdraw.  *Compare, e.g.*, *Flooring Assocs., Inc. v. Design Mfg. Int'l, LLC*, No. C20-0057-JCC, 2021 WL 3173050, at *1 (W.D. Wash. July 26, 2021) (providing plaintiff one week to accept dismissal with prejudice or withdraw its motion) *with Benson v. HG Staffing, LLC*, No. 3:16-cv-00388-LRH-WGC, 2019 WL 1173340, at *4 (D. Nev. Mar. 13, 2019) (allowing plaintiffs 30 days from the entry of an order of dismissal to withdraw the motion).  Many other courts split the difference and permit plaintiffs up to two weeks to withdraw a motion.  *See, e.g.*, *Cohen v. Chanin*, No. 2:18-cv-06186-MCS-AS, 2020 WL 10758583 (C.D. Cal. Dec. 21,

ORDER GRANTING MOTION TO WITHDRAW ~ 3

1    2020); *Van Uden v. Solomensen*, No. CV 18-69-H-BMM-JTJ, 2019 WL 5865284,

2    at *1 (D. Mont. Oct. 9, 2019).

3         In this case, the Court granted Plaintiff's motion to dismiss on the condition

4    that dismissal be *with* prejudice.  As such, it is Plaintiff's prerogative to withdraw

5    her motion to dismiss.  *Beard*, 908 F.2d at 476; *Microhits, Inc.*, 2013 WL 704013

6    at *1.  Although the underlying order, ECF No. 79, did not specify when Plaintiff

7    needed to move to withdraw by, the Court agrees with the weight of authority

8    holding that a motion to withdraw filed two weeks after the entry of a conditional

9    order of dismissal is timely.  Thus, Plaintiff's motion to withdraw—which was

10   filed fourteen days after the entry of the Court's order of dismissal—was timely.

11        Defendants oppose Plaintiff's motion to withdraw.  ECF No. 87.  Although

12   Defendants acknowledge that a party may withdraw its voluntary motion to

13   dismiss, they argue such relief is not warranted in this case "because the statute of

14   limitations has run, making [Plaintiff's] Rule 41(a)(2) motion to dismiss without

15   prejudice a *de facto* motion to dismiss *with* prejudice."  *Id.* at 5 (emphases added).

16        Defendants are correct that voluntary dismissal under Rule 41(a) does not

17   toll the applicable statute of limitations.  *James v. Price Stern Sloan*, 283 F.3d

18   1064, 1066 (9th Cir. 2002).  However, the cases Defendants discuss are inapposite.

19   Plaintiff is not refiling suit, but simply seeking to withdraw her motion to dismiss

20   in the present action.  *Cf. Camper v. State Farm Fire & Cas. Co.*, C20-5283 TLF,

ORDER GRANTING MOTION TO WITHDRAW ~ 4

2021 WL 1922976, at *4 (W.D. Wash. May 13, 2021) (case cited by Defendants where suit was voluntarily dismissed  and then refiled by Plaintiff as a new action two years later).  The statute of limitations is therefore not implicated.

Defendants also assert that Plaintiff conceded she had "achieved the goals of the litigation" in her earlier motion to dismiss and that her sole purpose in seeking to withdraw the order of dismissal now is to avoid paying Defendants attorneys' fees.  ECF No. 87 at 6.  Defendants' concerns about attorneys' fees are speculative.  Plaintiff states that she intends to prosecute her case and timely filed her motion for withdrawal within two weeks from the entry of the Court's order imposing dismissal with prejudice.  Nothing further is required.  Accordingly, the motion to withdraw (ECF No. 83) must be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion to Withdraw (ECF No. 83) is **GRANTED**.  The Order on Plaintiff's Motion to Dismiss & Defendants' Motion Regarding Sealing (ECF No. 79) is hereby **WITHDRAWN** to the extent it dismisses the case with prejudice.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and **REOPEN** the file.

DATED July 8, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION TO WITHDRAW ~ 5