1
2
3
4
5
6

~~IN THE SUPERIOR~~Dmitri Iglitzin, WSBA No. 17673
Darin M. Dalmat, WSBA No. 51384
Gabe Frumkin, WSBA No. 56984
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer St, Suite 400
Seattle, WA 98119
(206) 257-6003
iglitzin@workerlaw.com
dalmat@workerlaw.com
frumkin@workerlaw.com

Aaron Streepy, WSBA 38149
Jim McGuinness, WSBA 23494
STREEPY LEMONIDIS CONSULTING & LAW GROUP, PLLC
2800 First Avenue, Suite 211
Seattle, WA 98121
Telephone: (253) 528-0278
Fax: (253) 528-0276
aaron@slglc.com
jim@mcguinnessstreepy.com

*Attorneys for Plaintiff Faye Guenther*

UNITED STATES DISTRICT COURT ~~OF THE STATE~~
EASTERN DISTRICT OF WASHINGTON
~~IN AND FOR THE COUNTY OF~~AT SPOKANE

| | |
|---|---|
| ~~UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 3000, a non-profit corporation, UNITED FOOD AND~~ | No. ~~-~~2:22-cv-00272-TOR |

AMENDED COMPLAINT
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

COMMERCIAL WORKERS
UNION, LOCAL 1439, a non-profit
corporation, UNITED FOOD AND
COMMERCIAL WORKERS
UNION, LOCAL 21, a non-profit
corporation, AND FAYE IRENE
GUENTHER, an individual,
PlaintiffsFAYE IRENE GUENTHER, an
individual,

                              Plaintiff,

        vs.

JOSEPH H. EMMONS, individually,
AND OSPREY FIELD CONSULTING
LLC, a limited liability company,

                              Defendants.

_____

————————Plaintiffs United Food and Commercial Workers Union Locals

3000, 21 and 1439, and

**AMENDED COMPLAINT FOR DAMAGES AND FURTHER RELIEF**

AMENDED COMPLAINT
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD**
**IGLITZIN &**
**LAVITT LLP**

Plaintiff Faye Irene Guenther by and through their undersigned counsel of record, as and for their claims against Defendants, allege as follows:

~~I.      Parties~~

**I.  PARTIES[1]**

~~1.1~~  Plaintiff Faye Irene Guenther is an individual and President of United Food and Commercial Workers ~~Union~~, Local 3000~~,~~ (hereinafter ~~"~~UFCW 3000~~") is a successor labor union formed after the merger of United Food and Commercial Workers Union, Local 21 (hereinafter "UFCW 21") and United Food and Commercial Workers Union, Local 1439 (hereinafter "UFCW 1439").    At all relevant times herein~~). Prior to her current position with UFCW 3000, ~~one or both~~she was the president of ~~its predecessors, maintained offices and conducted business in Spokane County, Washington. One office is located at 1719 N. Atlantic Street and the other at 2805 N. Market Street. UFCW 3000 represents workers in various retail and health care facilities throughout Spokane County.~~

---

[1] This Amended Complaint excludes reference to Plaintiffs United Food and Commercial Workers Union, Local 3000 (hereinafter UFCW 3000), United Food and Commercial Workers Union, Local 21 (hereinafter UFCW 21) and United Food and Commercial Workers Union, Local 1439 (hereinafter UFCW 1439) to conform with the order dismissing them as plaintiffs. ECF No. 21. Notwithstanding their omission from this amended complaint, those dismissed parties reserve their right to appeal that dismissal following final judgment in this action. *See Lacey v. Maricopa County*, 693 F.3d 896, 925–28 (9th Cir. 2012) (*en banc*).

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

1.21.1   Plaintiff Faye Irene Guenther is an individual and President of UFCW 3000 and the predecessor UFCW 21.  She resides in the State of Washington.

1.31.2   Defendant Joseph H. Emmons is and at all relevant times was, an individual, (hereinafter "Emmons") working in the states of Washington and Oregon and residing in Portland, Oregon.

1.4   Defendant Osprey Field Consulting LLC is a limited liability company organized under the laws of the state of Oregon.  Defendant Emmons is the sole member of Osprey Field Consulting LLC.

1.3   Plaintiff

## II.  JURISDICTION AND VENUE

2.1   On March 2, 2022, Plaintiff filed a Complaint in Spokane County Superior Court, raising claims for defamation and false light. ECF No. 1-2 at 10–12, ¶¶ 4.1–5.2.

2.2   On November 9, 2022, Defendants removed the action to the United States District Court for the Eastern District of Washington. ECF No. 1. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332. See ECF No. 79, pp. 8–10 (Order on Plaintiff's Motion to Dismiss, etc.)

2.3   Venue is proper under 28 U.S.C. §§ 128(a), 1441(a).

## III.  FACTS

AMENDED COMPLAINT – Page 2
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400   BARNARD
SEATTLE, WASHINGTON 98119   IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132   LAVITT LLP

3.1    The United Food and Commercial Workers International Union requires local unions to request approval prior to being granted permission to begin formal discussions regarding merging two local unions.

1.53.2 UFCW 1439 was a chartered member of the United Food and Commercial Workers International Union. It represented approximately 7,800 members in Eastern Washington, Eastern Oregon and Northern Idaho. The majority of the members worked in the retail grocery industry with other bargaining units in various industries.

1.63.3 Plaintiff UFCW 21 was a chartered member of the United Food and Commercial Workers, International Union.  It represented more than 44,000 members throughout the state of Washington including workers in retail grocery in the Puget Sound region of the state.

## II.    JURISDICTION AND VENUE

2.1    Plaintiffs allege and state claims against Defendants under the common law of the State of Washington.

2.2    The acts alleged herein were committed in Spokane County, Washington, and caused harm, injury or damages in this state to the Plaintiffs who are/were Washington organizations and an individual resident. This Court has jurisdiction over the subject matter of this action and over the defendant.

2.3    Venue is proper in this Court under RCW 4.12.020 because the wrongful acts giving rise to the causes of action occurred in Spokane County, Washington.

## III.I.    FACTS

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

3.1    The United Food and Commercial Workers International Union requires local unions to request approval prior to being granted permission to begin formal discussions regarding merging two local unions.

3.23.4 On October 28, 2021, UFCW 21 and UFCW 1439 requested permission from the International Union to begin formal merger conversations.

3.33.5 On December 2, 2021, the UFCW International approved the request to engage in formal merger conversations. Throughout the next week, leadership from both local unions discussed and negotiated a merger agreement setting forth certain terms and conditions of the proposed merger.

3.43.6 From December 9 to 13, leadership from both Unions met with key staff and executive board members to announce and discuss the proposed merger.

3.53.7 On December 14, 2021, UFCW 1439's executive board met and approved a motion to recommend the merger to the membership of the local. UFCW 1439 leadership began necessary preparation for a vote of the full membership on the question of whether to merge with UFCW 21.

3.63.8 On December 14, 2021, UFCW 21's executive board met and approved a motion to recommend the merger to the membership of the local. UFCW 21 leadership began necessary preparation for a vote of the full membership on the question of whether to merge with UFCW 1439.

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

3.73.9 On December 15, 2021, UFCW 1439's President, Eric Renner, began receiving reports from UFCW 1439 union members and staff that a flyer was being circulated to grocery stores in the Spokane area. Mr. Renner obtained copies of the flyer and the envelopes they were mailed in. The envelopes were postmarked December 13, 2021.

3.83.10    The flyer falsely claimed that UFCW 21, UFCW 1439 and United Food and Commercial WorkersFaye Guenther (President of Local 367 (hereinafter "UFCW 367") as well as its officers and staff were21) was engaged in payoffs and coverups.

3.93.11    The flyer also specifically targeted and falsely claimed that then UFCW 21 President Faye Guenther "helped former 367 President Angel Gonzalez cover up his harassment charges and paid him off in exchange for installing her puppet, Mike Hines."

3.10  The flyer also falsely claimed that UFCW 21 and Faye Guenther were assisting Renner in hiding from sexual harassment charges. This falsely implied Renner was utilizing the merger to avoid charges of sexual harassment.

3.113.12    The flyer claimed, "OUR UNION SHOULD BE LOOKING OUT FOR US NOT PROTECTING HARASSERS!" falsely implying Local 21, Local 1439 and its leadershipthat Faye Guenther was not looking out for itsUFCW members and werewas protecting harassers. The flyer recommended a "NO" vote on any merger.

AMENDED COMPLAINT – Page 5
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400  **BARNARD**
SEATTLE, WASHINGTON 98119  **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132  **LAVITT LLP**

3.13  The flyer claimed "It's time to STOP THE COVERUPS!" falsely implying that Faye Guenther was engaged in a coverup.

~~3.12~~3.14     On December 16, 2021, UFCW 21 received reports of the flyers being circulated via social media by workers and members in the Puget Sound region of the state. Jessica Roach, a UFCW 367 member in the Gig Harbor area working for Fred Meyer, reposted the flyer on a member Facebook Forum initiating a conversation writing "Brothers and Sisters … let's talk."  In response to questions, Roach asserted the "flyer was mailed to Fred Meyer, addressed to the shop steward, the store director, and two assistants (sic) managers. … [UFCW 1439's] President appears to be making a back door deal with Faye, President of 21, in a desperate attempt to secure his employment. Also, much like our previous President, Angel, their President, Eric Renner, is being sued for sexual harassment. The evidence against him must be solid because this, as WE KNOW, this is a desperate move. … I think this flyer is meant to alert of us (sic) the corruption that is happening, perhaps, so we can start the conversation of how to combat it." The posting received dozens of comments and likes. UFCW 21 and 3000 members subsequently reported having seen the flyers and asked questions about whether the claims were true.

~~3.13~~3.15     After obtaining the flyer, UFCW 1439 conducted an internal investigation in order to determine whether staff members were involved in the

AMENDED COMPLAINT – Page 6
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400  **BARNARD**
SEATTLE, WASHINGTON 98119  **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132  **LAVITT LLP**

dissemination of defamatory literature opposing the International Union's approval and directives of UFCW 1439 and UFCW 21 leadership.

3.14<u>3.16</u>    UFCW 1439's investigation revealed that beginning on December 13, 2021, flyers were mailed to grocery stores in Eastern Washington. Throughout the remainder of December President Renner and UFCW 1439 staff continued to receive reports of the flyer being received at grocery stores throughout its jurisdiction.

3.15<u>3.17</u>    Safeway grocery stores utilize modern surveillance equipment to monitor activities and increase safety in its parking lots and stores. The surveillance includes recording parking lots as well as public areas of the interior of the store.

3.16<u>3.18</u>    On January 8, 2022, a man, later identified as Defendant Joseph Emmons, was observed by video surveillance equipment in the parking lot of Safeway store #342 located at 1616 Northwest Blvd. Spokane, Washington 99205.

3.17<u>3.19</u>    Defendant arrived at approximately 5:45 PM in a dark/silver colored Ford Escape with Oregon license plates.

3.18<u>3.20</u>    Video surveillance continually tracked Mr. Emmons' actions at the store. Mr. Emmons parked his car near the rear of the parking lot. Defendant exited his car and crossed the parking lot at 5:46 PM wearing a mask, "GU" baseball cap, and glasses.  Emmons carried in his right hand a small stack of flyers.

AMENDED COMPLAINT – Page 7
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

3.19 3.21     On January 8, 2022, the sun set in Spokane, Washington at 4:17 PM. When Defendant Emmons wore the mask, baseball cap, and glasses into the Safeway store that night, it was dark and long after sunset.

3.20 3.22     At approximately 5:46:52 PM Emmons entered the East Entrance/Exit of the store.

3.21 3.23     For the next four minutes Emmons walked through the public areas of the store holding the flyers.

3.22 3.24     At approximately 5:50:44 PM Emmons approached the self-checkout area. It was unattended at the time and Emmons placed a flyer, face up, at the workstation at the end of the self-checkout.

3.23 3.25     Defendant continued to the "Customer Information Desk" and placed another flyer down on the counter at approximately 5:50:54 PM.

3.24 3.26     Defendant exited the store five seconds later via the West Entrance/Exit. Defendant crossed the parking lot and returned to a Ford Escape with Oregon license plates before exiting Safeway's parking lot via the East entrance/exit by turning South on North Maple Street at 5:52:15 PM.

3.25 3.27     Based on information and belief, Defendant Emmons visited other stores in the Spokane area distributing flyers.

3.26 3.28     Identical flyers were reported and forwarded to UFCW 1439 from additional stores throughout the area.

AMENDED COMPLAINT – Page 8
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400

SEATTLE, WASHINGTON 98119

TEL 800.238.4231 | FAX 206.378.4132

BARNARD IGLITZIN & LAVITT LLP

3.27  In early January 2022, UFCW 21 and UFCW 1439 were compelled to move additional staff from the Seattle area to work throughout Eastern Washington, Northern Idaho and Eastern Oregon in order to respond to the defamatory flyers.

3.28 3.29    Local 1439 and Local 21 conducted separate votes of its membership in January and February 2022. Both Locals approved the merger. The merger forming the new United Food and Commercial Workers Union, Local 3000 (hereinafter "UFCW 3000") was effective March 1, 2022.

3.29 3.30    UFCW 21 distributed pictures from the surveillance video of the car and of the individual that distributed the flyers requesting that if anyone knew the car or individual, they contact the Local.

3.30 3.31    In late February, Faye Guenther received a response from an individual acquainted with Defendant Emmons who disclosed to Guenther that Emmons had made several admissions about his involvement in the distribution of the defamatory flyers. Specifically, Emmons admitted to traveling to Spokane on a "black ops" assignment. In the context of the conversation, Emmons' acquaintance was convinced the black ops operation related to the flyers distributed in Spokane targeting the Plaintiffs Plaintiff, other individuals and organizations, and the proposed merger. Emmons also admitted additional details about his trip to Spokane. When asked, Emmons also confirmed his vehicle matched a screen capture of the video evidence from Spokane.

AMENDED COMPLAINT – Page 9
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

3.31 3.32   Defendant Emmons is not, and never has been a member of UFCW 21.

3.32 3.33   Defendant Emmons is not, and never has been a member of UFCW 367.

3.33 3.34   Defendant Emmons is not, and never has been a member of UFCW 1439.

3.34 3.35   Based on information and belief Defendants Emmons and Osprey Field Consulting benefitted financially, either in the form of compensation or wages for services rendered or good will for his Osprey Field Consulting business operations for distributing the flyers.

3.35 3.36   Defendants did not contact Guenther, UFCW 21, UFCW 1439, UFCW 367, or its their officers, to determine whether the allegations within the communications were true prior to publicly publishing the flyer.

3.36 3.37   Based on information and belief Defendant Emmons transported the flyers from Oregon, across state lines, to Spokane, Washington, and elsewhere in Eastern Washington.

3.37 3.38   Defendants had no personal knowledge of Faye Guenther paying off Angel Gonzalez.

3.38 3.39   Defendants did not have a good faith belief that Faye Guenther paid off Angel Gonzalez.

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

3.39 3.40    Defendants had no personal knowledge of Faye Guenther assisting Angel Gonzalez to cover up harassment charges.

3.40 3.41    Defendants did not have a good faith belief that Faye Guenther assisted Angel Gonzalez in the cover up of harassment charges.

3.41   Defendants had no personal knowledge of Eric Renner hiding from sexual harassment charges.

3.42   Defendants did not have a good faith belief that Eric Renner was hiding from sexual harassment charges.

3.43   Defendants had no personal knowledge of Eric Renner being sued for sexual harassment.

3.44   Defendants had no good faith belief that Eric Renner is, or has ever been, sued for sexual harassment.

3.45   Defendants had no personal knowledge of Eric Renner landing "a cushy new gig with Local 21."

3.46   Defendants did not have a good faith belief Eric Renner landed a "cushy new gig with Local 21."

3.47 3.42    Defendants had no personal knowledge the merger between UFCW 21 and UFCW 1439 was "forced."

3.48 3.43    Defendants did not have a good faith belief the merger between UFCW 21 and UFCW 1439 was "forced."

3.49 3.44    Defendants had no personal knowledge that Mike Hines was a "puppet" for Faye Guenther.

AMENDED COMPLAINT – Page 11
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    BARNARD
SEATTLE, WASHINGTON 98119    IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132    LAVITT LLP

3.50 3.45    Defendants did not have a good faith belief that Mike Hines was a "puppet" for Faye Guenther.

3.51 3.46    Defendants took no steps to verify the factual accuracy of the written statements in the flyer Emmons distributed referencing UFCW 1439, UFCW 21 or their officers and staff Guenther.

3.52 3.47    Defendants intended and knew the flyer was likely to harm Faye Guenther.

3.53    Defendants intended and knew the flyer was likely to harm Eric Renner.

3.54    Defendants intended and knew the flyer was likely to harm Angel Gonzalez.

3.55    Defendants intended and knew the flyer was likely to harm Mike Hines.

3.56    Defendants intended and knew the flyer was likely to harm UFCW 21.

3.57    Defendants intended and knew the flyer was likely to harm UFCW 367.

3.58    Defendants intended and knew the flyer was likely to harm UFCW 1439.

3.59    UFCW 1439, its officers and staff, Faye Guenther suffered losses related to the defamatory statements in the form of investigation costs, attorneys' reputational harm, emotional distress, attorneys fees, the assignment of additional staff to address and communicate with membership regarding the false statements, additional reimbursed expenses due to the diversion of extra staff to areas where the flyers were distributed, and harm to its harm to her reputation.

3.60 3.48    UFCW 21, its officers and staff, suffered losses related to, and monetary fees associated with addressing her emotional distress arising from the publication and circulation of the defamatory statements in the form of investigation costs, attorneys' fees, the assignment of additional staff to address and communicate

AMENDED COMPLAINT – Page 12
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400 **BARNARD**
SEATTLE, WASHINGTON 98119 **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132 **LAVITT LLP**

~~with membership regarding the false statements, additional reimbursed expenses due to the diversion of extra staff to areas where the flyers were distributed, and harm to its reputation~~.

~~3.61   UFCW 3000 its officers and staff continue to suffer losses related to costs associated with this action, the investigation regarding this matter, staffing to address concerns raised by the flyer, and harm to its reputation.~~

### IV.  FIRST CAUSE OF ACTION-DEFAMATION

4.1    ~~Plaintiffs reallege~~Plaintiff Faye Guenther realleges above paragraphs 1.1 through 3.~~61~~48.

4.2    Defendant Emmons published defamatory statements by ~~mailing and~~ hand delivering copies of a flyer which is defamatory on its face.  Namely, the flyer specifically names ~~UFCW 1439, UFCW 21,~~ Faye Guenther~~, Eric Renner~~ and others claiming ~~the organizations~~that she and ~~individuals~~others were involved in providing payments to cover up sexual harassment complaints, installation of "puppet" leadership at another local union, the elevation of sexual harassers over the interests of union members, and that the merger between UFCW 1439 and UFCW 21 was "forced" due to harassment complaints.

4.3    The statements published by Defendant Emmons are false, unprivileged, in writing, and highly defamatory as they allege ~~Plaintiffs~~Plaintiff engaged in schemes aimed at covering up and protecting sexual harassers.  It implied the use of union members' money to cover up harassment charges rather than

AMENDED COMPLAINT – Page 13
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400  **BARNARD**
SEATTLE, WASHINGTON 98119  **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132  **LAVITT LLP**

"looking out for us [members]." These statements themselves are express false statements of fact, and they implied a knowledge of negative facts about ~~UFCW 21, UFCW 1439 and their officers'~~Guenther's professionalism, ability to conduct business, and competence. Further, the challenged statements were complete fiction, crafted to seem credible and to cause maximum damage and interfere with the ~~internal affairs~~Guenther's ability to perform her role as president of UFCW ~~1439 and UFCW~~ 21. Defendants are at fault in the publication of the defamatory statements.

4.4    Defendants' challenged statements are defamatory per se, as they refer to improper or incompetent conduct involving a person's business, trade, or profession. They were published in a way aimed at causing maximum damage to the organizations and its officers as they were distributed directly to the worksites of members and left in visible places where workers and customers would see them. The manner in which Defendants distributed the flyers evinces an intent to spread false information to third parties, including to as many union members, and therefore merger voters, as possible. The document used the false information as the basis for urging a "NO" vote to any merger.

4.5    Defendants distributed the defamatory flyer with actual malice – i.e., with knowledge of their falsity, or, alternatively, with a reckless disregard for their falsity. Defendants knew the statements were false prior to publishing them, and or could easily have ascertained the falsity of the statements by contacting the

AMENDED COMPLAINT – Page 14
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400  BARNARD
SEATTLE, WASHINGTON 98119  IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132  LAVITT LLP

~~Plaintiffs~~Plaintiff or any of the organizations or individuals named in the flyer but chose instead to publish the statements with a conscious disregard for their truth and with deliberate intent to harm and defame the ~~Plaintiffs'~~Plaintiff's reputations.

~~4.6    Moreover, the publication of such statements quickly made its way to social media where they were repeated as truths by union members. By December 16, 2021, Facebook Forum conversations were reported to UFCW 21 and UFCW 1439 leadership.~~

~~4.7~~4.6 The false and defamatory statements made by Defendants are defamatory per se, giving rise to general damages, in that they exposed ~~the Plaintiffs and their officers including~~ Plaintiff Faye Guenther to contempt, ridicule and disgrace.

~~4.8~~4.7 The flyer injured ~~Plaintiffs and their officers~~Plaintiff by diminishing ~~their~~her reputations in ~~their trades~~her trade and business and required a response and explanation to its membership. ~~In response to the defamatory comments UFCW 1439 and UFCW 21 were required to dedicate additional staff to communicate and have in-person conversations with members prior to vote meetings. Plaintiffs~~Plaintiff had to confront and discuss the flyer. ~~UFCW 3000 still allocates staff time to address the impact of defamatory statements made in the flyer.~~ Plaintiff Faye Irene Guenther suffered compensable damages related to Defendants' distribution of the defamatory flyers, including damage to her reputation as President of UFCW 21 and 3000, emotional distress, and pain and suffering.

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

## V.~~V.~~ SECOND CAUSE OF ACTION-FALSE LIGHT

5.1 ~~5.1 Plaintiffs realleges~~Plaintiff Faye Guenther realleges above paragraphs 1.1 through 4.~~8~~7.

5.2 ~~5.2~~ The defamatory statements in the flyer Defendants distributed are highly offensive and place Plaintiff Faye Irene Guenther in a false light. Defendants knew of or recklessly disregarded the falsity of the publication and the subsequent false light it would place Ms. Guenther in. Ms. Guenther suffered compensable damages from Defendants' wrongful actions including emotional distress, pain and suffering.

## VI. PRAYER FOR RELIEF

WHEREFORE, ~~Plaintiffs~~**Plaintiff** prays for judgment against Defendants as follows:

~~a.~~6.1 For compensatory damages, according to proof at trial.

~~b.~~6.2 For a temporary, preliminary, and permanent mandatory and/or prohibitory injunction ordering that Defendants immediately cease and desist from publishing any additional false information about ~~Plaintiffs~~Plaintiff; destroy any remaining digital or electronic copies of the flyer; and publicly apologize by letter to ~~Plaintiffs~~Plaintiff, which must be approved by ~~Plaintiffs'~~Plaintiff's attorneys of record, for making false and defamatory statements and implying the misuse of Union funds to protect sexual harassers. ~~Agree the Plaintiffs may post the letter on~~

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

its website, social media and otherwise communicate it to the public and its members.

c.6.3 For reasonable attorneys' fees, all appropriate costs, litigations expenses to the extent allowed by law, and,

d.6.4 For such other relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 25th day of July, 2022.30th day of August, 2024.

_s/Dmitri Iglitzin_
Dmitri Iglitzin, WSBA No. 17673
_s/Darin M. Dalmat_
Darin M. Dalmat, WSBA No. 51384
_s/Gabe Frumkin_
Gabe Frumkin, WSBA No. 56984
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer St, Suite 400
Seattle, WA 98119
(206) 257-6003
iglitzin@workerlaw.com
dalmat@workerlaw.com
frumkin@workerlaw.com

Aaron Streepy, WSBA No. 38149
Jim McGuinness, WSBA 23494
STREEPY LEMONIDIS CONSULTING & LAW GROUP, PLLC
4218 227th Ave Ct E

AMENDED COMPLAINT – Page 17
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400     BARNARD
SEATTLE, WASHINGTON 98119     IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132     LAVITT LLP

~~Buckley~~2800 First Avenue, Suite 211
Seattle, WA ~~98321~~98121
~~Tel~~Telephone: (253) 528-~~0277~~0278
~~aaron@mcguinnessstreepy.com~~
*Counsel for Plaintiffs*

_____

~~James G. McGuinness WSBA No. 23494~~
~~STREEPY LAW, PLLC~~
~~4218 227th Ave Ct E~~
~~Buckley, WA 98321~~
~~Tel~~Fax: (253) 528-~~0277~~0276
aaron@slglc.com
jim@mcguinnessstreepy.com
*~~Counsel~~*
*Attorneys* for ~~Plaintiffs~~ *Plaintiff Faye Guenther*

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
**BARNARD**
**IGLITZIN &**
**LAVITT LLP**

## DECLARATION OF SERVICE

I hereby certify that on the date noted below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| Ambika Kumar<br>Sara A. Fairchild<br>Davis Wright Tremaine LLP<br>920 Fifth Ave., Ste. 3300<br>Seattle, WA 98104<br>ambikakumar@dwt.com<br>sarafairchild@dwt.com | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☐ E-mail<br>☐ U.S. Mail<br>☒ E-Service |
| John A. DiLorenzo<br>Davis Wright Tremaine LLP<br>560 SW 10th Ave., Ste. 700<br>Portland, OR 97205<br>johndilorenzo@dwt.com | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☐ E-mail<br>☐ U.S. Mail<br>☒ E-Service |

DATED this 30th day of August, 2024 at Federal Way, Washington.

By _____
Ge.nipher Youngblood, Paralegal

Complaint - 19

DECLARATION OF SERVICE
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400  **BARNARD**

SEATTLE, WASHINGTON 98119  **IGLITZIN &**

TEL 800.238.4231 | FAX 206.378.4132  **L A V I T T LLP**

4218 227th Ave Ct. East
Buckley, WA 98321
Telephone (253) 528-0278

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25   Complaint - 20
26

DECLARATION OF SERVICE
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400   **BARNARD**

SEATTLE, WASHINGTON 98119   **IGLITZIN &**

TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**
4218 227th Ave Ct. East
Buckley, WA 98321
*Telephone (253) 528-0278*