1  Dmitri Iglitzin, WSBA No. 17673
   Darin M. Dalmat, WSBA No. 51384
2  Gabe Frumkin, WSBA No. 56984
   BARNARD IGLITZIN & LAVITT LLP
3  18 W Mercer St, Suite 400
   Seattle, WA 98119
4  (206) 257-6003
   iglitzin@workerlaw.com
5  dalmat@workerlaw.com
   frumkin@workerlaw.com
6
7  Aaron Streepy, WSBA 38149
   Jim McGuinness, WSBA 23494
   STREEPY LEMONIDIS CONSULTING & LAW GROUP, PLLC
8  2800 First Avenue, Suite 211
   Seattle, WA 98121
9  Telephone: (253) 528-0278
   Fax: (253) 528-0276
10 aaron@slglc.com
   jim@mcguinnessstreepy.com
11
   *Attorneys for Plaintiff Faye Guenther*
12
                    UNITED STATES DISTRICT COURT
13                  EASTERN DISTRICT OF WASHINGTON
                              AT SPOKANE
14
   FAYE IRENE GUENTHER, an         No. 2:22-cv-00272-TOR
15 individual,

                        Plaintiff,  **DECLARATION OF COUNSEL
16                                  DARIN M. DALMAT IN
       v.                           SUPPORT OF PLAINTIFF'S
17                                  MOTION TO AMEND
                                    COMPLAINT**
18 JOSEPH H. EMMONS, individually,
   and OSPREY FIELD CONSULTING
19 LLC, a limited liability company,

20                      Defendants.

DECLARATION OF DALMAT ISO MOTION
TO AMEND COMPLAINT
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400  **BARNARD**
SEATTLE, WASHINGTON 98119  **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132  **LAVITT LLP**

I, Darin M. Dalmat, hereby declare and state as follows:

1. I am one of the attorneys representing Plaintiff Faye Irene Guenther.

2. After entering my appearance in this case on July 17, 2024, ECF No. 90, I have reviewed the docket and material exchanged in discovery in this case.

3. Based on that review, I understand that discovery in this case ended by June 26, 2024.

4. I also understand that Defendants, though their counsel, took the deposition of Plaintiff Faye Guenther on May 13, 2024, for over seven hours and again on June 6, 2024, for another approximately three hours.

5. During those depositions, Ms. Guenther affirmed her prior statement, categorically denying that she had been aware of sexual harassment claims against Mr. Angel Gonzalez, during the relevant time period in 2022, or had any influence of any sort over the internal selection process used to select Mr. Mike Hines as his replacement. I attach as **Exhibit 1** a true and correct copy of page 88 of her May 13, 2024, deposition transcript, which sets forth that testimony.

6. In her June 6, 2024, deposition, defense counsel asked Ms. Guenther about certain text messages Angel Gonzalez exchanged in late July 2021, shortly before August 4, 2021—the date documents in this case show to be Mr. Gonzalez's resignation. Defense counsel appeared to be exploring a theory that Mr. Gonzalez

DECLARATION OF DALMAT ISO MOTION
TO AMEND COMPLAINT – Page 1
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

1   was exchanging text messages with Ms. Guenther in late July 2021 regarding the

2   anticipation of the end of his employment with Local 367. Ms. Guenther then

3   explained, in her deposition, that the text messages were to Mike Hines, not to her,

4   as evidenced by the fact that they were not to her phone number. The Defendants'

5   attorney confirmed this by emphasizing the Bates stamp of the relevant exhibit,

6   which showed that the text messages were produced by Mr. Hines, not Ms.

7   Guenther. I attach as **Exhibit 2** a true and correct copy of pages 71–72 of the

8   transcript of Ms. Guenther's June 6, 2024, deposition transcript. And I attach as

9   **Exhibit 3** a true and correct copy of the relevant excerpts of Exhibit 43 to her

10  deposition, showing the relevant text messages.

11

12          DATED this 30th day of August, 2024.

13                                      *s/Darin M. Dalmat*
                                        Darin M. Dalmat, WSBA No. 51384
14                                      18 W Mercer St, Suite 400
                                        Seattle, WA 98119
15                                      (206) 257-6028
                                        dalmat@workerlaw.com
16

17

18

19

20

DECLARATION OF DALMAT ISO MOTION
TO AMEND COMPLAINT – Page 2
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119       **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

# DECLARATION OF SERVICE

I hereby certify that on the date noted below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| Ambika Kumar<br>Sara A. Fairchild<br>Davis Wright Tremaine LLP<br>920 Fifth Ave., Ste. 3300<br>Seattle, WA 98104<br>ambikakumar@dwt.com<br>sarafairchild@dwt.com | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☐ E-mail<br>☐ U.S. Mail<br>☒ E-Service |
| John A. DiLorenzo<br>Davis Wright Tremaine LLP<br>560 SW 10th Ave., Ste. 700<br>Portland, OR 97205<br>johndilorenzo@dwt.com | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☐ E-mail<br>☐ U.S. Mail<br>☒ E-Service |

DATED this 30th day of August, 2024 at Federal Way, Washington.

By: _____
Genipher Youngblood, Paralegal

DECLARATION OF SERVICE
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

*GUENTHER V. EMMONS, ET AL*

USDC E. DIST. OF WASHINGTON
CASE NO. 2:22-CV-00272-TOR

DECLARATION OF DARIN DALMAT IN SUPPORT
OF MOTION TO AMEND COMPLAINT

# EXHIBIT 1

```
                    2
 1              APPEARANCES
 2
 3  Appearing on behalf of the Plaintiff:
 4  JAMES G. MCGUINNESS, ESQUIRE
 5  AARON M. STREEPY, ESQUIRE
 6  Streepy Law Offices
 7  4218 227th Avenue, Court E
 8  Buckley, Washington  98321
 9  (253) 528-0278
10  (253) 528-0276 (Fax)
11  jim@mcguinnessstreepy.com
12  aaron@mcguinnessstreepy.com
13
14  Appearing on behalf of the Defendants:
15  JOHN A. DILORENZO, ESQUIRE
16  Davis Wright Tremaine, LLP
17  560 SW Tenth Avenue, Suite 700
18  Portland, Oregon  97205
19  (503) 778-2300
20  (503) 778-5299 (Fax)
21  johndilorenzo@dwt.com
22
23
24  -and-
25
```

```
                    3
 1          APPEARANCES (CONTINUED)
 2
 3  SARA A. FAIRCHILD, ESQUIRE
 4  Davis Wright Tremaine, LLP
 5  920 Fifth Avenue, Suite 3300
 6  Seattle, Washington  98104
 7  (206) 622-3150
 8  sarafairchild@dwt.com
 9
10
```

```
                    4
 1              EXAMINATION INDEX
 2                                      Page
 3
 4  EXAMINATION BY MR. DILORENZO            9
```

```
                    5
 1              EXHIBITS INDEX
 2  Exhibit                                 Page
 3
 4   1   NOTICE OF DEPOSITION               NA
 5
 6   2   PLAINTIFFS RESPONSE                112
 7
 8   3   MEMO VIA EMAIL STREEPY LAW          88
 9
10   4   PLAINTIFFS MOTION TO DISMISS       128
11
12   5   EMAIL SEPTEMBER 13, 2021           138
13
14   6   EMAIL OCTOBER 21, 2021             151
15
16   7   EMAIL (2) OCTOBER 21, 2021         151
17
18   8   UFCW MEMO                          157
19
20   9   UFCW ELECTRONIC MAIL               161
21
22  10   TEXT MESSAGES                      164
23
24  11   TEXT MESSAGES (1)                  227
25
```

Page 86

1   A.  I think it was -- I wanted to get through a couple
2   of rotations of bargaining the contracts with him, so
3   probably five to seven years.
4   Q.  Five to seven years.
5   A.  Yeah.
6   Q.  And we'll talk about his salary and all that, but
7   was he to become an officer of the new --
8   A.  No.
9   Q.  He's an officer today.
10  A.  No, he's not.
11  Q.  He's not?
12  A.  No.  He's not an officer.
13  Q.  What's his title?
14  A.  Vice president of such and such.
15  Q.  Oh, isn't a vice president an officer?
16  A.  No.  Absolutely not.  The only vice presidents we
17  have are the elected vice presidents of our local.
18  Q.  Well, then, how is he a vice president?
19  A.  It's a title.  There's a couple of people who have
20  that title.
21  Q.  Oh, really?  Does he sign documents as vice
22  president?
23      MR. MCGUINNESS:  Objection as to form.
24  BY MR. DILORENZO:
25  Q.  Do you know whether he signs documents?

Page 87

1   A.  What documents would he sign?
2   Q.  Any kind of documents as vice president.
3   A.  I -- I think the main documents that people sign
4   are contracts, which as soon as I take the contract, I sign
5   the contracts.  Maybe you have something with his signature
6   on it, but I don't know what he'd be signing.
7   Q.  Why does your local have employees who are -- who
8   have the titles vice president when they're not officers?
9   A.  Is every vice -- I mean, is every vice president
10  of every organization an officer?  I don't know.  Sometimes
11  titles are important when you're working with other people.
12  Q.  Why was the title important to Mr. Renner?
13  A.  You'd have to ask him.  I don't know.
14  Q.  Did he -- was he referred to as a vice president
15  right after the merger was approved?  In other words, has he
16  had any other title besides vice president?
17  A.  I don't think so.
18  Q.  Okay.  All right.  We'll talk more about that
19  later.  In your complaint, you are seeking compensatory
20  damages.  Do you recall that?
21  A.  Yes.
22  Q.  Okay.  Let's look at number three.  I've skipped
23  two for now, but.
24      THE REPORTER:  If it works for you moving forward,
25  if you could hand it to me and I'll stick it and then --

Page 88

1       MR. DILORENZO:  Perfect.
2       THE REPORTER:  -- and then hand it to her.  That
3   way I can just keep --
4       THE DEPONENT:  Perfect.
5       THE REPORTER:  -- have a stack on my end.  Thank
6   you so much.
7   BY MR. DILORENZO:
8   Q.  Is Exhibit 3 familiar to you?
9   A.  Let me read it.
10  Q.  Yeah.  Have you seen that before?
11  A.  I'm sure it's in my e-mail.
12  Q.  Okay.  Did you authorize this letter being sent to
13  me and my co-counsel?
14  A.  Yes.
15  Q.  In the second paragraph, your lawyers say, "Our
16  client" -- that's you -- "were unaware of sexual harassment
17  claims against Mr. Angel Gonzalez and had no influence of
18  any sort over the internal selection process utilized to
19  select Mr. Hines as his replacement."  Do you see that?
20  A.  Yes.
21  Q.  There is no mention about Mr. Renner.  Were you
22  aware that there were sexual harassment charges against Mr.
23  Renner?
24  A.  Absolutely not.
25  Q.  Ever.

Page 89

1   A.  After --
2       MR. MCGUINNESS:  Just --
3       THE DEPONENT:  I'm sorry.
4       MR. MCGUINNESS:  Hang on.  Let me just get the
5   objection as to form in terms of when the question pertains
6   to.
7   BY MR. DILORENZO:
8   Q.  Okay.  Are you aware there were sexual harassment
9   charges against Mr. Renner?
10  A.  As of right now?
11  Q.  Yes, as --
12  A.  Yes.
13  Q.  -- we sit here today.
14  A.  I don't think -- so there -- it says charges or
15  sued.  There's words being used.
16  Q.  Right.
17  A.  There were accusations against --
18  Q.  Of sexual harassment.
19  A.  Of sexual harassment, yes.
20  Q.  Okay.  When did you first become aware of that?
21  A.  It was after December 2nd, but I am trying to
22  recall exactly when after that.
23  Q.  Well, you --
24  A.  And I -- and I think --
25  Q.  Okay.



250

1      CERTIFICATE
2
3      I the undersigned, Valerie Barna, am a videographer
4  on behalf of NAEGELI Deposition & Trial. I do
5  hereby certify that I have accurately made the video
6  recording of the deposition of Faye Guenther, in the above
7  captioned matter on the 13th day of May, 2024, taken
8  at the location of Davis Wright Tremaine LLP, 920 5th
9  Avenue, Suite 3300, Seattle, Washington 98104.
10
11      No alterations, additions or deletions were made
12  thereto.
13
14      I further certify that I am not related to any of the
15  parties in the action and have no financial interest in the
16  outcome of this matter.
17
18
19  Valerie Barna
20
21
22
23
24
25

251

1      CERTIFICATE
2
3      I, Kacey Hall, do hereby certify that I reported all
4  proceedings adduced in the foregoing matter and that the
5  foregoing transcript pages constitutes a full, true,
6  and accurate record of said proceedings to the best of
7  my ability.
8
9      I further certify that I am neither related to
10  counsel or any part to the proceedings nor have any
11  interest in the outcome of the proceedings.
12
13      IN WITNESS HEREOF, I have hereunto set my hand this
14  17th day of May, 2024.
15
16
17
18
19
20  /S/ Kacey Hall
21
22
23
24
25

252

1      CORRECTION SHEET
2  Deposition of: Faye Guenther    Date: 05/13/24
3  Regarding:    Guenther vs. Emmons
4  Reporter:    Hall/Garotic/Hobart
5  _____
6  Please make all corrections, changes or clarifications
7  to your testimony on this sheet, showing page and line
8  number. If there are no changes, write "none" across
9  the page. Sign this sheet on the line provided.
10 Page   Line   Reason for Change
11 ____   ____   _____
12 ____   ____   _____
13 ____   ____   _____
14 ____   ____   _____
15 ____   ____   _____
16 ____   ____   _____
17 ____   ____   _____
18 ____   ____   _____
19 ____   ____   _____
20 ____   ____   _____
21 ____   ____   _____
22 ____   ____   _____
23 ____   ____   _____
24         Signature_____
25              Faye Guenther

253

1      DECLARATION
2  Deposition of: Faye Guenther    Date: 05/13/24
3  Regarding:    Guenther vs. Emmons
4  Reporter:    Hall/Garotic/Hobart
5  _____
6
7  I declare under penalty of perjury the following to
8  be true:
9
10  I have read my deposition and the same is true and
11  accurate save and except for any corrections as made
12  by me on the Correction Page herein.
13
14  Signed at _____, _____
15  on the _____ day of _____, 2024.
16
17
18
19
20
21
22
23
24         Signature_____
25              Faye Guenther

*GUENTHER V. EMMONS, ET AL*

USDC E. DIST. OF WASHINGTON
CASE NO. 2:22-CV-00272-TOR

DECLARATION OF DARIN DALMAT IN SUPPORT
OF MOTION TO AMEND COMPLAINT

# EXHIBIT 2

```
                                    2
 1              APPEARANCES
 2
 3  For the Plaintiff:
 4  James G. McGuinness, Esquire
 5  UFCW 367
 6  6403 Lakewood Drive West
 7  Tacoma, Washington 98467
 8  (253) 589-0367
 9  (253) 589-1512 (Fax)
10  jmcguinness@ufcw367.org
11  -and-
12  Aaron M. Streepy, Esquire
13  STREEPY LAW, PLLC
14  4218 227th Avenue Court East
15  Buckley, Washington 98321
16  (253) 528-0278
17  (253) 528-0276 (Fax)
18  aaron@mcguinnessstreepy.com
19
20
21
22
23
24
25
```

```
                                    3
 1          APPEARANCES CONTINUED
 2
 3  For the Defendants:
 4  John A. DiLorenzo (pro hac vice)
 5  Sara Fairchild, Esquire
 6  DAVID WRIGHT TREMAINE, LLP
 7  920 5th Avenue, Suite 3300
 8  Seattle, Washington 98104
 9  (530) 241-2300
10  (503) 778-5299 (Fax)
11  Johndilorenzo@dwt.com
12  sarafairchild@dwt.com
13
14  Also Present:
15  Valerie Barna, Naegeli Videographer
16
17
18
19
20
21
22
23
24
25
```

```
                                    4
 1          EXAMINATION INDEX
 2                              Page
 3
 4  EXAMINATION BY MR. DILORENZO      10
 5
 6  EXAMINATION BY MR. MCGUINNESS     97
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                    5
 1              EXHIBITS
 2  EXHIBITS FOR IDENTIFICATION:
 3  Number    Description              Marked/ID'd
 4
 5   13    Text messages 5:16 ER (Eric),   06  11
 6         Fri, Sep 8.
 7
 8   14    Text messages 5:16 ER (Eric),   06  12
 9         undated.
10
11   15    Text messages 5:16 ER (Eric),   06  23
12         Fri, Sep 15.
13
14   17    Text messages 5:17 ER (Eric),   06  24
15         Mon, Oct 16.
16
17   19    Conversation with: Eric Renner  06  30
17         (5099909637), various dates.
18
19   20    Email from Micheau, to Guenther 06  42
20         and Milliron, 7-21-23, re. UFCW
21         3000 Merger and Renner Employment
22         Agreement.
23
24
25
```

```
                                              70                                                      72
 1    A.  No.                                          1  Gonzalez and Faye?
 2    Q.  -- that surrounded his resignation?          2    A.  There's no way these are between me and Faye -- or
 3    A.  No.                                          3  me and Angel.
 4    Q.  Did you believe at the time that they were due to   4    Q.  Well, take a look at the --
 5  ongoing health concerns?                           5    A.  It's to Mike Hines.  These are not text messages
 6    A.  I didn't really care.  I was just glad he was   6  between me and anybody.
 7  gone.                                              7    Q.  Ah, okay.  I see up above it says, though,
 8    Q.  Okay.  And then look at the last page, Faye    8  "Angel."
 9  Guenther, to Andrea Zinder, org, Grant, and a few others,   9    A.  That's not my number.  That's not any of my stuff.
10  regarding Angel Gonzalez' resignation.           10    Q.  Okay.  It does appear that you're saying, "Hi
11      And you say, "FYI, I have known Mike Hines for 11  Mike"?
12  most of my adult life.  He has very good potential.  I think   12    A.  Why would -- Why would I be talking about my
13  things up here are a little messed up, but with time, I   13  employment with the VA?
14  think this will be a positive development."         14    Q.  You don't know?
15      Do you recall sending that?                   15    A.  I'm not old, and I'm not a veteran.  Well, I'm
16    A.  I don't recall sending it, but I can see I did.   16  older now, but --
17    Q.  Okay.  Well, I thought you and Mike Hines had had   17    Q.  Ah.  So this may be between Mike Hines and --
18  a major argument.                                 18    A.  I have no idea what this is.
19    A.  After Angel Gonzalez, Mike Hines looked like a   19       MS. FAIRCHILD:  Look at the Bates stamp.
20  step in the right direction.  Anybody.  Anybody.  I would   20       MR. DILORENZO:  Ah.  Okay.
21  have taken anyone.                                21    A.  Was this after he resigned?
22    Q.  Okay.  I'm going to dispense with 39 and ask you   22    Q.  Not sure.
23  about 40.  This was supplied to us, and I'm not quite sure   23    A.  Thursday, July 29, 2021?
24  who "me" is, and I'm wondering if that is familiar.  It says   24    Q.  Okay.  On the second page --
25  here, "Here's an agreement I signed with Angel Gonzalez.   25    A.  He resigned July 25.  So these are text messages

                                              71                                                      73
 1  Angel told me Kate asked him to contact me to do this."   1  between Angel and Mike after he resigned.
 2    A.  Yes, I am familiar with this.                 2    Q.  Okay.  Look at the next page, though.  It says,
 3    Q.  Who is "me"?                                  3  "Faye" on the top.  "Happy to hear this welcome news."  "Hi,
 4    A.  Me.                                           4  Mike, just trying to figure out post Sean is calling.  I am
 5    Q.  Oh, that is --                                5  on a Kaiser strike prep call for a while."
 6    A.  That is me.                                   6       Does this -- Do you recall what this is about?  "We
 7    Q.  -- you.  Okay.                                7  have figured it out, Faye.  Thank you."
 8      So you signed an agreement with Angel Gonzalez?   8    A.  I have no idea what this is about.
 9    A.  This was an -- This was a situation with the    9       August 4, 2021?
10  carpenters' union, where Angel and Kate Meckler decided to   10    Q.  Yeah.
11  organize their staff, and it was causing -- yeah, it was   11    A.  I have no idea what this -- prep call for a while.
12  just a very contentious situation.  And I was advising him   12  We have it figured out.  Faye.
13  to not do this, that it was going to cause more problems   13       Where is the text messages before it?
14  than it was worth.                                14    Q.  I don't know.
15    Q.  Okay.                                       15    A.  Okay.  When was it?  Is that from me or from --
16    A.  And this is -- yeah.  So, yeah, the agreement was   16  maybe it's -- yeah, I just -- I don't know.  It looks like
17  if he was -- the carpenters' union was in my jurisdiction.   17  it's linked to --
18  And so I was saying, If you want to organize these folks,   18       Maybe it's Angel and him running for office?  I
19  I'll sign that over to you, but I think it's a bad idea, and   19  don't know.
20  I don't want to organize them.                    20    Q.  Okay.  That's fine.  I just was curious about it.
21    Q.  Okay.                                       21  That's all I have about that one.
22    A.  But I don't know the date on this.  October 14.   22       THE VIDEOGRAPHER:  We are at the two-hour mark on
23    Q.  Okay.  I'm going to dispense with 41.  I'm going   23  the record.
24  to dispense with 42.  Let's look at 43.             24       MR. DILORENZO:  Okay.  Thank you.
25      These appear to be text messages between Angel   25    Q.  Let's look at Number 44.
```



Page 98

1  of the local 367 merger document.
2      Do you recall that?
3  A.  Yes.
4  Q.  Have you had a chance to reflect on whether it's
5  possible that I was representing Local 21 at the time?
6  A.  Yes.
7  Q.  And what have you determined?
8  A.  You were representing Local 21 at the time.
9  Q.  Okay. In looking at Exhibit 59 -- Do you still
10 have that?
11 A.  Yes.
12 Q.  That appears to be dated July 29, 2023?
13 A.  Yes.
14 Q.  And if you don't recall this, please don't try to
15 speculate, but do you recall whether that was actually
16 before the depositions taken in this case that Mr. Dilorenzo
17 asked you about, if you recall?
18 A.  I was trying to build a timeline in my mind, but I
19 don't have it.
20     MR. MCGUINNESS: That's fine. That's fine. I
21 think that's all. Give me just a second.
22     Okay. That is all I have. Thank you.
23     MR. DILORENZO: Great. Thank you for your
24 patience through all of this.
25     THE VIDEOGRAPHER: Please stand by. This is the

Page 99

1  end of the deposition of Faye Guenther. The court reporter
2  will now take orders for the transcript.
3      MR. DILORENZO: I would like to order the
4  transcript, please, and the exhibits, synced-up video, the
5  whole works.
6      MR. MCGUINNESS: Copy with exhibits.
7      THE VIDEOGRAPHER: The time is 1:09. We are off
8  the record.
9      (Deposition concluded at 1:09 p.m.)
10     (Signature was reserved.)

Page 100

1           CERTIFICATE OF VIDEOGRAPHER
2
3      I the undersigned, Valerie Barna , am a videographer
4  on behalf of NAEGELI Deposition & Trial. I do hereby
5  certify that I have accurately made the video recording of
6  the deposition of Faye I. Guenther, in the above captioned
7  matter on the 6th day of June, 2024, taken at the location
8  of 920 5th Avenue, Suite 3300, Seattle, WA 98104.
9
10     No alterations, additions or deletions were made
11 thereto.
12
13     I further certify that I am not related to any of
14 these parties in the matter and I have no financial
15 interest in the outcome of this matter.
16
17
18 Valerie Barna
19 Videographer

Page 101

1           C E R T I F I C A T E
2  STATE OF WASHINGTON ) ) ss.
3  COUNTY OF KING      )
4  I, the undersigned Washington Certified Court Reporter,
5  hereby certify that the foregoing deposition upon oral
6  examination of the witness named herein was taken
7  stenographically before me and transcribed under my
8  direction;
9  That pursuant to RCW 5.28.10, the witness, before
10 examination, was first duly sworn by me to testify
11 truthfully; that the transcript of the deposition is a full,
12 true, and correct transcript, to the best of my ability;
13 that I am neither attorney for nor a relative or employee of
14 any of the parties to the action or any attorney or counsel
15 employed by the parties hereto nor financially interested in
16 its outcome.
17 IN WITNESS WHEREOF, I have hereunto set my hand this 20th
18 day of June 2024.
19
20 _____
21 Patricia A. Blevins
22 Certified Court Reporter No. 2484 in and for the State of
23 Washington, residing at Seattle, Washington.
24 My CCR certification expires 6/8/24.

*G*UENTHER V. *E*MMONS, *ET AL*

USDC E. DIST. OF WASHINGTON
CASE NO. 2:22-CV-00272-TOR

DECLARATION OF DARIN DALMAT IN SUPPORT
OF MOTION TO AMEND COMPLAINT

# EXHIBIT 3



**Angel** (253) 312-7156

Thursday, July 29, 2021

A: Hi Mike: Would it be possible to get a letter stating that my employment with Local 367 has ended and when my insurance coverage will end? I need it for Mildred to enroll for coverage at the VA. My email is 0.

Friday, July 30, 2021

A: Did you call me?

I think I bumped my phone.

A: Ok

Sunday, August 1, 2021

Hi Angel. Are you still available to grab lunch on Thursday and switch the election account over? I could nick von tin and dive



EXHIBIT 43
DATE: 06/06/24
DEPONENT NAME: Guenther, F.

EXHIBIT 43

Hines sub resp. 023