Ambika Kumar, WSBA #38237
Sara A. Fairchild, WSBA #54419
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700

John A. DiLorenzo (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Ave, Suite 700
Portland, OR 97205
Telephone: (503) 241-2300
Fax: (503) 778-5299

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH H. EMMONS, individually, AND OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>Defendants. | No. 2:22-cv-00272-TOR<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION OF MOTION TO AMEND COMPLAINT**<br><br>**Hearing Date:  09/06/2024 WITHOUT ORAL ARGUMENT** |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR EXPEDITED CONSIDERATION
Case No. 2:22-cv-00272-TOR

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Pursuant to Local Civil Rule 7(i)(2)(C), Defendants oppose Plaintiff's Motion for Expedited Consideration of Her Motion to Amend Complaint (ECF No. 96) ("Motion to Expedite"). Defendants further request that the Motion to Amend Complaint (ECF No. 95) ("Motion to Amend") be summarily denied.

### I.    THE MOTION TO EXPEDITE PREJUDICES DEFENDANTS

Plaintiff's counsel did not inquire regarding the "substantive reason[s]" for Defendants' opposition to either motion. *See* ECF No. 96 at 3; Declaration of John A. DiLorenzo, Jr., concurrently filed, ¶ 2. Those reasons are straightforward.

Defense counsel is short-staffed beyond September 9, 2024, the day Plaintiff requests Defendants be ordered to respond to the Motion to Amend. *See* ECF No. 96-1 at 2. One senior lawyer is home caring for her young child following surgery on August 28, 2024, and another is litigating this matter while on a three-month sabbatical. DiLorenzo Decl. ¶ 4. Other team members are consumed by the press of business, including other cases and substantial ongoing work on Defendants' forthcoming motion for summary judgment in this case. *Id.* ¶ 5. Nevertheless, Plaintiff's proposed schedule would require defense counsel to prepare their opposition over a ***single weekend***, leaving little time to assess and respond to the legal arguments and inapposite authority in her Motion to Amend. ECF No. 96-1 at 2. Motions for summary judgment are due fewer than ten days after Plaintiff's proposed noting date, on September 27, 2024. ECF No. 93 at 1.

Finally, it bears emphasizing that the Motion to Expedite is unnecessary for yet another reason. As a professional courtesy, defense counsel offered to further consult on September 15, 2024, so that Defendants could inform Plaintiff whether

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION
Case No. 2:22-cv-00272-TOR - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  their motion for summary judgment would focus on the Renner allegations at all or
2  whether they would assert defenses that pertain to the entire Complaint, potentially
3  eliminating needless drafting on Plaintiff's behalf.  DiLorenzo Decl. ¶ 3.  Plaintiff
4  proceeded to file these motions anyway.

## II.   THE MOTION TO AMEND IS IMPROPER AND UNNECESSARY

*First*, Plaintiff's Motion to Amend is untimely under the Scheduling Order. Indeed, "[a]ny motion to amend the pleadings" was due almost a year ago, on October 31, 2023. ECF No. 34 at 2.  The Amended Scheduling Order did not change this deadline.  *See generally* ECF No. 93.

"Although delay is not a dispositive factor in the amendment analysis, it is relevant, especially when," as here, "no reason is given for the delay." *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).  In *Lockheed Martin*, the Ninth Circuit affirmed the denial of a motion to amend, explaining that the plaintiff had three months to consider the proposed amendment.  *Id.*  Here, Plaintiff claims she formed the basis for her amendment at her May and June 2024 deposition and offers no reason for waiting until the throes of dispositive briefing—needlessly necessitating a motion to expedite—to move to amend.  ECF No. 96 at 2–4 (¶¶ 4–6); *see generally* ECF No. 95.  Plaintiff even indicates she had long been considering dropping the Renner-related claims by observing that her now-withdrawn motion to voluntarily dismiss, filed ***April 3, 2024*** (ECF No. 39), "made no mention of continued pursuit of her claims challenging the Renner-related accusation against her." ECF No. 95 at 3.  Nor did Plaintiff ask the Court to change

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR EXPEDITED CONSIDERATION
Case No. 2:22-cv-00272-TOR - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the deadline when the parties, less than two months ago, moved to amend the Scheduling Order. *See generally* ECF No. 91; DiLorenzo Decl. ¶ 7.

**Second**, Plaintiff wrongly asserts that the Motion to Amend "will not prejudice the Defendants." ECF No. 95 at 1. To the contrary, the Motion prejudices Defendants in several ways. For example, it fails entirely to note that Guenther has admitted her damages are "under $10,000," ECF No. 48-24 at 2, **adding** new and unspecified damages allegations regarding "monetary fees associated with" Plaintiff's alleged "emotional distress." ECF No. 95-2 at 14 (new ¶ 3.48). This new allegation should entitle Defendants to further discovery, especially in light of Plaintiff's capped damages admission and her earlier claim at her deposition that she "did not go to the doctor" but "got massages for stress release"—something one would not typically describe as a "monetary fee[]." *See* DiLorenzo Decl. ¶ 6 & Ex. A. Accordingly, if the Complaint is amended, Defendants will seek to reopen discovery and to resume Plaintiff's deposition to inquire about these newly alleged "fees." In assessing whether to allow amendment, the Court should bear in mind the prejudice caused by "the necessity for further discovery." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398–99 (9th Cir. 1986); *Lockheed Martin*, 194 F.3d at 986 ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.").

**Third**, the Motion to Amend is wasteful and unnecessary. If, as Plaintiff contends, her purpose is "***entirely*** [to] narrow[] her claims," ECF No. 95 at 2 (emphasis added), she has much more efficient options. Plaintiff can concede, either

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR EXPEDITED CONSIDERATION
Case No. 2:22-cv-00272-TOR - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

on summary judgment or before or during trial, that she is no longer pursuing any claim regarding the Flyer's statement about Renner. Defendants have already invested significant time and resources into their forthcoming motion for summary judgment, which is due September 27, 2024. *See* DiLorenzo Decl. ¶ 5; ECF No. 93 at 1. The Court's ruling on the forthcoming motion(s) for summary may also obviate the need for any amendment.

\* \* \*

For these reasons, the Court should deny Plaintiff's Motion for Expedited Consideration (ECF No. 96). In addition, because Plaintiff's Motion to Amend (ECF No. 95) is improper, unnecessary, and plainly at odds with the Scheduling Order, the Court should deny that motion as well.[1] At minimum, because Plaintiff filed her Motion to Amend with an expedited hearing date, ECF No. 95 at 1, the Court should deny the Motion to Amend without prejudice to refiling with a non-expedited, properly noticed hearing date.

///

///

///

///

---

[1] *See, e.g., Wagner v. Lindawagner.com*, 2016 WL 9224913, at *1 (E.D. Va. 2016) (response "to [the] Motion from defendant is not needed because on its face plaintiff's Motion lacks merit").

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION
Case No. 2:22-cv-00272-TOR - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 5th day of September, 2024.

Attorneys for Defendants

By: *s/Ambika Kumar*
Ambika Kumar, WSBA #38237
Sara A. Fairchild, WSBA #54419
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
ambikakumar@dwt.com
sarafairchild@dwt.com

John A. DiLorenzo (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Ave, Suite 700
Portland, OR 97205
Telephone: (503) 241-2300
Fax: (503) 778-5299
johndilorenzo@dwt.com

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR EXPEDITED CONSIDERATION
Case No. 2:22-cv-00272-TOR - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2024, I caused the document to which this certificate is attached to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Aaron Streepy
Jim McGuinness
STREEPY LEMONIDIS CONSULTING & LAW GROUP, PLLC
2800 First Avenue, Suite 211
Seatle, WA 98121
aaron@slglc.com
jim@mcguinnessstreepy.com

Dmitri Iglitzin
Darn M. Dalmat
Gabe Frumkin
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer St, Suite 400
Seattle, WA 98119
iglitzin@workerlaw.com
dalmat@workerlaw.com
frumkin@workerlaw.com

**Attorneys for Plaintiff Faye Guenther**

I declare under penalty of perjury that the foregoing is true and accurate.

DATED this 5th day of September, 2024.

By: *s/Ambika Kumar*
Ambika Kumar, WSBA #38237

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION
Case No. 2:22-cv-00272-TOR - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax