Ambika Kumar, WSBA #38237
Sara A. Fairchild, WSBA #54419
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700

John A. DiLorenzo (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Ave, Suite 700
Portland, OR 97205
Telephone: (503) 241-2300
Fax: (503) 778-5299

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH H. EMMONS, individually, AND OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>Defendants. | No. 2:22-cv-00272-TOR<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>**Hearing Date: 09/30/2024 WITHOUT ORAL ARGUMENT** |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT
Case No. 2:22-cv-00272-TOR

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Nearly a year after the deadline to amend pleadings, Plaintiff Faye Guenther seeks leave to file an Amended Complaint. ECF No. 95. Guenther offers no explanation for her delay, relying primarily on the liberal amendment standard of Rule 15(a). But Rule 16(b), not Rule 15(a), governs motions that would require changing a deadline in the scheduling order. Under Rule 16(b)(4), Guenther must show "good cause" for the amendment. Good cause does not exist where, as here, the plaintiff could have discovered the basis for the amendment months ago, if not at the outset of the case. Guenther purports to narrow her claims, but in fact proposes to add a request for "monetary fees" for her emotional distress—a request that will require the Court to reopen discovery. The Court should deny Guenther's motion to amend.

## II. BACKGROUND

Guenther claims Defendants Joseph Emmons and Osprey Field Consulting (collectively, "Emmons") defamed her by distributing a flyer containing the following statements: (1) Guenther "helped" former UFCW "367 President Angel Gonzalez cover up his harassment charges and paid him off in exchange for installing her puppet, Mike Hines"; and (2) Guenther was "helping Eric Renner," then president of UFCW 1439, "hide from sexual harassment charges and land a cushy new gig with Local 21 through a forced merger." ECF No. 26-1 at 2.

On July 13, 2023, the parties filed a joint report suggesting that "the Court enter a deadline of March 1, 2024 for adding additional parties and amending the pleadings." ECF No. 28 at 4. On August 30, 2023, the Court entered an order setting

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT
Case No. 2:22-cv-00272-TOR - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

that deadline for October 31, 2023.  ECF No. 34 at 2 ¶ 3.  The Order states that "[p]ursuant to Fed. R. Civ. P. 16(b)(4), the dates set forth in this Order may be amended **only** by Order of the Court and upon a showing of good cause." *Id.* at 1 (emphasis in original).  Guenther did not object.

On February 14, 2024, this Court granted a motion to compel that resulted in discovery showing that Guenther's counsel in this case, Aaron Streepy, had negotiated non-disclosure arguments with individuals who had complained about Renner just prior to a union merger that allowed Renner to maintain a leadership position in the union.  ECF No. 38; ECF No. 48 at 4–5 ¶¶ 14, 17, 30–31.

On April 3, 2024, Guenther filed a motion to voluntarily dismiss her claims without prejudice, claiming she had "accomplished the goals of the litigation by identifying the parties responsible" for the flyer.  ECF No. 39 at 8; *see* ECF No. 40-1; ECF No. 40-2.  She also professed to have "confirmed the limited scope of [her] damages," leading her to conclude that "the financial burden that continued litigation imposes cannot be justified."  ECF No. 39. at 9–10.  After the Court granted the motion to dismiss on the condition that dismissal be with prejudice, Guenther withdrew it.  ECF No. 79; ECF No. 83; ECF No. 88.

On July 18, 2024, the parties filed a stipulation asking the Court to extend the deadline to file dispositive motions from July 3, 2024 to September 27, 2024, with a proposed schedule for deadlines that had not yet passed.  ECF No. 91 at 3.  The next day, the Court adopted this schedule.  ECF No. 93.

On August 30, 2024, Guenther filed a motion to amend her complaint, purportedly to "narrow[] her claims."  ECF No. 95 at 2.  But the proposed complaint

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT
Case No. 2:22-cv-00272-TOR - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

adds new and unspecified damages allegations regarding "monetary fees associated with" Plaintiff's alleged "emotional distress," ECF No. 95-2 at 14 (new ¶ 3.48), and makes no mention that she has limited her overall damages to less than $10,000. By the time the Court considers this motion to amend, the deadline for filing dispositive motions will have passed.

### III. ARGUMENT

#### A. Legal Standard

Guenther asks the Court to apply Rule 15(a)'s liberal policy favoring amendment. ECF No. 95 at 2, 4–5. But the Court's deadline to amend pleadings has long passed, meaning that she must show "good cause" under Rule 16(b).

To determine whether good cause exists, the Court "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In other words, "[t]he district court may modify the pretrial order 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id*. (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment)). If the Court finds "good cause," the inquiry does not end: The amendment must also be proper under Rule 15(a). *Id*. at 608.

Guenther suggests that it is "not clear whether the original amendment deadline still applies" because the July 19, 2024 order "supersedes" the prior one. ECF No. 95 at 7. That is nonsense. The July 19, 2024 does not contain a deadline for amended pleadings because that deadline had already passed, as had the deadlines for expert disclosures and the close of discovery—deadlines Guenther presumably does not believe have been "superseded."

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT
Case No. 2:22-cv-00272-TOR - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### B. Guenther Fails to Show Good Cause Exists for Leave to Amend.

The Rule 16(b) "good cause" inquiry centers on "the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Guenther was far from diligent.

Guenther claims to have filed her motion "shortly after" she purportedly learned that "proof of the falsity of the Renner-related accusation against her may well require mini-trials into multiple complainants' allegations." ECF No. 95 at 7. Guenther's counsel has been aware of the Renner accusations since *before* Guenther filed this lawsuit. Guenther certainly knew about them no later than March 12, 2024, after Renner had produced documents showing the accusations and after Emmons had taken the deposition of three complainants. ECF No. 48 at 7–9 ¶¶ 24, 27, 30–32. Guenther offers no reason for failing to seek an amendment until nearly a year after the deadline and months after the latest possible date she could have discovered the basis for the amendment. Her halfhearted attempt to show good cause cites no authority interpreting Rule 16(b). *See* ECF No. 95 at 7–8 (citing *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (applying Rule 15); *Islamic Republic of Iran v. Boeing Co.*, 771 F.2d 1279, 1287 (9th Cir. 1985) (applying Rule 15 standards); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (applying Rule 15).

This Court issues scheduling orders to ensure "the just, speedy, and inexpensive resolution of the action." LCivR 16(b)(1). There is nothing just, speedy, or inexpensive about Guenther's attempted amendment of the August 2023 scheduling order and the Complaint. For these reasons alone, the "inquiry should end," *see Johnson*, 975 F.2d at 609, and the Court should deny the motion.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT
Case No. 2:22-cv-00272-TOR - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### C.    Even if She Had Shown Good Cause, Guenther Cannot Satisfy the Requirements of Rule 15(a).

If a plaintiff shows "good cause" for her untimely amendment, the Court assesses whether the proposed amendment satisfies Rule 15(a). *Johnson*, 975 F.2d at 608. Under Rule 15(a), courts consider four factors: "(1) bad faith on the part of the plaintiff[]; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387–88 (9th Cir. 1990) (denial of amendment proper given prejudice to non-moving party); *see also Lockheed Martin Corp.*, 194 F.3d at 986 (futility unnecessary to deny amendment).

The late amendment would prejudice Emmons. "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin*, 194 F.3d at 986. The Court may also consider whether the amendment is an attempt "to avoid the possibility of an adverse summary judgment ruling." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398–99 (9th Cir. 1986). Both circumstances are present here. Guenther plainly wants to avoid an adverse ruling on the claims she seeks to drop from the Complaint. And while Guenther claims the proposed amendment "does not add … remedies," ECF No. 95 at 2, it adds allegations regarding "monetary fees associated with" Plaintiff's alleged "emotional distress," ECF No. 95-2 at 14 (new ¶ 3.48)—allegations that will require discovery because up until now, her only testimony relating to out-of-pocket expense pertains

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT
Case No. 2:22-cv-00272-TOR - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

to her having paid for a massage. ECF No. 99 at 2–3 ¶ 6; ECF No. 99-1 at 4. Guenther cites no authority permitting an amendment after the discovery cutoff that would add allegations. *See Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (amendment "would cause undue delay and prejudice" because motion was "on the eve of the discovery deadline" and "would have required re-opening discovery").[1]

## IV.   CONCLUSION

For these reasons, the Court should deny Guenther's Motion to Amend Complaint.

///

///

///

///

///

---

[1] If, as Plaintiff contends, her purpose is "***entirely*** [to] narrow[] her claims," ECF No. 95 at 2 (emphasis added), she has much more efficient options. Plaintiff can concede, either on summary judgment or before or during trial, that she is no longer pursuing any claim regarding the Flyer's statement about Renner. Defendants have already invested significant time and resources into their forthcoming motion for summary judgment, which is due September 27, 2024. *See* ECF No. 99 at 2 ¶ 5; ECF No. 93 at 1. The Court's ruling on the forthcoming motion(s) for summary judgment may also obviate the need for any amendment.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT
Case No. 2:22-cv-00272-TOR - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 13th day of September, 2024.

Attorneys for Defendants

By: *s/ Ambika Kumar*
Ambika Kumar, WSBA #38237
Sara A. Fairchild, WSBA #54419
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
ambikakumar@dwt.com
sarafairchild@dwt.com

John A. DiLorenzo (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Ave, Suite 700
Portland, OR 97205
Telephone: (503) 241-2300
Fax: (503) 778-5299
johndilorenzo@dwt.com

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT
Case No. 2:22-cv-00272-TOR - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2024, I caused the document to which this certificate is attached to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Aaron Streepy
Jim McGuinness
STREEPY LEMONIDIS CONSULTING & LAW GROUP, PLLC
2800 First Avenue, Suite 211
Seatle, WA 98121
aaron@slglc.com
jim@mcguinnessstreepy.com

Dmitri Iglitzin
Darn M. Dalmat
Gabe Frumkin
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer St, Suite 400
Seattle, WA 98119
iglitzin@workerlaw.com
dalmat@workerlaw.com
frumkin@workerlaw.com

**Attorneys for Plaintiff Faye Guenther**

I declare under penalty of perjury that the foregoing is true and accurate.

DATED this 13th day of September, 2024.

By: *s/ Ambika Kumar*
Ambika Kumar, WSBA #38237

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT
Case No. 2:22-cv-00272-TOR - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax