Dmitri Iglitzin, WSBA No. 17673
Darin M. Dalmat, WSBA No. 51384
Gabe Frumkin, WSBA No. 56984
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer St, Suite 400
Seattle, WA 98119
(206) 257-6003
iglitzin@workerlaw.com
dalmat@workerlaw.com
frumkin@workerlaw.com

Aaron Streepy, WSBA 38149
Jim McGuinness, WSBA 23494
STREEPY LEMONIDIS CONSULTING & LAW GROUP, PLLC
2800 First Avenue, Suite 211
Seattle, WA 98121
Telephone: (253) 528-0278
Fax: (253) 528-0276
aaron@slglc.com
jim@mcguinnessstreepy.com

*Attorneys for Plaintiff Faye Guenther*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual, <br><br> Plaintiff, <br><br> v. <br><br><br> JOSEPH H. EMMONS, individually, and OSPREY FIELD CONSULTING LLC, a limited liability company, <br><br> Defendants. | No. 2:22-cv-00272-TOR <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT** <br><br><br><br> 9/30/2024 <br> Without Oral Argument |

REPLY ISO MOTION TO AMEND
COMPLAINT
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
**TEL** 800.238.4231 | **FAX** 206.378.4132    **LAVITT LLP**

## INTRODUCTION

Defendants oppose Guenther's motion to amend on the basis that Guenther was not diligent in seeking amendment, and claim they will be prejudiced if leave to amend is granted. Insofar as the Court finds good cause must be shown under Rule 16, Guenther has done so here by seeking to simplify the issues before the Court shortly after learning the basis for her amendment, and soon after a windy procedural road that made the need for amendment unclear for months. Moreover, Defendants' fears of prejudice are unfounded because they have been on notice, through her original complaint and initial disclosures, of Guenther's intention to seek damages related to emotional distress for almost two years.

## FACTS

Guenther's original complaint stated that UFCW 21, UFCW 3000 and their officers and staff suffered losses related to the defamatory statements in the form of harm to its reputation." ECF No. 1, Ex. B at ¶ 4.8. Under the first cause of action—for defamation—Guenther pled that she suffered "compensable damages related to Defendants' distribution of the defamatory flyers, including damage to her reputation as President of UFCW 21 and 3000, emotional distress, and pain and suffering." *Id.* In her prayer for relief, Guenther sought "compensatory damages," as well as "all reasonable attorneys fees, all appropriate costs, . . ., and for such other relief as the Court may deem just and proper. *Id.* at Prayer, ¶ c.

REPLY ISO MOTION TO AMEND
COMPLAINT – Page 1
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD**
**IGLITZIN &**
**LAVITT LLP**

As early as August 8, 2022, counsel for the Defendants wrote to counsel for the Plaintiff: "Your complaint appears to seek compensation for damage to union officers' reputations, Fay[e] Guenther's (UFCW 3000's President) 'emotional distress, pain and suffering,' and the cost of responding to the flyers, plus attorneys' fees." ECF No. 48-1, Exhibit 1 (stamped page 3). About 11 months later, on July 13, 2023, Guenther disclosed she would seek damages associated with her mental and emotional health. ECF No. 48-3 at 13. When Defendants deposed Guenther on May 10 and June 6, 2024, they had more than ten hours to depose Guenther on any topic they chose. ECF No. 97 at ¶ 4.

On August 22, 2024, counsel for Guenther emailed a slightly earlier version of the proposed amended complaint to counsel for the Defendants, along with an explanation that the changes were intended to simplify the issues in dispute. Declaration of Darin M. Dalmat (Dalmat Decl.) at ¶¶ 2-4.

ARGUMENT IN REPLY

**I.      To the extent it is required, Guenther has good cause to seek leave to amend her complaint at this time.**

Assuming that Rule 16 applies even though the current scheduling order (ECF No. 93) does not set a deadline for amending pleadings, Guenther has good cause to seek leave to amend when she did. Rule 16 "seeks to define the claims and defenses of the parties for the purpose of eliminating unnecessary proof and issues, lessening the opportunities for surprise and thereby expediting the trial." *Rosden v. Leuthold*,

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

274 F.2d 747, 750 (D.C. Cir. 1960) (cleaned up). *See also Wright, A. Miller & M. Kane*, Federal Practice and Procedure, § 1522 (3d ed.) (Rule 16 "helps to remove extraneous disputes from the case and serves to expedite the determination of the merits, thereby saving time and expense for the litigants and easing the burden on the courts by facilitating the handling of congested dockets.") (footnotes removed). As Defendants observe, the Local Rules provide scheduling orders not to create obstacles to efficient trials, but "to ensure the just, speedy, and inexpensive resolution of the action." LCivR 16(b)(1).

Putting Rule 16 into practice, when a district court permitted a plaintiff to amend a pleading to remove certain class claims from a complaint, it rejected the defendant's assertion that dropping the claims should have been denied because the deadline for motions to amend has passed under the scheduling order and a modification of that date requires a showing of good cause under Rule 16(b). *McCoy v. Erie Ins. Co.*, 204 F.R.D. 80, 82 (S.D.W. Va. 2001). The court held instead that:

> The good cause requirement . . . practically is intended to prevent a plaintiff from decimating a Scheduling Order with late attempts to complicate or change the nature of the case. That salutary purpose is not offended here. Deletion of the class claims would greatly simplify the case, perhaps permitting it to be resolved *earlier* than contemplated by the Scheduling Order.

*Id.* (emphasis in original). *Accord Vassilev v. City of Johns Creek*, No. 1:14-CV-0312-LMM, 2015 WL 12591737, at *3 (N.D. Ga. Sept. 29, 2015) ("Where the plaintiff seeks to delete claims from his complaint . . . the court can relax its good

REPLY ISO MOTION TO AMEND COMPLAINT – Page 3
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

1    cause inquiry."); *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975,

2    984 (9th Cir. 2011) (affirming district court's grant of leave to amend pleading to

3    add defense after the deadline in the scheduling order, where new defense could be

4    determined as a matter of law based on the factual record already developed).

5            When a court considers whether good cause exists under Rule 16, "the focus

6    of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*

7    *v. Mammmoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here,

8    Guenther's proposed amendments simplify the claims and are intended to

9    accomplish the precise goals of Rule 16 and Local Rule 16(b)(1) by eliminating half

10   of the issues before the Court, which would in turn dramatically reduce the scope of

11   remaining proceedings, including summary judgment and trial.

12           Additionally, as the Defendants concede, the district court may modify a

13   pretrial order if it cannot reasonably be met despite the diligence of the party seeking

14   an extension. ECF No. 101 at 4, citing *Johnson*, 975 F.2d at 609. Here, Guenther

15   was not aware of how complicated the proof of her Renner-related claim would be

16   until the March 2024 depositions, which occurred five months after the original

17   amendment deadline. ECF No. 34 at 2–3. In particular, certain potential witnesses

18   related to the Renner allegations were only deposed in March 2024, which was the

19

20

REPLY ISO MOTION TO AMEND
COMPLAINT – Page 4
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD**
**IGLITZIN &**
**LAVITT LLP**

first indication to Plaintiff that adjudicating those claims would involve a serious risk of emotionally fraught and time-consuming mini-trials. Dalmat Dec. ¶¶ 11–12.[1]

Good cause exists "when the factual basis for an amendment was identified in discovery, particularly if discovery is extensive." *Amaya v. DGS Constr., LLC*, 326 F.R.D. 439, 451 (D. Md. 2018), citing *Weisheit v. Rosenberg & Assocs., LLC*, No. JKB-17-0823, 2018 WL 1942196, at *3–4 (D. Md. Apr. 25, 2018) (finding that, even though the plaintiff "had some sense before the [amendment deadline] of the constellation of facts that undergird" a proposed crossclaim and it was technically possible to file the amendment prior to the deadline, good cause was shown based on the need for considerable consultation with experienced counsel before filing the amendment). Guenther did not learn about the reasons for trimming her complaint until the depositions of Renner's accusers, which occurred months after the deadline for amending pleadings. Courts have also found good cause for seeking leave to amend a complaint after the deadline had passed where the plaintiff diligently

---

[1] Defendants argue that Guenther's motion should be denied because "Guenther's counsel has been aware of the Renner accusations since *before* Guenther filed this lawsuit." ECF No. 101 at 5. This argument conflates counsel's knowledge with Guenther's. Counsel learned of the Renner accusations in his capacity as outside counsel for Local 1439, and he owed that client duties of confidentiality.

REPLY ISO MOTION TO AMEND COMPLAINT – Page 5
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

1    pursued discovery and the case had a particularly complex procedural history.

2    *Nobles v. Rural Cmty. Ins. Servs.*, 303 F. Supp. 2d 1279, 1284 (M.D. Ala. 2004).

3         Guenther has remained diligent despite a convoluted procedural path. She

4    filed her motion to amend shortly after the discovery cutoff, the order dismissing the

5    case with prejudice, and the order re-opening the case. *See* ECF No. 34 at 4; ECF

6    No. 79; ECF No. ECF No. 88. The period between when Guenther learned about the

7    burdens on the parties, the Court, and witnesses that could be eliminated by

8    amending her complaint and her motion to amend was interrupted by other motion

9    practice which could have obviated the need for her motion to amend, and then

10   ultimately delayed it. However, granting her amendment now will not delay the

11   litigation further, and will instead lighten the load for the parties and the Court going

12   forward. Not only did the changing circumstances provide Guenther the good cause

13   necessary to move to amend the complaint when she did, but no good cause could

14   exist to further delay Guenther's motion to amend.

15   **II.   Having shown good cause exists to amend the complaint, no reason exists
            to deny the motion to amend under Rule 15.**

16        **A. The Defendants will not be prejudiced by Guenther's amended
               complaint.**

17

18        The Ninth Circuit will not deny a motion to amend absent an affirmative

19   showing of prejudice or bad faith. *Richardson v. United States,* 841 F.2d 993, 999

20

REPLY ISO MOTION TO AMEND
COMPLAINT – Page 6
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD**
**IGLITZIN &**
**LAVITT LLP**

(9th Cir.), amended, 860 F.2d 357 (9th Cir. 1988).[2] The Defendants argue that if Guenther's motion is granted, they will suffer prejudice due to a need to reopen discovery because they were not on notice that Guenther was seeking "monetary fees associated with" Guenther's "emotional distress." ECF No. 101 at 6, quoting ECF No. 95-2 at 14. [3]

This is incorrect. The Defendants have been on notice of Guenther's claims for emotional distress damages since the original complaint. See ECF No. 1, Ex. B at ¶ 4.8; ECF No. 48-1 at 3. Acting on that notice, the Defendants sought information about Guenther's intention to seek compensation for emotional distress, pain and suffering, and attorneys' fees over two years ago. *Supra* at 2. Then, over 15 months ago, the Defendants received further notice of Guenther's claims for damages via her initial disclosures, wherein Guenther disclosed she would seek damages

[2] The Defendants do not argue that Guenther's motion to amend is made in bad faith, or that the amendment is futile. ECF No. 101 at 6–7. They also do not make any timeliness argument with respect to Rule 15. *Id.*

[3] The Defendants' citation to *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) is inapplicable to this case. In *Lockheed Martin*, the Court found that the plaintiff's motion to amend was made in bad faith, would be prejudicial, and was futile, none of which apply here. *Id.*

REPLY ISO MOTION TO AMEND
COMPLAINT – Page 7
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    BARNARD
SEATTLE, WASHINGTON 98119    IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132    LAVITT LLP

associated with harms to her mental and emotional health. *Id.* As such, Defendants had more than one year and nine months from the time they first suspected the possibility of emotional distress damages to prepare for Guenther's May 13 and June 6, 2024, depositions. *See* ECF No. 1, Ex. B at ¶ 4.8; ECF No. 48-1 at 3; ECF No 97 at ¶ 4. They had more than ten hours to depose Guenther on any topic they chose, including her emotional distress. ECF No. 97, ¶ 4. To the extent Defendants are now dissatisfied with the depth in which they explored that particular topic, that regret is not the kind of prejudice courts recognize as grounds for denying an amendment.

### B. Defendants' authority regarding amendments to circumvent summary judgment does not apply here.

The Defendants also argue that amendment is inappropriate, speculating that Guenther wishes to avoid an adverse ruling on claims she hopes to drop from the complaint. ECF No. 101 at 6–7. Instead, Guenther seeks to narrow the issues before the Court now and forever, including at trial if necessary. The timing of the motion is made in good faith, as Guenther seeks to supersede the original Complaint in a timely manner before dispositive briefings so that the parties can focus only on contested issues.

The Defendants put significant weight on the Ninth Circuit's holding in *Acri v. IAM*, 781 F.2d 1393 (9th Cir. 1986). ECF No. 101 at 6. The case is inapplicable. In *Acri*, the plaintiffs sued a few unions for an alleged violation of the duty of fair representation under Section 301(a) of the Labor Management Relations Act. *Id.* at

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1396. The district court granted the unions' motion for summary judgment after

discovery was completed. *Id.* After oral argument on the summary judgment motion,

but before the district court granted the motion, plaintiffs sought leave to amend their

complaint to add a cause of action under a different statute (the Labor Management

Reporting and Disclosure Act of 1959), and to seek damages for emotional distress.

*Id.* The district court denied leave to amend, finding that amendment would be futile

and would result in substantial prejudice to the unions because it would necessitate

further discovery. *Id.* The Ninth Circuit affirmed because the late amendment

asserted "new theories" on previously known facts. *Id.* at 1398.

Unlike *Acri* where the plaintiffs tried to add a claim under a separate statute

after the court had entered judgment against them on their original claim, here

Guenther simply seeks to narrow the issues in dispute—and to do so **before** the

Court rules on the parties' forthcoming dispositive motions. Guenther is thus not

seeking to circumvent a summary judgment already rendered, like in *Acri*, but to

simplify summary judgment (and subsequent) proceedings.

### C. The Defendants' complaint that they have expended resources into its dispositive briefing is irrelevant and, in any event, unavailing.

The Defendants argue in a footnote that because they have already worked on

a forthcoming dispositive motion, Guenther's motion to amend should be denied. As

a matter of law, that argument is incorrect. *Owens v. Kaiser Found. Health Plan,*

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD IGLITZIN & LAVITT LLP

*Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (litigation expenses before proposed amendment cannot establish prejudice).

Even if the resources expended to date were relevant, it should not matter here. Defendants have only invested time into their briefing—including any time on the issues that Guenther wishes to eliminate through amending her complaint—based on their own priorities and motivations, and could have lessened their own workload by simply agreeing to Guenther's proposed motion to amend. Guenther's counsel sent defense counsel the proposed amendment on August 22, 2024, over a week before she filed her motion to amend. Dalmat Decl. at ¶ 2.

Finally, the Defendants argue that "the ruling on the forthcoming motion(s) for summary judgment may also obviate the need for any amendment." ECF No. 101 at 7. This chicken-and-egg argument has no bearing on Rule 15, which commands courts to grant leave to amend liberally.

## CONCLUSION

For the foregoing reasons, Plaintiff Guenther seeks leave of Court to amend her complaint to eliminate certain allegations and clarify certain other allegations.

RESPECTFULLY SUBMITTED this 20th day of September, 2024.

s/Darin M. Dalmat
Dmitri Iglitzin, WSBA No. 17673
Darin M. Dalmat, WSBA No. 51384
Gabe Frumkin, WSBA No. 56984
**BARNARD IGLITZIN & LAVITT LLP**
18 W Mercer St, Suite 400

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

Seattle, WA 98119
(206) 257-6003
iglitzin@workerlaw.com
dalmat@workerlaw.com
frumkin@workerlaw.com

Aaron Streepy, WSBA 38149
Jim McGuinness, WSBA 23494
Streepy Lemonidis Consulting & Law
Group, PLLC
2800 First Avenue, Suite 211
Seattle, WA 98121
Telephone: (253) 528-0278
Fax: (253) 528-0276
aaron@slglc.com
jim@mcguinnessstreepy.com

*Attorneys for Plaintiff Faye Guenther*

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

1

## DECLARATION OF SERVICE

I hereby certify that on the date noted below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

Ambika Kumar
Sara A. Fairchild
Davis Wright Tremaine LLP
920 Fifth Ave., Ste. 3300
Seattle, WA 98104
ambikakumar@dwt.com
sarafairchild@dwt.com

John A. DiLorenzo
Davis Wright Tremaine LLP
560 SW 10th Ave., Ste. 700
Portland, OR 97205
johndilorenzo@dwt.com

DATED this 20th day of September, 2024 at Seattle, Washington.

By: _____
Esmeralda Valenzuela, Paralegal

DECLARATION OF SERVICE
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400  **BARNARD**

SEATTLE, WASHINGTON 98119  **IGLITZIN &**

TEL 800.238.4231 | FAX 206.378.4132  **LAVITT LLP**