Dmitri Iglitzin, WSBA No. 17673
Darin M. Dalmat, WSBA No. 51384
Gabe Frumkin, WSBA No. 56984
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer St, Suite 400
Seattle, WA 98119
(206) 257-6003
iglitzin@workerlaw.com
dalmat@workerlaw.com
frumkin@workerlaw.com

Aaron Streepy, WSBA 38149
Jim McGuinness, WSBA 23494
Streepy Lemonidis Consulting & Law Group, PLLC
2800 First Avenue, Suite 211
Seattle, WA 98121
Telephone: (253) 528-0278
Fax: (253) 528-0276
aaron@slglc.com
jim@mcguinnessstreepy.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

FAYE IRENE GUENTHER, an individual,

Plaintiff,

v.

JOSEPH H. EMMONS, individually, and OSPREY FIELD CONSULTING LLC, a limited liability company,

Defendants.

No. 2:22-cv-00272-TOR

**DECLARATION OF COUNSEL DARIN M. DALMAT IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT**

DALMAT DEC ISO REPLY ISO MOTION TO AMEND– Page 1
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

I, Darin M. Dalmat, hereby declare and state as follows:

1. I am one of the attorneys representing Plaintiff Faye Irene Guenther.

2. On Thursday, August 22, 2024, at 11:40 a.m., I sent counsel for Defendants—John DiLorenzo, Ambika Kumar, and Sara Fairchild—an email with an attachment. The email said:

> Dear John, Ambika, and Sara,
>
> I write on behalf of Faye Guenther to seek your consent, pursuant to Fed. R. Civ. P. 15(a)(2), to amend the complaint as reflected in the attachment (which shows track-changed edits as compared to the original complaint). As you'll see, the amendment is intended to simplify the case by making clear that Ms. Guenther no longer pursues her defamation and false light claims based on the sentence in the flyer regarding Ms. Guenther's alleged role viz-a-viz Mr. Renner. Although she continues to believe that assertion is false and defamatory, she wishes to simplify the remaining proceedings in this case by focusing on the prior sentence in the flyer relating to assertions regarding Ms. Guenther's alleged role viz-a-viz Mr. Gonzalez and Mr. Hines.
>
> The remaining edits are mostly either technical updates (conforming with the removal and subsequent rulings of the Court) or minor updates reflecting the discovery record.
>
> Please let me know if you'd like to discuss. Otherwise, we'd appreciate your position by no later than next Wednesday, August 28.
>
> Thank you,
>
> Darin

3. The attachment contained the amended complaint Plaintiff Guenther was proposing. It showed, in track changes compared to the original complaint, the changes Guenther proposed.

DALMAT DEC ISO REPLY ISO MOTION TO AMEND– Page 2
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD IGLITZIN & LAVITT LLP

1    4.    The August 22, 2024, attachment is nearly identical to Exhibit 1 to Plaintiff's August 30, 2024, motion to amend. *See* ECF No. 95, pp. 17–38. The only change, I believe, between the August 22 proposal and the August 30 submission is that I corrected some redundant language in a paragraph, which I noticed while preparing the motion to amend for filing.

    5.    On August 26, 2024, I conferred with John DiLorenzo—one of Defendants' counsel—for about 20 minutes regarding Guenther's proposed amendment.

    6.    Among other things, Mr. DiLorenzo conveyed that Defendants opposed the proposed amendment because it expanded the damages she sought.

    7.    I responded that I was surprised by that position because our intent was to add nothing new, narrow the complaint, and simply conform the amendment to prior pleadings and the deposition testimony already given. I asked him to clarify which portion of the complaint he believed added new damages claims.

    8.    Mr. DiLorenzo pointed me to paragraphs 3.48 and 4.3. In particular, he said the assertion of "emotional distress" damages was new as was the assertion that the challenged statements interfered with Guenther's "ability to perform her role as president."

    9.    I responded that I thought the emotional distress claim was not new and, in fact, had been covered in some detail at the deposition.

Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400  **BARNARD**
SEATTLE, WASHINGTON 98119  **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132  **LAVITT LLP**

10. After the telephone call, I reviewed Guenther's initial disclosures to see what kind of damages she had disclosed. I did so to confirm for myself that the amendment was not expanding the damages Guenther claimed.

11. I attach as **Exhibit A** a true and correct copy of Guenther's initial disclosures, which were served on defendants on July 13, 2023, and which Mr. DiLorenzo filed as an exhibit to his May 3, 2024, declaration. *See* ECF No. 48.

12. In pertinent part, Guenther's disclosures state:

> Plaintiff's damages are reputational, potentially affecting future employment opportunities, affecting her current standing with Local 3000 members, affecting her professional relationships with UFCW members and officials, affecting her personal relationships, as well as her mental and emotional health that are difficult to compute and are questions for a jury to determine. Plaintiff's damages also include past and future non-economic damages including pain and suffering and mental anguish. Such claims do not require computation of damages as they are questions left to a jury. *EEOC v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637 (E.D. Wash. 2011) citing *Anderson v. United Parcel Services*, 2010 WL 4822564, *10, note (D.Kan. Nov. 22, 2010) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)").

13. Defendants took the depositions in March 2024 of several people who raised complaints against Eric Renner. Specifically, they took Lauren Fish's deposition on March 11, 2024; Alex Garcia's deposition on March 12, 2024; and Adam Jackson's deposition on March 11, 2024.

DALMAT DEC ISO REPLY ISO MOTION TO AMEND– Page 4
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

14. From my review of the files in this case, I understand that Guenther first came to appreciate that proving the falsity of the flyer's Renner-related accusations would require mini-trials through the course of those March 2024 depositions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 20th day of September, 2024.

<u>s/Darin M. Dalmat</u><br>
Darin M. Dalmat, WSBA No. 51384<br>
18 W Mercer St, Suite 400<br>
Seattle, WA 98119<br>
(206) 257-6028<br>
dalmat@workerlaw.com

DALMAT DEC ISO REPLY ISO MOTION TO AMEND– Page 5
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

# DECLARATION OF SERVICE

I hereby certify that on the date noted below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

Ambika Kumar
Sara A. Fairchild
Davis Wright Tremaine LLP
920 Fifth Ave., Ste. 3300
Seattle, WA 98104
ambikakumar@dwt.com
sarafairchild@dwt.com

John A. DiLorenzo
Davis Wright Tremaine LLP
560 SW 10th Ave., Ste. 700
Portland, OR 97205
johndilorenzo@dwt.com

DATED this 20th day of September, 2024 at Seattle, Washington.

By: *[signature]*
Esmeralda Valenzuela, Paralegal

DECLARATION OF SERVICE
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD IGLITZIN & LAVITT LLP

# EXHIBIT A

# TO

# DECLARATION OF COUNSEL DARIN M. DALMAT IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT

|   |   |   |
|---|---|---|
| 1 |   | HON. THOMAS O. RICE |
| 2 | Aaron Streepy, WSBA #38149 | |
| 3 | James G. McGuinness, WSBA #23494<br>STREEPY LAW, PLLC | |
|   | 4218 227th Ave Ct. East | |

Aaron Streepy, WSBA #38149
James G. McGuinness, WSBA #23494
STREEPY LAW, PLLC
4218 227th Ave Ct. East
Buckley, WA 98321
Tel: 253-528-0278

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

FAYE IRENE GUENTHER,
an individual,

           Plaintiff,

  v.

JOSEPH H. EMMONS, individually,
AND OSPREY FIELD CONSULTING
LLC, a limited liability company,

           Defendants.

No. 2:22-cv-00272-TOR

PLAINTIFF'S RULE 26(a)(1)
INITIAL DISCLOSURES

Plaintiff's Initial Disclosures
Case No. 2:22-cv-00272-TOR

17

Streepy Law, PLLC
Attorneys
4218 227th Ave Ct East, Buckley, WA 98321
Telephone (253) 528-0278

Pursuant to Federal Rule of Civil Procedure 26, Faye Irene Guenther by and through her undersigned counsel makes the following initial disclosures to Defendants in the above-captioned matter. These initial disclosures are based on the information reasonably available to the disclosing party at this time and are made without waiving any objections including as to relevance, materiality, or admissibility of evidence in the action. Plaintiff reserves the right to amend, revise, clarify or supplement these disclosures in future discovery responses and/or as required by Federal Rule of Civil Procedure 26(e).

I.   **Individuals likely to have discoverable information supporting Plaintiff's claims:**

**Faye Irene Guenther** is the plaintiff in this matter and has firsthand knowledge of the majority of the allegations in her Complaint and the circumstances surrounding the merger of UFCW 1439 and UFCW 21, liability and damages. She may be contacted through her counsel of record:

c/o Aaron Streepy, counsel

Streepy Law, PLLC

4218 227th Ave Ct. East, Buckley, WA 98321

Phone: 253-528-0278

**Joseph Emmons** is a Defendant in this action and is the owner of Osprey Field Consulting. Plaintiff is informed and believes he has knowledge of facts related to the publication of the flyer and other statements about Plaintiff, efforts to determine the truth or falsity of information published, the motivation for

PLAINTIFF'S INITIAL DISCLOSURES
Case No. 2:22-cv-00272-TOR - 1

1  publishing such statements, and the identities of probable co-defendants. Emmons
2  may be contacted through counsel of record.

3  **Defendant Osprey Field Consulting's corporate representative**.
4  Defendant Osprey Field Consulting is likely to have information relevant to the
5  circumstances and motivations surrounding the publication of the flyer. Defendant
6  Osprey Field Consulting can be contacted through its counsel of record.

7  **Michael Selvaggio** is a friend and former employer of Defendant Joseph
8  Emmons. Selvaggio is believed to be the former owner of Osprey Field Consulting
9  and to have knowledge related to the payment for and production and distribution
10 of flyers. Selvaggio is believed to be the owner of Ridgelark Strategies LLC.
11 Plaintiff is only aware of Ridgelark's e-mail address (info@ridgelark.com).

12 **Ridgelark Strategies LLC** is a political consulting, advocacy and strategic
13 communications company which performs work for UFCW Local 555 and is
14 believed to have knowledge related to the payment for and production and
15 distribution of flyers and other content. Plaintiff is only aware of Ridgelark's e-
16 mail address (info@ridgelark.com).

17 **Dan Clay** is the President of UFCW Local 555 and a Vice President to the
18 UFCW International Union and is believed to have knowledge related to the
19 motivation, payment for, and production and distribution of flyers.
20    Phone: 503-888-8162
21    Work Address: 7095 SW Sandburg St, Tigard OR
22    Email: dclay@ufcw555.org
23 PLAINTIFF'S INITIAL DISCLOSURES
   Case No. 2:22-cv-00272-TOR - 2

Streepy Law, PLLC
Attorneys
4218 227th Ave Ct East, Buckley, WA 98321
Telephone (253) 528-0278

**Esai Alday** is an employee of UFCW 555 believed to have knowledge related to the motivation, payment for, and production and distribution of flyers.

Phone: 503-684-2822

Work Address: 7095 SW Sandburg St, Tigard OR

**Miles Eshaia** is the communications director of UFCW Local 555 and is believed to have knowledge related to the motivation, payment for, and production and distribution of flyers.

Work Address: 7095 SW Sandburg St, Tigard OR

**Jessica Roach** was a member of UFCW Local 367 who re-published the flyer and may have information relevant to facts involving publication of the flyer, damages and liability. Plaintiff does not have contact information.

**Eric Renner** is the former President of UFCW 1439, a current employee of UFCW 3000, and an individual named in the flyer that is likely to have information and knowledge supporting Plaintiff's claims, as well as information related to the time and place of publication of the flyer. He can be contacted through his counsel:

c/o William Gilbert, counsel

421 West Riverside Ave., Suite 353, Spokane, WA 99201

Phone: 509-321-0750

**Jeff Anderson** is a former officer of UFCW Local #555 and former friend and acquaintance of Defendant Emmons. Disclosing party believes he is likely to have knowledge about the facts and circumstances relevant to this action, including

PLAINTIFF'S INITIAL DISCLOSURES
Case No. 2:22-cv-00272-TOR - 3

Defendants' actions taken to publish the flyer, statements Defendants made in connection with publishing the flyer and relationship with others involved in publishing the flyer.

    Phone: 503-551-8199

    Address: 3445 Willamette Dr. N., Keizer, OR 97303

    Email: jeff@jefflanderson.com

**Todd Crosby** is the former Region 7 Director and Organizing Director for the United Food and Commercial Workers International Union, former UFCW 21 President, and a current UFCW 3000 employee. He is likely to have information and knowledge about the facts and circumstances relevant to this action, including details of statements made by Dan Clay, as well as information related to the truth or falsity of claims made in the flyer.

    Address: 15911 19th Ave SW, Burien WA 98166

    Phone: 206-349-5735

    Email: tcrosby@ufcw3000.org

**Kate Meckler** is an employee and Regional Director for the UFCW International Union. She was previously the trustee of UFCW Local 367 and Region 7 Director. It is believed she has information related to statements published by the defendants including the hiring of Mike Hines by UFCW Local 367.

    Phone: 202-406-0901

    Email : kmeckler@ufcw.org

PLAINTIFF'S INITIAL DISCLOSURES
Case No. 2:22-cv-00272-TOR - 4

**Angel Gonzalez** is the former President of UFCW Local 367 and a former employee of the UFCW International Union. Plaintiff believes he is likely to have information and knowledge regarding the truth or falsity of claims made in the flyer. Plaintiff does not have any current contact information, but last known address was: 3012 Sunset Drive West, University Place, WA 983466. Last known phone number was 253-906-9046.

**Scott Powers** is a representative of employers such as Fred Meyer, QFC, Albertsons and Safeway that have bargaining relationships with UFCW Locals 555, 367 and 3000. Plaintiff believes Powers may have information related to the truth or falsity of claims made in the flyer.

Work Address: 811 Kirkland Ave, Suite 100, Kirkland, WA 98033

Phone: 425-828-9201; 425-446-8897

Email: spowers@alliedemployers.org

**Becky Ewell** was a member of UFCW Local 1439 working at the Safeway store #3248 who is likely to have knowledge about the delivery and distribution of the flyer. Contact information unknown.

**Jeff Hofstader, Joe Mizrahi and Maria Milliron** were officers of UFCW 1439 or 21 in December 2021 who may have knowledge related to claims in the flyer and merger discussions. They can be contacted through the counsel of record for the Unions (Aaron Streepy or Jim McGuinness).

**Matthew Everheart, Mark Hanson and Michelle Erdahl** are members who contacted UFCW Local 1439 about flyers being distributed to their work sites.

PLAINTIFF'S INITIAL DISCLOSURES
Case No. 2:22-cv-00272-TOR - 5

Everheart and Erdahl contact information unknown. Mark Hanson is now an employee of UFCW Local 3000 and can be contacted through counsel of record for UFCW 3000 (Aaron Streepy or Jim McGuinness).

**Sarah Cherin** is an employee of UFCW 3000 and was an employee of UFCW 21 who is believed to have knowledge regarding the truth or falsity of claims made in the flyer. She can be contacted through counsel of record for UFCW 3000 (Aaron Streepy or Jim McGuinness).

**Executive board members** of UFCW Local 1439 in December 2021 are likely to have knowledge regarding discussions related to claims in the flyer and merger discussions. They can be individually identified and contacted through the counsel of record for the Union (Aaron Streepy or Jim McGuinness).

**Executive board members** of UFCW Local 21 in December 2021 are likely to have knowledge regarding discussions related to claims in the flyer and merger discussions. They can be individually identified and contacted through the counsel of record for the Union (Aaron Streepy or Jim McGuinness).

**Lance Van Landuyt** is a member of UFCW Local 3000 that works in Shoreline, Washington at a Fred Meyer store. He has knowledge and information regarding the distribution of the flyer. His email address is timerbwolf10@comcast.net.

**Alfred Johnson** is a private investigator whose work may be subject to privilege and the work product doctrine, but who may have knowledge and

PLAINTIFF'S INITIAL DISCLOSURES
Case No. 2:22-cv-00272-TOR - 6

information regarding the distribution of the flyer. He can be contacted through counsel of record for the disclosing party (Aaron Streepy or Jim McGuinness).

**Sean Barclay** is an employee of UFCW International that plaintiff believes has information and knowledge related to the publication, motivation, and facts related to claims made by Defendants. Barclay's phone number is 972-523-9229 and email is sbarclay@ufcw.org.

Plaintiff also lists any and **all witnesses identified by Defendants** in their initial disclosures.

Plaintiff reserves the right to identify additional witnesses who become known through discovery.

Plaintiff reserves the right to identify expert witnesses and custodians of records whose identities become known through further discovery and trial preparation.

## II. Documents and Things in the Possession, Custody and Control of Plaintiff.

Plaintiff sets forth below a description of the non-privileged documents, electronically-stored information (ESI), and tangible things that Plaintiff has in her possession, custody, and/or control and that Plaintiff may use to support her claims, except those items that will be used solely for impeachment. Plaintiff will make these non-privileged documents, ESI, and tangible things available for inspection, in accordance with the applicable rules. Except where noted differently,

PLAINTIFF'S INITIAL DISCLOSURES
Case No. 2:22-cv-00272-TOR - 7

the following are kept in the possession of the Plaintiff, at her principal place of business or at counsel of record's office.

- Correspondence including email and/or text messages with Angel Gonzalez regarding hiring of Mike Hines, decisions made by UFCW 367 in bargaining, concerning interactions between locals generally, and "relationship summit" to resolve leadership disagreements.
- Correspondence including email and/or text messages with Kate Meckler regarding hiring of Mike Hines, interactions between locals generally, and "relationship summit" with Angel Gonzalez.
- Correspondence including email and/or text messages with Joe Mizrahi regarding resignation of Mike Hines, relationship with Locals 367, 555 and 1439, interactions with Angel Gonzalez, "relationship summit," merger with UFCW 1439, and the facts surrounding the distribution of the flyer.
- Correspondence including email and/or text messages with Dan Clay regarding relationship between UFCW locals, and bargaining decisions by UFCW 367 and 555.
- Correspondence including email and/or text messages with Mike Hines regarding resignation from UFCW Local 21, relationship between the Locals, and resignation of Angel Gonzalez.
- Correspondence by text message with Frank Jorgensen regarding Angel Gonzalez resignation.

PLAINTIFF'S INITIAL DISCLOSURES
Case No. 2:22-cv-00272-TOR - 8

Streepy Law, PLLC
Attorneys
4218 227th Ave Ct East, Buckley, WA 98321
Telephone (253) 528-0278

- Correspondence by text message and/or email with Scott Powers regarding Angel Gonzalez resignation.
- Correspondence by text message and/or email with Sarah Cherin regarding Angel Gonzalez resignation and other assertions made in the flyer.
- Email and text messages with Eric Renner regarding motivation for and merger of UFCW Locals 1439 and 21, distribution of the flyers, reports by members and response to flyers.
- General communications from Local 21 to membership regarding motivations for merger.
- Social Media communications from disclosing party supporting merger.
- Disclosing party's calendar from the relevant time period.
- Photos of the flyer distributed by hand.
- Photos of the flyer distributed by mail.
- Photos of the envelopes used to mail the flyers.
- Declaration of Jeff Anderson regarding Defendants' motivation for and distribution of the flyers.
- Correspondence by text and/or email with Jeff Anderson regarding motivation for and distribution of the flyers.
- Screen capture of social media posts by UFCW Local 367 members in response to Defendants' publication and distribution of flyers.
- Copy of email from person claiming to be retired employee named "Collin Farthingworth" repeating claims from the flyer.

PLAINTIFF'S INITIAL DISCLOSURES
Case No. 2:22-cv-00272-TOR - 9

Streepy Law, PLLC
Attorneys
4218 227th Ave Ct East, Buckley, WA 98321
Telephone (253) 528-0278

- Correspondence with Lance Van Landuyt regarding publication of the flyer.
- Official complaint against Faye Guenther by Vanessa Giles based on allegations in flyer. Correspondence with UFCW International Union and Vanessa Giles regarding complaint against Faye Guenther.
- Store surveillance videos showing the delivery and distribution of the flyer.
- Plaintiff's texts and communications regarding Angel Gonzalez's departure from UFCW Local 367.
- Correspondence with Eric Renner regarding potential merger of local unions.
- Merger related documentation including the merger agreement, request to the International Union for merger talks approval, merger approval from the International Union, communications to members regarding merger votes and procedures.
- Executive Board Minutes from December 14, 2021 meetings where the merger was approved. These documents are stored by UFCW 3000.
- Communications with International Union regarding complaints against Faye Guenther by Dan Clay and UFCW Local 367's bargaining with UFCW Local 555.

### III. Computation of Each Category of Damages Claimed by Plaintiff.

Plaintiff's damages are reputational, potentially affecting future employment opportunities, affecting her current standing with Local 3000 members, affecting her professional relationships with UFCW members and officials, affecting her

PLAINTIFF'S INITIAL DISCLOSURES
Case No. 2:22-cv-00272-TOR - 10

Streepy Law, PLLC
Attorneys
4218 227th Ave Ct East, Buckley, WA 98321
Telephone (253) 528-0278

personal relationships, as well as her mental and emotional health that are difficult to compute and are questions for a jury to determine. Plaintiff's damages also include past and future non-economic damages including pain and suffering and mental anguish. Such claims do not require computation of damages as they are questions left to a jury. *EEOC v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637 (E.D. Wash. 2011) citing *Anderson v. United Parcel Services*, 2010 WL 4822564, *10, note (D.Kan. Nov. 22, 2010) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)").

Plaintiff will make available for inspection, in accordance with the applicable rules, non-privileged documents in her possession, custody, and control that supports her contention with respect to the computation of damages.

### IV. Potentially Applicable Insurance Agreement

Plaintiff is not aware of any relevant insurance agreement.

By: *s/*  
Aaron Streepy, WSBA 38149  
Jim McGuinness, WSBA 23494  
STREEPY LAW, PLLC  
4218 227th Ave Ct. East  
Buckley, WA 98321  
Telephone: (253) 528-0278  
Fax: (253) 528-0276  
aaron@mcguinnessstreepy.com  
jim@mcguinnessstreepy.com

PLAINTIFF'S INITIAL DISCLOSURES  
Case No. 2:22-cv-00272-TOR - 11

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July 2023, copies of the foregoing Initial Disclosures were served upon defendants Joseph H. Emmons and Osprey Field Consulting, LLC via email as indicated:

**DAVIS WRIGHT TREMAINE LLP**

Sara Fairchild (SaraFairchild@dwt.com)

John DiLorenzo (JohnDiLorenzo@dwt.com)

Ambika Kumar (AmbikaKumar@dwt.com)

By: *s/* _____
Aaron Streepy, WSBA 38149

PLAINTIFF'S INITIAL DISCLOSURES
Case No. 2:22-cv-00272-TOR - 12

Streepy Law, PLLC
Attorneys
4218 227th Ave Ct East, Buckley, WA 98321
Telephone (253) 528-0278

29