1  Ambika Kumar, WSBA #38237
   Sara A. Fairchild, WSBA #54419
2  DAVIS WRIGHT TREMAINE LLP
   920 Fifth Avenue, Suite 3300
3  Seattle, WA  98104-1610
   Telephone: 206.622.3150
4  Facsimile: 206.757.7700

5  John A. DiLorenzo (*pro hac vice*)
   DAVIS WRIGHT TREMAINE LLP
6  560 SW 10th Ave, Suite 700
   Portland OR 97205
7  Telephone: (503) 241-2300
   Fax: (503) 778-5299

8

9

10                IN THE UNITED STATES DISTRICT COURT
11          FOR THE EASTERN DISTRICT OF WASHINGTON
                            AT SPOKANE
12

13  FAYE IRENE GUENTHER,
    an individual,
14                                          No. 2:22-cv-00272-TOR
                          Plaintiffs,
15                                          **DEFENDANTS' STATEMENT
          v.                                OF MATERIAL FACTS NOT IN
16                                          DISPUTE IN SUPPORT OF
    JOSEPH H. EMMONS, individually,         MOTION FOR SUMMARY
17  AND OSPREY FIELD CONSULTING             JUDGMENT**
    LLC, a limited liability company,
18                                          **December 5, 2024
                          Defendants.       With Oral Argument: 9:00 a.m.**
19

20

21

22

23

DEFENDANTS' STATEMENT OF UNDISPUTED
MATERIAL FACTS
Case No. 2:22-cv-00272-TOR

Pursuant to Local Civil Rule 56(c)(1)(A), Defendants Joseph Emmons and Osprey Field Services LLC (collectively "Emmons," unless otherwise noted) submit the following Statement of Material Facts Not in Dispute in support of Emmons's Motion for Summary Judgment.

Unless otherwise noted, the below-cited deposition transcript excerpts are attached to the Declaration of John A. DiLorenzo, Jr. in Support of Defendants' Motion for Summary Judgment ("DiLorenzo Decl.") as follows:

**Exhibit A** is from the deposition of Plaintiff Faye Guenther, which took place on May 13, 2023 ("Guenther I Tr.").

**Exhibit B** is from the continued deposition of Guenther, which took place on June 6, 2023 ("Guenther II Tr.").

**Exhibit C** is from the deposition of Michael Selvaggio ("Selvaggio Tr.").

**Exhibit D** is from the deposition of Joseph Emmons ("Emmons Tr.").

**Exhibit E** is from the deposition of Laurel Fish ("Fish Tr.").

**Exhibit F** is from the deposition of Adam Jackson ("Jackson Tr.").

**Exhibit G** is from the deposition of Alex Garcia ("Garcia Tr.").

**Exhibit H** is from the deposition of Jeffrey Anderson ("Anderson Tr.").

## I.    The Parties

### A.    Plaintiff Faye Guenther

1.    Guenther is the President of United Food and Commercial Workers ("UFCW") Local 3000.  Guenther I Tr. 28:4–8, 76:21–24; ECF No. 1-2 ¶ 1.2.

2.    UFCW 3000 was formed through the merger of two UFCW locals, UFCW 21 and UFCW 1439.  DiLorenzo Decl. Ex. I at 0000158.

DEFENDANTS' STATEMENT OF UNDISPUTED
MATERIAL FACTS
Case No. 2:22-cv-00272-TOR - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

3.      Prior to the merger, Guenther was President of UFCW 21.  Guenther I Tr. 20:6–21:8.

4.      Guenther began working for UFCW 21 in 2008 and became President of UFCW 21 in May 2019.  Guenther I Tr. 17:9–11, 20:6–8.

5.      As UFCW 21 President, Guenther supervised approximately 112 UFCW 21 staff members.  Guenther I Tr. 37:12–21.

**B.      Defendants Joseph Emmons and Osprey Field Services LLC**

6.      Emmons and his company, Osprey Field Services LLC ("Osprey"),[1] provide community outreach services, which has included distributing clients' informational materials for various campaigns.  Declaration of Joseph H. Emmons in Support of Defendants' Motion for Summary Judgment ("Emmons Decl.") ¶¶ 1–2; Emmons Tr. 50:20–51:20.

7.      The subject matter of the materials Osprey has been hired to distribute have included, for example, ballot initiatives, public concerns, and recall elections.  Emmons Decl. ¶ 2; Emmons Tr. 50:20–51:20.

8.      Osprey's clients provide all written material Osprey distributes, and Osprey does not create the written materials it distributes or participate in developing the content of those materials.  Emmons Decl. ¶ 3; Emmons Tr. 50:20–51:20.

**II.      Complaint Letter Against Renner**

9.      On September 13, 2021, a letter of concern regarding the UFCW 1439 President, Eric Renner, was emailed to UFCW 1439 Executive Board Members and

---

[1] The Complaint incorrectly names "Osprey Field Consulting LLC."

DEFENDANTS' STATEMENT OF UNDISPUTED
MATERIAL FACTS
Case No. 2:22-cv-00272-TOR - 2

UFCW International Leadership. DiLorenzo Decl. ¶ 24 & Ex. W ("Complaint Letter"); Jackson Tr. 25:13–26:8, 99:13–16.

10.     The five-page Complaint Letter raised concerns about what it described as Renner's "abuse of power" and provided examples of such abuses, including instances where the letter stated Renner "commented repeatedly about female staff members and International Union officers 'big butts,'" "encouraged male employees to imagine a specific female employee engaged in sex acts," "bragged … about having [sexual] relationships with members," asked a male employee whether he had "hit that yet" in reference to a female employee, and used "homophobic language" to "mock[] [an employee's] mannerisms." DiLorenzo Decl. ¶ 24 & Ex. W at 008003–07; Jackson Tr. 25:13–26:8; Fish Tr. 24:4–22; *see also* ECF No. 51-4 at 54:11–55:14 (behavior described in complaint letter constituted "sexual harassment").

11.     The Complaint Letter was signed by seven individuals, who were then-current and former employees of UFCW 1439: Adam Jackson (Organizing Director), Laurel Fish (Organizer & Director of Strategic Campaigns), Katie Dugger (Membership Services/Organizer), Sandra Huggins (former Benefits Director), Leslie Cowin (former Membership Services/Administrative Assistant), Amy Poston (former Office Assistant/Administrative Assistant), and Austin DePaolo (former Organizer & Business Representative) (collectively "Complainants"). DiLorenzo Decl. ¶ 24 & Ex. W at 008007; Jackson Tr. 25:13–26:8.

12.     Between approximately September 22, 2021, and early October 2021, Plaintiff's counsel Aaron Streepy investigated the Complaint Letter's claims and

DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS
Case No. 2:22-cv-00272-TOR - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

drafted settlement agreements with nondisclosure provisions, which the Complainants, Renner, UFCW 1439, and others signed. *See* ECF No. 51-2 at 006047 (September 15, 2021, email from Streepy stating he "anticipate[d] beginning" meeting with Complainants the following Wednesday); ECF No. 51-3 at 006226 (October 4, 2021 email from Streepy with settlement agreements); ECF No. 51-1 ("NDAs").

13.    The NDAs include the following provisions: "Renner shall resign his position with UFCW 1439 effective April 1, 2022," and "Renner agrees not to run for UFCW 1439 office in the future." *See, e.g.*, ECF No. 51-1 at 006001.

## III.    The Merger Between UFCW 21 and UFCW 1439

### A.    Preliminary Discussions

14.    On or around September 30, 2021, Renner asked Guenther to consider a merger between UFCW 21 and UFCW 1439. Guenther I Tr. 58:2–4, 59:19–25.

15.    Guenther responded that she was interested in a merger. Guenther I Tr. 59:19–60:4.

16.    At the time, UFCW 1439 had approximately 7,800 members who were primarily located in Eastern Washington. Guenther I Tr. 55:6–8, 61:6–8.

17.    UFCW 21 had approximately 44,000 members who were primarily located across Washington. Guenther I Tr. 55:6–12; 61:6–10.

18.    Collectively UFCW 1439 and UFCW 21 represented workers in industries such as grocery, health care, packing and processing, and retail, among others. DiLorenzo Decl. Ex. K.

DEFENDANTS' STATEMENT OF UNDISPUTED
MATERIAL FACTS
Case No. 2:22-cv-00272-TOR - 4

19.     Before engaging in formal merger discussions, Guenther and Renner needed permission from UFCW International to do so.  Guenther I Tr. 62:22–63:3.

20.     In October 2021, Guenther and Renner communicated regularly, including by text message and by phone.  DiLorenzo Decl. ¶ 13 & Ex. L at 30028–32; Guenther II Tr. 30:16–31:16, 34:18–38:24.

21.     On October 20, 2021, Renner sent Guenther a text message about reaching out to Kate Meckler.  DiLorenzo Decl. ¶ 13 & Ex. L at 30030; Guenther II Tr. 30:16–31:7, 36:3–11.

22.     Kate Meckler was a UFCW regional director.  Guenther I Tr. 124:23–25, 158:13–14; Guenther II Tr. 36:3–11.

23.     Meckler needed to "release" the merger request before UFCW International would approve formal merger discussions, and Guenther was concerned that Meckler would oppose the merger.  Guenther I Tr. 161:24–162:9; Guenther II Tr. 36:20–25.

24.     On October 20, 2021, Guenther responded to Renner, stating in part:

> I think we should meet with Aaron first and then maybe call her that day? That way we have all our best arguments written down and vetted
>
> Kate may try to mess with things…hopefully not…so maybe we can ask Aaron to draft up top 10 reasons or something. And then specifically ask for her support.
>
> And we should have a letter ready to go asap after we talk with her to full exec committee.

DiLorenzo Decl. ¶ 13 & Ex. L at 30029–30; Guenther II Tr. 30:16–31:7, 36:3–25.

25.     On October 21, 2021, Plaintiff's counsel Jim McGuinness emailed Guenther an example of a letter seeking UFCW International's approval for formal

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

merger discussions in another proposed merger.  ECF No. 48-11 at 006016, 006015. McGuinness's cover email stated in part, "Obviously, we could beef it up for this situation with all the reasons a merger makes sense."  *Id.* at 006016.

26.    Also on October 21, 2021, Guenther emailed Renner an example "Union Merger Agreement" that McGuinness had provided to her.  ECF No. 48-12 at 006014, 006011–13.

27.    On October 27, 2021, Guenther, Renner, Streepy, and Joe Mizrahi (UFCW 21's Secretary-Treasurer) met and drafted a letter to UFCW International requesting permission to engage in formal merger discussions, which Guenther and Renner signed.  Guenther I Tr. 60:11–20, 65:6–67:13, 157:19–158:1; DiLorenzo Decl. ¶ 15 & Ex. N.

28.    Guenther then hand delivered the letter to Kate Meckler, who reports to UFCW International President Marc Perrone.  Guenther I Tr. 157:19–159:4; DiLorenzo Decl. ¶ 15 & Ex. N.

29.    On October 30, 2021, Guenther texted Renner, "I have meeting set with Perrone," and Renner responded: "Great news, work your magic!"  DiLorenzo Decl. ¶ 13 & Ex. L at 030029, 030028; Guenther II Tr. 30:16–31:7.

30.    On November 2, 2021, Guenther met in person with UFCW International's president, Marc Perrone, at a meeting arranged by Guenther. DiLorenzo Decl. Ex. O; Guenther I Tr. 67:20–25.

31.    At the November 2, 2021 meeting, Guenther sought Perrone's support for the merger.  Guenther I Tr. 62:22–63:3, 67:14–25, 159:5–13.

DEFENDANTS' STATEMENT OF UNDISPUTED
MATERIAL FACTS
Case No. 2:22-cv-00272-TOR - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

32.    Guenther also asked Shaun Barclay, UFCW 21's former regional director, to speak with Perrone about the benefits of the merger.    Guenther I Tr. 163:3–24.

**B.    Formal Merger Discussions & Executive Board Approval**

33.    On December 2, 2021, UFCW International gave its approval for UFCW 21 and UFCW 1439 to engage in formal merger discussions.    Guenther I Tr. 161:20–162:22; DiLorenzo Decl. ¶ 17 & Ex. P.

34.    Guenther helped prepare a merger agreement, which Guenther and Renner signed.    Guenther I Tr. 69:19–70:19; DiLorenzo Decl. Ex. I.

35.    Under the merger agreement, Guenther would be president of the new union formed through the merger.    DiLorenzo Decl. Ex. I.

36.    Under a "side agreement," Renner would be an employee of the new union.    DiLorenzo Decl. ¶ 14 & Ex. M at 001027; Guenther I Tr. 84:7–25; Guenther II Tr. 43:2–25, 49:20–50:4.

37.    Before Guenther recommended the proposed merger to UFCW 21's Executive Board, Guenther and Renner agreed that the new union would employ Renner.    Guenther I Tr. 84:7–25.

38.    On December 8, 2021, Renner stated in a text message to Guenther: "Scott H. has reviewed merger agreement. Larry Hall supports the merger and will put his name to it. Train is rolling!!!!!" DiLorenzo Decl. ¶ 13 & Ex. L at 30025; Guenther II Tr. 30:16–31:7.    Guenther responded: "Yes!!!! That is so awesome!" *Id.*

DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS
Case No. 2:22-cv-00272-TOR - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

39.    On December 12, 2021, Renner told Guenther that two individuals "were both very impressed by [her] and are in full support!"  DiLorenzo Decl. ¶ 13 & Ex. L at 30022; Guenther II Tr. 30:16–31:7.  Guenther responded: "That is great news! Now I have to get my board all in order!"  *Id.*

40.    On December 14, 2021, Guenther led a discussion with the UFCW 21 Executive Board, in which she advocated in favor of the merger.  Guenther I Tr. 60:24–62:12; DiLorenzo Decl. Ex. Q at 006002–03.

41.    On December 14, 2021, the UFCW 21 Executive Board approved the proposed merger.  Guenther I Tr. 61:19–21, 97:19–25.

42.    The UFCW 1439 Executive Board also approved the proposed merger on the same day.  *Id.*

43.    When Guenther spoke with the UFCW 21 Executive Board on December 14, 2021, Guenther knew "there … had been an internal conflict [at UFCW 1439]" involving Renner that "had been resolved amongst all parties with nondisclosure and … confidentiality agreements," and that Renner was prohibited from "directly supervis[ing] any employees."  Guenther I Tr. 71:13–18, 93:12–94:20, 99:5–14, 167:21–168:9; DiLorenzo Decl. ¶ 14 & Ex. M at 001027; Guenther II Tr. 49:20–50:4; DiLorenzo Decl. Ex. Q at 006002–03.

44.    Guenther did not tell the UFCW 21 Executive Board about the claims against Renner, the nondisclosure agreements, Renner's agreement to resign, or that Renner was not allowed to supervise people.  Guenther I Tr. 83:6–84:6.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### C.    Member Vote

45.    On December 17, 2021, UFCW 1439 formally announced the merger vote to its members.  DiLorenzo Decl. Ex. X at 0000168.

46.    On January 6, 2022, UFCW 21 formally announced the merger vote to its members.  DiLorenzo Decl. Ex. Y at 0000151.

47.    Between January 6 and 20, 2022, UFCW 1439 members voted on the proposed merger.  DiLorenzo Decl. Ex. X at 000168; Guenther I Tr. 97:19–25.

48.    On January 5, 2022, the day before UFCW 1439 members began voting, Guenther stated in an email to Renner and others that her staff "are going to fly to Spokane tomorrow and provide any support needed to 1439," "onboard [a UFCW 21 staff member] to help from tomorrow until January 20 to ensure we have what we need for all votes," and "can also help … with anything … including … vote support."  DiLorenzo Decl. Ex. R.

49.    In the same January 5, 2022, email, Guenther stated: "Joe and I are cancelling all of our travel and meetings and will provide extra support, Shari Davis will likely travel with us to any vote meetings we can make. … Eric I will call you so we can outline which votes Shari/Joe and I can provide extra sets of hands. It's game time!" *Id.*

50.    Also on January 5, 2022, Guenther texted Renner: "Game time!!!  Its [sic] on Eric!  I can t [sic] wait to celebrate on Jan 20!!!!!!!!"  DiLorenzo Decl. ¶ 13 & Ex. L at 30017; Guenther II Tr. 30:16–31:7.

51.    UFCW 1439 members voted in favor of the merger, 191 to 5.  DiLorenzo Decl. Ex. X at 000168.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

52.    On January 27, 2022, Guenther stated in an email to Renner and others: "UFCW 21 members will be voting soon, and hopefully that will be a good vote." DiLorenzo Decl. Ex. S.

53.    Between February 9 and 12, 2022, UFCW 21 members voted on the proposed merger. DiLorenzo Decl. Ex. Y at 0000151.

54.    UFCW 21 members voted in favor of the merger, 207 to 11. DiLorenzo Decl. Ex. Y at 0000151

55.    In Spokane, only one UFCW 1439 member voted against the merger, and all UFCW 21 members in Spokane voted in favor of the merger. DiLorenzo Decl. Ex. X at 0000172 & Ex. Y at 0000152.

56.    The merger became effective March 1, 2022. DiLorenzo Decl. Ex. I at 0000158.

## IV.    The Flyer

### A.    Nonparty Michael Selvaggio Created the Flyer.

57.    In December 2021, Michael Selvaggio, who through his company Ridgelark Strategies LLC was political director for UFCW 555, created a flyer to encourage UFCW members to vote against the proposed merger. Selvaggio Tr. 62:2–23, 75:14–19, 113:10–18; *see* ECF No. 26-1 ("Flyer").

58.    Selvaggio created the Flyer at the request of Dan Clay, President of UFCW 555. Selvaggio Tr. 43:23–25, 92:10–97:24; 123:20–124:2.

59.    Clay and Esai Alday, who also works for UFCW 555, provided Selvaggio with the information that Selvaggio included in the Flyer. Selvaggio Tr. 99:11–17, 122:10–124:2.

DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS
Case No. 2:22-cv-00272-TOR - 10

60.    The Flyer contained the following statements:

ATTENTION UFCW MEMBERS

The in-union "Sexual Harassment club" is at it again!!

First Faye Gunther [sic] (President of Local 21) helped former 367 President Angel Gonzalez cover up his harassment charges and paid him off in exchange for installing her puppet, Mike Hines.

Now she's helping Eric Renner (the Local 1439 President) hide from sexual harassment charges and land a cushy new gig with Local 21 through a forced merger.

OUR UNION SHOULD BE LOOKING OUT FOR US <u>NOT PROTECTING HARASSERS!</u>

<u>It's time to STOP THE COVERUPS!</u>

VOTE NO ON ANY MERGER!

ECF No. 26-1.

61.    Emmons had "[n]o" "involvement in the creation or production of the [Flyer]." Emmons Tr. 73:13–15.

**B.    Nonparty Mike Selvaggio Mailed 1,000 Copies of the Flyer to UFCW Worksites on December 13, 2021.**

62.    On December 13, 2021, Selvaggio mailed 1,000 copies of the Flyer to UFCW work sites across Washington.  Selvaggio Tr. 97:11–98:10, 101:4–102:12, 104:17–105:3, 113:22–114:1.

63.    Guenther first learned of the Flyer on December 15 or 16, 2021. Guenther I Tr. 97:8–16.

DEFENDANTS' STATEMENT OF UNDISPUTED
MATERIAL FACTS
Case No. 2:22-cv-00272-TOR - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

64.    Around the same time, a UFCW 367 member posted the Flyer in a UFCW member Facebook forum, and other members commented on it.    ECF No. 1-2 ¶ 3.12; DiLorenzo Decl. Ex. T; Guenther I Tr. 99:15–101:22.

65.    Adam Jackson received a text message from a grocery store meat manager with an image of the Flyer, which the meat manager said he had received at work.  Jackson Tr. 122:6–18.

66.    Jackson shared the image of the Flyer with Laurel Fish on or around December 16, 2021.  Fish Tr. 112:14–25.

67.    Jackson "checked with a few other people" to see if they had received the Flyer and confirmed others had received it too.  Jackson Tr. 122:16–18.

68.    Guenther testified that she experienced "[a]nxiety" after the Flyer became public.  Guenther I Tr. 107:12–24.

69.    On or around December 16, 2021, after Fish learned of the Flyer from Jackson, Plaintiff's counsel Aaron Streepy called Fish "to ask if [she] was responsible for [the Flyer]."  Fish Tr. 94:1–11.

70.    On December 20, 2021, Guenther received an email with the subject line "In-union Sexual Harassment Club?" from Lance Van Landuyt, who signed as "Steward at Fred Meyer" and asked, "This letter was mailed to me at my store. What's this all about?"  DiLorenzo Decl. Ex. U.  Guenther responded in part:  "Our attorneys are working on this …. We will work until we find out who wrote the flyer and who mailed the flyer to attempt to get to the bottom of this."  *Id.*

DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS
Case No. 2:22-cv-00272-TOR - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**C.    Nonparty Mike Selvaggio Hired Emmons to Place Copies of the Flyer in Five to Seven Grocery Stores in Spokane, Which Emmons Did on January 8, 2022.**

71.    In January 2022, Selvaggio called Emmons and said Ridgelark wanted to hire Emmons's company, Osprey, to distribute copies of the Flyer to grocery stores in Spokane.  Selvaggio Tr. 73:14–17; Emmons Tr. 67:13–68:25, 73:8–12, 84:12–13; Emmons Decl. ¶¶ 4, 7, 10.

72.    Emmons and Osprey had been hired by Selvaggio and Ridgelark to assist with numerous community outreach projects before.  Emmons Decl. ¶ 5.

73.    Emmons first worked with Selvaggio at an organization called Direct Action Partners, where Selvaggio was President and Emmons was a Project Manager, before the organization dissolved.  *Id*.

74.    Since working together at Direct Action Partners, Selvaggio, through Ridgelark, has hired Emmons, through Osprey, for numerous other community outreach projects over the years.  *Id*.

75.    Emmons has known Selvaggio for nearly a decade.  *Id*.

76.    In Emmons's experience working for Selvaggio, Emmons has observed Selvaggio to be honest and trustworthy.  Emmons Tr. 109:1–10; Emmons Decl. ¶ 6.

77.    Specifically, in Emmons's experience, Selvaggio is selective in the organizations and people he chooses to work for, only works for those with high integrity, and does not take on initiatives without first confirming that the position or message he is communicating is a credible one.  Emmons Decl. ¶ 6.

78.    Emmons agreed to take on the project of distributing copies of the Flyer in Spokane.  Emmons Decl. ¶ 7.

DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS
Case No. 2:22-cv-00272-TOR - 13

1    79.    Selvaggio emailed Emmons the Flyer on January 5, 2022.  Emmons

2    Decl. ¶ 8.

3    80.    Selvaggio provided Emmons with a list of grocery stores where

4    Selvaggio wanted Emmons to distribute the Flyer.  *Id.*

5    81.    Emmons does not personally know the individuals named in the Flyer.

6    Emmons Decl. ¶ 9.

7    82.    Emmons had no personal knowledge as to the truth of the statements in

8    the Flyer.  Emmons Decl. ¶ 9; Emmons Tr. 108:23–109:10; Selvaggio Tr. 110:18–

9    23.

10    83.    Emmons asked Selvaggio whether the Flyer's statements were

11    accurate.  Emmons Decl. ¶ 9; Selvaggio Tr. 110:18–111:2.

12    84.    Selvaggio confirmed to Emmons that the Flyer's statements were

13    credible and stated that there had been investigations.  Emmons Decl. ¶ 9; Emmons

14    Tr. 78:11–21, 108:23–109:10; Selvaggio Tr. 110:18–111:9.

15    85.    On January 8, 2022, Emmons placed copies of the Flyer at five to seven

16    grocery stores in Spokane, leaving six to eight copies at each store.  Emmons Decl.

17    ¶ 10; Emmons Tr. 84:12–13.

18    86.    At the time Emmons distributed the Flyer, based on Emmons's

19    experience with Selvaggio and Selvaggio's representations concerning the Flyer,

20    Emmons believed that the Flyer's statements were true.  Emmons Decl. ¶ 9;

21    Emmons Tr. 108:23–109:10.

22

23

DEFENDANTS' STATEMENT OF UNDISPUTED
MATERIAL FACTS
Case No. 2:22-cv-00272-TOR - 14

## V.    Guenther's Role As UFCW 21 & UFCW 3000 President

87.    While UFCW 21 President, Guenther spoke at numerous press conferences and was quoted in the media.  DiLorenzo Decl. Ex. J at 5–6 (Resp. to Interrog. 6); Guenther I Tr. 41:18–42:16, 45:7–46:1.

88.    The topics Guenther spoke about at these press conferences and in the media included Covid masking and vaccines, Black Lives Matter, and workforce development, among others.  DiLorenzo Decl. Ex. J at 5–6 (Resp. to Interrog. 6); Guenther I Tr. 41:18–42:16, 45:7–46:1.

89.    One of the UFCW 21 staff members Guenther supervised was responsible for UFCW 21's communications, and that person's duty was in part "to invite as many press people as they could" to UFCW 21 press conferences at which Guenther spoke.  Guenther I Tr. 37:12–21, 40:11–42:13.

90.    Guenther has spoken at press conferences, given interviews, and appeared in the media at least seventeen times since January 1, 2019.  DiLorenzo Decl. Ex. J at 4–6 (Resp. to Interrog. 6).

91.    As UFCW 21 President, Guenther communicated with members of UFCW 21 "through Twitter, Instagram, e-mail, telephone, text message, podcast, U.S. mail, Facebook, Facebook Messenger[,] and in-person."  DiLorenzo Decl. Ex. J at 3 (Resp. to Interrog. 2).

92.    Guenther could send emails to all UFCW 21 members and transmitted annual notices on her letterhead.  Guenther I Tr. 26:21–28:1.

93.    UFCW 21 sponsored vaccine clinics, and Guenther communicated about these clinics to her roughly 44,000 members.  Guenther I Tr. 37:22–38:9.

DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS
Case No. 2:22-cv-00272-TOR - 15

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

94.     As UFCW 21 President, Guenther met with Governor Jay Inslee to discuss Covid mask policies to keep the "lines of communications open."  Guenther I Tr. 39:3–18, 47:24–48:12.

95.     As UFCW 21 President, Guenther communicated with other union leaders, including negotiating a memorandum of understanding regarding "sick leave protections" and getting other union chapters to sign on.  Guenther I Tr. 46:20–47:23.

96.     Guenther was re-elected as UFCW 3000 President in 2023.  Guenther I Tr. 28:2–8.

97.     Guenther ran for a position at UFCW International in 2023.  Guenther I Tr. 49:25–50:20, 52:17–21.

98.     Guenther continues to make media appearances.   Guenther I Tr. 126:18–127:1.

## VI.   <u>Guenther's Reputation</u>

### A.   The Flyer Did Not Change Adam Jackson's Opinion of Guenther.

99.     Adam Jackson was one of the individuals who helped draft and signed the Complaint Letter concerning Renner.  Jackson Tr. 25:23–26:8.

100.   Before Adam Jackson saw the Flyer, his general impression of Guenther was "[g]ood" because he had "only heard good things."  Jackson Tr. 127:14–21.

101.   The Flyer did not change Jackson's views about Guenther in any way.  Jackson Tr. 127:22–24.

DEFENDANTS' STATEMENT OF UNDISPUTED
MATERIAL FACTS
Case No. 2:22-cv-00272-TOR - 16

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

102.    Jackson has not heard anyone say the Flyer had changed their views of Guenther.  Jackson Tr. 127:25–128:13.

**B.    The Flyer Did Not Change Laurel Fish's Opinion of Guenther.**

103.    Laurel Fish was also one of the individuals who helped draft and signed the Complaint Letter concerning Renner.  Fish Tr. 24:7–22.

104.    Before Laurel Fish saw the Flyer, her opinion of Guenther was "[p]ositive."  Fish Tr. 95:16–18.

105.    When asked if the Flyer changed that opinion, Fish said only that the Flyer "made [her] disappointed that [Renner] was going to continue to work for the Union."  Fish Tr. 95:19–21.

**C.    The Flyer Did Not Change Alex Garcia's Opinion of Guenther.**

106.    Alex Garcia previously worked with Renner at UFCW 1439.  Garcia Tr. 15:11–24, 18:12–24.

107.    Garcia was one of the individuals who signed a settlement agreement drafted by Aaron Streepy after Streepy's investigation into the Complaint Letter. Garcia Tr. 43:8–14, 102:22–103:16; ECF No. 51-1 at 7–8 (Bates stamps UFCW 3000 Resp - 006006–006007).

108.    In Garcia's "personal experience and professional experience," "Guenther has been not somebody with the utmost character."  Garcia Tr. 99:10–15.

109.    The Flyer did not "in any way impact" Garcia's view of Guenther. Garcia Tr. 99:16–19.

DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS
Case No. 2:22-cv-00272-TOR - 17

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**D.    The Flyer Did Not Change Jeff Anderson's Opinion of Guenther.**

110.    Anderson testified that Guenther has a reputation "as a progressive leader" and "a change agent," and he has the same view of her.    Anderson Tr. 121:21–123:20.

111.    The Flyer made Anderson "ask, think questions," but it did not make him think "less of [Guenther]."    Anderson Tr. 86:9–12.

**VII.    <u>Lawsuit</u>**

112.    UFCW 3000's Executive Board authorized payment of Guenther's legal fees for this lawsuit.    Guenther I Tr. 122:1–6; DiLorenzo Decl. Ex. J at 3 (Resp. to Interrog. 3).

113.    On July 29, 2023, Guenther stated in an email to UFCW International President Marc Perrone:

> You urged caution in proceeding down the litigation path.    I heard you, and possibly to my detriment, have declined to broaden the scope of litigation to include Local 555, Dan Clay, Michael Selvaggio ….

DiLorenzo Decl. ¶ 23 & Ex. V at 002090–91; Guenther II Tr. 88:20–89:8, 89:24–90:14.

114.    Guenther testified that she also did not sue Dan Clay and UFCW 555 because "the [UFCW] constitution requires that you have to go through an internal process when …. there's conflict that's member to member before litigation" and "I didn't have enough."    Guenther I Tr. 204:12–20.

115.    On September 7, 2022, Emmons's counsel sent a request to Guenther's counsel requesting under RCW 7.96.050 "all reasonably available information material to the falsity of the statements your clients allege are defamatory or

DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS
Case No. 2:22-cv-00272-TOR - 18

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

otherwise actionable." ECF No. 48-2; DiLorenzo Decl. ¶ 27. Guenther has not produced any information in response to this request. DiLorenzo Decl. ¶ 27.

DATED this 27th day of September, 2024.

Attorneys for Defendants

By: *s/ Sara A. Fairchild*
Ambika Kumar, WSBA #38237
Sara A. Fairchild, WSBA #54419
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
ambikakumar@dwt.com
sarafairchild@dwt.com

John A. DiLorenzo (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Ave, Suite 700
Portland OR 97205
Telephone: (503) 241-2300
Fax: (503) 778-5299
johndilorenzo@dwt.com

DEFENDANTS' STATEMENT OF UNDISPUTED
MATERIAL FACTS
Case No. 2:22-cv-00272-TOR - 19

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2024, I caused the document to which this certificate is attached to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Aaron Streepy
Jim McGuinness
STREEPY LEMONIDIS CONSULTING & LAW
GROUP, PLLC
2800 First Avenue, Suite 211
Seatle, WA 98121
aaron@slglc.com
jim@mcguinnessstreepy.com

Dmitri Iglitzin
Darn M. Dalmat
Gabe Frumkin
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer St, Suite 400
Seattle, WA 98119
iglitzin@workerlaw.com
dalmat@workerlaw.com
frumkin@workerlaw.com

***Attorneys for Plaintiff Faye Irene Guenther***

I declare under penalty of perjury that the foregoing is true and accurate.

DATED this 27th day of September, 2024.

By: _s/ Sara A. Fairchild_
      Sara A. Fairchild, WSBA #54419

DEFENDANTS' STATEMENT OF UNDISPUTED
MATERIAL FACTS
Case No. 2:22-cv-00272-TOR - 20