# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual,<br><br>    Plaintiff,<br><br> v.<br><br>JOSEPH H. EMMONS, individually, OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>    Defendants. | No. 2:22-cv-00272-TOR |

### PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Faye Irene Guenther, by and through her attorneys, Streepy Law, PLLC, hereby responds to the First Set of Interrogatories and Requests for Production of Documents and Things, from Defendants Joseph H. Emmons and Osprey Field Consulting, LLC, as follows:

### OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. Plaintiff objects to Instruction Nos. 1, 2 and 5 to the extent they it purport to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Plaintiff objects to Instruction No. 4 to the extent it purports to impose a requirement inconsistent with the parties' stipulation regarding privilege logs. Plaintiff further objects to Instruction No. 4 and each document request to the extent they call for the production of a privilege log for documents that are dated or were created after July 25, 2022, and that are protected from disclosure by the

163

   attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

3. Plaintiff objects to Definition 16 regarding "Grievance". The definition is overbroad and unduly burdensome to the extent it attempts to extend the scope of these document requests to documents related to the function of Plaintiff as an agent of the exclusive representative of bargaining unit members and such extension would violate Washington's union-member privilege (see RCW § 5.60.060).

4. Plaintiff objects to each document request to the extent that Defendants failed to specify a relevant time period. Without waiving any objections, Plaintiff will produce documents during the relevant time period.

**OBJECTIONS AND RESPONSES TO FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:**

*Identify each person with whom you have had communications relating to this lawsuit, including without limitation any communications related to your allegations in this lawsuit, your investigation into the allegations in the lawsuit, and your alleged damages.*

Objections: Plaintiff objects to the request to the extent it seeks the premature disclosure of experts related to damages.

Answer: Without waiving the above objection, I spoke to many people when attempting to identify who produced and distributed the flyer. I recall that I communicated specifically with my attorneys, their staff and private investigators including Aaron Streepy, Jim McGuinness, associate attorney Troy Thornton, law clerk Evelyn Orantes-Fogel, and private investigators Al Johnson and Ken Yohe. I also recall that I communicated with John Grant, Kathy Finn, Mike Hines, Kevin Ruttiger, Andrea Zinder, Kim Cordova, John Nunes, Bryan Wynn, Eduardo Pena, Joe Mizrahi, Eric Renner, Sarah Cherin, Maria Milliron, Jeff Anderson, UFCW 21 Executive Board members, UFCW 3000 Executive Board members, UFCW 21 Staff, UFCW 1439 Staff, Marc Perrone, Lisa Pedersen, Shaun Barclay, Frank Jorgensen, Todd Crosby, Sean Hammond, Tom Geiger, Siobhan Martin, Arthur Towers, Bryan Ruttiger, Gordon Lafer, Heather Conroy, Bill Fletcher, Steve Williamson, Ricky Burress, Tom Kingshot, Rick Guenther, Scott Guenther, Brian Bronchau, Kelly Schenk, Hamilton Nolan, Teddy

Ostrom, Dirk VanDerharr, Sophia Peel, Kelly Tosata, Lydia Oneal, Matt Edgerton, Pam Blauman, Mark Weiner, and Dwan Guenther.

**INTERROGATORY NO. 2:**

*Identify all means through which you communicated with members of Local 21 and/or the public in your role as President of Local 21 between January 1, 2021, and March 1, 2022.*

Objections:

Answer: As President of Local 21, I communicated through Twitter, Instagram, e-mail, telephone, text message, podcast, U.S. mail, Facebook, Facebook Messenger and in-person. I also have a private Facebook page that I post UFCW related information in a non-official capacity.

**INTERROGATORY NO. 3:**

*Identify all persons who have made, are making, or have agreed to make financial contributions, directly or indirectly, to the payment of your legal fees in connection with this lawsuit.*

Objections: Plaintiff objects to relevancy as the request is not calculated to lead to discovery of admissible evidence.

Answer: UFCW Local 3000.

**INTERROGATORY NO. 4:**

*Identify all persons with whom you have communicated about any grievance, formal or informal, relating to or concerning Angel Gonzalez.*

Objections: On its face, the request asks for irrelevant information that would not lead to discoverable information, is overly broad, unduly burdensome, not proportional to the needs of the case, and vague/ambiguous in that it asks for "any grievance" "related" to Angel Gonzalez. Defendants' definition of "Grievance" is broad. UFCW Local Presidents are responsible for enforcing collective bargaining agreements on behalf of thousands of members. Gonzalez was the President of UFCW 367, and every labor grievance processed by UFCW 367 likely "related" to or concerned Gonzalez. Sometimes such grievances are processed simultaneously by multiple unions, or a

3

165

grievance is important to the members of other locals. It is my understanding that Defendants are willing to limit their request to exclude *labor grievances.* To the extent my understanding is incorrect, I make the above objections.

Answer: Consistent with my objection above, I communicated with Aaron Streepy, Jim McGuinness, Joe Mizrahi, Scott Powers, Kate Meckler, Angel Gonzalez, Dan Clay, Marc Perrone, Lisa Pedersen, Sean Embly, Sarah Cherin, Todd Crosby, Mike Hines, Milton Jones, Jon McPherson, Kim Cordova, Rigo Valdez, Sam Kantek, Mia Contreras and Steve Chandler.

### **INTERROGATORY NO. 5:**

*Identify all persons with whom you have communicated about any grievance, formal or informal, relating to or concerning Eric Renner.*

Objections: The request asks for irrelevant information, is overly broad, unduly burdensome, not proportional, and vague/ambiguous in that it asks for "any grievance" "related" to Eric Renner. Defendants' definition of "Grievance" is broad. UFCW Local Presidents are responsible for enforcing collective bargaining agreements on behalf of thousands of members. Eric Renner was the President of UFCW 1439. It is my understanding that Defendants are willing to limit their request to exclude labor grievances. To the extent my understanding is incorrect, I make the above objections.

Answer: Consistent with my objection above, I communicated with Aaron Streepy, Jim McGuinness, Joe Mizrahi, Scott Powers, and Laurel Fish. In preparing to respond to this Interrogatory, I also spoke with Streepy Law employees Troy Thornton (associate attorney) and Evelyn Orantes-Fogel (law clerk).

### **INTERROGATORY NO. 6:**

*Identify all of your speaking engagements, media appearances, interviews, or other public speaking events between January 1, 2019, and the present.*

Objections: Plaintiff objects on the ground of relevancy as it seeks information not reasonable calculated to lead to discoverable information. Plaintiff objects to the vagueness of the meaning of "public speaking engagements" and "speaking engagement." Plaintiff defines "speaking engagement" as an event that hosts a single speaker or panel of speakers that excludes routine private union meetings.

4

166

Answer: I was able to identify the below but may need to supplement this list further:

March 2020 – Call regarding Labor 4 Sustainability (telephonic)

June 23, 2020 – Virtual press conference regarding Covid statewide mask mandate in WA (online).

August 25, 2020 – Virtual press conference regarding Covid outbreak among staff at St. Michael's Hospital (online).

December 10, 2020 – Virtual press conference regarding Covid outbreak at Burien Fred Meyer and other grocery stores, grocery store safety (online).

January 31, 2021 – Press conference regarding UFCW 21's first Covid vaccination clinic at the union hall (Seattle).

August 20, 2021 – Dave Schmitz memorial (Seattle).

November 4, 2021 – Podcast episode with Faye on "The World of Multiemployer Benefit Funds" regarding UFCW 21 Variable Annuity Pension Plan (online). It may have been distributed in multiple shorter episodes.

December 16, 2021 – Press conference regarding WeTrain Washington's blueprint report on workforce development (Seattle).

December 17, 2021 – KUOW interview regarding Seattle Fish Mongers (Seattle).

June 23, 2022 – Press Conference regrading Organized Retail Crime Task Force (Seattle).

October 31, 2022 – Quoted by King 5 news regarding proposed Kroger/Albertsons merger.

November 1, 2022 – UFCW Safety Summit address – part of panel discussing workplace safety and bargaining safety in contracts to UFCW members or staff (Seattle).

November 21, 2022 – Press conference regarding Kroger/Albertsons merger (Seattle).

November 29, 2022 – Press conference with other UFCW locals regarding Kroger/Albertsons merger (Washington, DC).

January 5, 2023 – Virtual press conferences regarding advocacy for legislation to address health care staffing crisis in Washington (online).

January 2023 – Spoke at open house when Local 3000 opened its new building.

Late April 2023 – Spoke with reporter regarding UFCW Reform Movement (Published in In these Times on May 2, 2023)

April 26, 2023 – Press conference regarding Organized Retail Crime

May 10, 2023 – Radio spot regarding grocery workers facing uncertainty on KUOW.

## OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

*All documents, referenced, directly or indirectly, in your Rule 26(a) initial disclosures.*

RESPONSE:

Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine. Plaintiff will not produce any privileged and/or protected documents. Plaintiff objects to the request in that it is duplicative of documents specifically requested elsewhere in Defendants' First Set of Requests for Production. Where RFP No. 1 requests documents also requested in RFPs 2, 3, 4, 6, 10, 11, 13, 15, 16, 17, the documents will only be provided in response to other RFPs.

Without waiving the aforementioned objections, Plaintiff states that she will conduct a reasonable search and produce non-privileged documents responsive to this Request in her possession, custody, and control.

### REQUEST FOR PRODUCTION NO. 2

6

168

*All documents related to the flyer, including without limitation your communications regarding the flyer and any investigation into the flyer.*

RESPONSE:

Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine. Plaintiff objects to the request in that it is duplicative of documents specifically requested elsewhere in Defendants' First Set of Requests for Production. Plaintiff will attempt to provide the documents to the more specific RFP, but will only provide the documents once. Plaintiff will not produce any privileged and/or protected documents.

Without waiving the aforementioned objections, Plaintiff states that she will conduct a reasonable search and will produce any responsive non-privileged documents responsive to this Request, if any, in her possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 3

*All communications between you and Eric Renner from January 1, 2020 to the present.*

RESPONSE:

Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine. Plaintiff will not produce any privileged and/or protected documents.

Without waiving the aforementioned objection, Plaintiff states that she will conduct a reasonable search and produce non-privileged documents responsive to this Request, if any, in her possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 4

*All communications between you and Angel Gonzalez from July 1, 2019 to the present.*

RESPONSE:

Plaintiff objects because the request is overly broad and unduly burdensome with no subject matter limitation.

Without waiving the aforementioned objection, Plaintiff states that she will conduct a reasonable search and produce any responsive documents within her possession, custody, or control.

### REQUEST FOR PRODUCTION NO. 5

*All communications between you and Mike Hines from July 1, 2019 to the present.*

RESPONSE:

During some of the time covered, Hines worked for UFCW Local 21 and was likely the recipient of many routine emails or communications to staff from Plaintiff. Additionally, such communications may have included specific advice from counsel on pending labor matters or advice to union members on grievances or bargaining. Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine. Plaintiff objects to this request in that it may seek disclosure of communications protected by the union-member privilege (see RCW § 5.60.060). Plaintiff objects to this request because it is overly broad and unduly burdensome and seeks the discovery of information that is not proportional to the case or likely to lead to discoverable information. Plaintiff will not produce any privileged and/or protected documents.

Without waiving the above objections, Plaintiff states that she will conduct a reasonable search and produce any communications that are not privileged, that occurred after Hines left the employment of UFCW 21, or prior to leaving UFCW 21 employment, were not routine communications to staff, if any, that are within Plaintiff's possession, custody, and control.

### REQUEST FOR PRODUCTION NO. 6

*All documents related to the merger, including without limitation all documents and communications related to considering the merger before it was formally initiated, the initiation of the merger, the terms of the merger, the negotiation of those terms, your role in the merger, and member support for the merger.*

RESPONSE:

Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine. Plaintiff will not produce any privileged and/or protected documents.

Without waiving the aforementioned objection, Plaintiff states that she will conduct a reasonable search and produce any communications that are not privileged, if any, within her possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 7

*All documents related to Eric Renner's resignation from Local 1439, including without limitation all communications that contain, refer, or relate to the reasons for his resignation or the terms of his resignation.*

RESPONSE:

Plaintiff is unaware that Renner ever resigned from Local 1439. After a reasonable search, Plaintiff does not have any responsive documents in her possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 8

*All documents related to any grievance, formal or informal, concerning Eric Renner, including without limitation all communications that contain, refer, or relate to the substance of the grievance, its merits, and any response by you or others.*

RESPONSE:

Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine. Plaintiff objects to this request to the extent that it seeks confidential information pursuant to third-party agreements. It is my understanding defendants are willing to enter into a protective order agreeing to limit the use of any responsive agreement with third parties to purposes related to this litigation. Plaintiff objects to this request because it is overly broad in that it applies to "all grievances," and is not limited to a reasonable time frame, and, therefore, is unduly burdensome (see also, response to Interrogatory #5 for additional context). It is my understanding that Defendants are willing to limit their request to non-labor grievances (those processed on behalf of members against employers). Plaintiff will not produce any privileged and/or protected documents.

Consistent with, and without waiving, the above objections, Plaintiff states that she will conduct a reasonable search and provide responsive documents (not including labor grievances), if any, that are in her custody, possession, and control.

## REQUEST FOR PRODUCTION NO. 9

*All documents related to the hiring of Eric Renner as an employee of Local 3000, including without limitation all communications that contain, refer, or relate to offering him employment, the reasons for hiring him, and the terms of his employment.*

RESPONSE:

Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine. Plaintiff will not produce any privileged and/or protected documents.

Without waiving the aforementioned objection, Plaintiff states that she will conduct a reasonable search and produce any responsive documents within her possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 10

*All documents related to Angel Gonzalez's resignation from Local 367, including without limitation all communications that contain, refer, or relate to the reasons for his resignation or the terms of his resignation.*

RESPONSE:

Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine. Plaintiff will not produce any privileged and/or protected documents.

Without waiving the aforementioned objection, Plaintiff states that she will conduct a reasonable search and produce any responsive documents within her possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 11

*All documents related to any grievance, formal or informal, concerning Angel Gonzalez, including without limitation all communications that contain, refer, or relate to the substance of the grievance, its merits, and any response by you or others.*

RESPONSE:

Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine. Plaintiff objects to this request because it is overly broad in that it applies to "all grievances," and is not limited to a reasonable time frame, and, therefore, is unduly burdensome (see also, response to Interrogatory #4 for additional context). It is my understanding that Defendants are willing to limit their request to non-labor grievances (those processed on behalf of members against employer). Plaintiff will not produce any privileged and/or protected documents.

Consistent with, and without waiving, the above objections, Plaintiff states that she will conduct a reasonable search and provide responsive documents (not including labor grievances), if any, that are in her custody, possession, and control.

### REQUEST FOR PRODUCTION NO. 12

*All documents related to Mike Hines' replacement of Angel Gonzalez as President of Local 367, including without limitation all communications relating to Mr. Hines' appointment as Executive Assistant to the President of Local 367, his appointment as Secretary Treasurer of Local 367, and his ultimate appointment as President of Local 367.*

RESPONSE:

Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine. Plaintiff will not produce any privileged and/or protected documents.

Without waiving the aforementioned objection, Plaintiff states that she will conduct a reasonable search and produce any responsive documents within her possession, custody, and control.

### REQUEST FOR PRODUCTION NO. 13

*All communications between you and Jeff Anderson between December 13, 2021, and the present.*

RESPONSE:

11

173

Plaintiff states that she will conduct a reasonable search and produce any responsive documents within her possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 14

*All documents that contain, refer, or relate to the injury or damages you claim to have suffered as a result of the flyer.*

RESPONSE:

Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine. Plaintiff will not produce any privileged and/or protected documents. Plaintiff objects to the extent the request seeks communications with experts in preparation for trial as the request is premature.

Without waiving the objections above, and subject to them, Plaintiff states that she will conduct a reasonable search and produce other responsive documents within her possession, custody, and control. Plaintiff will supplement her response in regard to communications with experts when appropriate.

## REQUEST FOR PRODUCTION NO. 15

*All communications relating to this lawsuit, including without limitation all communications relating to the facts alleged in the Complaint.*

RESPONSE:

Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine. Plaintiff will not produce any privileged and/or protected documents. The request is overly broad and unduly burdensome because it would require the production of mundane communications that have nothing to do with the case, or disputed facts. Plaintiff requests Defendants narrow this request, if possible. Objection to the extent this request asks for information duplicative of the other requests in this RFP.

Without waiving the aforementioned objection, Plaintiff states that she will attempt to conduct a reasonable search and produce any responsive documents within her possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 16

*All posts made by you on any social media platform or website related to the facts alleged in the Complaint, including without limitation the merger, the flyer, and the statements in the flyer.*

RESPONSE:

To the extent the request seeks the discovery of any private messages on social media to counsel, Plaintiff objects on the grounds of attorney-client privilege. To the extent the request seeks the discovery of any private messages on social media to union members regarding their own workplace issues, Plaintiff objects to the request based on union-member communications privilege under RCW § 5.060.060. Plaintiff will not disclose privileged communications.

Plaintiff states that she will conduct a reasonable search and produce any non-privileged responsive documents within her possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 17**

*All documents comprising, containing, describing, or otherwise referring to posts made by you on any social media platform or website related to your role as President of Local 21.*

RESPONSE:

Plaintiff objects to this request to the extent it seeks to discover union-member communications protected by privilege under RCW § 5.060.060. Plaintiff will not produce any privileged and/or protected documents. Plaintiff objects to this request as it is overly broad, contains no subject matter or time limitation, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff requests the Defendants narrow the request so that Plaintiff can conduct a reasonable search and produce any responsive documents within her possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 18**

*All documents related to your election as President of Local 21, including without limitation any campaign materials, statements promoting your candidacy, and communications concerning the election.*

RESPONSE:

13

Plaintiff objects to this request to the extent it seeks documents protected by the attorney-client privilege and the work product doctrine. Plaintiff will not produce any privileged and/or protected documents.

Without waiving the aforementioned objection, Plaintiff states that she will conduct a reasonable search and produce any responsive documents within her possession, custody, and control.


**Dated**: November 3, 2023

By:_____
Aaron M. Streepy
James G. McGuinness
4218 227th Ave. Ct. East,
Buckley, WA 98321
253-528-0278
aaron@mcguinnessstreepy.com
jim@mcguinnessstreepy.com
*Attorneys for Plaintiff*

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of November, 2023, copies of the foregoing RESPONSES TO FIRST SET OF INTERROGATORIES & REQUESTS FOR PRODUCTION were served upon defendants via email as indicated:

John DiLorenzo at johndilorenzo@dwt.com
Ambika Kumar at ambikakumar@dwt.com
Sarah Fairchild at sarafairchild@dwt.com
Michelle Stark at michellestark@dwt.com
Malinda Quirante at malindaquirante@dwt.com

_____
Aaron M. Streepy

*Attorney for Plaintiff*