UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual,<br><br>                      Plaintiff,<br><br>   v.<br><br>JOSEPH H. EMMONS, individually, and OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>                      Defendants. | NO. 2:22-CV-0272-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT |

BEFORE THE COURT is Plaintiff's Motion to Amend Complaint (ECF No. 95). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion to Amend Complaint (ECF No. 95) is **DENIED**.

**BACKGROUND**

ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 1

1    This action was originally filed in state court July 25, 2022.  ECF No. 1-2.  It
2  was removed to this Court November 9, 2022.  ECF No. 1.  A scheduling
3  conference was held on August 30, 2023 (ECF No. 33) whereafter the Court issued
4  a scheduling order setting the deadline for motions to amend pleadings or add
5  parties as no later than October 31, 2023.  ECF No. 34.  On April 3, 2024, Plaintiff
6  filed a motion to dismiss her claims without prejudice.  ECF No. 39.  On June 7,
7  2024, the Court granted the motion with the condition the dismissal would be with
8  prejudice.  ECF No. 79.  On June 21, 2024, Plaintiff moved to withdraw her
9  motion to dismiss (ECF No. 83), which the Court granted.  ECF No. 88.  Upon a
10  stipulated motion filed July 18, 2024 (ECF No. 91), the Court amended the
11  scheduling order to extend the case schedule and set the dispositive and *Daubert*
12  motions briefing deadline for September 27, 2024.  ECF No. 93.  The deadline to
13  amend pleadings was not changed.  *See id.*  Plaintiff now moves to amend her
14  complaint after the deadline for motions to amend pleadings.  ECF No. 95-2.

**DISCUSSION**

I.    <u>Scheduling Order</u>

17    The Court first clarifies the proper schedule for amending pleadings.  The
18  scheduling order issued August 30, 2023 (ECF No. 34) stands as amended by the
19  Court in the July 18, 2024 scheduling order amendment.  ECF No. 93.  The
20  stipulated motion submitted to the Court July 18, 2023 was for the extension of

1  case deadlines affected by the reopening of the case.  ECF No. 91.  Plaintiff's
2  contention that the amended scheduling order somehow reset the deadline to
3  amend pleadings to a future unknown date is incorrect.  The deadline to amend
4  pleadings passed nearly nine months before the amended scheduling order was
5  even issued.   Further, the motion, which Plaintiff stipulated to, makes no mention
6  of the deadline to amend pleadings.  *See* ECF No. 91.  If Plaintiff was confused
7  about the status of the amended scheduling order, Plaintiff could have asked the
8  Court earlier for clarification, but a presumption that the amended pleadings
9  deadline simply does not apply anymore is unreasonable.  The deadline for
10 motions to amend pleadings was October 31, 2023.  ECF No. 34 at 2.

11       II.     Federal Rules of Procedure 16(b)(4)

12       Plaintiff relies on Federal Rules of Procedure ("FRCP") Rule 15(a)(2) and
13 related case law supporting "extreme liberality" in granting leave to amend.  *See,*
14 *e.g.*, *C.F. EX REL. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985
15 (9th Cir. 2022).  Defendants correctly contend, and Plaintiff concedes in her reply
16 brief that FRCP 16(b)(4), not Rule 15(a)(2), controls given that Plaintiff seeks to
17 amend the complaint after the scheduling order deadline.  ECF Nos. 95, 34.  A
18 party seeking to amend a pleading after the pretrial scheduling order's deadline
19 must satisfy the "good cause" standard of FRCP Rule 16(b)(4) which states, "[a]
20 schedule may be modified for good cause and with the judge's consent."  Fed. R.

ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 3

Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f the party was not diligent, the inquiry should end.'" *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson*, 975 F.2d at 609). Only once Plaintiff shows "good cause" will the Court assess whether the motion to amend satisfies Rule 15(a). *Johnson*, 975 F.2d at 608.

Plaintiff's stated objective for the proposed amended complaint is "to eliminate certain allegations and clarify certain other allegations." ECF No. 102 at 11. Specifically, Plaintiff seeks to withdraw her challenge to the Renner-related allegations after discovery revealed "establishing the falsity of those allegations may well require a series of mini-trials, involving several collateral witnesses, their accusations against Renner, and his responses to them." ECF No. 95 at 6. Yet, despite Plaintiff's repeated claims that the amended complaint only narrows the issues, Plaintiff also added additional allegations. First, under the facts, Plaintiff

ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 4

inserts that Faye Guenther suffered losses related to emotional distress "and monetary fees associated with addressing her emotional distress arising from the publication and circulation of the defamatory statements."  And second, under the first cause of action for defamation, the original complaint states that the challenged statements were "crafted to seem credible and to cause maximum damage and interfere with the internal affairs of UFCW 1439 and UFCW 21."  ECF No. 1-2 at 11, ¶ 1.  The proposed amended complaint instead states the challenged statements were "crafted to seem credible and to cause maximum damage and interfere with *Guenther's ability to perform her role as president*."

      Plaintiff could have moved to amend the complaint to add these additional allegations as early as May 26, 2023, well before the October 31, 2023 deadline, when the additional parties were dismissed leaving Faye Guenther as sole Plaintiff.  Instead, Plaintiff waited well over a year until after discovery closed and dispositive motions were due in less than thirty days.  Plaintiff provides no explanation as to why the additional language was added and does not even acknowledge such language was added other than a tangential reference in Plaintiff's reply requesting to amend to "eliminate certain allegations and clarify other allegations."  ECF No. 95 at 10.

      As to the proposed elimination of the Renner related claims, Plaintiff became aware of all the information necessary as a basis for an amendment no

later than March 2024 when potential witnesses related to the Renner allegation were deposed. ECF No. 102 at 5. Plaintiff's lackluster explanation for the five-month delay in between discovery of this information and Plaintiff's motion to amend was "other motion practice which could have obviated the need for her motion to amend, and then ultimately delayed it." ECF No. 102 at 7. The Court presumes Plaintiff is referring to Plaintiff's motion to dismiss filed April 3, 2024, and the subsequent dismissal with prejudice June 7, 2024. Yet, Plaintiff still waited nearly two months after the case was reopened July 7, 2024 to file the motion to amend.

The Court finds Plaintiff's explanations for the lack of diligence in bringing a motion to amend the complaint sooner unavailing, therefore, the Court finds Plaintiff has failed to show good cause exists to permit an amended pleading at this point in the litigation.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion to Amend Complaint is **DENIED**.

The District Court Executive is directed to enter this Order, furnish copies to counsel.

DATED September 30, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 6