Dmitri Iglitzin, WSBA No. 17673
Darin M. Dalmat, WSBA No. 51384
Gabe Frumkin, WSBA No. 56984
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer St, Suite 400
Seattle, WA 98119
(206) 257-6003
iglitzin@workerlaw.com
dalmat@workerlaw.com
frumkin@workerlaw.com

Aaron Streepy, WSBA No. 38149
Jim McGuinness, WSBA No. 23494
Streepy Lemonidis Consulting & Law Group, PLLC
2800 First Avenue, Suite 211
Seattle, WA 98121
Telephone: (253) 528-0278
Fax: (253) 528-0276
aaron@slglc.com
jim@mcguinnessstreepy.com

*Attorneys for Plaintiff Faye Guenther*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON
# AT SPOKANE

|  |  |
|---|---|
| FAYE IRENE GUENTHER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH H. EMMONS, individually, and OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>Defendants. | No. 2:22-cv-00272-TOR<br><br>**PLAINTIFF'S STATEMENT OF DISPUTED MATERIAL FACTS IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>NOTE ON MOTION CALENDAR: December 5, 2024, at 9:00 a.m. |

PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE
Case No. 2:22-cv-00272-TOR

## STATEMENT OF DISPUTED MATERIAL FACTS

In accordance with L.Civ.R. 56(c), Plaintiff Faye I. Guenther respectfully submits the following Statement of Disputed Material Facts in response to Defendants' motion for summary judgment, ECF No. 111.

## I.    The Parties

### A. Plaintiff Faye Guenther

**1.** Guenther is the President of United Food and Commercial Workers ("UFCW") Local 3000. Guenther I Tr. 28:4–8, 76:21–24; ECF No. 1-2 ¶ 1.2.

**Response:** Undisputed.

**2.** UFCW 3000 was formed through the merger of two UFCW locals, UFCW 21 and UFCW 1439. DiLorenzo Decl. Ex. I at 0000158.

**Response:** Undisputed.

**3.** Prior to the merger, Guenther was President of UFCW 21. Guenther I Tr. 20:6–21:8.

**Response:** Undisputed.

**4.** Guenther began working for UFCW 21 in 2008 and became President of UFCW 21 in May 2019. Guenther Tr. I 17:9–11, 20:6–8.

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1  **Response**: Disputed in part. Guenther first started working for UFCW Local 21 in

2  1999 and returned to Local 21 in 2008 after graduating law school. ECF No. 107,

3  ¶¶ 10, 14.

4

5  **5.** As UFCW 21 President, Guenther supervised approximately 112 UFCW 21

6  staff members. Guenther I Tr. 37:12–21.

7  **Response:** Undisputed.

8

9  **B. Defendants Joseph Emmons and Osprey Field Services LLC**

10  **6.** Emmons and his company, Osprey Field Services LLC ("Osprey"),[1] provide

community outreach services, which has included distributing clients' informational

11

12  materials for various campaigns. Declaration of Joseph H. Emmons in Support of

13  Defendants' Motion for Summary Judgment ("Emmons Decl.") ¶¶ 1– 2; Emmons

14  Tr. 50:20–51:20.

15  **Response:** Undisputed.

16

17

18

19

20  ───────────────
[1] The Complaint incorrectly names "Osprey Field Consulting LLC."

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 2
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

**7.** The subject matter of the materials Osprey has been hired to distribute have included, for example, ballot initiatives, public concerns, and recall elections. Emmons Decl. ¶ 2; Emmons Tr. 50:20–51:20.

**Response:** Undisputed.

**8.** Osprey's clients provide all written material Osprey distributes, and Osprey does not create the written materials it distributes or participate in developing the content of those materials. Emmons Decl. ¶ 3; Emmons Tr. 50:20–51:20.

**Response:** Disputed in part.

Between January 5 and 8, 2022, Emmons printed the flyers at issue in this case at a FedEx store. ECF No. 106, Ex. 13 (Emmons Tr. 74:18–76:2). In that sense, Emmons—which this Statement uses to refer collectively to Joseph Emmons and his company, Osprey Field Services LLC—literally created the flyers he distributed at grocery stores in Spokane, Washington.

It is undisputed that Emmons did not draft the content of the challenged flyers.

It is equally undisputed that Emmons knew the content of the flyers before publishing them at Spokane stores, through a January 5, 2021, conversation he had with Michael Selvaggio (Local 555's contracted political director), a second conversation Emmons had with Selvaggio sometime between January 5 and 8, and because Emmons himself reviewed the flyer he received by email from Selvaggio

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 3
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

before printing and circulating it. ECF No. 105, ¶¶ 70, 72–73, 80, 82, 83, citing ECF No. 106, Ex. 7 (Selvaggio Tr. 108:18–110:4, 109:23–110:4, 110:9–111:13, 117:8–23, 139:9–140:1, 144:3–145:1); ECF No. 106, Ex. 13 (Emmons Tr. 69:7–14, 69:17–70:14, 76:1–80:16, 78:25–79:15, 90:13–91:19); ECF No. 106, Ex. 17 (Selvaggio Dep. Ex. 8); ECF No. 106, Ex. 18 (Selvaggio Dep. Ex. 6).

## II.  **Complaint Letter Against Renner**

**9.** On September 13, 2021, a letter of concern regarding the UFCW 1439 President, Eric Renner, was emailed to UFCW 1439 Executive Board Members and UFCW International Leadership. DiLorenzo Decl. ¶ 24 & Ex. W ("Complaint Letter"); Jackson Tr. 25:13–26:8, 99:13–16.

**Response:** Undisputed.

It is also undisputed that Guenther had not seen the August 23, 2021, letter of concern (which was forwarded on September 13, 2021, to the Local 1439 Executive Board and UFCW International President) before the March 11, 2024, deposition of Laurel Fish. Dalmat 2nd Decl. Ex. 32 (Guenther Tr. I 138:19–139:10). In fact, before March or April 2022, all Guenther knew about the matter was that an internal conflict within Local 1439 had been resolved to the satisfaction of the affected parties. She did not know the substance of the dispute and had not seen the resulting settlement agreements. Dalmat 2nd Decl. Ex. 32 (Guenther Tr I. 80:9–82:25, 93:18–94:8); Ex.

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 4
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD IGLITZIN & LAVITT LLP**

34 (Guenther Tr. II 28:8–30:1).

**10.** The five-page Complaint Letter raised concerns about what it described as Renner's "abuse of power" and provided examples of such abuses, including instances where the letter stated Renner "commented repeatedly about female staff members and International Union officers 'big butts,'" "encouraged male employees to imagine a specific female employee engaged in sex acts," "bragged ... about having [sexual] relationships with members," asked a male employee whether he had "hit that yet" in reference to a female employee, and used "homophobic language" to "mock[] [an employee's] mannerisms." DiLorenzo Decl. ¶ 24 & Ex. W at 008003–07; Jackson Tr. 25:13–26:8; Fish Tr. 24:4–22; *see also* ECF No. 51-4 at 54:11–55:14 (behavior described in complaint letter constituted "sexual harassment").

**Response:** Disputed in part.

It is undisputed that the August 23, 2021, complaint letter (ECF No. 113-23) raised those allegations.

As for whether the allegations themselves are true, Renner denies them and explains why they are false or taken out of context. Declaration of Eric Renner, ¶¶ 6–11. *See also* Dalmat 2nd Decl. Ex. 35 (Streepy Tr. 34:18–35:19). For her part, when Guenther first read the letter in March 2024, she did not know which allegations in

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 5
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

the complaint letter may have been true or untrue. Dalmat 2nd Decl. Ex. 32 (Guenther Tr. I 139:2–141:24).

**11.** The Complaint Letter was signed by seven individuals, who were then-current and former employees of UFCW 1439: Adam Jackson (Organizing Director), Laurel Fish (Organizer & Director of Strategic Campaigns), Katie Dugger (Membership Services/Organizer), Sandra Huggins (former Benefits Director), Leslie Cowin (former Membership Services/Administrative Assistant), Amy Poston (former Office Assistant/Administrative Assistant), and Austin DePaolo (former Organizer & Business Representative) (collectively "Complainants"). DiLorenzo Decl. ¶ 24 & Ex. W at 008007; Jackson Tr. 25:13–26:8.

**Response:** Undisputed.

**12.**    Between approximately September 22, 2021, and early October 2021, Plaintiff's counsel Aaron Streepy investigated the Complaint Letter's claims and drafted settlement agreements with nondisclosure provisions, which the Complainants, Renner, UFCW 1439, and others signed. *See* ECF No. 51-2 at 006047 (September 15, 2021, email from Streepy stating he "anticipate[d] beginning" meeting with Complainants the following Wednesday); ECF No. 51-3 at 006226

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 6
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD IGLITZIN & LAVITT LLP**

1    (October 4, 2021 email from Streepy with settlement agreements); ECF No. 51-1

2    ("NDAs").

3    **Response:** Disputed in part.

4    　　　　It is undisputed that between approximately September 22, 2021, and October

5    9, 2021, Aaron Streepy investigated the August 23, 2021, complaint letter's

6    allegations and drafted settlement agreements with nondisclosure provisions, which

7    the Complainants, Renner, UFCW 1439, and others signed.

8    　　　　It is disputed that Mr. Streepy did so in his capacity as Plaintiff's counsel. In

9    fact, this litigation is the first and only matter in which Mr. Streepy has represented

10   Guenther personally. Dalmat 2nd Decl. Ex. 35 (Streepy Tr. 13:4–10). Local 1439

11   retained Mr. Streepy in mid-September 2021 to investigate the allegations of the

12   August 23, 2021, complaint letter. In his capacity as outside counsel to Local 1439,

13   he investigated those allegations and, along with Local 1439's in-house counsel,

14   negotiated a settlement agreement between the Complainants, Mr. Renner, and third

15   parties. Dalmat 2nd Decl. Ex. 35 (Streepy Tr. 16:13–18:5, 18:24–19:3); ECF No.

16   57, ¶¶ 4–5. The settlement became final on October 9, 2021. ECF No. 57, ¶ 5. During

17   that time, Mr. Streepy did not share information or any details with Guenther

18   regarding the investigation, other than perhaps to inform her that he represented

19   Local 1439 in the matter. ECF No. 57, ¶ 7.

20

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 7
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1    **13.** The NDAs include the following provisions: "Renner shall resign his position

2    with UFCW 1439 effective April 1, 2022," and "Renner agrees not to run for UFCW

3    1439 office in the future." *See, e.g.*, ECF No. 51-1 at 006001.

4    **Response:** It is undisputed that the NDAs include the quoted terms.

5      It is also undisputed that Renner is no longer the President of Local 1439, does

6    not hold any elected office with UFCW Local 3000 and has not done so at any time,

7    and has not ever run for any elected office within UFCW Local 3000. Rather, the

8    principal, elected officers of Local 3000 are its President Faye Guenther, its

9    Secretary-Treasurer Joe Mizrahi, and its Recorder Maria Milliron. Renner is

10   currently employed by Local 3000 in a non-elected, non-officer position as a

11   contract bargainer. His current title is Director for Eastern Washington, Northern

12   Idaho, and Northeastern Oregon. Dalmat 2nd Decl. Ex. 32 (Guenther Tr. I 85:17–

13   87:17, 199:10–14, 200:13–23); Guenther 2nd Decl. ¶¶ 5–6. He has also held the title

14   of Vice President but has never been a constitutional Vice President within the

15   meaning of UFCW Local 3000's bylaws, in that he has never sat on Local 3000's

16   Executive Board. Guenther 2nd Decl. Ex. 1. In short, Renner has never held a

17   position at Local 3000 with responsibilities for governing that local union, as he had

18   at Local 1439.  He has also never supervised anyone at Local 3000. Guenther 2nd

19   Decl. ¶¶ 5–6.

20

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 8
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD
IGLITZIN &
LAVITT LLP**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

### III.    The Merger Between UFCW 21 and UFCW 1439

### A. Preliminary Discussions

**14.** On or around September 30, 2021, Renner asked Guenther to consider a merger between UFCW 21 and UFCW 1439. Guenther I Tr. 58:2–4, 59:19–25.

**Response:** Undisputed.

**15.** Guenther responded that she was interested in a merger. Guenther I Tr. 59:19–60:4.

**Response:** Clarified. During the September 30, 2021, call, Guenther did not respond substantively to Renner's suggestion that Local 21 and Local 1439 merge. Rather, within a few weeks of his September 30, 2021, call, Guenther called Renner to let him know she was open to exploring a merger between Local 21 and Local 1439. ECF No. 107, ¶ 90. Subject to that understanding, the assertion is undisputed.

**16.** At the time, UFCW 1439 had approximately 7,800 members who were primarily located in Eastern Washington. Guenther I Tr. 55:6–8, 61:6–8.

**Response:** Undisputed.

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 9
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD IGLITZIN & LAVITT LLP**

**17.** UFCW 21 had approximately 44,000 members who were primarily located across Washington. Guenther I Tr. 55:6–12; 61:6–10.

 **Response:** Undisputed.

**18.** Collectively UFCW 1439 and UFCW 21 represented workers in industries such as grocery, health care, packing and processing, and retail, among others. DiLorenzo Decl. Ex. K.

 **Response:** Undisputed.

**19.** Before engaging in formal merger discussions, Guenther and Renner needed permission from UFCW International to do so. Guenther I Tr. 62:22–63:3.

 **Response:** Undisputed.

**20.** In October 2021, Guenther and Renner communicated regularly, including by text message and by phone. DiLorenzo Decl. ¶ 13 & Ex. L at 30028– 32; Guenther II Tr. 30:16–31:16, 34:18–38:24.

 **Response:** Undisputed.

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 10
Case No. 2:22-cv-00272-TOR

**21.** On October 20, 2021, Renner sent Guenther a text message about reaching out to Kate Meckler. DiLorenzo Decl. ¶ 13 & Ex. L at 30030; Guenther II Tr. 30:16–31:7, 36:3–11.

**Response:** Undisputed.

**22.** Kate Meckler was a UFCW regional director. Guenther I Tr. 124:23–25, 158:13–14; Guenther II Tr. 36:3–11.

**Response:** Undisputed. *See also* ECF No. 105, ¶ 5.

**23.** Meckler needed to "release" the merger request before UFCW International would approve formal merger discussions, and Guenther was concerned that Meckler would oppose the merger. Guenther I Tr. 161:24–162:9; Guenther II Tr. 36:20–25.

**Response:** Undisputed and clarified.

Although the UFCW Constitution authorizes the International Executive Committee to approve formal merger discussions, Regional Director Meckler is the person who communicated that approval (or "released" it) to the local unions who had requested it. ECF No. 107, ¶¶ 92, 94.

It is undisputed that, although International President Marc Perrone had informally approved the merger discussion as early as November 2, 2021, Meckler delayed communicating the International's formal approval until December 2021 to

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 11
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD IGLITZIN & LAVITT LLP**

avoid interfering with a union-election vote at a Fred Meyer store in Richland, Washington, scheduled for late November 2021. ECF No. 107, ¶¶ 92, 97; ECF No. 113-1 (Guenther Tr. I 161:24–162:9).

It is undisputed that Guenther was concerned Meckler would oppose the merger. ECF No. 113-2 (Guenther Tr. II 36:20–25). Meckler, after all, had previously allied with Local 555 President Dan Clay (and others) against Guenther on various matters. ECF No. 107, ¶¶ 20–22, 27, 30–31, 63–65, 71, 92; ECF No. 106, Ex. 2 (UFCW-EMMONS_000899–901).

**24.** On October 20, 2021, Guenther responded to Renner, stating in part:

> I think we should meet with Aaron first and then maybe call her that day? That way we have all our best arguments written down and vetted […]
>
> Kate may try to mess with things…hopefully not…so maybe we can ask Aaron to draft up top 10 reasons or something. And then specifically ask for her support.
>
> And we should have a letter ready to go asap after we talk with her to full exec committee.

DiLorenzo Decl. ¶ 13 & Ex. L at 30029–30; Guenther II Tr. 30:16–31:7, 36:3–25.

**Response:** Undisputed that the quotations set forth above are partial quotations of text messages Guenther sent Renner on October 20, 2021. The full quotations are set forth in the cited exhibit.

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 12
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD IGLITZIN & LAVITT LLP**

**25.** On October 21, 2021, Plaintiff's counsel Jim McGuinness emailed Guenther an example of a letter seeking UFCW International's approval for formal merger discussions in another proposed merger. ECF No. 48-11 at 006016, 006015. McGuinness's cover email stated in part, "Obviously, we could beef it up for this situation with all the reasons a merger makes sense." *Id.* at 006016.

**Response:** Disputed in part.

It is undisputed that Jim McGuinness emailed Guenther an example of a letter seeking UFCW International's approval for formal merger discussions in another proposed merger.

It is disputed that Mr. McGuinness did so in his capacity as Guenther's lawyer. In fact, Mr. McGuinness represented Local 21, not Guenther personally. Dalmat 2nd Decl. Ex. 32 (Guenther Tr. I 154:21–155:24).

**26.** Also on October 21, 2021, Guenther emailed Renner an example "Union Merger Agreement" that McGuinness had provided to her. ECF No. 48-12 at 006014, 006011–13.

**Response:** Undisputed.

**27.** On October 27, 2021, Guenther, Renner, Streepy, and Joe Mizrahi (UFCW 21's Secretary-Treasurer) met and drafted a letter to UFCW International requesting

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 13
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1  permission to engage in formal merger discussions, which Guenther and Renner

2  signed. Guenther I Tr. 60:11–20, 65:6–67:13, 157:19–158:1; DiLorenzo Decl. ¶ 15

3  & Ex. N.

4  **Response:** Undisputed.

5

6  **28.** Guenther then hand delivered the letter to Kate Meckler, who reports to

7  UFCW International President Marc Perrone. Guenther I Tr. 157:19–159:4;

8  DiLorenzo Decl. ¶ 15 & Ex. N.

9  **Response:** Undisputed.

10

11  **29.** On October 30, 2021, Guenther texted Renner, "I have meeting set with

12  Perrone," and Renner responded: "Great news, work your magic!" DiLorenzo Decl.

13  ¶ 13 & Ex. L at 030029, 030028; Guenther II Tr. 30:16–31:7.

14  **Response:** Undisputed.

15

16  **30.** On November 2, 2021, Guenther met in person with UFCW International's

17  president, Marc Perrone, at a meeting arranged by Guenther. DiLorenzo Decl. Ex. O;

18  Guenther I Tr. 67:20–25.

19  **Response:** Undisputed.

20

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

**31.** At the November 2, 2021 meeting, Guenther sought Perrone's support for the merger. Guenther I Tr. 62:22–63:3, 67:14–25, 159:5–13.

**Response:** Undisputed.

It is also undisputed that, at the November 2, 2021, meeting, Perrone informally verbally pledged his support for the merger. ECF No. 107, ¶ 94; Dalmat Decl. Ex. 32 (Guenther Tr. I 68:1–9).

**32.** Guenther also asked Shaun Barclay, UFCW 21's former regional director, to speak with Perrone about the benefits of the merger. Guenther I Tr. 163:3–24.

**Response:** Disputed in part. Shaun Barclay is a former regional director of UFCW Region 7, of which Local 21 was a part. *See* ECF No. 105, ¶ 5 (citing record). The remainder of this Paragraph is undisputed.

**B. Formal Merger Discussions & Executive Board Approval**

**33.** On December 2, 2021, UFCW International gave its approval for UFCW 21 and UFCW 1439 to engage in formal merger discussions. Guenther I Tr. 161:20–162:22; DiLorenzo Decl. ¶ 17 & Ex. P.

**Response:** Undisputed.

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD
IGLITZIN &
LAVITT LLP**

**34.** Guenther helped prepare a merger agreement, which Guenther and Renner signed. Guenther I Tr. 69:19–70:19; DiLorenzo Decl. Ex. I.

**Response:** Undisputed and clarified that Guenther did so using the International Union's Model Local Union Merger Agreement, which required membership approval. *See* ECF No. 113-1 (Guenther Tr. I 69:19–70:19); ECF No. 107, ¶ 95; and Ex. 16.

**35.** Under the merger agreement, Guenther would be president of the new union formed through the merger. DiLorenzo Decl. Ex. I.

**Response:** Undisputed.

**36.** Under a "side agreement," Renner would be an employee of the new union. DiLorenzo Decl. ¶ 14 & Ex. M at 001027; Guenther I Tr. 84:7–25; Guenther II Tr. 43:2–25, 49:20–50:4.

**Response:** Disputed in part.

It is undisputed that UFCW 3000 entered into a "Merger Commitments and Employment Agreement" that provided Renner would be an employee of Local 3000.

It is disputed that Local 3000 did so contemporaneously with its execution of the December 14, 2021, merger agreement (ECF No. 113-9). In fact, Local 3000

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 16
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1  never signed the "Merger Commitments and Employment Agreement" but instead

2  approved it electronically much later, by July 21, 2023. *See* ECF No. 113-13; Dalmat

3  2nd Decl. 32 (Guenther Tr. I 84:7–25); 34 (Guenther Tr. II 43:2–25, 49:20–50:4).

4

5  **37.** Before Guenther recommended the proposed merger to UFCW 21's

6  Executive Board, Guenther and Renner agreed that the new union would employ

7  Renner. Guenther I Tr. 84:7–25.

8  **Response:** Disputed in part.

9      It is undisputed that before Guenther recommended to the Local 21 Executive

10  Board that the Board put the merger to a membership vote, she had asked Renner to

11  work with Local 3000 "to help transition the [Local 1439] contracts to" Local 3000.

12  Dalmat 2nd Decl. Ex 32 (Guenther Tr. I 84:7–16). At that time, the parties had not

13  reached any agreements—their "conversations were vague … ." Dalmat 2nd Decl.

14  Ex 32 (Guenther Tr. I 84:19). An actual agreement between Renner and Local 3000

15  regarding his employment did not begin to take shape until January or February 2022

16  and was not executed until much later, by July 21, 2023. Dalmat 2nd Decl. Ex 32

17  (Guenther Tr. I 84:17–25); Ex 34 (Guenther Tr. II 43:2–25, 49:20–50:4).

18

19  **38.** On December 8, 2021, Renner stated in a text message to Guenther: "Scott H.

20  has reviewed merger agreement. Larry Hall supports the merger and will put his name

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

1  to it. Train is rolling!!!!!" DiLorenzo Decl. ¶ 13 & Ex. L at 30025; Guenther II Tr.

2  30:16–31:7. Guenther responded: "Yes!!!! That is so awesome!" *Id.*

3  **Response:** Undisputed.

4  It is also undisputed that "Scott H." refers to Scott Habenicht, Local 1439's

5  in-house counsel in December 2021 and Larry Hall is a former President of Local

6  1439 who was a significant leader of that union. Guenther 2nd Decl. ¶ 6.

7

8  **39.** On December 12, 2021, Renner told Guenther that two individuals "were both

9  very impressed by [her] and are in full support!" DiLorenzo Decl. ¶ 13 & Ex. L at

10  30022; Guenther II Tr. 30:16–31:7. Guenther responded: "That is great news! Now I

11  have to get my board all in order!" *Id.*

12  **Response:** Undisputed and clarified that Renner texted Guenther that Jeff White and

13  Kinzie Michael—two members of the Local 1439 Executive Board in December

14  2021— were "both very impressed by [Guenther] and are in full support!" Guenther

15  2nd Decl. ¶ 9.

16  Guenther's response to Renner's text is undisputed.

17

18  **40.** On December 14, 2021, Guenther led a discussion with the UFCW 21

19  Executive Board, in which she advocated in favor of the merger. Guenther I Tr.

20  60:24–62:12; DiLorenzo Decl. Ex. Q at 006002–03.

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 18
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

1    **Response:** Disputed in part.

2         On December 14, 2021, the Local 21 Executive Board discussed the merger.

3    But Joe Mizrahi led the discussion (in executive session) and Guenther fielded

4    questions. ECF No. 107, ¶¶ 97–100.

5         It is also undisputed that Local 21's Executive Board was composed of 36

6    members and the merger discussion took place during an executive session, which

7    is reserved for sensitive, private discussions. ECF No. 107, ¶¶ 97–101; and Ex. 17

8    (RFP Resp No 6 – 006001–03).

9

10   **41.** On December 14, 2021, the UFCW 21 Executive Board approved the

11   proposed merger. Guenther I Tr. 61:19–21, 97:19–25.

12   **Response:** Undisputed, in the sense that the Local 21 Executive Board

13   recommended putting the merger question to a vote of its members for approval.

14   ECF No. 107, ¶¶ 97–101. The Executive Board did not have authority, on its own,

15   to "approve" the proposed merger. ECF No. 107, ¶¶ 91, 102.

16

17   **42.** The UFCW 1439 Executive Board also approved the proposed merger on the

18   same day. *Id.*

19   **Response:** Undisputed, in the sense that the Local 1439 Executive Board

20   recommended putting the merger question to a vote of its members for approval.

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1    ECF No. 107, ¶¶ 97–101. The Executive Board did not have authority, on its own,

2    to "approve" the proposed merger. ECF No. 107, ¶¶ 91, 102.

3

4    **43.** When Guenther spoke with the UFCW 21 Executive Board on December 14,

5    2021, Guenther knew "there ... had been an internal conflict [at UFCW 1439]"

6    involving Renner that "had been resolved amongst all parties with nondisclosure and

7    ... confidentiality agreements," and that Renner was prohibited from "directly

8    supervis[ing] any employees." Guenther I Tr. 71:13–18, 93:12– 94:20, 99:5–14,

9    167:21–168:9; DiLorenzo Decl. ¶ 14 & Ex. M at 001027; Guenther II Tr. 49:20–

10    50:4; DiLorenzo Decl. Ex. Q at 006002–03.

11    **Response:** Undisputed.

12

13    **44.** Guenther did not tell the UFCW 21 Executive Board about the claims against

14    Renner, the nondisclosure agreements, Renner's agreement to resign, or that Renner

15    was not allowed to supervise people. Guenther I Tr. 83:6–84:6.

16    **Response:** Disputed in part.

17         As of the December 14, 2021, Local 21 Executive Board meeting, Guenther

18    did not know the claims against Renner, had not seen the settlement/nondisclosure

19    agreements, and had contemplated a merger agreement that would place Renner in

20    a non-supervisory position at Local 3000 where he would not be an officer of that

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 20
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

local union and would not sit on its governing body, the Executive Board. Dalmat 2nd Decl. Ex. 32 (Guenther Tr. I 80:9–82:25, 85:17–87:17, 93:18–94:8, 138:19–139:10, 199:10–14, 200:13–23); Ex. 34 (Guenther Tr. II 28:8–30:1); Guenther 2nd Decl. ¶¶ 5–6.

It is therefore undisputed that Guenther did not inform the Local 21 Executive Board of those topics of which she was unaware. As for the restriction on Renner's ability to supervise others, because Guenther had no expectation that Renner would supervise anyone at Local 3000, she saw no relevance in informing the Executive Board of such a restriction. Dalmat 2nd Decl. Ex. 32 (Guenther Tr. I 84:3–6). In fact, Renner has not supervised anyone while employed at Local 3000. Guenther 2nd Decl. ¶¶ 5–6.

### C. Member Vote

**45.** On December 17, 2021, UFCW 1439 formally announced the merger vote to its members. DiLorenzo Decl. Ex. X at 0000168.

**Response:** Disputed in part (or, perhaps, merely clarified).

The cited exhibit indicates that "Notice of the merger vote was provided to our membership on December 17, 2021." ECF No. 113-24. In other words, on December 17, 2021, Local 1439 mailed notifications to its members of their right to participate in an upcoming vote—at meetings on January 6, 10–14, and 18–20,

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 21
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

2022—on the proposed merger between Local 21 and Local 1439. ECF No. 113-24. Local 1439's December 17, 2021, notice did not announce the results of an accomplished merger vote.

**46.** On January 6, 2022, UFCW 21 formally announced the merger vote to its members. DiLorenzo Decl. Ex. Y at 0000151.

**Response:** Disputed in part (or, perhaps, merely clarified).

The cited exhibit indicates that "Notice of the merger vote was provided to our membership on January 6, 2022." ECF No. 113-25. That, in fact happened. *See* ECF No. 107, ¶ 103 and Ex. 18. Local 21's notice did not ask anyone to vote in favor of the merger. *Id.*

In other words, on January 6, 2022, Local 21 mailed its members of their right to participate in general membership meetings on February 9–12, 2022, during which the merger would be one of the topics discussed and on which they could vote. ECF No. 113-24. Local 21's January 6, 2022, notice did not announce the results of an accomplished merger vote.

**47.** Between January 6 and 20, 2022, UFCW 1439 members voted on the proposed merger. DiLorenzo Decl. Ex. X at 000168; Guenther I Tr. 97:19–25.

**Response:** Undisputed.

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 22
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

1

2     **48.** On January 5, 2022, the day before UFCW 1439 members began voting,

3     Guenther stated in an email to Renner and others that her staff "are going to fly to

4     Spokane tomorrow and provide any support needed to 1439," "onboard [a UFCW 21

5     staff member] to help from tomorrow until January 20 to ensure we have what we

6     need for all votes," and "can also help ... with anything ... including ... vote support."

7     DiLorenzo Decl. Ex. R.

8     **Response:** Disputed in part.

9          It is undisputed that the quotations set forth above are accurate, partial

10    quotations from the cited exhibit containing Guenther's January 5, 2022, email. The

11    full quotation is:

12        Hi All:

13        Kim and Sarah are going to fly to Spokane tomorrow and provide any
          support needed to 1439. We have a staff person who is cross trained in
14        Emma and DMC and Kim will onboard her to help from tomorrow until
          January 20 to ensure we have what we need for all votes. Kim and
15        Michelle can also help Dana with anything she needs including prep for
          year end audit and vote support.

16
          Joe and I are cancelling all of our travel and meetings and will provide
17        extra support, Shari Davis will likely travel with us to any vote meetings
          we can make. Share can help reps with sign in and she can seal the
18        doors at proper time.

19        Eric I will call you so we can outline which votes Share/Joe and I can
          provide extra sets of hands.

20
          It's game time!

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 23
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**

SEATTLE, WASHINGTON 98119    **IGLITZIN &**

TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1

2

Faye

3    ECF No. 113-18. This email correctly reflects Guenther's plans as of January 5,

4    2022: she planned to send experienced Local 21 staff members to assist with Local

5    1439's administration of the merger vote to ensure compliance with legal

6    requirements under federal law (i.e., the Labor–Management Reporting and

7    Disclosure Act) and the UFCW Constitution. Guenther 2nd Decl. ¶ 12. In fact,

8    Guenther was not able to attend the Local 1439 meetings at which Local 1439

9    members voted on the merger because she was sick with COVID. Guenther 2nd

10   Decl. ¶¶ 14–15. The Local 21 staff who attended ensured the merger vote complied

11   with union-constitutional requirements and federal law, and also fielded members'

12   questions. Guenther 2nd Decl. ¶¶ 16–17.

13

14       **49.** In the same January 5, 2022, email, Guenther stated: "Joe and I are cancelling

15   all of our travel and meetings and will provide extra support, Shari Davis will likely

16   travel with us to any vote meetings we can make. ... Eric I will call you so we can

17   outline which votes Shari/Joe and I can provide extra sets of hands. It's game time!"

18   *Id*.

19   **Response:** Disputed in part.

20

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 24
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1    It is undisputed that the quotations set forth above are accurate, partial

2 quotations from the cited exhibit containing Guenther's January 5, 2022, email. The

3 full quotation is:

4    Hi All:

5    Kim and Sarah are going to fly to Spokane tomorrow and provide any
     support needed to 1439. We have a staff person who is cross trained in
6    Emma and DMC and Kim will onboard her to help from tomorrow until
     January 20 to ensure we have what we need for all votes. Kim and
7    Michelle can also help Dana with anything she needs including prep for
     year end audit and vote support.

8
     Joe and I are cancelling all of our travel and meetings and will provide
9    extra support, Shari Davis will likely travel with us to any vote meetings
     we can make. Share can help reps with sign in and she can seal the
10   doors at proper time.

11   Eric I will call you so we can outline which votes Share/Joe and I can
     provide extra sets of hands.
12
     It's game time!
13
     Faye
14

15 ECF No. 113-18. This email correctly reflects Guenther's plans as of January 5,

16 2022: she planned to send experienced Local 21 staff members to assist with Local

17 1439's administration of the merger vote to ensure compliance with legal

18 requirements under federal law (i.e., the Labor–Management Reporting and

19 Disclosure Act) and the UFCW Constitution. Guenther 2nd Decl. ¶ 12. In fact,

20 Guenther was not able to attend the Local 1439 meetings at which Local 1439

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 25
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

members voted on the merger because she was sick with COVID. Guenther 2nd Decl. ¶¶ 14–15. The Local 21 staff who attended ensured the merger vote complied with union-constitutional requirements and federal law, and also fielded members' questions. Guenther 2nd Decl. ¶¶ 16–17.

**50.** Also on January 5, 2022, Guenther texted Renner: "Game time!!! Its [sic] on Eric! I can t [sic] wait to celebrate on Jan 20!!!!!!!!" DiLorenzo Decl. ¶ 13 & Ex. L at 30017; Guenther II Tr. 30:16–31:7.

**Response:** Undisputed.

**51.** UFCW 1439 members voted in favor of the merger, 191 to 5. DiLorenzo Decl. Ex. X at 000168.

**Response:** Undisputed.

It is also undisputed that the 196 votes cast out of approximately 7,800 members of Local 1439—i.e., only approximately 2.5% of the Local 1439 membership participated in the merger vote. The vote was also uncontroversial, with approximately 97.4% of Local 1439 voters supporting the merger.

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 26
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

1

2

3

**52.** On January 27, 2022, Guenther stated in an email to Renner and others: "UFCW 21 members will be voting soon, and hopefully that will be a good vote." DiLorenzo Decl. Ex. S.

4

**Response:** Undisputed.

5

6

It is also undisputed that the personnel copied on Guenther's email are all senior Local 21 staff. Guenther 2nd Decl. ¶¶ 13, 16–17; ECF No. 113-19.

7

8

9

**53.** Between February 9 and 12, 2022, UFCW 21 members voted on the proposed merger. DiLorenzo Decl. Ex. Y at 0000151.

10

**Response:** Undisputed.

11

12

13

**54.** UFCW 21 members voted in favor of the merger, 207 to 11. DiLorenzo Decl. Ex. Y at 0000151

14

**Response:** Undisputed.

15

16

17

18

It is also undisputed that the 218 votes cast for or against the merger out of approximately 44,000 members of Local 21 mean that only approximately 0.5% of Local 21 members participated in the merger vote. The vote was uncontroversial, with approximately 95% of Local 21 voters supporting the merger.

19

20

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

It is also undisputed that, taken together, only 414 out of approximately 51,800 members of both local unions participated in the merger vote. In other words, only approximately 0.8% of eligible voters participated in the merger vote.

**55.** In Spokane, only one UFCW 1439 member voted against the merger, and all UFCW 21 members in Spokane voted in favor of the merger. DiLorenzo Decl. Ex. X at 0000172 & Ex. Y at 0000152.

**Response:** Undisputed.

**56.** The merger became effective March 1, 2022. DiLorenzo Decl. Ex. I at 0000158.

**Response:** Undisputed.

## IV. **The Flyer**

### A. Nonparty Michael Selvaggio Created the Flyer.

**57.** In December 2021, Michael Selvaggio, who through his company Ridgelark Strategies LLC was political director for UFCW 555, created a flyer to encourage UFCW members to vote against the proposed merger. Selvaggio Tr. 62:2–23, 75:14–19, 113:10–18; see ECF No. 26-1 ("Flyer").

**Response:** Disputed in part.

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD IGLITZIN & LAVITT LLP**

1    It is undisputed that Selvaggio drafted the content of the flyer based on talking

2    points he had discussed with Local 555 President Dan Clay and his executive

3    assistant, Esai Alday. ECF No. 106, Ex. 7 (Selvaggio Tr. 113:10–114:3, 122:17–

4    124:12, 144:3–145:1).

5    Nonetheless, Emmons literally created the written materials—the flyers—that

6    he distributed at grocery stores in Spokane, Washington, by printing them at a FedEx

7    store. ECF No. 106, Ex. 13 (Emmons Tr. 74:18–76:2).

8

9    **58.** Selvaggio created the Flyer at the request of Dan Clay, President of UFCW

10    555. Selvaggio Tr. 43:23–25, 92:10–97:24; 123:20–124:2.

11    **Response:** It is undisputed that Selvaggio drafted the flyer at Clay's request. As

12    indicated in response to paragraph 57, Emmons literally created the flyers

13    themselves by printing them.

14

15    **59.** Clay and Esai Alday, who also works for UFCW 555, provided Selvaggio

16    with the information that Selvaggio included in the Flyer. Selvaggio Tr. 99:11–17,

17    122:10–124:2. 60.

18    **Response:** Undisputed.

19

20

18 WEST MERCER ST., STE. 400    **BARNARD**

SEATTLE, WASHINGTON 98119    **IGLITZIN &**

TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

**60.** The Flyer contained the following statements:

ATTENTION UFCW MEMBERS

The in-union "Sexual Harassment club" is at it again!!

First Faye Gunther [sic] (President of Local 21) helped former 367 President Angel Gonzalez cover up his harassment charges and paid him off in exchange for installing her puppet, Mike Hines.

Now she's helping Eric Renner (the Local 1439 President) hide from sexual harassment charges and land a cushy new gig with Local 21 through a forced merger.

OUR UNION SHOULD BE LOOKING OUT FOR US
NOT PROTECTING HARASSERS!

It's time to STOP THE COVERUPS!

VOTE NO ON ANY MERGER!

ECF No. 26-1.

**Response:** Undisputed. *See also* ECF No. 106, Ex. 17.

**61.** Emmons had "[n]o" "involvement in the creation or production of the [Flyer]." Emmons Tr. 73:13–15.

**Response:** Disputed.

In fact, Emmons was substantially involved in producing the flyer. He discussed the contents of the flyer with Selvaggio before agreeing to print and circulate it. ECF No. 106, Ex. 7 (Selvaggio Tr. 110:9–111:13); Ex. 13 (Emmons Tr. 69:7–14). During that discussion, Emmons immediately recognized the incendiary

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 30
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

nature of those accusations and asked Selvaggio for their basis. ECF No. 106, Ex. 13 (Emmons Tr. 69:7–10, 70:20–71:22). Selvaggio told him the sexual harassment allegations were the subject of investigations. ECF No. 106, Ex. 13 (Emmons Tr. 70:20–71:22); Ex. 7 (Selvaggio Tr. 110:24–111:16). Selvaggio and Emmons did not discuss any payoffs or whether Guenther was involved in any way in those allegations or the target of any sexual harassment investigation. ECF No. 106, Ex. 7 (Selvaggio Tr. 111:14–112:19); Ex. 13 (Emmons Tr. 71:20–25, 78:2–7, 78:22–79:8, 80:3–12). As far as Emmons recalls, they did not discuss Guenther at all during that conversation. ECF No. 106, Ex. 13 (Emmons Tr. 64:21–65:15).

After that conversation, Selvaggio emailed Emmons the flyer. ECF No. 106, Ex. 17 (Selvaggio Ex. 8); Dalmat Decl. Ex. 7 (Selvaggio Tr. 139:9–140:1, 144:3–145:1). After receiving a copy of the flyer itself from Selvaggio, Emmons and Selvaggio had another discussion about it. ECF No. 106, Ex. 13 (Emmons Tr. 76:1–80:16); Ex. 18 (Selvaggio Ex. 6). During that second conversation, Emmons read the flyer in its entirety but did not discuss any details of any investigations into Gonzalez or Renner and did not discuss the accusation that Guenther helped Gonzalez cover up harassment charges and paid him off in exchange for installing Hines. ECF No. 106, Ex. 13 (Emmons Tr. 78:25–79:15, 90:13–91:19). Emmons also did not discuss with Selvaggio the accusation that Guenther helped cover up allegations Renner was facing. ECF No. 16, Ex. 13 (Emmons Tr. 78:14–80:16).

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 31
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

Based on what he learned in these two conversations—i.e., nothing at all supporting the truth of the accusations directed against Guenther—Emmons agreed to produce the flyers by printing them at a FedEx store and then distributing them in grocery stores in Spokane (hundreds of miles away from Portland) where affected UFCW members would likely see them. ECF No. 106, Ex. 13 (Emmons Tr. 74:18–75:25); Ex. 13 (Emmons Tr. 74:18–76:6, 81:1–84:22, 102:9–103:21); Ex. 7 (Selvaggio Tr. 136:3–19); Ex. 19 (RFP Resp No. 2 – 002111–16). Upon distributing the flyers, Emmons told recipients "here's information about the union, information about the merger." ECF No. Ex. 7 (Selvaggio Tr. 118:8–18).

### B. Nonparty Mike Selvaggio Mailed 1,000 Copies of the Flyer to UFCW Worksites on December 13, 2021.

**62.** On December 13, 2021, Selvaggio mailed 1,000 copies of the Flyer to UFCW work sites across Washington. Selvaggio Tr. 97:11–98:10, 101:4–102:12, 104:17–105:3, 113:22–114:1.

**Response:** Undisputed. It is also undisputed that the mailings were addressed to shop stewards and store managers. ECF No. 107, ¶ 117.

**63.** Guenther first learned of the Flyer on December 15 or 16, 2021. Guenther I Tr. 97:8–16.

**Response:** Undisputed. *See also* ECF No. 107, ¶ 128; and Ex. 22.

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 32
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1    **64.** Around the same time, a UFCW 367 member posted the Flyer in a UFCW

2    member Facebook forum, and other members commented on it. ECF No. 1-2 ¶ 3.12;

3    DiLorenzo Decl. Ex. T; Guenther I Tr. 99:15–101:22.

4    **Response:** Undisputed and clarified. It is undisputed that the Facebook group in

5    which the member posted the flyer was closed to members of Local 367, and that

6    the post garnered merely 26 comments and 17 reactions. Guenther 2nd Decl. ¶¶ 18–

7    19; ECF No. 106, Ex. 11 (RFP Resp. No. 2 – 002099); Ex. 4 (Guenther Tr. 99:22–

8    100:18). Because each Facebook user can make only one reaction to a post, whereas

9    the same user can post multiple comments responding to a post, the 26 comments

10   could be from the 17 people who posted reactions. Guenther 2nd Decl. ¶¶ 18–20;

11   ECF No. 106, Ex. 11 (RFP Resp. No. 2 – 002099).

12

13   **65.** Adam Jackson received a text message from a grocery store meat manager

14   with an image of the Flyer, which the meat manager said he had received at work.

15   Jackson Tr. 122:6–18.

16   **Response:** Undisputed.

17

18   **66.** Jackson shared the image of the Flyer with Laurel Fish on or around

19   December 16, 2021. Fish Tr. 112:14–25.

20   **Response:** Undisputed.

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
**TEL** 800.238.4231 | **FAX** 206.378.4132   **LAVITT LLP**

**67.** Jackson "checked with a few other people" to see if they had received the Flyer and confirmed others had received it too. Jackson Tr. 122:16–18.

**Response:** Undisputed.

It is also undisputed that the members with whom Jackson discussed the flyer were "confused more than anything" by it. Dalmat 2nd. Decl. Ex. 36 (Jackson Tr. 123:2–4). The members were already aware "there was a vote coming up" because the union had "already announced the merger was coming." Dalmat 2nd. Decl. Ex. 36 (Jackson Tr. 123:6–8). Jackson told the members, "It's nothing, you know, we did or our Local put out and so I just reported it to Scott." Dalmat 2nd. Decl. Ex. 36 (Jackson Tr. 123:11–12). At no point before the membership meetings at which the merger votes occurred, however, did Jackson report hearing Local 1439 members debate the merits of the merger publicly, including following the December 2021 mailing. *Id.*

**68.** Guenther testified that she experienced "[a]nxiety" after the Flyer became public. Guenther I Tr. 107:12–24.

**Response:** It is undisputed that Guenther experienced anxiety and pecuniary harm as a result of the flyer Emmons circulated. *See* ECF No. 107, ¶¶ 136–167.

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 34
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD**
**IGLITZIN &**
**LAVITT LLP**

1    The testimony cited at Guenther I Tr. 107:12–24 does not indicate that

2 Guenther's anxiety began before January 8, 2022, when Emmons circulated the

3 flyers in Spoke stores.

4

5    **69.** On or around December 16, 2021, after Fish learned of the Flyer from

6 Jackson, Plaintiff's counsel Aaron Streepy called Fish "to ask if [she] was responsible

7 for [the Flyer]." Fish Tr. 94:1–11.

8    **Response:** Undisputed.

9

10    **70.** On December 20, 2021, Guenther received an email with the subject line "In-

11 union Sexual Harassment Club?" from Lance Van Landuyt, who signed as "Steward

12 at Fred Meyer" and asked, "This letter was mailed to me at my store. What's this all

13 about?" DiLorenzo Decl. Ex. U. Guenther responded in part: "Our attorneys are

14 working on this .... We will work until we find out who wrote the flyer and who

15 mailed the flyer to attempt to get to the bottom of this." *Id.*

16    **Response:** Undisputed.

17    It is also undisputed that the record contains no evidence showing Mr. Van

18 Landuyt discussed the matter publicly.

19

20

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 35
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
**TEL** 800.238.4231 | **FAX** 206.378.4132    **LAVITT LLP**

### C. Nonparty Mike Selvaggio Hired Emmons to Place Copies of the Flyer in Five to Seven Grocery Stores in Spokane, Which Emmons Did on January 8, 2022.

**71.** In January 2022, Selvaggio called Emmons and said Ridgelark wanted to hire Emmons's company, Osprey, to distribute copies of the Flyer to grocery stores in Spokane. Selvaggio Tr. 73:14–17; Emmons Tr. 67:13–68:25, 73:8–12, 84:12–13; Emmons Decl. ¶¶ 4, 7, 10.

**Response:** Undisputed and clarified.

The call occurred on or around January 5, 2022. ECF No. 106, Ex. 7 (Selvaggio Tr. 108:18–110:4).

**72.** Emmons and Osprey had been hired by Selvaggio and Ridgelark to assist with numerous community outreach projects before. Emmons Decl. ¶ 5.

**Response:** Undisputed.

**73.** Emmons first worked with Selvaggio at an organization called Direct Action Partners, where Selvaggio was President and Emmons was a Project Manager, before the organization dissolved. *Id.*

**Response:** Undisputed.

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 36
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD**
**IGLITZIN &**
**LAVITT LLP**

**74.** Since working together at Direct Action Partners, Selvaggio, through Ridgelark, has hired Emmons, through Osprey, for numerous other community outreach projects over the years. *Id.*

**Response:** Undisputed.

**75.** Emmons has known Selvaggio for nearly a decade. *Id.*

**Response:** Undisputed.

**76.** In Emmons's experience working for Selvaggio, Emmons has observed Selvaggio to be honest and trustworthy. Emmons Tr. 109:1–10; Emmons Decl. ¶ 6.

**Response:** Disputed in part. It is undisputed that Emmons testified as much. The cited deposition testimony includes Emmons's testimony that Selvaggio has "never led [Emmons] astray." ECF No. 113-4 (Emmons Tr. 109:6–8). The pendency of this litigation speaks for itself on that question.

**77.** Specifically, in Emmons's experience, Selvaggio is selective in the organizations and people he chooses to work for, only works for those with high integrity, and does not take on initiatives without first confirming that the position or message he is communicating is a credible one. Emmons Decl. ¶ 6.

**Response:** Disputed.

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 37
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

1       The facts of this case—with which Emmons has experience—show that

2 Selvaggio does not work only for people with high integrity and he does take on

3 initiatives without confirming the position or message he is communicating is

4 credible. Rather, the record facts show Selvaggio took on Operation Wagon Wheel

5 in reliance on the representations of Clay and Alday, who told him that they relied

6 on an investigation by the UFCW International Union—an assertion Selvaggio did

7 nothing to verify. ECF No. 106, Ex. 7 (Selvaggio. Tr. 111:23–112:19). In fact, the

8 International repeatedly deemed the flyers' accusations to be false. ECF No. 106,

9 Ex. 14 (UFCW-EMMONS_000029 –32), Ex. 15 (UFCW-EMMONS_000936), Ex.

10 16 (UFCW-EMMONS_000937).

11       In addition, neither Selvaggio nor Emmons did anything to confirm whether

12 Guenther paid off Local 367 President Angel Gonzalez or whether Guenther was

13 involved in any way in the allegations of sexual harassment against Gonzalez or

14 against Eric Renner. ECF No. 106, Ex. 7 (Selvaggio Tr. 111:14–112:19); Ex. 13

15 (Emmons Tr. 71:20–25, 78:2–7, 78:22–79:8, 80:3–12). They did not discuss

16 Guenther at all—let alone confirm the facts of the accusations against her—when

17 discussing this position. ECF No. 106, Ex. 13 (Emmons Tr. 64:21–65:15).

18       It is also disputed that Clay—the president of UFCW Local 555, which

19 contracts Selvaggio through his company, Ridgelark Strategies—is a person of high

20 integrity. For example, when asked by International Union investigators about his

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 38
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

involvement in the flyer at issue in this case, he knowingly lied about it—denying any involvement. ECF No. 106, Ex. 15.

**78.** Emmons agreed to take on the project of distributing copies of the Flyer in Spokane. Emmons Decl. ¶ 7.

**Response:** Undisputed. *See also* ECF No. 105, ¶¶ 70–84 (citing record).

**79.** Selvaggio emailed Emmons the Flyer on January 5, 2022. Emmons Decl. ¶ 8.

**Response:** Undisputed.

**80.** Selvaggio provided Emmons with a list of grocery stores where Selvaggio wanted Emmons to distribute the Flyer. *Id.*

**Response:** Undisputed.

**81.** Emmons does not personally know the individuals named in the Flyer. Emmons Decl. ¶ 9.

**Response:** Undisputed.

**82.** Emmons had no personal knowledge as to the truth of the statements in the Flyer. Emmons Decl. ¶ 9; Emmons Tr. 108:23–109:10; Selvaggio Tr. 110:18– 23.

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 39
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

**Response:** It is undisputed that Emmons had no actual knowledge of the truth of the statements in the flyer he published. Nor could he have, as the flyers' statements are false. *See* ECF No. 105, ¶¶ 95–105 (citing record).

To the extent this Paragraph implies Emmons had no actual malice when publishing the flyer's accusations against Guenther, Guenther disputes that implication with the following circumstantial evidence. *See Duc Tan v. Le*, 177 Wn.2d 649, 669, 300 P.3d 356 (2013).

In fact, Emmons had personal hostility toward anyone accused of sexual harassment—which was a "personal issue" for him—such that, once Emmons heard the flyer involved sexual harassment that could affect "UFCW members" he "really didn't need to hear much more" to spread the accusations in the flyer, even though he immediately recognized that the accusations were incendiary. ECF No. 106, Ex. 13 (Emmons Tr. 69:7–10, 70:5–7, 70:11–16).

Emmons knew that Selvaggio, Clay, and Alday—Emmon's direct and indirect sources of information—were hostile to Guenther, as the express purpose of the flyering project, as Selvaggio conveyed it to him, was to oppose the merger that Guenther sought. ECF No. 106, Ex. 7 (Selvaggio Tr. 109:23–110:4, 117:8–23); Ex. 13 (Emmons Tr. 69:17–70:14).

Emmons did nothing to investigate the allegations against Guenther, let alone do so properly. ECF No. 106, Ex. 7 (Selvaggio Tr. 111:14–112:19); Ex. 13 (Emmons

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 40
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

Tr. 64:21–65:15, 71:20–25, 73:8–23, 78:2–7, 78:22–79:8, 80:3–12). Emmons also did not inquire into any details of any investigations into Gonzalez or Renner. ECF No. 106, Ex. 13 (Emmons Tr. 78:25–79:15, 90:13–91:19).

And, finally, Emmons deliberately avoided the truth, not even inquiring into the basis for the accusations against Guenther despite inquiring into the basis for the accusations against the alleged harassers. ECF No. 106, Ex. 7 (Selvaggio Tr. 111:14–112:19); Ex. 13 (Emmons Tr. 64:21–65:15, 71:20–25, 73:8–23, 78:2–7, 78:22–79:8, 80:3–12).

**83.** Emmons asked Selvaggio whether the Flyer's statements were accurate. Emmons Decl. ¶ 9; Selvaggio Tr. 110:18–111:2.

**Response:** Disputed.

During their initial conversation on the matter, Emmons asked Selvaggio "about the credibility of the accusations and involvement of individuals in the Spokane region." ECF No. 106, Ex. 13 (Emmons Tr. 70:20–21). They did not discuss the allegations against Guenther or Renner. ECF No. 106, Ex. 13 (Emmons Tr. 71:20–25).

Emmons had a second conversation about the matter shortly thereafter. During that conversation, Emmons and Selvaggio discussed the statement "The in-union 'Sexual Harassment Club' is at it again" and specifically discussed sexual

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 41
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD IGLITZIN & LAVITT LLP**

1    harassment allegations and related investigations, without discussing any details of

2    those investigations. ECF No. 106, Ex. 13 (Emmons Tr. 78:2–21).

3        As to the statement "First Faye Guenther (President of Local 21) helped

4    former 367 President Angel Gonzalez cover up his harassment charges and paid him

5    off in exchange for installing her puppet, Mike Hines," Selvaggio said nothing other

6    than the generality that there had been investigations. ECF No. 106, Ex. 13 (Emmons

7    Tr. 78:25–79:10). Specifically, Selvaggio did not say anything to explain why the

8    flyer alleged Guenther paid Angel Gonzalez off. ECF No. 106, Ex. 13 (Emmons Tr.

9    79:11–15). *Accord* ECF No. 106, Ex. 7 (Selvaggio Tr. 111:17–22) (Selvaggio did

10   not tell Emmons "that Ms. Guenther was the target of the investigation"). In fact,

11   Selvaggio and Emmons did not discuss Guenther at all. ECF No. 106, Ex. 13

12   (Emmons Tr. 64:21–65:15).

13       As to the statement "Now she's helping Eric Renner (the Local 1439

14   President) hide from sexual harassment charges and land a cushy new gig with Local

15   21 through a forced merger," Selvaggio said nothing to Emmons about that portion

16   of the flyer or any remaining portion of the flyer. ECF No. 106, Ex. 13 (Emmons Tr.

17   79:16–80:16).

18

19

20

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

**84.** Selvaggio confirmed to Emmons that the Flyer's statements were credible and stated that there had been investigations. Emmons Decl. ¶ 9; Emmons Tr. 78:11–21, 108:23–109:10; Selvaggio Tr. 110:18–111:9.

**Response:** Disputed in part.

It is undisputed that Emmons and Selvaggio discussed the statement "The in-union 'Sexual Harassment Club' is at it again" and specifically discussed sexual harassment allegations and related investigations, without discussing any details of those investigations. ECF No. 106, Ex. 13 (Emmons Tr. 78:2–21).

As to the statement "First Faye Guenther (President of Local 21) helped former 367 President Angel Gonzalez cover up his harassment charges and paid him off in exchange for installing her puppet, Mike Hines," Selvaggio said nothing other than the generality that there had been investigations. ECF No. 106, Ex. 13 (Emmons Tr. 78:25–79:10). Specifically, Selvaggio did not say anything to explain why the flyer alleged Guenther paid Angel Gonzalez off. ECF No. 106, Ex. 13 (Emmons Tr. 79:11–15). *Accord* ECF No. 106, Ex. 7 (Selvaggio Tr. 111:17–22) (Selvaggio did not tell Emmons "that Ms. Guenther was the target of the investigation"). In fact, Selvaggio and Emmons did not discuss Guenther at all. ECF No. 106, Ex. 13 (Emmons Tr. 64:21–65:15).

As to the statement "Now she's helping Eric Renner (the Local 1439 President) hide from sexual harassment charges and land a cushy new gig with Local

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 43
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

21 through a forced merger," Selvaggio said nothing to Emmons about that portion of the flyer or any remaining portion of the flyer. ECF No. 106, Ex. 13 (Emmons Tr. 79:16–80:16).

**85.** On January 8, 2022, Emmons placed copies of the Flyer at five to seven grocery stores in Spokane, leaving six to eight copies at each store. Emmons Decl. ¶ 10; Emmons Tr. 84:12–13.

**Response:** Undisputed.

**86.** At the time Emmons distributed the Flyer, based on Emmons's experience with Selvaggio and Selvaggio's representations concerning the Flyer, Emmons believed that the Flyer's statements were true. Emmons Decl. ¶ 9; Emmons Tr. 108:23–109:10.

**Response:** Disputed in part.

The claim is overbroad. As indicated in response to paragraph 84, it is undisputed that Emmons believed some former UFCW leaders faced sexual harassment accusations.

But, as further indicated in response to paragraph 84, Selvaggio and Emmons did not discuss the accusations directed against Guenther, and Emmons knew no facts that could reasonably support a belief that the Guenther-directed accusations

18 WEST MERCER ST., STE. 400     **BARNARD**
SEATTLE, WASHINGTON 98119     **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132     **LAVITT LLP**

were true. The record evidence cited in response to paragraph 84 instead shows that Emmons had not formulated a specific belief as to whether the accusations directed against Guenther were true. And the record evidence cited in response to paragraph 83 further shows that Emmons did not care—or exercise the care—to learn the truth of the accusation directed against Guenther; as soon as he heard there were allegations contending former leaders of UFCW may be facing sexual harassment claims, Emmons was prepared to spread those accusations to UFCW members without investigating their truth and, in fact, deliberately avoiding the truth of the accusations against Guenther.

## V.    Guenther's Role As UFCW 21 & UFCW 3000 President

**87.** While UFCW 21 President, Guenther spoke at numerous press conferences and was quoted in the media. DiLorenzo Decl. Ex. J at 5–6 (Resp. to Interrog. 6); Guenther I Tr. 41:18–42:16, 45:7–46:1.

**Response:** It is undisputed that, from March 2020 through May 10, 2023, Guenther spoke at four press conferences about COVID, two about crime in the retail sector (which affects members' employment), two about the proposed corporate merger between Kroger and Albertsons (a pair of grocery store companies), one about legislation to address a health care staffing crisis, and one about workforce development—a total of ten press conferences. ECF No. 113-10, pp. 167–68. It is

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 45
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

1  also undisputed that a podcast quoted Guenther regarding Local 21's pension plan,

2  KUOW interviewed her regarding Seattle fish mongers and again about grocery

3  workers facing economic uncertainty, and King 5 quoted her regarding the proposed

4  Kroger/Albertson merger. *Id.* To the extent that these fourteen events qualify as

5  "numerous," Guenther does not dispute the characterization. To the extent Emmons

6  asserts more than fourteen press appearances or media quotations, Guenther disputes

7  the assertion as unsupported by the record evidence.

8      It is equally undisputed that Guenther gave no press conferences about the

9  potential union merger between Local 21 and 1439 and that no press—not a single

10  news outlet, podcast, or other broadcast media source—reported on that merger

11  before it became effective in March 2022. Dalmat 2nd Decl. ¶¶ 2–6 and Exs. 29–31

12  thereto; ECF No. 113-1 (Guenther Tr. I 41:18–42:16, 45:7–46:1). It is also

13  undisputed that Guenther and Local 21 did not seek press coverage of internal union

14  affairs and there is no evidence they could have garnered such coverage if they had

15  sought it. Guenther 2nd Decl. ¶ 21.

16      To the extent Emmons asserts otherwise, the cited record evidence does not

17  support the assertion.

18

19

20

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 46
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

88. The topics Guenther spoke about at these press conferences and in the media included Covid masking and vaccines, Black Lives Matter, and workforce development, among others. DiLorenzo Decl. Ex. J at 5–6 (Resp. to Interrog. 6); Guenther I Tr. 41:18–42:16, 45:7–46:1.

**Response:** Undisputed. It is further undisputed that the topics at these press conferences and in the media did not include the potential merger between Local 21 and Local 1439. ECF No. 113-10, pp. 167–68; ECF No. 113-1 (Guenther Tr. I 41:18–42:16, 45:7–46:1); Dalmat 2nd Decl. ¶¶ 2–6 and Exs. 29–31 thereto. It is also undisputed that Guenther and Local 21 did not seek press coverage of internal union affairs and there is no evidence they could have garnered such coverage if they had sought it. Guenther 2nd Decl. ¶ 21.

89. One of the UFCW 21 staff members Guenther supervised was responsible for UFCW 21's communications, and that person's duty was in part "to invite as many press people as they could" to UFCW 21 press conferences at which Guenther spoke. Guenther I Tr. 37:12–21, 40:11–42:13.

**Response:** Undisputed. It is equally undisputed that none of those invitations involved press conferences addressing the potential merger between Local 21 and Local 1439. ECF No. 113-10, pp. 167–68; ECF No. 113-1 (Guenther Tr. I 41:18–42:16, 45:7–46:1).

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 47
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD IGLITZIN & LAVITT LLP**

It is also undisputed that in 2021 through June 2022, Local 21/3000 did not attempt to garner press coverage on issues beyond COVID, Black Lives Matter, or specific bargaining situations. Guenther 2nd Decl. ¶ 21. In particular, Local 21 and Guenther did not attempt to garner press coverage of matters of internal affairs and no evidence suggests they could have achieved such coverage had they sought it. Guenther 2nd Decl. ¶ 21.

**90.** Guenther has spoken at press conferences, given interviews, and appeared in the media at least seventeen times since January 1, 2019. DiLorenzo Decl. Ex. J at 4–6 (Resp. to Interrog. 6).

**Response:** Disputed.

The cited interrogatory asks for all speaking engagements and the answer included telephone calls and a speech at a funeral. As a result, it is an overstatement to say that Guenther spoke at press conferences, gave interviews, or appeared in the media at least seventeen times since January 1, 2019.

As noted in response to Paragraph 87, Guenther attended ten press conferences during that period and was quoted four times in the media, for a total of fourteen appearances. In any event, none of the press conferences, press interviews, or media appearances involved debate or discussion of the potential merger between Local 21 and 1439. *See* response to Paragraph 87; ECF No. 113-10, pp. 167–68.

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 48
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1

2    **91.**As UFCW 21 President, Guenther communicated with members of UFCW 21

3    "through Twitter, Instagram, e-mail, telephone, text message, podcast, U.S. mail,

4    Facebook, Facebook Messenger[,] and in-person." DiLorenzo Decl. Ex. J at 3 (Resp.

5    to Interrog. 2).

6    **Response:** Undisputed.

7    It is equally undisputed that Guenther did not, with one exception, use any of

8    these media to communicate with Local 21 members regarding the potential merger

9    of Local 21 and 1439 before the merger went into effect on March 1, 2022. ECF No.

10   107, ¶¶ 103, 107–13; and Ex. 18. The one exception is that, in her capacity as

11   President of Local 21, she directed the Local to send the January 6, 2022, formal

12   notice of the upcoming merger vote. ECF No. 107, ¶¶ 103, 107–13 and Ex. 18. That

13   notice did not mention or refer to Guenther and did not ask Local 21 members to

14   vote in favor of the merger. *Id.*

15   It is also undisputed that any individual can communicate with other

16   individuals through Twitter, Instagram, email, telephone, text message, podcast,

17   U.S. mail, Facebook, Facebook Messenger, or in-person.

18

19   **92.**Guenther could send emails to all UFCW 21 members and transmitted annual

20   notices on her letterhead. Guenther I Tr. 26:21–28:1.

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 49
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD
IGLITZIN &
LAVITT LLP**

**Response:** Undisputed that Guenther could send emails to all Local 21 members and that Local 21 transmitted annual notices on its letterhead, which identified Guenther as Local 21's President.

It is equally undisputed that, between September 30, 2021, and March 1, 2022, no such emails or annual notices discussed the potential merger of Local 21 and 1439, let alone advocated for it. ECF No. 107, ¶¶ 103–114. In fact, the only notice that Local 21 sent regarding the merger was the January 6, 2022, formal notice of the upcoming merger vote—a notice that was not part of Local 21's annual notice. ECF No. 107, ¶¶ 103–07.

**93.** UFCW 21 sponsored vaccine clinics, and Guenther communicated about these clinics to her roughly 44,000 members. Guenther I Tr. 37:22–38:9.

**Response:** Undisputed. It is equally undisputed that there is no evidence that any discussion of the potential merger between Local 21 and Local 1439, or any issue pertaining to internal union affairs, occurred at those vaccine clinics.

**94.** As UFCW 21 President, Guenther met with Governor Jay Inslee to discuss Covid mask policies to keep the "lines of communications open." Guenther I Tr. 39:3–18, 47:24–48:12.

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 50
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

**Response:** Undisputed. It is equally undisputed that there is no evidence Guenther discussed the potential merger between Local 21 and Local 1439 at any meeting with Governor Inslee about COVID mask policies. *Cf.*, ECF No. 107, ¶¶ 85–116.

**95.** As UFCW 21 President, Guenther communicated with other union leaders, including negotiating a memorandum of understanding regarding "sick leave protections" and getting other union chapters to sign on. Guenther I Tr. 46:20–47:23.

**Response:** Undisputed. It is equally undisputed that the memorandum of understanding referred to in this Paragraph had nothing to do with the potential merger of Local 21 and Local 1439. Instead, it had addressed agreements between UFCW local unions and Kroger and Albertsons. ECF No. 113-1 (Guenther Tr. I 47:8–15).

**96.** Guenther was re-elected as UFCW 3000 President in 2023. Guenther I Tr. 28:2–8.

**Response:** Undisputed.

**97.** Guenther ran for a position at UFCW International in 2023. Guenther I Tr. 49:25–50:20, 52:17–21.

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

**Response:** Disputed in part. The cited testimony (along with additional deposition testimony) explains that Guenther was seeking to run for a position with the UFCW International and had submitted her name for consideration by sending an email to the current President of the International, Marc Perrone, but was not permitted to run because others at the International declined to nominate her or the slate she was running with. *See* Dalmat 2nd Decl. Ex. 32 (Guenther Tr. I 49:25–54:18).

**98.** Guenther continues to make media appearances. Guenther I Tr. 126:18–127:1.

**Response:** Undisputed. It is equally undisputed that none of her media appearances before or after May 10, 2023, discussed the merger or the questions at issue in this lawsuit. *See* Dalmat 2nd Decl. Ex. 32 (Guenther Tr. I 126:18–128:3).

## VI.   Guenther's Reputation

### A. The Flyer Did Not Change Adam Jackson's Opinion of Guenther.

**99.** Adam Jackson was one of the individuals who helped draft and signed the Complaint Letter concerning Renner. Jackson Tr. 25:23–26:8.

**Response:** Undisputed.

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 52
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD
IGLITZIN &
LAVITT LLP**

**100.**     Before Adam Jackson saw the Flyer, his general impression of Guenther was "[g]ood" because he had "only heard good things." Jackson Tr. 127:14–21.

**Response:** Undisputed.

**101.**     The Flyer did not change Jackson's views about Guenther in any way. Jackson Tr. 127:22–24.

**Response:** Undisputed.

**102.**      Jackson has not heard anyone say the Flyer had changed their views of Guenther. Jackson Tr. 127:25–128:13.

**Response:** Undisputed.

### B. The Flyer Did Not Change Laurel Fish's Opinion of Guenther.

**103.**     Laurel Fish was also one of the individuals who helped draft and signed the Complaint Letter concerning Renner. Fish Tr. 24:7–22.

**Response:** Undisputed.

**104.**     104. Before Laurel Fish saw the Flyer, her opinion of Guenther was "[p]ositive." Fish Tr. 95:16–18.

**Response:** Undisputed.

PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE – Page 53
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD IGLITZIN & LAVITT LLP**

**105.**     When asked if the Flyer changed that opinion, Fish said only that the Flyer "made [her] disappointed that [Renner] was going to continue to work for the Union." Fish Tr. 95:19–21.

**Response:** Undisputed.


### C. The Flyer Did Not Change Alex Garcia's Opinion of Guenther.

**106.**     Alex Garcia previously worked with Renner at UFCW 1439. Garcia Tr. 15:11–24, 18:12–24.

**Response:** Undisputed.


**107.**     Garcia was one of the individuals who signed a settlement agreement drafted by Aaron Streepy after Streepy's investigation into the Complaint Letter. Garcia Tr. 43:8–14, 102:22–103:16; ECF No. 51-1 at 7–8 (Bates stamps UFCW 3000 Resp - 006006–006007).

**Response:** Undisputed.


**108.**     In Garcia's "personal experience and professional experience," "Guenther has been not somebody with the utmost character." Garcia Tr. 99:10–15.

**Response:** Undisputed.


PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 54
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
**TEL** 800.238.4231 | **FAX** 206.378.4132   **LAVITT LLP**

**109.** The Flyer did not "in any way impact" Garcia's view of Guenther. Garcia Tr. 99:16–19.

**Response:** Undisputed.

### D. The Flyer Did Not Change Jeff Anderson's Opinion of Guenther.

**110.** Anderson testified that Guenther has a reputation "as a progressive leader" and "a change agent," and he has the same view of her. Anderson Tr. 121:21–123:20.

**Response:** Undisputed.

**111.** The Flyer made Anderson "ask, think questions," but it did not make him think "less of [Guenther]." Anderson Tr. 86:9–12.

**Response:** Undisputed.

## VII. Lawsuit

**112.** UFCW 3000's Executive Board authorized payment of Guenther's legal fees for this lawsuit. Guenther I Tr. 122:1–6; DiLorenzo Decl. Ex. J at 3 (Resp. to Interrog. 3).

**Response:** Undisputed.

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 55
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

1

2   **113.**    On July 29, 2023, Guenther stated in an email to UFCW International

3   President Marc Perrone:

4       You urged caution in proceeding down the litigation path. I heard you,
        and possibly to my detriment, have declined to broaden the scope of

5       litigation to include Local 555, Dan Clay, Michael Selvaggio ....

6   DiLorenzo Decl. ¶ 23 & Ex. V at 002090–91; Guenther II Tr. 88:20–89:8, 89:24–

7   90:14.

8   **Response:** Undisputed.

9

10  **114.**    Guenther testified that she also did not sue Dan Clay and UFCW 555

11  because "the [UFCW] constitution requires that you have to go through an internal

12  process when .... there's conflict that's member to member before litigation" and "I

13  didn't have enough." Guenther I Tr. 204:12–20.

14  **Response:** Undisputed but clarified that the discussion focuses on what Guenther

15  knew as of April 23, 2022—at a time when Clay was still denying his involvement

16  in the flyers. *See* Dalmat 2nd Decl. Ex. 32 (Guenther Tr. I 164:4–13, 203:4–10,

17  204:1–17); Ex. 33.

18

19  **115.**    On September 7, 2022, Emmons's counsel sent a request to Guenther's

20  counsel requesting under RCW 7.96.050 "all reasonably available information

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 56
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD
IGLITZIN &
LAVITT LLP**

material to the falsity of the statements your clients allege are defamatory or otherwise actionable." ECF No. 48-2; DiLorenzo Decl. ¶ 27. Guenther has not produced any information in response to this request. DiLorenzo Decl. ¶ 27.

**Response:** Disputed in part.

It is undisputed that Emmons's counsel sent an email dated September 7, 2022, to Guenther's counsel, citing RCW 7.96.050 and requesting "all reasonably available information material to the falsity of the statements your clients allege are defamatory or otherwise actionable."

It is disputed that Guenther has not produced all reasonably available information material to the falsity of the statements she alleges are defamatory or otherwise actionable. In fact, Guenther did so with the complaint itself, through her initial disclosures and discovery responses, and through her multiple days of deposition testimony. *See* Dalmat 2nd Decl. ¶¶ 7–8.

Nonetheless, it is undisputed that, by letter dated May 5, 2022, Guenther requested Emmons take corrective action to rectify his defamation but, as of this filing, Emmons has issued no correction or clarification of the statements his published through his January 8, 2022, flyer circulation. Dalmat 2nd Decl. ¶ 9.

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 57
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1    RESPECTFULLY SUBMITTED this 25th day of October 2024.

2                              *s/Darin M. Dalmat*
                              Dmitri Iglitzin, WSBA No. 17673
3                             Darin M. Dalmat, WSBA No. 51384
                              Gabe Frumkin, WSBA No. 56984
4                             **BARNARD IGLITZIN & LAVITT LLP**
                              18 W Mercer St, Suite 400
5                             Seattle, WA 98119
                              (206) 257-6003
6                             iglitzin@workerlaw.com
                              dalmat@workerlaw.com
7                             frumkin@workerlaw.com

8                             Aaron Streepy, WSBA No. 38149
                              Jim McGuinness, WSBA No. 23494
9                             Streepy Lemonidis Consulting & Law
                              Group, PLLC
10                            2800 First Avenue, Suite 211
                              Seattle, WA 98121
11                            Telephone: (253) 528-0278
                              Fax: (253) 528-0276
12                            aaron@slglc.com
                              jim@mcguinnessstreepy.com
13
                              *Attorneys for Plaintiff Faye Guenther*
14

15

16

17

18

19

20

PLAINTIFF'S STATEMENT OF MATERIAL
FACTS IN DISPUTE – Page 58
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

**DECLARATION OF SERVICE**

I hereby certify that on the date noted below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| Ambika Kumar<br>Sara A. Fairchild<br>Davis Wright Tremaine LLP<br>920 Fifth Ave., Ste. 3300<br>Seattle, WA 98104<br>ambikakumar@dwt.com<br>sarafairchild@dwt.com | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☐ E-mail<br>☐ U.S. Mail<br>☒ E-Service |
| John A. DiLorenzo<br>Davis Wright Tremaine LLP<br>560 SW 10th Ave., Ste. 700<br>Portland, OR 97205<br>johndilorenzo@dwt.com | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☐ E-mail<br>☐ U.S. Mail<br>☒ E-Service |

DATED this 25th day of October, 2024 at Seattle, Washington.

By: _____
Esmeralda Valenzuela, Paralegal

DECLARATION OF SERVICE
Case No. 2:22-cv-00272-TOR