Dmitri Iglitzin, WSBA No. 17673
Darin M. Dalmat, WSBA No. 51384
Gabe Frumkin, WSBA No. 56984
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer St, Suite 400
Seattle, WA 98119
(206) 257-6003
iglitzin@workerlaw.com
dalmat@workerlaw.com
frumkin@workerlaw.com

Aaron Streepy, WSBA No. 38149
Jim McGuinness, WSBA No. 23494
STREEPY LEMONIDIS CONSULTING & LAW GROUP, PLLC
2800 First Avenue, Suite 211
Seattle, WA 98121
Telephone: (253) 528-0278
Fax: (253) 528-0276
aaron@slglc.com
jim@mcguinnessstreepy.com

*Attorneys for Plaintiff Faye Guenther*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
### AT SPOKANE

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH H. EMMONS, individually, and OSPREY FIELD CONSULTING LLC, a limited liability company, | No. 2:22-cv-00272-TOR <br><br> **DECLARATION OF ERIC RENNER IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

DECLARATION OF ERIC RENNER IN OPP
TO DEFS' SUMMARY JUDGMENT – Page 1
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400   BARNARD
SEATTLE, WASHINGTON 98119   IGLITZIN
TEL 800.238.4231 | FAX 206.378.4132   LAVITT LL

1

Defendants.

2    I, Eric Renner, hereby declare and state as follows:

3    1. I am over the age of 18 and make this declaration of my own personal knowledge and am competent to testify as to the matters herein.

4    2. I am not a party to this action.

5    3. I am currently the Director for Eastern Washington, North Idaho and

6    Eastern Oregon for United Food & Commercial Workers (UFCW) Local

7    3000.

8    4. I have spent my entire career as a member, employee, and officer serving

9    unions. I first became a member of UFCW 1439 while employed as a

10   courtesy clerk at Safeway in Spokane, Washington in December of 1985. In 1987, I began working at Albertsons, where I worked until I began my

11   employment at UFCW 1439 in 2001. At UFCW 1439, I started as a

12   representative assistant and then representative. After that I became the

13   Executive Assistant to the President. I was then duly elected as Secretary

14   Treasurer, in 2015, and was duly elected as President in 2018.

15   5. I was so inspired by my work with UFCW 1439 as a member that I

16   completed my bachelor's degree and was approached by leadership at the

17   time to come to work for them. I have thoroughly enjoyed this work and am very proud of all of my accomplishments.

18

DECLARATION OF ERIC RENNER IN OPP
TO DEFS' SUMMARY JUDGMENT – Page 2
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400   BARNARD
SEATTLE, WASHINGTON 98119   IGLITZIN
TEL 800.238.4231 | FAX 206.378.4132   LAVITT LL

6. Over my extensive career, I have been repeatedly recognized by my superiors and union members for exemplary service.

7. I write this declaration in response to allegations that have been presented as "undisputed facts" in Joseph Emmons's motion for summary judgment. I understand that these are based on the allegations set forth in the September 13, 2021, letter to Local 1439. Those allegations have not been tested by any legal or adjudicative process and have not resulted in any adjudicated findings.

8. I am responding from a place of vulnerability because I am a party to agreements with the complainants that contain restrictive covenants, including nondisparagement and confidentiality clauses. While the other parties have testified at court-ordered depositions, I believe myself bound by them and intend to honor them. I therefore respond here only to the extent I feel comfortable under these constraints in order to ensure the Court is able to hear the limited information I can share.

9. On September 13, 2021, I received an email with the subject line: Letter of concern Re: 1439 Abuse of Power. The email was a fairly brazen attack on me, which was very unsettling. This was the first I had heard of any of this. The following is a list of key allegations contained in that email, and my limited responses to them:

DECLARATION OF ERIC RENNER IN OPP
TO DEFS' SUMMARY JUDGMENT – Page 3
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400   BARNARD
SEATTLE, WASHINGTON 98119   IGLITZIN
TEL 800.318.4311 | FAX 206.378.4132   LAVITT LL

1
2
3
4
5
6

Allegation: Renner perpetuates sexist stereotypes and discriminates against women. Renner has told Adam that "as long as I have something to say about it, no woman will be President or in a leadership position." He has said that women are "too emotional" to make good Union leaders and that "not many women are capable of doing this work." He has declared his intention to keep Local 1439 a "testosterone filled workplace" and told Adam that his job is to "dominate" the women under him.

7
8
9
10
11
12

Response: I have no recollection of making any such comments, and this does not reflect my personal views. I have worked with and supported many strong and capable women leaders in the labor movement. For example, after having been the top officer of Local 1439, I now work in a non-officer position as a contract bargainer for Local 3000, which is led by Faye Guenther—a strong and capable female labor leader.

13
14
15
16
17
18

Allegation: Along with these sexist justifications, Renner has failed to hire and/or retain women for non- administrative positions at an equal rate as men. He demotes female employees and makes them feel forced out of the union at a higher rate than their male peers. He criticizes women that he sees as "pushy." Of the seven employees who have expressed that they were forced out by Renner (in his capacity as President), five are women and one is a man who Renner said was "too emotional." By contrast, as President, Eric has hired seven non-administrative

DECLARATION OF ERIC RENNER IN OPP
TO DEFS' SUMMARY JUDGMENT – Page 4
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400   BARNARD
SEATTLE, WASHINGTON 98119   iGLITZIN
TEL 800.238.4231 | FAX 206.378.4132   LAVITT LL

1  staff members. Five of them were men and we believe he is currently targeting

2  both women for potential removal.

3     Response: I am confused by the claim of discriminatory hiring and pay

4  practices. We tried to hire the best applicant for the position. There is no

5  suggestion that we hired anyone who is of a particular race, sex, or class. In fact,

6  looking at all of Local 1439's four offices—not just the Spokane office—the

7  union's staff was about evenly split between men (7) and women (6). Beyond

8  this, I have not made comments as suggested here in any setting to my recollection

9  – these allegations are false.

10     Allegation: We have multiple examples of Renner's double standards for

11  female and male employees. First, he has claimed that women are "too assertive"

12  for voicing the same opinions or engaging in the same actions as male employees.

13  Second, he has taken away responsibilities from a female employee even when she

14  had the same job title as a male counterpart. For instance, he recently forbid a

15  female organizer from doing house visits by herself, implying that it would be too

16  dangerous for an attractive woman. These double standards make it difficult for

17  women to match men's job performance.

18     Response: These are fabrications. I gave the same direction and oversight

in the same general manner to all of my employees; and I had the same general

performance expectations of all of my employees. The variance was in how they

DECLARATION OF ERIC RENNER IN OPP
TO DEFS' SUMMARY JUDGMENT – Page 5
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400  BARNARD
SEATTLE, WASHINGTON 98119  IGLITZIN
TEL 800.238.4231 | FAX 206.378.4132  LAVITT LL

responded. This was true as to home visits as well unless the Organizing Director changed the policy without my knowledge. The reason for the enhanced precautions was we had two organizers on a home visit that were physically threatened. Having two union employees together helped to deescalate the situation as reported to me.

Allegation: Instead of supporting working mothers, Renner appears to engage in unfair retaliation and comes dangerously close to violations of FMLA protections. He has complained about at least three employees who chose to take FMLA parental leave. One of them (Katie Dugger) was originally hired with the plan of being a Business Representative. However, when she became pregnant, Renner convinced her to move to Membership Services with the understanding that she would be a Business Rep when the next position became available. When Renner became aware that Katie had spoken with her union representative about being treated unfairly, he gave the next Business Rep position to a man, saying that he "didn't want to reward bad behavior."

Response: As with all of these allegations, this is an allegation written as if it is a finding from an investigation. It is not. When Katie Dugger learned she was pregnant she asked Dana King (office lead) and me if we could accommodate her by employing her in the membership services department so she could meet the needs of her family. She told us the schedule of being a Business

DECLARATION OF ERIC RENNER IN OPP
TO DEFS' SUMMARY JUDGMENT – Page 6
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400  BARNARD
SEATTLE, WASHINGTON 98119  IGLITZIN
TEL 800.238.4231 | FAX 206.378.4132  LAVITT LL

1    Representative would be too demanding. I agreed to make that accommodation for

2    her.

3         Allegation: Equally importantly, Renner's lewd comments about women

4    make staff feel disrespected and demeaned. For example, he has commented

5    repeatedly about female staff members' and International Union officers' "big

6    butt[s]." When he assigned Katie to the Organizing Department, he justified the

7    placement by implying she would be successful because of her looks, asking

     Adam "can you imagine saying no to her?" On at least one occasion, Renner

8    encouraged male employees to imagine a specific female employee engaged in sex

9    acts.

10        Response: Alleging I am sexist and make lewd comments about women is

11   an unsustainable allegation. In 39 years of employment with the Union, this had

     never come up before the September 2021 letter.    Prior to receiving the

12   September 2021 email, the only mention of a big butt came from an employee

13   when she bumped into a desk in the office and said something about her own big

14   butt. I did not make an issue of it because she appeared to be embarrassed. Beyond

15   that, I was unaware of any comments about any union staff making any lewd

16   comments about colleagues' bodies until after the investigation was initiated, at

17   which point I learned that two employees had made lewd comments in regard to

18   female staff and International Union employees' big butts. I also heard from staff

DECLARATION OF ERIC RENNER IN OPP
TO DEFS' SUMMARY JUDGMENT – Page 7
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST. STE. 400    BARNARD
SEATTLE, WASHINGTON 98119    IGLITZIN
TEL 800.238.4231 | FAX 206.378.4132    LAVITT LL

members after this email that the employee who bumped into the desk had made mention of her big butt to them. At no point did I personally comment about any employee's butt.

Allegation: Such comments are especially troubling given Renner's apparent pattern of actively condoning inappropriate sexual relationships in the workplace and with members. Renner bragged to Adam about having relationships with members: "when I was a Rep, I had girls I was sleeping with all around my route." Renner has told Adam that "you seem like a happily married guy but with this job you'll have opportunities. As long as you are discrete I won't blame you for being a guy." Adam also witnessed Renner telling Armando Rivera that he would condone sexual relationships with members. Renner told Katie that "we aren't supposed to date members, but if you do, make sure to keep it hush hush." In addition, Renner encourages an uncomfortable work I environment for female employees, egging Rivera onto Katie by asking whether he's "hit that yet."

Response: I have no recollection of making any such comments.

10. I have reviewed the materials submitted and will also respond to certain other allegations not related to allegations of sexual harassment.

Allegation: Renner's unprofessional behavior extends to disrespecting other elected officers of the Union. For example, multiple staff have observed Renner mocking a current elected officer's mental capacity in front of rank-and-file

DECLARATION OF ERIC RENNER IN OPP
TO DEFS' SUMMARY JUDGMENT – Page 8
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400   BARNARD
SEATTLE, WASHINGTON 98119   IGLITZIN
TEL 800.238.4231 | FAX 206.378.4132   LAVITT LL

bargaining committee members, calling him "slow train" and making fun of his text messages. He shows no respect for personal tragedies. When discussing one officer, he told Adam and Laurel that, "I don't give a shit about his dying wife."

Response: These allegations are false. I can only assume that this allegation references Jeff Hofstader, whose wife tragically died of pancreatic cancer. Hofstader and I have had a professional and personal relationship for years. I consider him to be a good friend. I talked to him on a daily basis at Local 1439. I saw the personal hell he endured with his wife being diagnosed with terminal pancreatic cancer. While he was going through this tragedy I gave him as much time off as he needed. He felt bad about taking so much time off. I told him he was getting time with his dying wife and he may never get it back. Prior to Pete's (Jeff's wife) death, she requested a meeting with me and asked for my commitment to always look out for Jeff.

Allegation: One or more of us has observed the following: Renner having road rage while driving staff members in his car, bragging about carrying a gun, and showing off his gun while driving aggressively. More than one of us have witnessed Renner furiously shouting at bystanders and homeless people. On one occasion, Renner accosted an unarmed bicyclist, claiming that the only reason he did not kill him was because Adam "talked him off the ledge." Such public incidents make us concerned about Renner's inability to promote the Local's

DECLARATION OF ERIC RENNER IN OPP
TO DEFS' SUMMARY JUDGMENT – Page 9
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400   BARNARD
SEATTLE, WASHINGTON 98119   IGLITZIN
TEL 800.228.4231 | FAX 206.378.4132   LAVITT LL

"positive, helpful, patient, and professional image" (as per the CBA). Additionally, Renner's explosive temper has made us reluctant to raise issues when they arise and contributes to our decision to voice our concerns collectively.

Response: This statement is false/misleading.

11. Here is the background that led to my decision to resign:

In the fall of 2021, I did not understand the scope of how bad things had become at UFCW Local 1439. I had a major workload because some staff were not completely developed. Jeff Hofstader's wife was terminally ill and I was not only obligated to my role as the duly elected President, but also the role of filling in where there was an experience gap. I was also responsible as the Chairman of a large health and welfare plan, large pension plan trustee and was responsible for bargaining over 100 collective bargaining agreements. I was working a minimum of 6 days per week, and often 7 days per week, for close to 7 years. The day my father died, I was only able to be with him when he passed between union contract votes. My mother's health had declined significantly during this time period. My personal health had declined significantly during this time period as well. During this period, I was very appreciative of the vast majority of hard-working, dedicated and loyal UFCW Local 1439 employees who helped me lead our organization through the pandemic. With all of the gains that we had made for essential grocery

DECLARATION OF ERIC RENNER IN OPP
TO DEFS' SUMMARY JUDGMENT – Page
10
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    BARNARD
SEATTLE, WASHINGTON 98119    IGLITZIN
TEL 800.238.4231 | FAX 206.378.4132    LAVITT LL

workers during the global pandemic, I did not want there to be any controversy surrounding Local 1439.

Ultimately, considering my then-failing health and my mother's poor health at the time, I had finally had enough. I had to accept that I was only one person, it was time for me to put my family and myself first, for the last 22 years I had always prioritized the Union. This was no admission of guilt in regard to these allegations and it did not mean that I could not work for UFCW in a different capacity. After all, no one at 1439 had the skill set or experience I had, so it would not have been the moral thing to do to leave the members and the hard-working staff members with an experience gap.

Jeff and I spoke prior to my decision to resign. I committed to him that I would not agree to leave him in a situation where he did not have access to my experience. If the Board approved him to be the next President, then he could hire me as an employee so that I could aid him in learning what he needed to know. I committed to him to stay as long as it took as an employee.

After I started seriously contemplating resigning, Jeff Hofstader had some issues with some other employees and asked the union attorney, Aaron Streepy, to get involved.

DECLARATION OF ERIC RENNER IN OPP TO DEFS' SUMMARY JUDGMENT – Page 11
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400   BARNARD
SEATTLE, WASHINGTON 98119   IGLITZIN
TEL 800.238.4231 | FAX 206.378.4132   LAVITT LL

1    During this period, I had a good working relationship with Faye Guenther.

2  To benefit the union members, Jeff and I began to explore the possibility of

3  merging with UFCW 21. Faye Guenther and I worked hard through the pandemic

4  on issues surrounding hazard pay, sick leave and Covid 19 protections for

5  members. We also made arrangements in regard to organizing and trustee

6  positions for pension. We were doing our best to repair squabbles and previous

   rifts between the two locals so we could benefit the membership.

7    Ultimately, the merger was approved, and now former 1439 members are

8  part of UFCW 3000. A merger that benefits all members with power of numbers.

9  This past spring the former 1439 members on the east side of the state were able to

10 get a record-setting contract. I am very proud of my work to help make this

   happen.

11

12

13    I declare under penalty of perjury under the laws of the United States that

   the foregoing statements are true and correct.

14

15

16 Executed on this 25th day of October 2024.

17                                     Eric Renner

18

   DECLARATION  OF  ERIC  RENNER  IN  OPP      18 WEST MERCER ST., STE. 400   BARNARD
   TO  DEFS'  SUMMARY  JUDGMENT  –  Page        SEATTLE, WASHINGTON 98119   IGLITZIN
   12                                           TEL 800.238.4231 | FAX 206.378.4132   LAVITT LL
   Case No. 2:22-cv-00272-TOR

## DECLARATION OF SERVICE

I hereby certify that on the date noted below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| Ambika Kumar<br>Sara A. Fairchild<br>Davis Wright Tremaine LLP<br>920 Fifth Ave., Ste. 3300<br>Seattle, WA 98104<br>ambikakumar@dwt.com<br>sarafairchild@dwt.com | Hand Delivery<br>Certified Mail<br>Facsimile<br>E-mail<br>U.S. Mail<br>☒ E-Service |
| John A. DiLorenzo<br>Davis Wright Tremaine LLP<br>560 SW 10th Ave., Ste. 700<br>Portland, OR 97205<br>johndilorenzo@dwt.com | Hand Delivery<br>Certified Mail<br>Facsimile<br>E-mail<br>U.S. Mail<br>☒ E-Service |

DATED this 25th day of October 2024 at Seattle, Washington.

By: _____

Esmeralda Valenzuela, Paralegal

DECLARATION OF SERVICE
Case No. 2:22-cv-00272-TOR