1 Ambika Kumar, WSBA #38237
Sara A. Fairchild, WSBA #54419
2 DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
3 Seattle, WA  98104-1610
Telephone: 206.622.3150
4 Facsimile: 206.757.7700

5 John A. DiLorenzo (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
6 560 SW 10th Ave, Suite 700
Portland, OR 97205
7 Telephone: (503) 241-2300
Fax: (503) 778-5299

8

9

10

11 IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

12

13 FAYE IRENE GUENTHER,
an individual,

14                              No. 2:22-cv-00272-TOR
                Plaintiffs,
15                              **DEFENDANTS' OPPOSITION
      v.                       TO PLAINTIFF'S MOTION FOR
16                              PARTIAL SUMMARY
                               JUDGMENT**
17 JOSEPH H. EMMONS, individually,
AND OSPREY FIELD CONSULTING
LLC, a limited liability company,   **December 5, 2024
18                              With Oral Argument: 9:00 a.m.**
                Defendants.
19

20

21

22

23

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................... 1

II.   UNDISPUTED MATERIAL FACTS .............................................. 2

    A.   Renner, UFCW 1439's President, settled sexual harassment complaints in an agreement that required him to resign. ...................... 3

    B.   Guenther, UFCW 21's President, agreed to and advocated for a merger with UFCW 1439 that allowed Renner to stay on. ................... 3

    C.   Non-Party Mike Selvaggio mailed 1,000 copies of the Flyer to UFCW members across Washington. ................................................... 4

    D.   UFCW 21 and UFCW 1439 announced the proposed merger to members. ........................................................................................ 5

    E.   Selvaggio hired Emmons to distribute fewer than 60 copies of the Flyer total at grocery stores in Spokane. .......................................... 6

    F.   Guenther sued Emmons, but chose not to pursue claims against Selvaggio, Clay, Alday, or UFCW 555. ................................................ 7

III.  LEGAL STANDARD ...................................................................... 8

IV.   ARGUMENT .................................................................................. 8

    A.   Summary judgment is improper to the extent Guenther's defamation claim relies on the statement concerning Renner. ............. 8

    B.   Guenther cannot prevail on any defamation claim against Emmons because she fails to provide evidence of fault. ..................... 9

        1.   Guenther is a public figure and cannot prove actual malice. ................................................................................... 9

            a.   Guenther's efforts to influence the merger make her a public figure for purposes of the merger. ................ 9

                (1)   The Flyer addressed a matter of public concern—a proposed union merger ......................................... 10

                (2)   Guenther voluntarily sought to influence the outcome of the merger proposal ............................ 12

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

               b.     Guenther cannot show Emmons acted with actual malice...........................................................................15

       2.     Guenther cannot show that Emmons, a mere distributor, knew or should have known the Flyer was false. ....................16

   C.     Guenther fails to show damages. ........................................17

       1.     Guenther cannot establish the Flyer is defamatory per se. .......18

       2.     Guenther cannot show actual damages. ...................................19

V.    CONCLUSION ...............................................................................20

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Federal Cases**

4

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)...........................................................................15

5

*Auvil v. CBS 60 Minutes*,
    800 F. Supp. 928 (E.D. Wash. 1992).............................................16, 17

6

7

*Carr v. Forbes, Inc.*,
    259 F.3d 273 (4th Cir. 2001) ..........................................................13, 14

8

9

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)...........................................................................8

10

*Cox v. Galazin*,
    460 F. Supp. 2d 380 (D. Conn. 2006)..............................................13

11

12

*Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*,
    472 U.S. 749 (1985)...........................................................................12

13

*Dunlop-McCullen v. Rogers*,
    2002 WL 1205029 (S.D.N.Y. Feb. 21, 2002) ....................................13

14

15

*Dunn v. City of Seattle*,
    420 F. Supp. 3d 1148 (W.D. Wash. 2019) .........................................8

16

17

*Gertz v. Robert Welch, Inc.*,
    418 U.S. 323 (1974)...........................................................................12

18

*Hoffman v. Constr. Protective Servs., Inc.*,
    541 F.3d 1175 (9th Cir. 2008) ..........................................................19

19

20

*Hutchinson v. Proxmire*,
    443 U.S. 111 (1979)...........................................................................13

21

*Jacoby v. CNN, Inc.*,
    537 F. Supp. 3d 1303 (M.D. Fla. 2021), *aff'd*, 2021 WL 5858569 (11th Cir. Dec. 10, 2021).................................................................................14

22

23

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Knievel v. ESPN*,
 393 F.3d 1068 (9th Cir. 2005) ...............................................................18

*Lluberes v. Uncommon Prods., LLC*,
 663 F.3d 6 (1st Cir. 2011) ....................................................................14

*Makaeff v. Trump Univ.*,
 715 F.3d 254 (9th Cir. 2013) ...............................................................10

*Moussouris v. Microsoft Corp.*,
 2018 WL 3584701 (W.D. Wash. July 11, 2018) ....................................5

*Nicosia v. De Rooy*,
 72 F. Supp. 2d 1093 (N.D. Cal. 1999) ..................................................18

*Paterson v. Little, Brown & Co.*,
 502 F. Supp. 2d 1124 (W.D. Wash. 2007) ..............................................9

*Planet Aid, Inc. v. Reveal*,
 44 F.4th 918 (9th Cir. 2022) ...........................................................12, 13

*Steam Press Holdings, Inc. v. Haw. Teamsters, Allied Workers Union, Loc. 996*,
 302 F.3d 998 (9th Cir. 2002) ...............................................................18

*Time, Inc. v. Firestone*,
 424 U.S. 448 (1976) ..............................................................................11

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
 592 F.3d 954 (9th Cir. 2010) .................................................................5

*Watkins v. Washington Post*,
 2018 WL 805394 (D. Md. Feb. 9, 2018) ...............................................17

**State Cases**

*Alpine Indus. Computs., Inc. v. Cowles Publ'g Co.*,
 114 Wn. App. 371 (2002), *amended*, 64 P.3d 49 (2003) ......................11

*Charles v. McQueen*,
 693 S.W.3d 262 (Tenn. 2024) ..............................................................14

*Clardy v. Cowles Publ'g Co.*,
 81 Wn. App. 53 (1996) ...............................................................9, 10, 12

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Johnson v. Ryan*,
    186 Wn. App. 562 (2015) ...................................................................11, 12

*Life Designs Ranch, Inc. v. Sommer*,
    191 Wn. App. 320 (2015) .........................................................................18

*Macias v. Hartwell*,
    55 Cal. App. 4th 669 (1997) ...............................................................10, 11

*Maison de France, Ltd. v. Mais Oui!, Inc.*,
    126 Wn. App. 34 (2005) ...........................................................................18

*Reykdal v. Espinoza*,
    196 Wn.2d 458 (2020) ...........................................................................9, 15

*Schmalenberg v. Tacoma News, Inc.*,
    87 Wn. App. 579 (1997) ........................................................................8, 20

*Spratt v. Toft*,
    180 Wn. App. 620 (2014) .........................................................................10

*Tokarski v. Wildfang*,
    313 Or. App. 19 (2021) .............................................................................11

*Traditional Cat Ass'n, Inc. v. Gilbreath*,
    118 Cal. App. 4th 392 (2004) ...................................................................11

*Tyner v. State*,
    137 Wn. App. 545 (2007) .........................................................................11

*White v. State*,
    131 Wn.2d 1 (1997) ..................................................................................11

*Wood v. Battle Ground Sch. Dist.*,
    107 Wn. App. 550 (2001) .........................................................................20

**Other Authorities**

Restatement (Second) of Torts § 12 (1965) .....................................................16, 17

Restatement (Second) of Torts § 581 (1977) .........................................................16

Restatement (Second) of Torts § 907 (1979) .........................................................18

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - iv

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

## I.    INTRODUCTION

2      After moving to dismiss her own claims, and then withdrawing that motion

3   for fear of having attorneys' fees awarded against her, Plaintiff Faye Guenther now

4   brings a meritless Motion for Partial Summary Judgment.   Plaintiff's motion is

5   replete with irrelevant facts and misstatements of law, attempting to distract the

6   Court from the fact that there is no basis for liability against Defendants Joseph

7   Emmons and Osprey Field Services LLC (*see* ECF No. 112 ¶ 1) (collectively

8   "Emmons," unless otherwise noted).   The motion does not even mention Emmons,

9   the sole defendant, in the facts until the last line on the fifth page—instead focusing

10  on individuals Guenther did not sue.   The Court should deny Guenther's motion.

11      Guenther does not even try to show that the statements in the Flyer about her

12  in relation to Renner are defamatory.   As to the remainder of her defamation claim,

13  she cannot point to any evidence that supports the fault and damages elements, much

14  less creates a genuine issue of material fact.

15      First, Guenther cannot show fault.   Guenther is a public figure, not a private

16  one, and thus must show actual malice—which she effectively concedes she cannot

17  do, by failing even to try.   Nor can she satisfy the standard of fault applicable to

18  defendants, like Emmons, who merely transmit allegedly libelous material.   There

19  is no evidence to suggest Emmons doubted the truth of the Flyer's statements.

20      Second, Guenther fails to show damages.   She cannot establish the Flyer was

21  defamatory per se, as that is a jury question.   Nor can she prove actual damages. In

22  a last-ditch attempt, Guenther raises new and unsupported conspiracy theories that

23  the Flyer caused a shooting and a break in at her office, forced her to move

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

residences, and lost an opportunity to pursue a position as a UFCW International Vice President—none of which she alleged in her Complaint or disclosed under Rule 26(a). The Court should exclude them. Even if Guenther had admissible damages evidence, she still cannot establish the requisite causation: She has no evidence that Emmons's actions—as opposed to those of non-party Michael Selvaggio—caused her any harm. And she cannot establish that she suffered harm because of the Flyer's statement concerning Gonzalez and Hines, as opposed to the statement concerning Renner, which she does not and cannot show is actionable.

Emmons disputes Guenther's claims that the Flyer's statements are false statements of fact, but Guenther's failure to establish fault or damages dooms her claim regardless. The Court should deny her motion.

## II.    UNDISPUTED MATERIAL FACTS

The vast majority of Guenther's statement of facts has no relevance to her claims. Rather than focus on evidence material to the legal issues, Guenther resorts to unpleaded conspiracy theories about a shooting at her office and a break in of a safe—despite admitting in her deposition that she had "no evidence" of any connection between these events and Emmons or the Flyer. Defendants' Statement of Disputed Material Facts ("SDMF") 107. She spends much of her motion airing extraneous grievances, including about Dan Clay, Kate Meckler, and Angel Gonzalez. And she points to her own experience of sexual assault, apparently to suggest that she could not have covered up sexual harassment. But none of these purported facts have any bearing on the merits of her claims. The undisputed *material* facts are as follows.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

### A.   Renner, UFCW 1439's President, settled sexual harassment complaints in an agreement that required him to resign.

On September 13, 2021, seven current and former UFCW 1439 employees emailed a letter to UFCW International and UFCW 1439's Board, asserting that UFCW 1439's president, Eric Renner, had engaged in sexual harassment, among other "abuse[s] of power." SDMF 110-112. Guenther's counsel, Aaron Streepy, conducted a brief investigation, which resulted in the complainants signing settlement agreements that (1) required Renner to resign by April 1, 2022, and (2) barred via nondisclosure agreements ("NDAs") the complainants from speaking about the matter. SDMF 113-114.

### B.   Guenther, UFCW 21's President, agreed to and advocated for a merger with UFCW 1439 that allowed Renner to stay on.

Before September 2021, Renner had been opposed to merging with UFCW 21 for political and other reasons. SDMF 115. On September 30, during Streepy's investigation, Renner asked Guenther, UFCW 21 president, to consider a merger with UFCW 1439. SDMF 6, 36. Guenther agreed. SDMF 40. Under the merger agreement, which Guenther helped prepare, Guenther would become president of the merged union, and under a "side agreement," Renner would continue working for it. SDMF 122, 124. Streepy represented both parties to the merger. SDMF 123.

Merging the two chapters required approval from UFCW International. SDMF 43. Guenther was concerned that Meckler, a UFCW International regional director, would oppose the merger, and recommended preparing "our best arguments written down and vetted" and having a letter to UFCW International's Executive Committee "ready to go asap after we talk with her." SDMF 42, 119-120. Guenther

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT Case No. 2:22-cv-00272-TOR - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

helped draft the letter, which she hand delivered to Meckler on October 28, 2021.
SDMF 42.    Guenther also request to meet and met with UFCW International
President Marc Perrone "face-to-face" "to discuss the merger."    SMDF 45.
Guenther further requested that UFCW 21's former regional director lobby Perrone
regarding the benefits of the merger.  SDMF 121.

Meanwhile, Guenther and Renner were actively texting and strategizing to
push the merger forward. *See* SDMF 126-127.  UFCW International gave its formal
approval on December 2, 2021.  SDMF 49.

On December 14, 2021, Guenther led a discussion with the UFCW 21
Executive Board, advocating for the merger.  SDMF 51, 128.  Both UFCW boards
"recommended putting the merger question to a vote of their respective members."
SDMF 51.  At the time, Guenther knew "there … had been an internal conflict [at
UFCW 1439]" involving Renner that "had been resolved amongst all parties with
nondisclosure and … confidentiality agreements," and that Renner was prohibited
from "directly supervis[ing] any employees."  SDMF 129.  Guenther did not inform
the UFCW 21 Board about the claims, nondisclosure agreements, Renner's
agreement to resign, or that he was not allowed to supervise people.  SDMF 130.

**C.    Non-Party Mike Selvaggio mailed 1,000 copies of the Flyer to UFCW members across Washington.**

While Guenther was advocating for the merger, nonparty Mike Selvaggio,
UFCW 555's political director, created and mailed 1,000 copies of a flyer
concerning the merger to UFCW worksites in Washington ("Flyer").  SDMF 63–64,
135-136; *see* ECF No. 1-2 ¶ 3.14.  UFCW members first received the Flyer on

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

December 15, 2021.  *See* SDMF 142.  The Flyer contained statements regarding

Guenther's role in covering up sexual harassment at UFCW local unions, including

that Guenther "helped former [Local] 367 President Angel Gonzalez cover up his

harassment charges and paid him off in exchange for installing her puppet, Mike

Hines," and that Guenther was "helping Eric Renner (the Local 1439 President) hide

from sexual harassment charges and land a cushy new gig with Local 21 through a

forced merger."  SDMF 135.  The Flyer urged members to "VOTE NO ON ANY

MERGER!" *Id*.  Selvaggio created the Flyer at the request of UFCW 555's President

Dan Clay and based on information provided by Clay and another UFCW 555 staff

member, Esai Alday.  SDMF 63–64, 136-137.  Soon after, a UFCW 367 member

posted the Flyer in a UFCW member Facebook forum, prompting comments from

other members.  SDMF 63, 143.  Emmons had no involvement in creating the Flyer

or in the social media posts.  SDMF 138.

### D.    UFCW 21 and UFCW 1439 announced the proposed merger to members.

Starting December 17, 2021, UFCW 21 and UFCW 1439 announced the

proposed merger to members and gave notice of the merger votes.  SDMF 61, 131.[1]

If passed, the merger would form a local union with over 50,000 workers across

---

[1] Emmons asks the Court to take judicial notice of the press release cited at SDMF 61

to "indicate what was in the public realm at the [relevant] time." *Von Saher v.

Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking

judicial notice of news articles and other publications); *Moussouris v. Microsoft

Corp.*, 2018 WL 3584701, at *9 (W.D. Wash. July 11, 2018) (blog post).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Washington and neighboring states.  SDMF 7, 21.  On January 5, 2022, the day before UFCW 1439 began voting, Guenther said her staff were "fly[ing] to Spokane" the next day to "provide any support needed to 1439," and had arranged to help "ensure we have what we need for all votes."  SDMF 54, 132.  She indicated that Joe Mizrahi (UFCW 21's secretary-treasurer) and she were "cancelling all of [their] travel and meetings … [to] provide extra support," and "extra sets of hands" with the votes. SDMF 133.  The same day, Guenther texted Renner: "Game time!!!  Its on Eric!  I can t wait to celebrate on Jan 20!!!!!!!"  SDMF 134.

### E.    Selvaggio hired Emmons to distribute fewer than 60 copies of the Flyer total at grocery stores in Spokane.

In early January 2022, weeks after Selvaggio mailed the Flyer, he hired Emmons's company Osprey to place copies of the Flyer in grocery stores in Spokane.  SDMF 70, 145.  Emmons and Osprey provide community outreach services, including distributing clients' informational materials for various campaigns.  SMDF 146-148.  Emmons had worked for Selvaggio on numerous community outreach projects in the past and knew Selvaggio to be honest and trustworthy.  SDMF 150-151.  Selvaggio emailed Emmons the Flyer on January 5, 2022, and provided a list of grocery stores.  SDMF 70, 153-154.  He assured Emmons that the Flyer's statements were credible and told him there had been investigations. SDMF 157-158.  Selvaggio did not tell Emmons that he had created the Flyer at Clay's request.  SDMF 139.  And even if Emmons assumed that the project was for UFCW 555, Emmons had never heard of Guenther, much less Clay's relationship with or opinion of her.  SDMF 140. Based on Emmons's experience

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

with Selvaggio and Selvaggio's representations, Emmons believed the Flyer's statements were true.  SDMF 160.  On January 8, 2022, during UFCW 1439's vote, Emmons placed copies of the Flyer at five to seven grocery stores in Spokane, leaving six to eight copies at each.  SDMF 159.

UFCW 1439 members voted between January 6–20, 2022, to approve the merger.  SDMF 54, 57.  UFCW 21 members voted between February 9–12, 2022, to approve the merger.  SDMF 58, 60.

### F.    Guenther sued Emmons, but chose not to pursue claims against Selvaggio, Clay, Alday, or UFCW 555.

In July 2022, Guenther, UFCW 3000, UFCW 21, and UFCW 1439, sued Emmons for defamation and false light.  ECF No. 1-2.  On May 26, 2023, the Court dismissed the unions, leaving Guenther as sole plaintiff.  ECF No. 21 at 12–13.  Guenther chose not to add Selvaggio, Clay, Alday, or UFCW 555 as defendants after UFCW International's president urged her not to do so.  SDMF 176-177.

On April 3, 2024, after Emmons obtained evidence that the Flyer's statement concerning Renner is true, *see* ECF No. 51 at 3–5, Guenther sought to dismiss her claims without prejudice, concededly to avoid paying attorneys' fees.  ECF No. 39; ECF No. 48 ¶ 18; ECF No. 48-9 at 3:21–24 ("Plaintiff made the motion to dismiss without prejudice in part based on some of the assertions that the defendants have made regarding their intentions to seek remedies.").  After the Court dismissed the claims with prejudice, allowing Emmons to move for fees and costs, Guenther asked the Court to withdraw the dismissal. ECF Nos. 79, 83.  The Court did so.  ECF No. 88.  On August 30, 2024, Guenther sought leave to amend her complaint to remove

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   allegations concerning Renner and add damages allegations.  ECF Nos. 95, 96.  The

2   Court denied her motion. ECF Nos. 114.

3        Guenther now seeks summary judgment on her defamation (but not false

4   light) claim.

5                              **III.   LEGAL STANDARD**

6        Under Rule 56, the moving party on summary judgment must "demonstrate

7   the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S.

8   317, 323 (1986).  Where, as here, "the moving party will bear the ultimate burden of

9   persuasion at trial," she "must present evidence" sufficient to "entitle [her] to

10  prevail" on each issue.  *Dunn v. City of Seattle*, 420 F. Supp. 3d 1148, 1156 (W.D.

11  Wash. 2019).  Guenther fails to do so.

12                             **IV.   ARGUMENT**

13       A defamation plaintiff must show (1) a false and defamatory statement of fact

14  of and concerning the plaintiff, (2) an unprivileged communication, (3) fault, and

15  (4) damages. *See Schmalenberg v. Tacoma News, Inc.,* 87 Wn. App. 579, 587–90

16  (1997).  Guenther cannot prevail because she fails to make out even a *prima facie*

17  case of defamation against Emmons: She does not even attempt to argue the Renner

18  statement is defamatory, which substantial record evidence shows is true, and she

19  fails to identify necessary evidence of fault or damages.

20       **A.   Summary judgment is improper to the extent Guenther's
              defamation claim relies on the statement concerning Renner.**

21       Guenther bases her defamation claim in part on the statement that she was

22  "helping Renner hide from sexual harassment charges."  *See* ECF No. 1-2 ¶¶ 3.10,

23

DEFENDANTS' OPPOSITION TO PLAINTIFF'S                    Davis Wright Tremaine LLP
MOTION FOR PARTIAL SUMMARY JUDGMENT                        LAW OFFICES
Case No. 2:22-cv-00272-TOR - 8                         920 Fifth Avenue, Suite 3300
                                                        Seattle, WA 98104-1610
                                                  206.622.3150 main · 206.757.7700 fax

4.2.    Guenther has all but abandoned this portion of her claim—seeking, unsuccessfully, to withdraw her allegations concerning the Renner statement, and making no mention of it in her motion.  ECF No. 95; *see* ECF No. 104 ("Mot.") at 7 (seeking "summary judgment on her defamation claim challenging the accusation that she covered up sexual harassment by Angel Gonzalez and paid him off to install her puppet, Mike Hines, as president of [UFCW] 367").  Thus, to the extent Guenther's defamation claim relies on the Renner statement, she provides no basis for the Court to grant summary judgment.

### B.    Guenther cannot prevail on any defamation claim against Emmons because she fails to provide evidence of fault.

The standard of fault turns on the plaintiff's status as a public or private figure. *Clardy v. Cowles Publ'g Co.*, 81 Wn. App. 53, 59 (1996).  Public figures must prove the defendant acted with actual malice—i.e., knowledge of the statement's falsity or serious doubts as to its truth.  *Reykdal v. Espinoza*, 196 Wn.2d 458, 465 (2020).  Private figures must prove negligence.  *Paterson v. Little, Brown & Co.*, 502 F. Supp. 2d 1124, 1140 (W.D. Wash. 2007).  Guenther fails to satisfy either standard.

### 1.    Guenther is a public figure and cannot prove actual malice.

#### a.    Guenther's efforts to influence the merger make her a public figure for purposes of the merger.

Public figures include private individuals "who voluntarily inject themselves or are drawn into a public controversy and thereby become public figures for a limited range of issues." *See Clardy*, 81 Wn. App. at 59.  Courts apply a two-part analysis to decide whether an individual is a limited-purpose public figure: (a) deciding whether the challenged statement involved a matter of public concern

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    and, if so, (b) applying a five-factor test to assess the plaintiff's role in it. *Clardy*,

2    81 Wn. App. at 60–61; *accord* Mot. at 20.  The five *Clardy* factors are (1) the

3    plaintiff had access to channels of effective communication; (2) the plaintiff

4    voluntarily assumed a prominent role in a public controversy; (3) the plaintiff sought

5    to influence the controversy; (4) the controversy predated publication of the alleged

6    defamation; and (5) the plaintiff retained public-figure status at the time of the

7    alleged defamation. *Clardy*, 81 Wn. App. at 60, 62.  Both prongs are met here, as

8    demonstrated in Emmons's summary judgment motion. *See* ECF No. 110 at 15–21.

9
          **(1)    The Flyer addressed a matter of public**
10                 **concern—a proposed union merger.**

11          The Flyer addresses a matter of public concern:  a proposed merger between

12    two union chapters, with more than 50,000 members between them, involving

13    potential misconduct by several leaders. *See* SDMF 135, 131, 7, 21; *Spratt v. Toft*,

14    180 Wn. App. 620, 624 (2014) ("Campaigning and speech connected to a political

15    campaign and candidate clearly involve free speech and clearly are matters of public

16    concern"); *accord Macias v. Hartwell*, 55 Cal. App. 4th 669, 671, 673–74 (1997)

17    (UFCW "political flyer" regarding alleged misappropriation of funds "distributed to

18    10,000 … members" before election "plainly" concerned a public issue).

19          Guenther argues that a "public concern" requires "an active public debate,"

20    Mot. at 21, and that the low vote turnout proves the debate was not public, *id.*  But

21    that is not the inquiry.  The "public" nature of an issue turns on whether its

22    "outcome" "affects" "some segment" of the public, not how many people weigh in

23    on it. *See Makaeff v. Trump Univ.*, 715 F.3d 254, 267 (9th Cir. 2013); *accord*

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Johnson v. Ryan*, 186 Wn. App. 562, 575 (2015) (cited in Mot. at 25-26) ("Speech is of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community.") (cleaned up). Guenther states herself that the merger formed "the biggest UFCW local union in America" and union leadership affects members' livelihoods, including their wages, sick leave, and pensions. Mot. at 8. Courts have found similar, and far less significant, issues qualify. *See, e.g.*, *Macias*, 55 Cal. App. 4th at 671, 673–74 (UFCW "election affecting 10,000 members and [plaintiff's] qualifications to serve as president"); *Alpine Indus. Computs., Inc. v. Cowles Publ'g Co.*, 114 Wn. App. 371, 393 (2002) (intellectual property dispute between two businesses), *amended*, 64 P.3d 49 (2003); *Traditional Cat Ass'n, Inc. v. Gilbreath*, 118 Cal. App. 4th 392, 397 (2004) (dispute between cat breeders association and its former president); *Tokarski v. Wildfang*, 313 Or. App. 19, 25 (2021) (lawsuit over golf course closure).

Guenther further contends that the Flyer could not have addressed a public concern because Emmons distributed "a discrete number" of copies to UFCW members. Mot. at 25. But that argument confuses the law too. The question is whether the statement's content involved a public concern—not who received it. *See, e.g.*, *White v. State*, 131 Wn.2d 1, 6, 11–12 (1997) (report concerning suspected abuse of nursing home patient involved public issue, despite fact that employee delivered it solely to nursing home's medical director).

Guenther's cases only reinforce these points. *See, e.g.*, *Time, Inc. v. Firestone*, 424 U.S. 448, 454 (1976) (cited in Mot. at 15) (couple's divorce proceeding not public concern); *Tyner v. State*, 137 Wn. App. 545, 558 (2007) (cited in Mot. at 19)

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

(handling of internal employee complaint not public concern; statement did "not [relate] to whether sexual harassment had actually occurred"); *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 762 (1985) (cited in Mot. at 19) (personal credit report not public issue); *Johnson v. Ryan*, 186 Wn. App. at 580 (cited in Mot. at 25-26) ("private dispute" between defendant and his former boss).

### (2)   Guenther voluntarily sought to influence the outcome of the merger proposal.

The *Clardy* factors show that Guenther was a public figure because she led the efforts to bring about the merger:

As to the first factor, Guenther indisputably had access to channels of effective communication. She regularly spoke at press conferences, gave interviews, and appeared in the media. SDMF 162-163, 165. She directed the activities of UFCW's communications official, whose duty was in part "to invite as many press people as they could" to press conferences where Guenther spoke. SDMF 164. She communicated with members through social media and email. SDMF 166. And she had "lines of communication open" with Governor Jay Inslee. SDMF 169.

Guenther asserts that she "avoided taking center stage" in union communications. Mot. at 21. But that is not the inquiry. This factor turns on whether she had ***access*** to effective channels, so that she could "contradict the lie or correct the error" if she wished. *See Planet Aid, Inc. v. Reveal*, 44 F.4th 918, 924 (9th Cir. 2022) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 344 (1974)). The record evidence shows she had such access and used it. SDMF 162-169; *see also* Mot. at 8 (touting Guenther's broad impact on workers' rights); SDMF 171.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Guenther further argues that she did not have "regular and continuing" media access and therefore cannot be a public figure.  Mot. at 21.  Not so.  Courts have deemed union officials with similar access limited public figures.  *See, e.g.*, *Dunlop-McCullen v. Rogers*, 2002 WL 1205029, at *8–9 (S.D.N.Y. Feb. 21, 2002) (president of 4,000-member union who communicated with members via newspaper, met with government officials, interacted with other labor officials, and was "able to address matters of social concern"); *Cox v. Galazin*, 460 F. Supp. 2d 380, 389–90 (D. Conn. 2006) (former president of local union "enjoyed position of prominence").  The sole case Guenther relies on, *Hutchinson v. Proxmire*, 443 U.S. 111 (1979), involved a scientist who had ***no*** media access prior to the alleged defamation, *id.* at 136—and that is plainly not the case here, SDMF 162-166.

As to the second and third factors—the "heart" of the inquiry—Guenther "voluntarily assumed a role of special prominence" in the proposed merger "by attempting to influence" its outcome.  *See* Mot. at 20 (quoting *Carr v. Forbes, Inc.*, 259 F.3d 273, 280 (4th Cir. 2001)).  Courts interpret the voluntariness requirement "broadly" and find it satisfied where the plaintiff "engaged in a course of conduct that foreseeably put themselves at risk of public scrutiny." *See Planet Aid*, 44 F.4th at 926.  Here, Guenther, the President of UFCW 21, intentionally pushed the merger forward at every step: She chose to pursue it.  SDMF 40-41.  She lobbied UFCW International for approval to engage in formal merger discussions, including by preparing talking points, drafting and hand delivering an advocacy letter to her regional director, arranging a meeting with the International president to advocate for the merger, and asking other officials to do the same.  SDMF 42, 119-120, 45,

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

121.  She led a discussion with UFCW 21's Board where she persuaded the Board to greenlight the merger, intentionally concealing the recent dispute and NDAs with Renner and his staff. SDMF 128-130.  She drafted and signed the merger agreement. SDMF 122.  And she coordinated staff resources to help ensure UFCW members voted for it.  SDMF 132-133.  Throughout the process, she celebrated with Renner about successfully obtaining support, including comments like "That is great news! Now I have to get my board all in order!", "Game time!!!", and "I can t wait to celebrate on Jan 20!!!!!!!"  SDMF 127, 134.

Guenther argues she cannot be a public figure because she sought to influence the merger through meetings and private communications.  Mot. at 20-21. But that does not matter.  Such "behind the scenes" actions constitute voluntary insertion where, as here, they seek to influence the issue's outcome.  *See, e.g.*, *Carr*, 259 F.3d at 281 (developer was public figure, where he managed project "behind the scenes," including negotiating with officials); *Jacoby v. CNN, Inc.*, 537 F. Supp. 3d 1303, 1310 (M.D. Fla. 2021) (plaintiff who "quietly" influenced political campaign from "behind the scenes" was public figure), *aff'd*, 2021 WL 5858569 (11th Cir. Dec. 10, 2021); *Charles v. McQueen*, 693 S.W.3d 262, 277 (Tenn. 2024) (president of homeowner's association was public figure, despite "less visible" role in controversy, because he sought to influence by facilitating private meetings with officials); *see Lluberes v. Uncommon Prods., LLC*, 663 F.3d 6, 15 n.8 (1st Cir. 2011) (inquiry is whether "publicity was a foreseeable … consequence").

As to the fourth and fifth factors, which concern the publication's timing, Emmons distributed the Flyer when the merger was already a public issue and

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Guenther was still a public figure. By January 8, 2022, the date of publication, SDMF 159, Guenther had been doing the work described to promote the merger for months, each Board had approved it, it had been publicly announced, and members had begun voting. SDMF 116-134, 161. Whether the controversy predated nonparty Selvaggio's mailing of the Flyer is irrelevant to Emmons's liability, and in any event, Guenther actively promoted the merger before the Selvaggio mailing was received. SDMF 116-130. Guenther is still president of UFCW 3000 today and continues to make media appearances. SDMF 172, 175.

### b. Guenther cannot show Emmons acted with actual malice.

Because she is a public figure, Guenther must prove actual malice by "clear and convincing evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–56 (1986).[2] "Actual malice" requires that when the defendant published the statement, he knew it was false, had "a high degree of awareness of probable falsity," or "in fact entertained serious doubts about the truth of the statement." *Reykdal*, 196 Wn.2d at 465. Guenther does not come close to meeting this standard. She states in a footnote that "[t]he record would also enable a jury to find Emmons acted with actual malice." Mot. at 20 n.4. But she cites no evidence for this conclusion,

---

[2] Guenther claims the clear and convincing standard applies only in state court. Mot. at 17. In fact, it is a First Amendment requirement that also applies in federal court. *See Anderson*, 477 U.S. at 255–56 (question on summary judgment is whether reasonable juror could find "the plaintiff has shown actual malice by clear and convincing evidence").

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 15

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    nor could she.  Emmons undisputedly believed the Flyer was true. SDMF 160; *see*

2    *also infra* § IV.B.2 (Emmons did not have reason to think otherwise).

**2.    Guenther cannot show that Emmons, a mere distributor, knew or should have known the Flyer was false.**

5        Even if Guenther were a private figure (and she's not), summary judgment

6    would still be improper because she lacks evidence to satisfy even the negligence

7    standard.  Emmons was a mere intermediary, acting at Selvaggio's direction without

8    any knowledge of the backdrop Guenther chronicles, SDMF 69-70, 145-159—as she

9    concedes.  *See, e.g.*, Mot. at 11 (asserting "Clay and Selvaggio" "escalated"

10   "campaign" "by leaving the flyers in-person at targeted stores").

11       When assessing negligence in these circumstances, Washington law follows

12   the "general rule" that there is no 'conduit liability' in the absence of fault." *Auvil*

13   *v. CBS 60 Minutes*, 800 F. Supp. 928, 931 (E.D. Wash. 1992).  Under that rule, "one

14   who only delivers or transmits defamatory matter published by a third person is

15   subject to liability if, ***but only if***, he knows or has reason to know of its defamatory

16   character."   Restatement (Second) of Torts § 581 (1977) (emphasis added).   A

17   distributor has no duty to investigate the potential that the material they distribute

18   ***could*** be defamatory.  Restatement (Second) of Torts § 12 (1965); *see Auvil*, 800 F.

19   Supp. at 930-32 (television affiliate not at fault for airing network's investigative

20   piece, despite lack of investigation, because they had no reason to know it was false).

21       Here, Emmons undisputedly believed the Flyer was true, and with good

22   reason.  SDMF 160.  He had known Selvaggio for nearly a decade, having worked

23   for him on numerous projects over the years, and knew him to be an honest and

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 16

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    trustworthy person, who was "selective in the organizations and people he [chose]

2    to work for and only work[ed] for those with high integrity." SDMF 146-151. After

3    reading the Flyer, Emmons confirmed with Selvaggio that it was accurate, and

4    Selvaggio indicated it was supported by investigations. SDMF 157-158. Emmons

5    was satisfied with this because in his experience, Selvaggio did "not take on

6    initiatives without first confirming that the position or message he [was]

7    communicating [was] a credible one." SDMF 151. Guenther has no contrary

8    evidence.

9        Guenther argues Emmons should have done more to investigate the Flyer's

10   statements. Mot. at 22. But as a distributor, he was not required to do so—

11   particularly given he was relying on a reputable source. *See* Restatement (Second)

12   of Torts § 12; *Auvil*, 800 F. Supp. at 930–32. *Cf. Watkins v. Washington Post*, 2018

13   WL 805394, at *7 (D. Md. Feb. 9, 2018) ("reporters are not negligent … when

14   relying on reputable sources"); *Adler v. Conde Nast Publ'ns, Inc.*, 643 F. Supp. 1558,

15   1566 (S.D.N.Y. 1986) (editors may reasonably rely on "writers whom they have

16   reason to believe are professional, reliable, and who possess highly-placed sources

17   for the information reported").

18       Guenther also contends that, at Selvaggio's request, Emmons hid his identity.

19   Mot. at 13-14, 22. That is false. SDMF 91. But, even if true, Selvaggio's desire to

20   be anonymous has no bearing on his credibility, and thus did not give Emmons

21   reason to doubt Selvaggio's representation that the Flyer was true. *See* SDMF 158.

22   **C.    Guenther fails to show damages.**

23       Guenther seeks "nominal damages of $1." Mot. at 7. To do so, she must still

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 17

establish all four elements of her defamation claim—including damages.  *See* Restatement (Second) of Torts § 907 (1979) (nominal damages awarded where litigant "has established a cause of action" but not "compensatory damages").  A plaintiff can satisfy the damages element by (i) proving the alleged statement is defamatory per se or (ii) showing actual damages.  *See Maison de France, Ltd. v. Mais Oui!, Inc.*, 126 Wn. App. 34, 54 (2005).  Guenther cannot establish either.

### 1.    Guenther cannot establish the Flyer is defamatory per se.

Guenther asserts that "the challenged statements are defamatory per se."  Mot. at 23-24.  But, as the Court said, this is "a question for a jury."  ECF No. 21 at 11.  Indeed, where, as here, the statement does not assert "the specifics of a charge of crime" or "unchastity in a woman," a jury must decide whether it is defamatory per se.  *Life Designs Ranch, Inc. v. Sommer*, 191 Wn. App. 320, 328 (2015).  Guenther argues that the Flyer implies she engaged in "bribery and misuse of union funds."  Mot. at 23-24.  But given the Flyer's loose, hyperbolic language and obvious intent to persuade, no reasonable reader would interpret the statement "paid him off in exchange for installing her puppet" to mean Guenther actually paid money—much less union funds—or otherwise engaged in criminal bribery.  *See Steam Press Holdings, Inc. v. Haw. Teamsters, Allied Workers Union, Loc. 996*, 302 F.3d 998, 1005–07 (9th Cir. 2002) ("making money" and "hiding" it was merely rhetoric); *Knievel v. ESPN*, 393 F.3d 1068, 1077–78 (9th Cir. 2005) ("pimp" or "criminal accusation" not factual given other hyperbolic language); *Nicosia v. De Rooy*, 72 F. Supp. 2d 1093, 1104 (N.D. Cal. 1999) ("acted illegally" "too loose and hyperbolic" to be factual).  The Flyer merely asserts that Guenther paid Gonzalez a favor in

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 18

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

exchange for Hines's appointment, *see* SDMF 135—a common act in politics.

### 2.    Guenther cannot show actual damages.

After failing to adequately allege or disclose actual damages, Guenther asserts new theories: (1) "a shooting at her office," "a break in of the safe," and "protracted internal complaints" that "complicated her career"; (2) resulting anxiety that led to "lost work, a change in residence, and out-of-pocket expenses for professional care"; and (3) denial of a UFCW International Vice President position.  Mot. at 12-13, 23.  These damages claims fail for at least four reasons.

**First**, Guenther failed to plead these purported harms, disclose them under Rule 26(a), or identify them in response to Emmons's discovery requests.   ECF No. 1-2; ECF No. 48-3 at 27–28; Declaration of John A. DiLorenzo, Jr., in Support of Defendants' Opposition ¶ 11.  Under Rule 37(c)(1), she cannot rely on them. *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179–80 (9th Cir. 2008).

**Second**, Guenther lacks any evidence that the Flyer caused the harm she claims.  For example, the only "protracted internal complaints" she cites came from Clay—the person behind the Flyer—and so could not have resulted from the Flyer. *See* SDMF 106.  Nothing indicates her anxiety, lost work, or relocation were due to the Flyer, as opposed to the shooting, break in, and Clay's complaints.  *See* SDMF 106-108.  And the record contains many alternative explanations for Guenther not becoming a UFCW International Vice President, including her strained relationship with Perrone, Meckler, and Clay and her accusations that other local presidents are affiliated with the mob.  *See* SDMF 109, 174.

**Third**, even if Guenther could tie actual damages to the Flyer, she fails to tie

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 19

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

any to Emmons's conduct, as she must. *See Schmalenberg*, 87 Wn. App. at 593. Selvaggio distributed 1,000 copies weeks before Emmons even knew of the Flyer, prompting discussions among members and staff. SDMF 63, 141-142. Emmons later placed fewer than sixty copies total in five to seven stores. SDMF 86, 159; *see* Mot. at 25 (conceding same). Guenther cannot show her damages would not have occurred "but for" those sixty copies. *See Schmalenberg* 87 Wn. App. at 593. She says the "only evidence of any discussion predating" Emmons's involvement was a Facebook post. Mot. at 21 n.5. But that is not true. SDMF 142. And even if it were, she points to no evidence of new discussion post-dating his involvement.

*Finally*, Guenther cannot show any of her purported damages were caused specifically by the Flyer's statement concerning Gonzalez—the only statement she claims is defamatory. *Supra* § IV.A. Where a publication contains multiple statements and only one is allegedly false, the plaintiff must prove that "at least some of [her] damage would not have occurred but for the false part." *Schmalenberg*, 87 Wn. App. at 598; *accord Wood v. Battle Ground Sch. Dist.*, 107 Wn. App. 550, 573 (2001) ("defamation plaintiff may not recover damages if the damages would have occurred without the false portions"). Here, Guenther must show not only that she suffered harm, but that she suffered more harm than she would have if the Flyer stated she was helping Renner "hide from sexual harassment charges and land a cushy new gig with Local 21 through a forced merger," without reference to Gonzalez or Hines. SDMF 135. She cannot.

## V.    CONCLUSION

For these reasons, the Court should deny Guenther's Motion.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 20

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 25th day of October, 2024.

Attorneys for Defendants

By: *s/ Sara A. Fairchild*
Ambika Kumar, WSBA #38237
Sara A. Fairchild, WSBA #54419
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone:  (206) 622-3150
Fax:  (206) 757-7700
ambikakumar@dwt.com
sarafairchild@dwt.com

John A. DiLorenzo (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Ave, Suite 700
Portland, OR 97205
Telephone: (503) 241-2300
Fax: (503) 778-5299
johndilorenzo@dwt.com

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 21

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2024, I caused the document to which this certificate is attached to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Aaron Streepy
Jim McGuinness
STREEPY LEMONIDIS CONSULTING & LAW
GROUP, PLLC
2800 First Avenue, Suite 211
Seatle, WA 98121
aaron@slglc.com
jim@mcguinnessstreepy.com

Dmitri Iglitzin
Darn M. Dalmat
Gabe Frumkin
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer St, Suite 400
Seattle, WA 98119
iglitzin@workerlaw.com
dalmat@workerlaw.com
frumkin@workerlaw.com

***Attorneys for Plaintiff Faye Irene Guenther***

I declare under penalty of perjury that the foregoing is true and accurate.

DATED this 25th day of October, 2024.

By: *s/ Sara A. Fairchild*
Sara A. Fairchild, WSBA #54419

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 22

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax