Dmitri Iglitzin, WSBA No. 17673
Darin M. Dalmat, WSBA No. 51384
Gabe Frumkin, WSBA No. 56984
**BARNARD IGLITZIN & LAVITT LLP**
18 W Mercer St, Suite 400
Seattle, WA 98119
(206) 257-6003
iglitzin@workerlaw.com
dalmat@workerlaw.com
frumkin@workerlaw.com

Aaron Streepy, WSBA 38149
Jim McGuinness, WSBA 23494
Streepy Lemonidis Consulting & Law Group, PLLC
2800 First Avenue, Suite 211
Seattle, WA 98121
Telephone: (253) 528-0278
Fax: (253) 528-0276
aaron@slglc.com
jim@mcguinnessstreepy.com

*Attorneys for Plaintiff Faye Guenther*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON
# AT SPOKANE

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH H. EMMONS, individually, and OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>Defendants. | No. 2:22-cv-00272-TOR<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>NOTE ON MOTION CALENDAR:<br>December 5, 2024, at 9:00 a.m. |

REPLY ISO PLAINTIFF'S MOT. FOR
PARTIAL SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1

## TABLE OF CONTENTS

I.   Emmons does not contest the falsity of the Gonzalez/Hines-related statement............................................................................................1

II.  Guenther is a private figure who need show only Emmons's negligence, which he does not contest..................................................................1

III. Emmons is not an unwitting conduit but a publisher liable for the flyer whose contents he knowingly communicated. ..........................................4

IV.  Guenther is entitled to nominal damages because the flyer is defamatory per se and, in any event, harmed her. ....................................................6

CONCLUSION .......................................................................................10

TABLE OF CONTENTS & AUTHORITIES–i
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400   **BARNARD**

SEATTLE, WASHINGTON 98119   **IGLITZIN &**

TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

# TABLE OF AUTHORITIES

**Federal Cases**

*Adler v. Conde Nast Publ'cns, Inc.*,
   643 F. Supp. 1558 (S.D.N.Y. 1986) ................................................................6

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)...........................................................................................4

*Auvil v. CBS 60 Minutes*,
   800 F. Supp. 928 (E.D. Wash. 1992)...............................................................5

*Carr v. Forbes, Inc.*,
   259 F.3d 273 (4th Cir. 2001) ...........................................................................2

*EEOC v. Wal-Mart Stores, Inc.*,
   276 F.R.D. 637 (E.D. Wash. 2011) ..................................................................8

*Flowers v. Carville*,
   310 F.3d 1118 (9th Cir. 2002) ..........................................................................9

*Gertz v. Robert Welch, Inc.*,
   418 U.S. 323 (1974)...........................................................................................2

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ..........................................................................7

*Makaeff v. Trump University, LLC*,
   715 F.3d 254 (9th Cir. 2013) ............................................................................2

*Miller v. Sawant*,
   18 F.4th 328 (9th Cir. 2021) .............................................................................4

*Nicosia v. De Rooy*,
   72 F.2d Supp.2d 1093, 1104 (N.D. Cal. 1999)................................................7

*Scott v. City of Phoenix*,
   No. CV-09-0875-PHX-JAT, 2011 WL 1085992 (D. Ariz. Mar. 24,
   2011) ..................................................................................................................8

*SiteLock LLC v. GoDaddy.com LLC*,
   562 F. Supp.3d 283 (D. Ariz. 2022) ................................................................8

TABLE OF CONTENTS & AUTHORITIES–ii
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

*Steam Press Holdings, Inc. v. Haw. Teamsters,*
  302 F.2d 998 (9th Cir. 2002) ...................................................................7

*Time, Inc. v. Firestone,*
  424 U.S. 448 (1976) ..................................................................................2

*Watkins v. Washington Post,*
  2018 WL 805394 (D. Md. Feb. 9, 2018) ..................................................6

**State Cases**

*Arnold v. Nat'l Union of Marine Cooks & Stewards,*
  44 Wash. 2d 183 (1954) ............................................................................8

*Bender v. City of Seattle,*
  99 Wash. 2d 582 (1983) ............................................................................3

*Brink v. Griffith,*
  65 Wash. 2d 253 (1964) ............................................................................9

*Corbin v. Madison,*
  12 Wash. App. 318 (1974) ........................................................................4

*Dunlap v. Wayne,*
  105 Wash. 2d 529 (1986) .......................................................................1, 7

*Herron v. Trib. Pub. Co.,*
  108 Wash. 2d 162 (1987) .......................................................................4, 9

*Himango v. Prime Time Broad., Inc.,*
  37 Wash. App. 259 (1984) ........................................................................9

*Macias v. Hartwell,*
  55 Cal. App. 4th 669 (1997) .....................................................................3

*Maison de France, Ltd. v. Mais Oui!, Inc.,*
  126 Wash. App. 34 (2005) ......................................................................6, 7

*Reykdal v. Espinoza,*
  196 Wash. 2d 458 (2020) ..........................................................................7

*Taskett v. KING Broad. Co.,*
  86 Wash. 2d 439 (1976) ............................................................................3

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

*Tokarski v. Wildfang*,
   313 Or. App. 19 (2021) .................................................................3

*Traditional Cat Assn., Inc. v. Gilbreath*,
   118 Cal. App. 4th 392 (2004) .....................................................3

*White v. State*,
   131 Wash. 2d 1 (1997) ...............................................................3

*Wood v. Battle Ground School Dist.*,
   107 Wash. App. 550 (2001) .......................................................7

**State Statutes**

RCW 9A.68.060 ...............................................................................7

RCW 49.44.020 ...............................................................................7

**Rules**

Fed. R. Civ. P. 37(c)(1) ...................................................................8

Fed. R. Civ. P. 56(a) .......................................................................1

**Other Authorities**

Restatement (Second) of Torts § 577(1) .........................................4

Restatement (Second) of Torts § 577(1), Comment a ......................4

Restatement (Second) of Torts § 578 Comment b ..........................4, 9

Restatement (Second) of Torts § 581, Comment c ..........................5

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

As authorized by Rule 56, Guenther seeks partial summary judgment on only the part of her defamation claim challenging the accusation that she covered up sexual harassment by Angel Gonzalez and paid him off to install her puppet, Mike Hines, as president of United Food and Commercial Workers (UFCW) Local 367. Fed. R. Civ. P. 56(a). On the undisputed record facts, the Court may (and should) decide as a matter of law Guenther is a private figure required to show only negligence, Emmons published the flyer, and nominal damages are appropriate because the flyer is defamatory per se or Guenther suffered at least $1 in actual harm.

## I. Emmons does not contest the falsity of the Gonzalez/Hines-related statement.

Guenther showed the flyer's accusations against her relating to Gonzalez and Hines are actionable factual assertions under *Dunlap v. Wayne*, 105 Wash. 2d 529, 539 (1986), and false on the undisputed record. ECF No. 104 at 11–12. Emmons does not contest that showing. *Cf.*, ECF No. 120.

## II. Guenther is a private figure who need show only Emmons's negligence, which he does not contest.

The parties agree that if Guenther is a private figure, she need prove only negligence; but if she is a public figure, she must prove actual malice. They also agree a five-factor test guides the private/public figure determination and the heart of this test is whether Guenther "voluntarily assumed a role of special prominence in a public controversy by attempting to influence the outcome of the controversy."

REPLY ISO PLAINTIFF'S MOT. FOR
PARTIAL SUMMARY JUDGMENT–1
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD**
**IGLITZIN &**
**LAVITT LLP**

1  *Carr v. Forbes, Inc.*, 259 F.3d 273, 280 (4th Cir. 2001) (cited in ECF No. 104 at 14;

2  ECF No. 120 at 13). They part ways applying that test.

3       Following the U.S. Supreme Court and federal appeals courts, Guenther

4  focuses on whether a public controversy—a real, actual public debate on an issue

5  affecting the general public or a broad, identifiable segment of it—preceded

6  Emmons's flyering. ECF No. 104 at 14–15 (citing *Carr v. Forbes, Inc.*, 259 F.3d

7  273, 280 (4th Cir. 2001); *Time, Inc. v. Firestone*, 424 U.S. 448, 454 (1976);

8  *Hutchinson v. Proxmire*, 443 U.S. 111, 136 (1979)); ECF No. 115 at 8–9 (also citing

9  *Waldbaum v. Fairchild Publ'ns, Inc.*, 627 F.2d 1287, 1296–97 (D.C. Cir. 1980);

10  *Makaeff v. Trump University, LLC*, 715 F.3d 254, 267 (9th Cir. 2013)).

11       Emmons instead focuses on the challenged "statement's content." ECF No.

12  120 at 11. He thus repeats the precise error the Supreme Court warned defamation

13  defendants to avoid. *See Time, Inc.*, 424 U.S. at 454 (rejecting party's attempt to

14  equate a "public controversy" with "all controversies of interest to the public"). His

15  approach would wrongly reinstate a regime that extends the constitutional privilege

16  for "falsehoods defamatory of private persons … whenever the statements concern

17  matters of general or public interest." *Id.* The Court roundly rejected that approach

18  in *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 346 (1974) (balancing the interest in

19  compensating people for harm inflicted by defamatory falsehood with the need for

20  news media to avoid self-censorship).

REPLY ISO PLAINTIFF'S MOT. FOR
PARTIAL SUMMARY JUDGMENT–2
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1    The relevant question is not whether a union merger is a "significant[] issue,"

2    as Emmons urges. ECF No. 120 at 11. It's whether controversy swirled publicly over

3    the Local 21/1439 merger before Emmons's January 2022 flyering. The record here

4    shows no such controversy took place and Guenther did not use whatever stature she

5    had to insert herself into that non-debate to push members to support the merger.

6        With the constitutionally relevant question squarely in view, Emmons's cited

7    authorities are easily distinguishable. Several involve state anti-SLAPP statutes that,

8    by their terms, turn on whether challenged speech was made "in connection with a

9    public issue." *See Macias v. Hartwell*, 55 Cal. App. 4th 669, 673–74 (1997);

10   *Traditional Cat Assn., Inc. v. Gilbreath*, 118 Cal. App. 4th 392, 397 (2004); *Tokarski*

11   *v. Wildfang*, 313 Or. App. 19, 25 (2021). That statutory question differs substantively

12   from the relevant constitutional question. *Supra* at 2. *White v. State*, 131 Wash. 2d

13   1, 9–18 (1997), is equally off point, as it involves the rights of public employees to

14   be free from retaliation for expression, not the standards governing defamation.

15       Applying the correct standard, Guenther is a private figure. ECF No. 104 at

16   12–16; ECF No. 115 at 6–14. So, she need show only that Emmons published

17   negligently. *See Taskett v. KING Broad. Co.*, 86 Wash. 2d 439, 447 (1976); *Bender*

18   *v. City of Seattle*, 99 Wash. 2d 582, 599 (1983). She has made that showing (ECF

19

20

REPLY ISO PLAINTIFF'S MOT. FOR
PARTIAL SUMMARY JUDGMENT–3
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

No. 104 at 16) and Emmons does not try to show he published with reasonable care. *Cf.*, ECF No. 120. She is entitled to judgment as a matter of law on this issue.[1]

### III. Emmons is not an unwitting conduit but a publisher liable for the flyer whose contents he knowingly communicated.

Emmons wrongly argues he was not responsible for the flyers because he merely distributed them. ECF No. 120 at 16–17. But a person is responsible for communications they publish by intentionally or negligently communicating them to anyone other than the person defamed. Restatement (Second) of Torts § 577(1); *accord id.*, cmt. a; *Corbin v. Madison*, 12 Wash. App. 318, 326 (1974). Republishers are liable to the same extent as original publishers. *Herron v. Trib. Pub. Co.*, 108 Wash. 2d 162, 178 (1987); Restatement (Second) of Torts § 578 cmt. b.

Emmons (at ECF No. 120 at 16) would evade this hoary rule on the theory that he was passive, advocating an immunity—the "mere conduit" or "passive distributor" theory—no Washington state court has ever adopted. Even assuming the doctrine applied in Washington, it would not benefit Emmons because unlike

---

[1] Emmons disputes the standard of proof on this motion. ECF No. 120 at 15 n.2. The First Amendment requires clearly convincing proof only with respect to actual malice, not other defamation elements. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–56 (1986); *Miller v. Sawant*, 18 F.4th 328, 336–38 (9th Cir. 2021). Because Guenther need not prove actual malice, preponderance of the evidence suffices.

REPLY ISO PLAINTIFF'S MOT. FOR
PARTIAL SUMMARY JUDGMENT–4
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

newsstands or libraries—and other entities that distribute vast quantities of information for the benefit of the general public, under circumstances that make it impracticable to review, much less verify, the contents of the material they distribute—Emmons targets specific polemic communications to specific audiences. RSMF ¶¶ 144. He indisputably did so here by discussing the flyer's content with Selvaggio, reading it himself, printing the flyers, driving hundreds of miles to the stores where UFCW members worked, placing the flyers where his intended audience would likely read them, and telling them the flyers were about their union. RSMF ¶¶ 71, 85–88, 92. The functions he performed here bear no resemblance to those by newsstands, libraries, and other entities protected by the doctrine.

His cited authority, *Auvil v. CBS 60 Minutes*, 800 F. Supp. 928 (E.D. Wash. 1992), only illustrates this point. That case shielded a local television affiliate on the theory that distributors who do not know—and have no reason to know—the contents of communications before circulating them are not liable for their contents. *Id.* at 931–32 (affiliate had no "hint … that the content would be defamatory"); Restatement (Second) Torts § 581, cmt. c (distributor rule "does not relieve from liability the publisher who prints and puts upon the market a libelous [communication] even though its contents are prepared by a third person").

Emmons claims this rule shields him because he believed the flyers' statements were true. ECF No. 120 at 16–17. That is not the test. Under his own

REPLY ISO PLAINTIFF'S MOT. FOR
PARTIAL SUMMARY JUDGMENT–5
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

authority, the test is whether the transmitter had reason to know of the communication's "defamatory character," not its truth. ECF No. 120 at 16 (citing Restatement (Second) of Torts § 581). Emmons read the flyer and recognized its incendiary character. RSMF ¶ 73. The mere conduit doctrine does not shield him.

Emmons's reliance (ECF No. 120 at 17) on cases involving journalists who reprint articles fares no better and again aids Guenther. He is not a journalist serving "the public's need for prompt dissemination of the news," *cf.*, *Watkins v. Washington Post*, 2018 WL 805394, at *7 (D. Md. Feb. 9, 2018), and Selvaggio was not seeking objective truth with "no perceptible axe to grind … ." *Adler v. Conde Nast Publ'cns, Inc.*, 643 F. Supp. 1558, 1565 (S.D.N.Y. 1986). RSMF, ¶¶ 63–66, 69–78.

**IV.    Guenther is entitled to nominal damages because the flyer is defamatory per se and, in any event, harmed her.**

Emmons rightly acknowledges Guenther can establish damages either by showing the challenged statements are defamatory per se or by showing actual damages. ECF No. 120 at 18. Here, Guenther has shown both.

1.    **Defamation Per Se:** "Whether a given communication constitutes defamation per se may be either a question of law or a question of fact." *Maison de France, Ltd. v. Mais Oui!, Inc.*, 126 Wash. App. 34, 43 (2005). Statements imputing crimes of moral turpitude are defamatory per se as a matter of law. *Id.* (citing *Caruso v. Local 690, Teamsters*, 100 Wash. 2d 343, 353 (1983); *Ward v. Painters' Local 300*, 41 Wash. 2d 859, 863 (1953)). By contrast, statements that injure a person's

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1   business or trade may still be defamatory per se but only as a question of fact. *Id.*

2   *Accord Wood v. Battle Ground School Dist.*, 107 Wash. App. 550, 573 (2001).

3       Here, the challenged statement accuses Guenther, as union president, of

4   paying Gonzalez off "in exchange for installing her puppet, Mike Hines," as Local

5   367 President. ECF No. 116, ¶ 60. That statement expressly imputes at least two

6   crimes: commercial bribery (RCW 9A.68.060) and bribery of a labor representative

7   (RCW 49.44.020). The flyer is defamatory as a matter of law, as this Court

8   previously held. ECF No. 21 at 11.

9       Emmons's cited authorities involve nonactionable opinion statements based

10  on the context of the speech challenged in those cases. *See Steam Press Holdings,*

11  *Inc. v. Haw. Teamsters*, 302 F.2d 998, 1005–09 (9th Cir. 2002); *Knievel v. ESPN*,

12  393 F.3d 1068, 1073–78 (9th Cir. 2005); *Nicosia v. De Rooy*, 72 F.2d Supp.2d 1093,

13  1104 (N.D. Cal. 1999). But here Guenther showed—analyzing the context, audience,

14  and implication of undisclosed facts under *Dunlap*—that the challenged statements

15  are actionable factual assertions, not protected opinion or hyperbole. *Supra* at 1.

16  Emmons did not contest the point. *Id.* Having effectively conceded the flyer's factual

17  content, opinion/hyperbole cases have no bearing on whether the flyer's statements

18  are defamatory per se. So, Guenther need not show actual damages. *Reykdal v.*

19  *Espinoza*, 196 Wash. 2d 458, 466 (2020).

20

REPLY ISO PLAINTIFF'S MOT. FOR
PARTIAL SUMMARY JUDGMENT–7
Case No. 2:22-cv-00272-TOR

*2.* **Actual Damages:** Even if actual damages were required, Emmons mistakenly contends Guenther failed to plead, disclose, or produce in discovery the damages she demonstrated. But Guenther alleged, disclosed, and testified to the kinds of damages she suffered, RSMF, ¶¶ 106–07, and now seeks only nominal damages. Emotional distress and pain and suffering damages need not be quantified through disclosures. *EEOC v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639–40 (E.D. Wash. 2011) (citing cases). Neither do nominal damages. *SiteLock LLC v. GoDaddy.com LLC*, 562 F. Supp.3d 283, 298 (D. Ariz. 2022); *Scott v. City of Phoenix*, No. CV-09-0875-PHX-JAT, 2011 WL 1085992, at *4 (D. Ariz. Mar. 24, 2011). Preclusion of nominal damages under Rule 37(c)(1) is therefore inappropriate.

Emmons next contends (ECF No. 120 at 19) Guenther has no evidence showing Emmons's flyer caused her harm. But he overlooks Crosby's unrefuted testimony—corroborated by two witnesses—that the flyer and Guenther's efforts to salvage her reputation in the face of it cost her a lucrative appointment. RSMF, ¶¶ 106, 109. He also overlooks unrefuted testimony regarding the emotional toll Emmons's flyer has had on her—at significant expense. RSMF, ¶¶ 106, 108. Because a good name is preferable to "great riches," a defamed plaintiff "is entitled to recover those damages which the law presumes must naturally, proximately, and necessarily result from the publication of the libelous matter." *Arnold v. Nat'l Union of Marine Cooks & Stewards*, 44 Wash. 2d 183, 188 (1954). And defamation

REPLY ISO PLAINTIFF'S MOT. FOR
PARTIAL SUMMARY JUDGMENT–8
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD**
**IGLITZIN &**
**LAVITT LLP**

1   damages may "involve estimation or speculation" as long as there is "*some* evidence

2   of damages." *Himango v. Prime Time Broad., Inc.*, 37 Wash. App. 259, 268 (1984).

3   At a minimum, that includes damages from the emotional toll of the defamation and

4   the expense of rehabilitating one's good name. *Brink v. Griffith*, 65 Wash. 2d 253,

5   258 (1964).

6        Finally, Emmons (ECF No. 120 at 19–20) challenges causation on two

7   erroneous theories. He first contends Selvaggio's prior mailing of the defamatory

8   flyer absolves him of liability for republishing it. But republishers are liable to the

9   same extent as original publishers. ECF No. 115 at 19 (discussing Restatement

10  (Second) of Torts § 578 cmt. b; *Herron*, 108 Wash. 2d at 178; *Flowers v. Carville*,

11  310 F.3d 1118, 1128 (9th Cir. 2002)). He next contends Guenther cannot show "at

12  least some of [her] damage would not have occurred" but for the accusations

13  concerning Gonzalez." ECF No. 120 at 20 (citing *Schmalengberg v. Tacoma News,*

14  *Inc.*, 107 Wn. App. 550, 573 (2001)). That argument presumes the Renner-related

15  accusations against Guenther are true, but it is undisputed that as of January 8, 2022,

16  Guenther did not cover up sexual harassment by Renner (and could not have done

17  so) because she was unaware of any alleged harassment, which Renner denies. ECF

18  No. 116, ¶¶ 9–10; RSMF, ¶ 4.

19       It also presumes the Gonzalez-related accusations added no "sting" beyond

20  the Renner-related accusation. But the Gonzalez-related accusation imputed a crime

REPLY ISO PLAINTIFF'S MOT. FOR
PARTIAL SUMMARY JUDGMENT–9
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

(or two) to Guenther, whereas the Renner-related accusation imputed only wrongful behavior. *Supra* at 7. Imputing a crime is defamatory per se (thus triggering presumed damages), whereas imputing wrongful behavior is only defamatory. *Supra* at 6–7. As a matter of law, then, the Gonzalez-related accusation necessarily added sting to the Renner-related one.

## CONCLUSION

For the reasons set forth above, as well as in Guenther's motion and opposition to Emmons's cross-motion, Guenther respectfully seeks partial summary judgment on her defamation claim.

RESPECTFULLY SUBMITTED this 15th day of November 2024.

s/Darin M. Dalmat
Dmitri Iglitzin, WSBA No. 17673
Darin M. Dalmat, WSBA No. 51384
Gabe Frumkin, WSBA No. 56984
**BARNARD IGLITZIN & LAVITT LLP**
18 W Mercer St, Suite 400
Seattle, WA 98119
(206) 257-6003
iglitzin@workerlaw.com
dalmat@workerlaw.com
frumkin@workerlaw.com

Aaron Streepy, WSBA 38149
Jim McGuinness, WSBA 23494
Streepy Lemonidis Consulting & Law Group, PLLC
2800 First Avenue, Suite 211
Seattle, WA 98121
Telephone: (253) 528-0278
Fax: (253) 528-0276

REPLY ISO PLAINTIFF'S MOT. FOR
PARTIAL SUMMARY JUDGMENT–10
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1

*aaron@slglc.com*
*jim@mcguinnessstreepy.com*

2

*Attorneys for Plaintiff Faye Guenther*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

REPLY ISO PLAINTIFF'S MOT. FOR
PARTIAL SUMMARY JUDGMENT–11
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400   **BARNARD**

SEATTLE, WASHINGTON 98119   **IGLITZIN &**

**TEL** 800.238.4231 | **FAX** 206.378.4132   **LAVITT LLP**

# DECLARATION OF SERVICE

I hereby certify that on the date noted below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| Ambika Kumar<br>Sara A. Fairchild<br>Davis Wright Tremaine LLP<br>920 Fifth Ave., Ste. 3300<br>Seattle, WA 98104<br>ambikakumar@dwt.com<br>sarafairchild@dwt.com | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☐ E-mail<br>☐ U.S. Mail<br>☒ E-Service |
| John A. DiLorenzo<br>Davis Wright Tremaine LLP<br>560 SW 10th Ave., Ste. 700<br>Portland, OR 97205<br>johndilorenzo@dwt.com | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☐ E-mail<br>☐ U.S. Mail<br>☒ E-Service |

DATED this 15th day of November 2024 at Seattle, Washington.

By: _____
Esmeralda Valenzuela, Paralegal

DECLARATION OF SERVICE
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400 **BARNARD**

SEATTLE, WASHINGTON 98119 **IGLITZIN &**

TEL 800.238.4231 | FAX 206.378.4132 **LAVITT LLP**