Ambika Kumar, WSBA #38237
Sara A. Fairchild, WSBA #54419
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700

John A. DiLorenzo (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Ave, Suite 700
Portland, OR 97205
Telephone: (503) 241-2300
Fax: (503) 778-5299

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH H. EMMONS, individually, AND OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>Defendants. | No. 2:22-cv-00272-TOR<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>**December 5, 2024**<br>**With Oral Argument: 9:00 a.m.** |

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...............................................................................................1

II. ARGUMENT .....................................................................................................2

    A. Guenther Lacks Evidence of Fault. ........................................................2

        1. Guenther is a public figure and cannot show actual malice. ...............................................................................................2

            a. Guenther became a public figure by seeking to influence the outcome of the proposed merger. ..............2

            b. Guenther lacks any evidence of actual malice. ...............5

        2. Guenther also cannot show that Emmons, a distributor, knew or had reason to know the Flyer was false. .......................7

    B. Guenther Cannot Show Damages. ..........................................................9

III. CONCLUSION ................................................................................................10

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)......................................................................................6

*Auvil v. CBS 60 Minutes*,
    800 F. Supp. 928 (E.D. Wash. 1992)..................................................1, 7, 8

*Chandler v. Berlin*,
    2024 WL 670475 (D.D.C. Jan. 10, 2024)........................................................4

*Cox v. Galazin*,
    460 F. Supp. 2d 380 (D. Conn. 2006)..............................................................5

*Dworkin v. Hustler Mag. Inc.*,
    867 F.2d 1188 (9th Cir. 1989)........................................................................3

*Flowers v. Carville*,
    310 F.3d 1118 (9th Cir. 2002)......................................................................10

*Gertz v. Robert Welch, Inc.*,
    418 U.S. 323 (1974)..................................................................................3, 4

*Grass v. News Grp. Publ'ns, Inc.*,
    570 F. Supp. 178 (S.D.N.Y. 1983)..................................................................3

*Hilton v. Hallmark Cards*,
    599 F.3d 894 (9th Cir. 2010)..........................................................................3

*Lewis v. Time Inc.*,
    83 F.R.D. 455 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983)..................8

*Makaeff v. Trump Univ., LLC*,
    715 F.3d 254 (9th Cir. 2013)..........................................................................3

*Marcone v. Penthouse Int'l Mag. for Men*,
    754 F.2d 1072 (3d Cir. 1985).........................................................................4

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*McIntyre v. Ohio Elections Comm'n*,
  514 U.S. 334 (1995) ................................................................................................... 7

*Miller v. Sawant*,
  18 F.4th 328 (9th Cir. 2021) ...................................................................................... 6

*Nicholson v. Promotors on Listings*,
  159 F.R.D. 343 (D. Mass. 1994) ............................................................................... 8

*Silvester v. Am. Broad. Cos.*,
  839 F.2d 1491 (11th Cir. 1988) ................................................................................. 3

*St. Amant v. Thompson*,
  390 U.S. 727 (1968) ................................................................................................... 7

*Time, Inc. v. Firestone*,
  424 U.S. 448 (1976) ................................................................................................... 4

*Tucker v. Fischbein*,
  237 F.3d 275 (3rd Cir. 2001) ..................................................................................... 7

*Waldbaum v. Fairchild Publ'ns, Inc.*,
  627 F.2d 1287 (D.C. Cir. 1980) ................................................................................. 3

*Wells v. Liddy*,
  186 F.3d 505 (4th Cir. 1999) ..................................................................................... 3

**State Cases**

*Alaska Structures, Inc. v. Hedlund*,
  180 Wn. App. 591 (2014) .......................................................................................... 2

*City of Seattle v. Egan*,
  179 Wn. App. 333 (2014) .......................................................................................... 3

*Clardy v. Cowles Publ'g Co.*,
  81 Wn. App. 53 (1996) .......................................................................................... 3, 5

*Herron v. Tribune Publ'g Co.*,
  108 Wn.2d 162 (1987) .............................................................................................. 10

*Korbar v. Hite*,
  357 N.E.2d 135 (Ill. App. 1976) ............................................................................... 5

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Margoles v. Hubbart*,
   111 Wn.2d 195 (1988) ................................................................................................... 7

*Materia v. Huff*,
   475 N.E.2d 1212 (Mass. 1985) ..................................................................................... 5

*Miles v. Perry*,
   529 A.2d 199 (Conn. 1987) .......................................................................................... 5

*Pitts & Collard, LLP v. Schechter*,
   369 S.W.3d 301 (Tex. App. 2011) ................................................................................ 4

*Schmalenberg v. Tacoma News, Inc.*,
   87 Wn. App. 579 (1997) ............................................................................................. 10

**State Statutes**

RCW 7.96.010 ................................................................................................................... 10

RCW 7.96.040(4) .............................................................................................................. 10

RCW 7.96.050 ............................................................................................................. 9, 10

RCW 7.96.060 ................................................................................................................... 10

**Rules**

Fed. R. Civ. P. 37(c)(1) ....................................................................................................... 9

**Other Authorities**

Restatement (Second) Torts § 578 (1977) cmt. B ............................................................ 10

1 Rodney A. Smolla, *Law of Defamation* § 2:41 (2d ed. 1999 & Supp. 2024) ................. 4

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - iv

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I. INTRODUCTION

Plaintiff Faye Guenther lacks the evidence necessary to prevail on her claims against Emmons and his company (collectively "Emmons"). She previously moved to dismiss after she "identif[ied] the [actual] parties responsible" (ECF No. 39 at 8), but retracted her dismissal upon learning she could face attorneys' fees. Now, having chosen not to sue the "responsible" parties, Guenther attempts to rewrite the law and stretch the facts in hopes of evading liability for Emmons's fees. For example, she claims actual malice need not be proven with "convincing clarity." ECF No. 115 ("Opp.") 12. But the U.S. Supreme Court has held it does. She also claims Emmons "created" the Flyer. Reply Statement of Material Facts ("RSF") 57, 61. But the undisputed record shows he did no more than print and hand out copies of a flyer created and previously mailed by someone else. The Court should grant Emmons's motion and dismiss the case—for good—so Emmons can pursue his fees.

The record reveals at least three independent grounds for doing so:

First, Guenther became a public figure by promoting the merger, a public issue that affected 55,000 workers, and she cannot show actual malice. She claims the merger was a private matter given low voter turnout and the absence of literal public debate. But such votes are inherently public issues given their substantial impact on workers, and Guenther does not dispute that she led the effort to pass the merger.

Second, under the principles outlined in *Auvil v. CBS 60 Minutes*, 800 F. Supp. 928 (E.D. Wash. 1992), Emmons cannot be faulted for distributing the Flyer without independently investigating its accuracy. Guenther fails to rebut this authority.

Third, Guenther does not identify any recoverable damages that are

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

attributable to Emmons's conduct and alleged in the Complaint.

Guenther does not dispute that failure of her defamation claim requires dismissal of her false light claim. Emmons is entitled to summary judgment.

## II.    ARGUMENT

### A.    Guenther Lacks Evidence of Fault.

#### 1.    Guenther is a public figure and cannot show actual malice.

##### a.    Guenther became a public figure by seeking to influence the outcome of the proposed merger.

Guenther agrees that "those who voluntarily inject themselves or are drawn into a public controversy" become public figures on that issue. Opp. 13 (citation omitted). And she does not dispute that, as President of UFCW 21 and President-to-be of UFCW 3000, she spearheaded the merger and sought to influence its outcome. Instead, she claims the proposed merger was not a "public controversy." *Id.* 15-18. But her arguments misapprehend the legal standard.

The proposed merger constituted a "public controversy" because it was a question, requiring a lengthy approval process and several votes, that affected 55,000 UFCW members. ECF No. 110 ("Mot.") 9-11, 15-17. Guenther argues "public concern" cases involving anti-SLAPP statutes and damages are "wholly irrelevant" to the "public controversy" inquiry. Opp. 16-17. Not so. Washington courts look to public-figure cases to define "public concern" for anti-SLAPP purposes, *see, e.g.*, *Alaska Structures, Inc. v. Hedlund*, 180 Wn. App. 591, 598, 602 (2014) (citing public-figure cases Guenther cites), and use the two terms interchangeably. *See, e.g.*, *Clardy v. Cowles Publ'g Co.*, 81 Wn. App. 53, 59 (1996); *see also Dworkin v.*

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Hustler Mag. Inc.*, 867 F.2d 1188, 1197 (9th Cir. 1989) (individual becomes public figure "through participation in 'public controversies'—i.e., matters of public concern"); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 352 (1974) ("public figure" is one who "thrust[s] himself into the vortex of [a] public issue"). This makes sense because both tests are rooted in the First Amendment's protections for speech on matters of public concern. *See City of Seattle v. Egan*, 179 Wn. App. 333, 338 (2014); *Hilton v. Hallmark Cards*, 599 F.3d 894, 899 n.1 (9th Cir. 2010); *Wells v. Liddy*, 186 F.3d 505, 519 (4th Cir. 1999) (limited public figure analysis is "a First-Amendment driven" doctrine).

The key "question is whether 'a reasonable person would have expected persons beyond the immediate participants in the dispute to feel the impact of its resolution.'" *Grass v. News Grp. Publ'ns, Inc.*, 570 F. Supp. 178, 184 n.2 (S.D.N.Y. 1983) (quoting *Waldbaum v. Fairchild Publ'ns, Inc.*, 627 F.2d 1287, 1297 (D.C. Cir. 1980) (cited Opp. 14-15)); *accord Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 267 (9th Cir. 2013) ("outcome" must "affect[] the general public or some segment") (citation omitted); *Silvester v. Am. Broad. Cos.*, 839 F.2d 1491, 1494-95 (11th Cir. 1988) (interpreting *Walbaum*: if controversy's resolution "will affect people who do not directly participate in it," it "is of legitimate public concern"). The merger passes the test. *See* ECF No. 104 at 8 (union leadership affects workers' wages, sick leave, and pensions); ECF No. 10-19 (touting impact); RSF 16-18 (over 50,000 affected).

Contrary to Guenther's claims, public debate is "not … dispositive." *Grass*, 570 F. Supp. at 184 n.2 (plaintiffs were public figures despite "no major 'public controversy' to speak of"); *see also, e.g., Pitts & Collard, LLP v. Schechter*, 369

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

S.W.3d 301, 325-26 (Tex. App. 2011) (transit board nominee was public figure even though "there was no controversy about his nomination" at time of statements); *Marcone v. Penthouse Int'l Mag. for Men*, 754 F.2d 1072, 1083 & n.8 (3d Cir. 1985) (rejecting notion that universal agreement precludes public controversy); *see also* 1 Rodney A. Smolla, *Law of Defamation* § 2:41 (2d ed. 1999 & Supp. 2024) (cautioning against "illogic" of "hypertechnical construction of the term 'controversy' that treats only *debate* as a matter of first amendment concern").

Nor does a public controversy require media attention. The "distinguishing feature" between a public figure and a private one "is not the amount of pre-defamation press coverage," but whether the individual has "invite[d] attention and comment" by seeking to influence the resolution of a public question. *Chandler v. Berlin*, 2024 WL 670475, at *5 (D.D.C. Jan. 10, 2024) (quoting *Gertz*, 418 U.S. at 345); *accord* 1 Smolla, *Law of Defamation* § 2:24 ("[W]hile 'media coverage may be a relevant factor in determining that a particular dispute is a public controversy, it is not determinative.'") (citation omitted).

Guenther's cases do not hold otherwise. She cites *Time, Inc. v. Firestone*, 424 U.S. 448 (1976), to say public controversies do not include every item "of interest to the public," but that case turned on the distinction between sensationalized-yet-private concerns—e.g., a wealthy couple's divorce—and those of genuine public import. *Id.* at 454. Nothing in *Time* requires press coverage or hot debate.

Guenther further argues that she did not use her media access or channels of effective communication to promote the merger. But again, that is not the inquiry. *See* Mot. 17-20. Courts consider media access because it shows a plaintiff could

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

"counteract false statements" if she wished. *See Clardy*, 81 Wn. App. at 59 (citation omitted). Here, Guenther spoke at press conferences and in the media at least fourteen times on other union-related topics—far more access than "private individuals normally enjoy," *id.* (citation omitted)—and the press covered the merger after it was approved, demonstrating interest in the issue. *See* RSF 87-90, 92.

The many cases concluding that union leaders are limited public figures as a matter of law only confirm these principles. *See* Mot. 17 (citing cases). "Union officers are generally held to be public figures for purposes of union business where their activities place them in a controversy which invites scrutiny of their integrity, character, and professional ability." *Cox v. Galazin*, 460 F. Supp. 2d 380, 389 (D. Conn. 2006) (citing cases). In *Korbar v. Hite*, 357 N.E.2d 135 (Ill. App. 1976), for example, the president of a credit union "invited attention and comment on his official conduct and policies" simply by seeking and winning election. *Id.* at 139; *see also, e.g.*, *Materia v. Huff*, 475 N.E.2d 1212, 1215 (Mass. 1985) (plaintiff "voluntarily thrust himself into the controversy by campaigning for reelection to the position of secretary-treasurer of Local 526"); *Miles v. Perry*, 529 A.2d 199, 204-05 (Conn. 1987) (candidate seeking union office "voluntarily thrusts himself into the controversy and invites open scrutiny of his character for honesty and integrity").

This case is no different: Guenther became a limited public figure when she pursued a merger of two local UFCW chapters that would make her president of the 55,000-member merged union. *See* RSF 34 (members voted on merger agreement); ECF No. 113-9 (agreement's key provision was proposed union leadership).

### b. Guenther lacks any evidence of actual malice.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Guenther must show—by clear and convincing evidence—that Emmons knew the Flyer was false or seriously doubted its truth. Mot. 21. Citing *Miller v. Sawant*, 18 F.4th 328 (9th Cir. 2021), she claims a lower standard of proof applies. Opp. 12. But as that case recognizes, the clear-and-convincing standard is a First Amendment command. *See Miller*, 18 F.4th at 336 (unlike other elements, "actual malice" "requires proof" "by evidence of convincing clarity"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-56 (1986) (question on summary judgment is whether reasonable juror could find "the plaintiff has shown actual malice by clear and convincing evidence"). Guenther cannot meet this high bar.

She identifies four purported facts that she claims show actual malice: (1) Emmons "knew" the Flyer's sources "were hostile to Guenther," (2) he held "personal hostility" toward sexual harassers, (3) he "disguised himself," and (4) he did not investigate the Flyer's statements. Opp. 21. The first three lack support in the record, and the fourth cannot establish actual malice as a matter of law.

First, Emmons did not know of Clay's or Alday's involvement, much less their alleged hostility toward Guenther. RSF 82. And there is no evidence that Selvaggio, a hired consultant, held such hostility; he had never even met her. *Id.*

Second, Guenther misrepresents Emmons's testimony as to his own views. Opp. 21; RSF 82. Emmons stated: "I can't recall [what more Selvaggio said about the Flyer], but I really didn't need to hear much more." RSF 82. That is because Selvaggio had said the Flyer was intended to provide accurate information to UFCW members about leaders' misconduct. *Id.* Emmons had worked for Selvaggio for years, knew him to be honest and trustworthy, and had personally observed that

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Selvaggio worked for only clients with high integrity and promoted only messages he confirmed to be credible. *Id.* Thus, when Selvaggio stated the Flyer was true and supported by investigations, Emmons believed him. *Id.*; *see also* RSF 72-77, 83-86.

Third, Emmons did not disguise himself. ECF No. 122 ¶ 10-11. But even if he had, a desire to remain anonymous does not show actual malice. *Cf. McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 357 (1995) (under constitution, "anonymous pamphleteering is … an honorable tradition of advocacy and of dissent").

Finally, lack of investigation cannot show actual malice. *See, e.g.*, *St. Amant v. Thompson*, 390 U.S. 727, 730–31 (1968) (no actual malice where defendant relied solely on another's word, "failed to verify," and was "heedless of the consequences"). This is true even when coupled with bias. *See, e.g.*, *Margoles v. Hubbart*, 111 Wn.2d 195, 206-07 (1988) (no actual malice where reporter had threatened "to get" plaintiff); *Tucker v. Fischbein*, 237 F.3d 275, 286 (3rd Cir. 2001) ("preconceived story-line" insufficient where no evidence defendant doubted truth).

### 2. Guenther also cannot show that Emmons, a distributor, knew or had reason to know the Flyer was false.

The record also lacks evidence of fault given Emmons merely distributed the Flyer. Guenther argues Emmons republished the Flyer and therefore, for purposes of the fault analysis, he is no different from the Flyer's author, Selvaggio. Opp. 21-23. That is wrong. In *Auvil*, for example, the court assumed the affiliate defendants had republished the allegedly defamatory broadcast, but held they were not liable because they did not know or have reason to know it was defamatory (i.e., false). 800 F. Supp. at 931-32. Contrary to Guenther's assertions, the affiliates *did* know

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the program reported that apple growers were spraying a known carcinogenic on produce. *Id.* at 932. That was not enough. As the court noted: "All defamatory material may be controversial, but the converse is not true." *Id.* And the affiliates—who "exercised no editorial control over the broadcast"—did not have a duty to investigate. *See id.* at 931-32. Requiring otherwise would be "unrealistic in economic terms." *Id.* at 932. Moreover, this limitation on conduits' liability does not impair injured persons' ability to recover, as "[t]he generating source … may still be called upon to defend." *Id.*; *see also Nicholson v. Promotors on Listings*, 159 F.R.D. 343, 355-56 (D. Mass. 1994) ("fact of republication" affects "fault calculus"); *Lewis v. Time Inc.*, 83 F.R.D. 455, 463 (E.D. Cal. 1979) ("republisher" not liable unless he had actual "knowledge" of libel), *aff'd*, 710 F.2d 549 (9th Cir. 1983).

The same is true here. Although the Flyer's statements were controversial, Emmons had no reason to believe they were false. RSF 82-84, 86. A credible source, Selvaggio, confirmed they were true and supported by investigations. RSF 84; *supra* § II.A.1.b. Emmons had no role in authoring the Flyer, and no other knowledge of its subject matter. RSF 57, 61, 81-82. If the law imposed a duty to investigate, businesses like Osprey would not be able to distribute political materials because doing so would be economically unfeasible. *See* RSF 6-8.

Guenther highlights that Emmons printed the Flyer and drove to Spokane to distribute it (all at Selvaggio's direction, RSF 61, 80). Opp. 22. But she fails to explain how these facts have any legal significance.

Guenther could have sued the individuals who commissioned, created, and directed distribution of the Flyer. She purposely chose not to. RSF 113-114. No

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

amount of hand waiving now can change Emmons's limited role and knowledge. He was not at fault.

### B. Guenther Cannot Show Damages.

Guenther concedes the damages element requires her to establish either (1) defamation per se and actual malice or (2) actual damages. Opp. 23-24. She cannot rely on defamation per se because she has no evidence of actual malice. *See supra* § II.A.1.b.[1] And she has failed to identify recoverable actual damages.

Guenther does not dispute that she failed to allege special damages. *See* Mot. 25. To the extent she relies on the new claims in her summary judgment motion—e.g., expenses for "professional care" and moving, lost wages from not being appointed International Vice President (ECF No. 104 at 23)—Rule 37(c)(1) bars them, as she also failed to disclose them in discovery. *See* RSF 68. In any event, she has no evidence the Flyer caused any of these supposed harms. ECF No. 120 at 25.

Any reputational damages are barred by RCW 7.96.050. Mot. 24. Guenther claims this bar does not apply because she produced evidence of falsity in discovery. Opp. 24-25. Not so. She fails to identify anything she provided that supports falsity. And any information she did provide was untimely. The statute bars recovery where the plaintiff "***unreasonably*** fails to disclose" the requested information. RCW 7.96.050(2) (emphasis added). Guenther did not produce relevant documents until after the Court ordered her to do so on April 17, 2024, and after Emmons took three

---

[1] As the Court recognized, defamation per se is a jury question here. ECF No. 21 at 11; ECF No. 120 at 24.

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

depositions on the Renner-statement allegations, which Guenther sought to dismiss or remove. ECF No. 48 ¶¶ 7-20, 30-31; ECF Nos. 39 & 95. This 1.5-year delay is plainly unreasonable. *See* RCW 7.96.010 (law intended to "avoid[] costly litigation"). And Guenther offers no reason for not providing the information sooner. *See* ECF No. 48-3 (July 2023 Initial Disclosures listing 27 categories of documents).

Guenther further argues the Complaint itself was evidence of falsity. Opp. 25 & n.8. But that makes no sense. RCW 7.96.050 allows defendants to request information *in response* to a complaint, *see* RCW 7.96.040(4), .050(1), which Emmons did because the Complaint merely alleged falsity, without supporting facts. ECF No. 1-2. And RCW 7.96.050's bar operates independently of the similar bar that applies where a defendant choses to correct or clarify. *See* RCW 7.96.060.

Moreover, Guenther cannot show that Emmons—as opposed to Selvaggio—caused any purported injuries. Mot. 24-25. Guenther argues Emmons is responsible for damages caused by Selvaggio's mailing. Opp. 25. That is wrong. Her authority simply says republication gives rise to a new claim. *See* Restatement (Second) Torts § 578 (1977) cmt. B; *Herron v. Tribune Publ'g Co.*, 108 Wn.2d 162, 178 (1987) (republisher "does not escape liability" by "ascrib[ing] the statements to the original speaker"); *Flowers v. Carville*, 310 F.3d 1118, 1128 (9th Cir. 2002) (same). She still must show that Emmons's actions caused her damages. *Schmalenberg v. Tacoma News, Inc.*, 87 Wn. App. 579, 593 (1997) ("factual causation" is "necessary" element of damages). She does not even attempt to show such causation.

### III. CONCLUSION

The Court should grant Emmons summary judgment on all claims.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 15th day of November, 2024.

Attorneys for Defendants

By: *s/ Sara A. Fairchild*
Ambika Kumar, WSBA #38237
Sara A. Fairchild, WSBA #54419
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone:  (206) 622-3150
Fax:  (206) 757-7700
ambikakumar@dwt.com
sarafairchild@dwt.com

John A. DiLorenzo (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Ave, Suite 700
Portland, OR 97205
Telephone: (503) 241-2300
Fax: (503) 778-5299
johndilorenzo@dwt.com

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2024, I caused the document to which this certificate is attached to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Aaron Streepy
Jim McGuinness
STREEPY LEMONIDIS CONSULTING & LAW GROUP, PLLC
2800 First Avenue, Suite 211
Seatle, WA 98121
aaron@slglc.com
jim@mcguinnessstreepy.com

Dmitri Iglitzin
Darn M. Dalmat
Gabe Frumkin
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer St, Suite 400
Seattle, WA 98119
iglitzin@workerlaw.com
dalmat@workerlaw.com
frumkin@workerlaw.com

**Attorneys for Plaintiff Faye Irene Guenther**

I declare under penalty of perjury that the foregoing is true and accurate.

DATED this 15th day of November, 2024.

By: *s/ Sara A. Fairchild*
   Sara A. Fairchild, WSBA #54419

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No. 2:22-cv-00272-TOR - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax