Dmitri Iglitzin, WSBA No. 17673
Darin M. Dalmat, WSBA No. 51384
Gabe Frumkin, WSBA No. 56984
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer St, Suite 400
Seattle, WA 98119
(206) 257-6003
iglitzin@workerlaw.com
dalmat@workerlaw.com
frumkin@workerlaw.com

Aaron Streepy, WSBA 38149
Jim McGuinness, WSBA 23494
Streepy Lemonidis Consulting & Law Group, PLLC
2800 First Avenue, Suite 211
Seattle, WA 98121
Telephone: (253) 528-0278
Fax: (253) 528-0276
aaron@slglc.com
jim@mcguinnessstreepy.com

*Attorneys for Plaintiff Faye Guenther*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON
# AT SPOKANE

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual,<br><br>                                    Plaintiff,<br><br>  v.<br><br>JOSEPH H. EMMONS, individually, and OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>                                    Defendants. | No. 2:22-cv-00272-TOR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR FEES AND COSTS** |

18 WEST MERCER ST., STE. 400

SEATTLE, WASHINGTON 98119

TEL 800.238.4231 | FAX 206.378.4132

**BARNARD IGLITZIN & LAVITT LLP**

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................1

BACKGROUND .............................................................................................1

   I.    Factual background .............................................................................2

   II.   Statutory background ..........................................................................4

ARGUMENT ..................................................................................................5

   I.    By filing Guenther's settlement offer in Court before judgment, Emmons barred himself from obtaining fees under the small-claims statute. ..............5

   II. This Court has no authority to award fees under Washington's small-claims statute. ...................................................................................................6

      A.   Federal courts sitting in diversity apply state substantive law and federal procedural law. ............................................................................6

      B.   Federal, not state, law governs taxation of costs in federal court.............8

      C.   Even disregarding the small-claims statute's plain language making it a cost statute and treating it as a pure fee statute, the statute is procedural and inapplicable in federal court............................................................9

      D.   Under an unguided *Erie* analysis, the Court still should not apply Washington's small-claims statute here because doing so would inequitably administer the law and promote forum shopping. ................13

      E.   No controlling authority requires otherwise. ...........................................14

   III.   The Court should award no more than $ 18,147.39 in costs. ......................16

CONCLUSION ...............................................................................................19

TABLE OF CONTENTS AND AUTHORITIES– Page i
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400     **BARNARD**
SEATTLE, WASHINGTON 98119     **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132     **LAVITT LLP**

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Federal Cases**

4

*Aceves v. Allstate Ins. Co.*,
   68 F.3d 1160 (9th Cir. 1995) ...................................................................11

5

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,
   421 U.S. 240 (1975).........................................................................9, 10

6

7

*Banner Bank v. Smith*,
   30 F.4th 1232 (10th Cir. 2022) .............................................................11

8

*Bass v. First Pac. Networks, Inc.*,
   219 F.3d 1052 (9th Cir. 2000) .............................................................11

9

*Bell v. City of Kellogg*,
   922 F.2d 1418 (9th Cir. 1991) .............................................................11

10

11

*Burlington N. R. Co. v. Woods*,
   480 U.S. 1 (1987)....................................................................................10

12

*Camacho v. Texas Workforce Comm'n*,
   445 F.3d 407 (5th Cir. 2006) ...............................................................11

13

14

*Carpenters Health & Sec. Tr. of W. Washington v. Paramount Scaffold*,
   No. 12-1252-RSM, 2013 WL 12237750 (W.D. Wash. Sept. 25, 2013) ..................................................................................................16

15

16

*Castillo v. Frito-Lay, Inc.*,
   No. C05-5209RJB, 2006 WL 1518868 (W.D. Wash. May 26, 2006) ..................................................................................................15

17

18

*Casun Invest, A.G. v. Ponder*,
   119 F.4th 637 (9th Cir. 2024) ................................................................9

19

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991)............................................................................10, 12

20

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD IGLITZIN & LAVITT LLP**

1

*Elf-Man, LLC v. Lamberson*,
    2015 WL 11112498 (E.D. Wash. Jan. 9, 2015).....................................................15

2

3

*Emp. Painters' Tr. Health & Welfare Plan v. Sherman*,
    No. C13-687 TSZ, 2014 WL 2862965 (W.D. Wash. June 24, 2014)...............14

4

*Erie R. Co. v. Tompkins*,
    304 U.S. 64 (1938)........................................................................................*passim*

5

6

*First Nat. Mortg. Co. v. Federal Realty Inv. Trust*,
    631 F.3d 1058 (9th Cir. 2011) ......................................................................10

7

*Frlekin v. Apple Inc.*,
    No. C13-03451-WHA, 2016 WL 354862 (N.D. Cal. Jan. 25, 2016)................17

8

*Genuine Enabling Tech. LLC. v. Nintendo Co.*,
    No. C19-00351-RSM, 2021 WL 211536 (W.D. Wash. Jan. 21, 2021) ...........................................................................................................17

9

10

*Goldberg v. Pac. Indem. Co.*,
    627 F.3d 752 (9th Cir. 2010) ......................................................................10

11

*Hinde v. Provident Life & Acc. Ins. Co.*,
    112 F.3d 412 (9th Cir. 1997) ......................................................................11

12

13

*Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*,
    741 F.3d 955 (9th Cir. 2013) ......................................................................17

14

*Kona Enters., Inc. v. Estate of Bishop*,
    229 F.3d 887 (9th Cir. 2000) ......................................................................14

15

*Langley v. Brown*,
    204 Fed. App'x (9th Cir. 2006) (unpublished)....................................................11

16

17

*LaRoche v. Smith*,
    2016 WL 1365951 (W.D. Wash. Apr. 5, 2016) .........................................14, 15

18

*In re Larry's Apartment*,
    249 F.3d 832 (9th Cir. 2001) ......................................................................11

19

*Marks v. United States*,
    430 U.S. 188 (1977)........................................................................................6

20

TABLE OF CONTENTS AND AUTHORITIES– Page iii
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

*Master Objects, Inc. v. Meta Platforms, Inc.*,
　　No. C21-05428-WHA, 2023 WL 149997 (N.D. Cal. Jan. 20, 2023)................17

*In re Online DVD-Rental Antitrust Litig.*,
　　779 F.3d 914 (9th Cir. 2015) ...........................................................................18

*Rimini St., Inc. v. Oracle USA, Inc.*,
　　586 U.S. 334 (2019).........................................................................................4

*Shady Grove Orthopedic Assoc. v. Allstate Ins. Co.*,
　　559 U.S. 393 (2010).................................................................................*passim*

*Stender v. Archstone-Smith Operating Tr.*,
　　958 F.3d 938 (10th Cir. 2020) .....................................................................6, 11

*Taniguchi v. Kan Pac. Saipan, Ltd.*,
　　566 U.S. 560 (2012).....................................................................................4, 17

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
　　637 Fed. Appx. 981 (9th Cir. 2016) (unpublished) ...........................................10

*Utica Lloyd's of Texas v. Mitchell*,
　　138 F.3d 208 (5th Cir. 1998) ..........................................................................11

**State Cases**

*AllianceOne Receivables Mgt., Inc. v. Lewis*,
　　180 Wn.2d 389, 325 P.3d 904 (2014)......................................................9, 12, 14

*Beckmann v. Spokane Transit Auth.*,
　　107 Wn.2d 785, 733 P.2d 960 (1987).................................................................12

*Chicago Title Ins. Co. v. Pauley*,
　　126 Wn. App. 1040 (2005) (unpublished)...........................................................1, 6

*Cintas Corp. v. C.C. Cavanaugh, Inc.*,
　　138 Wn. App. 1012 (2007) (unpublished).........................................................1, 5

*Crossroads Management, LLC v. Ridgway*,
　　2 Wn.3d 528, 547, 540 P.3d 82 (2023).............................................................12

*Dobson v. Archibald*,
　　21 Wn. App.2d 91, 92, 99 n.3, 505 P.3d 115 (2022).........................................12

TABLE OF CONTENTS AND AUTHORITIES– Page iv
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

*Frank Coluccio Constr. Co. v. King County*,
   136 Wn. App. 751, 150 P.3d 1147 (2007)............................................................13

*Hanson v. Estell*,
   100 Wn. App. 281, 997 P.2d 426 (2000)...........................................................1, 5

*Kalich v. Clark*,
   152 Wn. App. 544, 215 P.3d 1049 (2009).........................................................12

*Lay v. Hass*,
   112 Wn. App. 818, 51 P.3d 130 (2002).............................................................13

*Public Utilities Dist. 1 of Grays Harbor County v. Crea*,
   88 Wn. App. 390, 945 P.2d 722 (1997).............................................................13

*Stonewood Design, Inc. v. Heritage Homes, Inc.*,
   165 Wn. App. 720, 269 P.3d 297 (2011).............................................................12

**Federal Statutes**

28 U.S.C. § 1652 ..........................................................................................................7

28 U.S.C. § 1920 .................................................................................................*passim*

28 U.S.C. § 1920(1) ...................................................................................................17

28 U.S.C. § 1920(2) ...................................................................................................17

28 U.S.C. § 1920(4) ...................................................................................................18

28 U.S.C. § 2072 .................................................................................................*passim*

**State Statutes**

RCW 4 ..................................................................................................................4, 12

RCW 4.84 ....................................................................................................................4

RCW 4.84.250 .....................................................................................................*passim*

RCW 4.84.250–280 ....................................................................................................16

RCW 4.84.280 .............................................................................................................5

RCW 4.105 ..................................................................................................................5

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

RCW 4.105.020.................................................................................................5

RCW 4.105.090.................................................................................................5

RCW 39.04.240...............................................................................................16

**Rules**

CR 41(a)(1)(B)................................................................................................13

Fed. R. Civ. P. 11......................................................................................10, 12

Fed. R. Civ. P. 41(a)(2).....................................................................................3

Fed. R. Civ. P. 54(d) .................................................................................4, 9, 15

18 WEST MERCER ST., STE. 400   **BARNARD**

SEATTLE, WASHINGTON 98119   **IGLITZIN &**

**TEL** 800.238.4231 | **FAX** 206.378.4132   **LAVITT LLP**

# INTRODUCTION

By filing Plaintiff Faye Guenther's settlement offer and their response in court before judgment (ECF No. 48-24, 48-25), Defendants Joseph Emmons and Osprey Field Services LLC (collectively, Emmons) violated the state statute under which they seek fees and are barred from obtaining any award under that statute. *Hanson v. Estell*, 100 Wn. App. 281, 290–91, 997 P.2d 426 (2000); *Cintas Corp. v. C.C. Cavanaugh, Inc.*, 138 Wn. App. 1012, *5 (2007) (unpublished); *Chicago Title Ins. Co. v. Pauley*, 126 Wn. App. 1040, *1–2 (2005) (unpublished).

That statute doesn't apply in federal court anyway because, under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) and its progeny, (1) taxation of costs in federal court is governed by a federal statute and RCW 4.84.250, by its terms, is a Washington statute about taxing costs; (2) even if considered a fee statute, RCW 4.84.250 is a procedural fee-shifter inapplicable in federal court; and (3) applying the state statute in federal court would administer the law inequitably because the Washington Supreme Court has held that a plaintiff has a clear right in state court to voluntarily dismiss her claims before trial without facing RCW 4.84.250 liability. The Court should therefore deny Emmons's request for fees.

And the Court should award Emmons no more than $18,147.39 in costs, as the remaining "costs" he seeks are not taxable under 28 U.S.C. § 1920.

# BACKGROUND

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

## I.    Factual background

As the Court is familiar with this case, Guenther recounts only the background necessary to analyze this motion. In December 2021, Dan Clay, President of UFCW Local 555 in Oregon, directed Local 555's contracted political director, Mike Selvaggio, to mail UFCW Local 21 and 1439 members in Washington a flyer. ECF No. 130 at 2–3. Clay and his colleagues did so to try to scuttle the anticipated merger of two Washington locals into Local 3000. ECF No. 104 at 5. When that mailing did not get the traction Clay sought, he and Selvaggio hired Joseph Emmons—a Portland-based political-communications consultant—to circulate the flyer in-person at grocery stores in Spokane, Washington. ECF No. 130 at 4.

The flyers accused Guenther, the then-President of Local 21 and anticipated President of Local 3000, of (1) helping the former President of Local 367 cover up sexual harassment charges and paying him off to install her "puppet," Mike Hines, and (2) hiding Eric Renner, the then-President of Local 1439, from sexual harassment charges by landing him a job with Local 21. *Id.* These accusations against Guenther were false—a point Emmons did "not dispute" on summary judgment. *Id.* at 6–7. *See also* ECF No. 104 at 11–12; ECF No. 116, ¶¶ 9–13.

Guenther sued Emmons in Washington superior court in July 2022 for defamation and false light. ECF No. 1, Ex. A. Local 555 indemnified Emmons and has covered the fees and costs he incurred in this litigation. ECF No. 105, ¶ 94; ECF

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR FEES AND COSTS – Page 2
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

No. 106, Ex. 21. On November 9, 2022, Emmons removed the action here based on diversity jurisdiction. ECF No. 1.

On April 30, 2024—after the defendants answered but before dispositive motions or trial—Guenther moved under Fed. R. Civ. P. 41(a)(2) to dismiss the action without prejudice. ECF No. 39. Emmons responded, in part, by filing Guenther's February 7, 2024, settlement offer and his February 12, 2024, response. ECF No. 48-24, 48-25. By order dated June 7, 2024, the Court granted the motion in part. ECF No. 79. Namely, it dismissed the action on the condition that Defendants could seek fees under RCW 4.84.250. *Id.* at 13–14.[1] That order did not consider whether the Court had authority—consistent with *Erie* and its progeny—to apply RCW 4.84.250 in this federal diversity action or whether Emmons's pre-judgment filing of Guenther's offer and his own response precluded him from seeking fees.

Guenther then moved to withdraw the dismissal, ECF No. 82, which the Court granted by order dated July 8, 2024. ECF No. 88. After briefing and argument, the Court granted Emmons summary judgment on the grounds that Guenther was a limited purpose public figure who failed to prove Emmons published the flyers with actual malice. ECF No. 130.[2] The Court did not address the flyers' falsity. *Id.*

---

[1] Emmons' attorneys had then incurred over $800,000 in fees. ECF No. 48, ¶ 35.

[2] Guenther respectfully disagrees with that ruling and has appealed. ECF No. 136.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR FEES AND COSTS – Page 3
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1

## II.    Statutory background

2      Under the Rules Enabling Act, federal "rules of practice and procedure …

3  shall not abridge, enlarge or modify any substantive right," and "[a]ll laws in conflict

4  with such rules shall be of no further force or effect after such rules have taken

5  effect." 28 U.S.C. §§ 2072(a)–(b).

6      Another federal statute, 28 U.S.C. § 1920, authorizes federal courts to tax six

7  specified costs. Unless specified in another statute, costs taxable by federal courts

8  exclude attorneys' fees. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these

9  rules, or a court order provides otherwise, costs—**other than attorney's fees**—

10  should be allowed to the prevailing party.") (emphasis added); *Rimini St., Inc. v.*

11  *Oracle USA, Inc.*, 586 U.S. 334, 338–41 (2019); *Taniguchi v. Kan Pac. Saipan, Ltd.*,

12  566 U.S. 560, 565–66 (2012) (cost statute to be narrowly construed).

13      As for Washington law, Title 4 of the Revised Code of Washington governs

14  "Civil Procedure." Within Title 4, Chapter 84 governs "Costs." Within that chapter

15  lies Section 250, titled "Attorneys' fees as costs in damage actions of ten thousand

16  dollars or less—Allowed to prevailing party." That section provides:

17      Notwithstanding any other provisions of chapter 4.84 RCW and RCW
        12.20.060, in any action for damages where the amount pleaded by the
18      prevailing party as hereinafter defined, exclusive of costs, is seven
        thousand five hundred dollars or less, **there shall be taxed and allowed**
19      **to the prevailing party as a part of the costs of the action a**
        **reasonable amount to be fixed by the court as attorneys' fees**. After
20      July 1, 1985, the maximum amount of the pleading under this section
        shall be ten thousand dollars.

18 WEST MERCER ST., STE. 400   **BARNARD**

SEATTLE, WASHINGTON 98119   **IGLITZIN &**

TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

RCW 4.84.250 (emphasis added). We refer to this statute as Washington's "small-claims statute."

Emmons identifies no Washington statute—and Guenther is aware of none—that requires Washington courts to award attorneys' fees to prevailing parties in defamation or false light actions. (The Washington Uniform Public Expression Protection Act provides fees to parties that prevail on a RCW 4.105.020 motion. *See* RCW 4.105.090. Emmons did not bring such a motion and does not—and could not—seek fees under RCW 4.105.090.)

## ARGUMENT

### I. By filing Guenther's settlement offer in Court before judgment, Emmons barred himself from obtaining fees under the small-claims statute.

RCW 4.84.250 is part of an integrated statutory scheme for awarding fees as costs in damages actions of ten thousand dollars or less in Washington courts. A related statute provides: "Offers of settlement shall not be filed or communicated to the trier of the fact until after judgment, at which time a copy of said offer of settlement shall be filed for the purposes of determining attorneys' fees as set forth in RCW 4.84.250." RCW 4.84.280. A party who files a settlement offer or communicates it to the trier of fact—here, the Court, as this case was decided on summary judgment—violates RCW 4.84.280 and is "not entitled to attorney fees under RCW 4.84.250." *Hanson v. Estell*, 100 Wn. App. 281, 291, 997 P.2d 426 (2000). *Accord Cintas Corp. v. C.C. Cavanaugh, Inc.*, 138 Wn. App. 1012, *5 (2007)

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD
IGLITZIN &
LAVITT LLP**

(unpublished); *Chicago Title Ins. Co. v. Pauley*, 126 Wn. App. 1040, *1–2 (2005) (unpublished).

Emmons committed precisely such a violation here by filing Guenther's settlement offer in May 2024 (ECF No. 48-24), more than six months before the Court rendered judgment in December 2024. ECF No. 130. He has thus barred himself from any fee award under the statute.

This forfeiture is alone sufficient to deny his claim for fees under RCW 4.84.250. But his petition suffers an even more fundamental defect. The small-claims statute does not apply in federal court, as we explain next.

## II. This Court has no authority to award fees under Washington's small-claims statute.

### A. Federal courts sitting in diversity apply state substantive law and federal procedural law.

The Supreme Court set forth the framework for determining whether state or federal law applies in a federal diversity action most recently in Justice Stevens's controlling opinion in *Shady Grove Orthopedic Assoc. v. Allstate Ins. Co.*, 559 U.S. 393 (2010).[3] The analysis starts with the principle that "federal courts sitting in

---

[3] Under *Marks v. United States*, 430 U.S. 188, 193 (1977), Justice Stevens's concurrence is controlling because it provided the narrowest ground for decision. *See Stender v. Archstone-Smith Operating Tr.*, 958 F.3d 938, 947 (10th Cir. 2020)

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

diversity 'apply state substantive law and federal procedural law.'" *Id.* at 417 (Stevens, J., concurring) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)).

To administer that principle, federal courts first ask whether a federal procedural rule governs the situation; if so, the Rules Enabling Act controls and requires the court to apply the federal rule unless doing so would violate the Enabling Act (by abridging, enlarging, or modifying a substantive right) or the Constitution. *Id.* at 418. But if no federal rule applies, a federal court "must follow the Rules of Decision Act[4] … and make the relatively unguided *Erie* choice … to determine whether the state law is the rule of decision." *Id.* at 417.

An initial step of that inquiry is whether the federal and state rule can co-exist as applied to the situation at hand. *Id.* at 421. If so, the federal court should honor both. *Id.* But if they directly collide, the court must determine whether applying the federal rule validly exercises rulemaking authority bestowed by the Rules Enabling

---

(so holding while recognizing that the D.C. Circuit has found otherwise). The Ninth Circuit has not, to our knowledge, addressed which *Shady Grove* opinion controls.

[4] The Rules of Decision Act provides that the "laws of the several States, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." 28 U.S.C. § 1652.

18 WEST MERCER ST., STE. 400

SEATTLE, WASHINGTON 98119

TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

Act, which prohibits federal rules from abridging, enlarging, or modifying any substantive rights (including those provided under state law). *Id.* at 422. Finding an Enabling Act problem is a high bar, cleared only where there is "little doubt" that a "federal rule would alter a state-created right … ." *Id.* at 432. This inquiry "turns on whether the state law actually is part of a State's framework of substantive rights or remedies." *Id.* at 419.

The "mere fact that a state law is designated as a procedural rule suggests it reflects a judgment about how state courts ought to operate and not a judgment about the scope of state-created rights and remedies." *Id.* at 432. *Accord id.* at 436. And a state rule that applies across claims, regardless of their substance or origin, does not define state-law "rights or remedies" but is procedural. *Id.*

### B. Federal, not state, law governs taxation of costs in federal court.

By quoting Washington's small-claims statute only partially, Emmons inaccurately suggests (at 9)[5] that the statute requires Washington courts to award attorney fees, in their own right, to prevailing parties in actions pleading small claims. In fact, the statute—housed in the Cost chapter of Washington's Civil Procedure title—addresses the taxation "of the costs of the action," and includes attorneys' fees as part of those costs. RCW 4.84.250.

Just last year, the Ninth Circuit addressed the applicability in federal court of

---

[5] All references to Emmons's brief are to ECF No. 138.

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1    a similar state cost taxation statute that turned on the amount in controversy. *Casun*

2    *Invest, A.G. v. Ponder*, 119 F.4th 637, 646–48 (9th Cir. 2024). *Casun* began by

3    observing that Rule 54(d)(1) controls the taxation of costs in federal court and did

4    so in a way that directly conflicted with Nevada law. *Id.* at 647. *Casun* then found

5    the Enabling Act inquiry inapplicable because the taxation of costs is provided by

6    federal statute, 28 U.S.C. § 1920, as well as a federal rule, and § 1920 is clearly

7    within Congress's constitutional authority. *Id.* at 648.

8         Like Nevada's cost statute, Washington's small-claims statute is, on its terms,

9    a cost statute. It directly conflicts with 28 U.S.C. § 1920 because it authorizes

10   taxation of attorney fees as part of costs (in certain circumstances), whereas § 1920

11   does not. Under *Casun*, RCW 4.84.250 does not apply in federal court.

12        **C. Even disregarding the small-claims statute's plain language**
13        **making it a cost statute and treating it as a pure fee statute, the**
        **statute is procedural and inapplicable in federal court.**

14        The default rule, in both federal and Washington courts, is that each side pays

15   its own attorneys' fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S.

16   240, 247–70 (1975); *AllianceOne Receivables Mgt., Inc. v. Lewis*, 180 Wn.2d 389,

17   394, 325 P.3d 904 (2014). That American Rule is subject to exception when

18   Congress or a state legislature enacts a statute requiring the losing party to pay the

19   prevailing party's attorneys' fees. *Alyeska*, 421 U.S. at 247; *AllianceOne*, 180 Wn.2d

20   at 394.

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1    Often, when Congress or a state enacts a prevailing-party fee statute, it does

2   so as part of the remedies included in a substantive right of action. By so doing, the

3   state fee-shifting statute "embod[ies] a substantive policy" and helps define the

4   scope of the "statutory liability"—i.e., the remedy—attached to a "substantive

5   right." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 52 (1991). When a state takes that

6   approach and creates a statutory right to prevailing-party fees as a defined remedy

7   that runs with a substantive state right, the fee-shifting statute is deemed substantive

8   and ordinarily applies in a federal diversity action. *Alyeska*, 421 U.S. at 259 n. 31.

9    On the other hand, when a state legislature authorizes fees unattached to any

10  substantive right of action, instead incentivizing certain behavior generally in

11  litigation, the fee-shifting statute is deemed procedural and will not apply in federal

12  court. *See Chambers*, 501 U.S. at 52–53 (Rule 11 sanctions for bad-faith litigation

13  conduct, procedural); *Burlington N. R. Co. v. Woods*, 480 U.S. 1, 3–8 (1987) (state

14  statute that imposes mandatory 10% penalty on appellants who obtain stays of

15  judgment pending unsuccessful appeals, procedural); *In re TFT-LCD (Flat Panel)*

16  *Antitrust Litig.*, 637 Fed. Appx. 981, 985 (9th Cir. 2016) (unpublished) (state statute

17  providing for expert witness costs, procedural); *First Nat. Mortg. Co. v. Federal*

18  *Realty Inv. Trust*, 631 F.3d 1058, 1070–71 (9th Cir. 2011) (state offer-of-judgment

19  statute providing for expert witness fees, procedural); *Goldberg v. Pac. Indem. Co.*,

20  627 F.3d 752, 754–58 (9th Cir. 2010) (state offer-of-judgment rule, providing for

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR FEES AND COSTS – Page 10
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD**
**IGLITZIN &**
**LAVITT LLP**

expert witness fees and double costs, procedural); *Langley v. Brown*, 204 Fed. App'x, 597, 598 (9th Cir. 2006) (unpublished) (state statute providing fees for "unjustified actions," procedural); *In re Larry's Apartment*, 249 F.3d 832, 837–39 (9th Cir. 2001) (state statute awarding fees for unjustified, harassing, delaying, or abusive litigation, procedural); *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1054–56 (9th Cir. 2000) (state statute providing fees to enforce supersedeas bond, procedural); *Hinde v. Provident Life & Acc. Ins. Co.*, 112 F.3d 412, 413 (9th Cir. 1997) (state statute providing appellate fees without regarding which party prevailed, procedural); *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995) (state offer-of-judgment rule, providing uncapped expert witness fees, procedural); *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991) (state frivolous-litigation fee statute, procedural). *See also Banner Bank v. Smith*, 30 F.4th 1232, 1238–41 (10th Cir. 2022) (state bad-faith litigation statute, procedural); *Stender v. Archstone-Smith Operating Tr.*, 958 F.3d 938, 941–47 (10th Cir. 2020) (state cost statute, procedural); *Camacho v. Texas Workforce Comm'n*, 445 F.3d 407, 409–13 (5th Cir. 2006) (state declaratory judgment action, procedural); *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) (same).

The Ninth Circuit has not addressed whether RCW 4.84.250 is procedural or substantive for Enabling Act purposes. Applying *Shady Grove* and its progeny cited above, there can be no doubt, though, that the statute is procedural and inapplicable

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR FEES AND COSTS – Page 11
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

1  in federal court. As noted, Justice Stevens's controlling opinion focuses on two main

2  criteria in making this determination: (1) whether the state itself designates the

3  statute at issue as procedural; and (2) whether the state statute at issue is trans-

4  substantive (in which case it's procedural) or tied to a specific substantive cause of

5  action. *Shady Grove*, 559 U.S. at 432, 436 (Stevens, J., concurring).

6      The Washington Legislature has designated the small-claims statute as

7  procedural by housing it within Title 4, which governs Civil Procedure. *Supra* at 4.

8  Washington courts agree, explaining the statute is designed to "promote settlement

9  and avoid trials" in cases involving small claims. *AllianceOne*, 180 Wn.2d at 395.

10  *Accord Crossroads Management, LLC v. Ridgway*, 2 Wn.3d 528, 547, 540 P.3d 82

11  (2023); *Beckmann v. Spokane Transit Auth.*, 107 Wn.2d 785, 788, 733 P.2d 960

12  (1987). Like Rule 11's regulation of bad-faith litigation conduct, *Chambers*, 501

13  U.S. at 52–53, the small-claims statute's focus on settlement-promotion trains its eye

14  on litigation conduct, not substantive rights or remedies.

15      And the small-claims statute is trans-substantive. Washington courts have

16  awarded fees under the statute across a wide variety of substantive claims. *See, e.g.,*

17  *Dobson v. Archibald*, 21 Wn. App.2d 91, 92, 99 n.3, 505 P.3d 115 (2022) (contract);

18  *Stonewood Design, Inc. v. Heritage Homes, Inc.*, 165 Wn. App. 720, 721–22, 725–

19  26, 269 P.3d 297 (2011) (statutory action to release lien bond); *Kalich v. Clark*, 152

20  Wn. App. 544, 547, 551–52, 215 P.3d 1049 (2009) (maintenance of shared

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR FEES AND COSTS – Page 12
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

1    easement); *Frank Coluccio Constr. Co. v. King County*, 136 Wn. App. 751, 759–60,

2    780–81, 150 P.3d 1147 (2007) (tortious interference with economic interests,

3    Insurance Code, implied indemnity, promissory estoppel); *Lay v. Hass*, 112 Wn.

4    App. 818, 821–25, 51 P.3d 130 (2002) (quiet title); *Public Utilities Dist. 1 of Grays*

5    *Harbor County v. Crea*, 88 Wn. App. 390, 392, 397, 945 P.2d 722 (1997)

6    (negligence).

7        Under *Shady Grove*, Washington's small-claims statute is thus clearly

8    procedural, leaving this Court with no Enabling Act problem in following the

9    American Rule that each party pays its own fees.

10       **D. Under an unguided *Erie* analysis, the Court still should not apply**
         **Washington's small-claims statute here because doing so would**
11       **inequitably administer the law and promote forum shopping.**

12       Emmons was able to remove this action to federal court only because he—an

13    Oregonian—crossed the Columbia River when he circulated flyers within

14    Washington spreading falsehoods against Guenther. Had Emmons been a

15    Washingtonian, he would have been unable to remove the case, which would have

16    remained in Washington superior court. In those circumstances, Guenther would

17    have had an absolute right to voluntarily dismiss her claims before trial, CR

18    41(a)(1)(B), as she tried to do here. And she could have done so without liability

19    under Washington's small claims statute for Emmons's fees because the Washington

20    Supreme Court has squarely held that a defendant is not a prevailing party under that

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR FEES AND COSTS – Page 13
Case No. 2:22-cv-00272-TOR

statute when a plaintiff voluntarily dismisses. *AllianceOne*, 180 Wn.2d at 393–99. *See also Emp. Painters' Tr. Health & Welfare Plan v. Sherman*, No. C13-687 TSZ, 2014 WL 2862965, at *1 (W.D. Wash. June 24, 2014).

Awarding Emmons, an Oregonian, fees under a Washington statute that would clearly bar him from obtaining fees had he been a Washingtonian would inequitably administer Washington law, and promote forum shopping, in precisely the manner that *Erie* and its progeny decry.

### E. No controlling authority requires otherwise.

Emmons cites (at 9) two decisions in support for his contention that the small-claims statute applies in federal court, *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 883 (9th Cir. 2000) and *LaRoche v. Smith*, 2016 WL 1365951 (W.D. Wash. Apr. 5, 2016). Neither establishes the point.

*Kona* involved a Hawaiian statute providing for prevailing-party fees "in all actions in the nature of assumpsit." *Id.* at 883–84 (citing Haw. Rev. Stat. § 607-14). Assumpsit is a common law action for damages for non-performance of contract. *Id.* at 884. The Hawaiian statute is thus a classic substantive fee-shifter that ties the right to fees to the substance of the claim. *Id.* (explaining that the statute focuses on the "'substance'" of the action).

In *LaRoche*, the district court entered summary judgment for the defendants on their counterclaim and, toward the end of its decision, indicated that "[a]fter

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR FEES AND COSTS – Page 14
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

judgment is entered, Waid and Creager may tax costs in the manner set forth in Local Civil Rule 54(d), and may move within the time specified in Rule 54(d)(2) for attorney's fees pursuant to RCW 4.84.250 relating solely to their counterclaim." *LaRoche v. Smith*, C15-1003 TSZ, 2016 WL 1365951, at *6. Judge Zilly's prediction at the end of *LaRoche* about subsequent steps in that litigation does not address the applicability of the small-claims statute in federal court under *Erie* or its progeny. While we have great respect for Judge Zilly and the district court judges throughout Washington, his prediction is neither binding nor persuasive here, as he offers no analysis in support of the statute's applicability.

The Ninth Circuit has not addressed the question, but other district courts that have considered the applicability of the small-claims statute in federal court have concluded it does not apply. *See, e.g., Castillo v. Frito-Lay, Inc.*, No. C05-5209RJB, 2006 WL 1518868, at *1 (W.D. Wash. May 26, 2006) ("a federal court hearing a case on a federal question is not bound by a state procedural rule such as RCW 4.84.250.").

In full candor to the Court, some district judges (including this Court), have applied the small-claims statutes in federal actions. *See, e.g., Elf-Man, LLC v.*

*Lamberson*, 2015 WL 11112498, *1 (E.D. Wash. Jan. 9, 2015).[6] Those decisions, however, did not address the *Erie* questions that preclude federal courts from applying in federal court procedural prevailing-party fee statutes, like Washington's small-claims statute. Respectfully, they are not persuasive authority here.

### III.     The Court should award no more than $ 18,147.39 in costs.

Emmons seeks (at 1, 18) $53,735.22 in costs. But he is entitled under 28 U.S.C. § 1920 to no more than $18,147.39 in taxable costs.

Emmons admits (at 16–18) that $11,354.58 of the costs he seeks are expenses that are not taxable under 28 U.S.C. § 1920, recoverable only as fees. Because Emmons is not entitled to fees, Parts I–II, *supra*, the Court has no authority to award these non-taxable expenses. Of the remaining amount Emmons seeks, three categories of expenses are not taxable: *pro hac vice* fees, the expenses of videotaping transcribed depositions, and litigation-support services.

---

[6] Some decisions, such as *Carpenters Health & Sec. Tr. of W. Washington v. Paramount Scaffold*, No. 12-1252-RSM, 2013 WL 12237750 (W.D. Wash. Sept. 25, 2013), involve fees under Washington's public works contract statute, RCW 39.04.240, which incorporates the provisions of RCW 4.84.250–280. Unlike a generic RCW 4.84.250 claim, fees under the public works contract statute are tied to a substantive cause of action and would thus require a different analysis.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR FEES AND COSTS – Page 16
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400     **BARNARD**
SEATTLE, WASHINGTON 98119     **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132     **LAVITT LLP**

1.    **Pro Hac Vice:** Fees for *pro hac vice* admission are not "[f]ees of the clerk" taxable under 28 U.S.C. § 1920(1). *Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 957 (9th Cir. 2013). Of the $1,080 Emmons seeks in filing fees, $678 is for non-taxable *pro hac vice* fees. ECF 139-5 at 131 (8/24/22, 6/7/23 entries).

**2.    Video Depositions:** Emmons asks this Court to tax $11,998 in costs for videotaping seven depositions that he also had transcribed stenographically. ECF No. 139-5 at 131, 134 (depositions of Jackson, Fish, Garcia, Guenther, Emmons, Selvaggio, Anderson). These expenses are not the "relatively minor, incidental expense[]" specified by the statute. *Taniguchi*, 566 U.S. at 573. Under Section 1920(2), fees associated with transcripts must be "necessarily obtained for use in the case[.]" Courts do not presume necessity, and Emmons has not established it here. *Master Objects, Inc. v. Meta Platforms, Inc*., No. C21-05428-WHA, 2023 WL 149997, at *1 (N.D. Cal. Jan. 20, 2023) (cost to videotape a deposition was not taxable when the videos were not used to resolve any discovery disputes); *Frlekin v. Apple Inc.*, No. C13-03451-WHA, 2016 WL 354862, at *2 (N.D. Cal. Jan. 25, 2016) (same); *Genuine Enabling Tech. LLC. v. Nintendo Co*., No. C19-00351-RSM, 2021 WL 211536, at *3 (W.D. Wash. Jan. 21, 2021) (cost to videotape a deposition was taxable only because the witnesses were outside the court's subpoena power and would not be available for trial). Here, the videos were not used to resolve any discovery disputes or for any trial preparation that could not have been accomplished

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR FEES AND COSTS – Page 17
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
**TEL** 800.238.4231 | **FAX** 206.378.4132    **LAVITT LLP**

1   through use of transcripts alone. The $11,998 in costs of videotaping already-

2   transcribed transcripts is thus not taxable under Section 1920.

3   **3.     Litigation Support:** Finally, Emmons seeks $11,557.25 for litigation support

4   services, including editing load files, loading data into "Workspace" (Emmons's

5   document review platform), transferring and processing data, fees for external use

6   of the document-review platform, technical assistance with the platform, data

7   hosting, and similar expenses. ECF No. 139-5 at 131–37.

8          The Ninth Circuit, however, has held that not all electronic discovery costs

9   are taxable. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 925 (9th Cir.

10  2015). Instead, § 1920(4), which authorizes taxation of costs for "making copies of

11  any materials where the copies are necessarily obtained for use in the case," covers

12  only the costs of optical character recognition, converting documents to an image

13  file (such as TIFF), and endorsing a document (i.e., Bates-stamping it). *Id.* at 928–

14  32. Specifically, § 1920(4) does not authorize taxation of costs for uploading data,

15  data hosting, user fees to access document review platforms, or other litigation-

16  support services beyond OCR, imaging, and endorsing. *Id.* at 929–32. Indeed, the

17  "circumstances in which a copy will be deemed 'necessarily obtained' for use in a

18  case will be extremely limited." *Id*. at 930. None of the items Emmons seeks as

19  litigation support services are limited to OCR, imaging, or endorsing documents.

20  They are not taxable. *Id.*

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR FEES AND COSTS – Page 18
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400     **BARNARD**
SEATTLE, WASHINGTON 98119     **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132     **LAVITT LLP**

## CONCLUSION

Without apparent irony, Emmons accuses Guenther (at 1) of increasing litigation costs by prolonging this litigation. In fact, for nearly a year now, Guenther has done everything within her power to end or narrow this litigation. *See* ECF No. 39, 95, 104. Emmons, by contrast, has prolonged this litigation in the hopes of attaining a seven-figure fee award, even though his own litigation behavior—prematurely filing Guenther's settlement offer—precludes him from doing so and he could never obtain fees under a Washington statute inapplicable in federal court.

At this stage of the proceedings, notwithstanding Guenther's pending appeal, Emmons is a prevailing party entitled to taxable costs. Only $18,147.39 of the $53,735.22 he seeks in costs are taxable. He has no right to the remainder of the costs he seeks or to any fees. The Court should therefore deny his motion, except as to the $18,147.39 in properly taxable costs.

RESPECTFULLY SUBMITTED this 17th day of March, 2025.

*s/Darin M. Dalmat*
Dmitri Iglitzin, WSBA No. 17673
Darin M. Dalmat, WSBA No. 51384
Gabe Frumkin, WSBA No. 56984
**BARNARD IGLITZIN & LAVITT LLP**
18 W Mercer St, Suite 400
Seattle, WA 98119
(206) 257-6003
iglitzin@workerlaw.com
dalmat@workerlaw.com
frumkin@workerlaw.com

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR FEES AND COSTS – Page 19
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

Aaron Streepy, WSBA 38149
Jim McGuinness, WSBA 23494
Streepy Lemonidis Consulting & Law
Group, PLLC
2800 First Avenue, Suite 211
Seattle, WA 98121
Telephone: (253) 528-0278
Fax: (253) 528-0276
aaron@slglc.com
jim@mcguinnessstreepy.com

*Attorneys for Plaintiff Faye Guenther*

18 WEST MERCER ST., STE. 400    **BARNARD**

SEATTLE, WASHINGTON 98119    **IGLITZIN &**

**TEL** 800.238.4231 | **FAX** 206.378.4132    **LAVITT LLP**

## DECLARATION OF SERVICE

I hereby certify that on the date noted below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
| --- | --- |
| Ambika Kumar<br>Sara A. Fairchild<br>Davis Wright Tremaine LLP<br>920 Fifth Ave., Ste. 3300<br>Seattle, WA 98104<br>ambikakumar@dwt.com<br>sarafairchild@dwt.com | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☐ E-mail<br>☐ U.S. Mail<br>☑ CM/ECF |
| John A. DiLorenzo<br>Davis Wright Tremaine LLP<br>560 SW 10th Ave., Ste. 700<br>Portland, OR 97205<br>johndilorenzo@dwt.com | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☐ E-mail<br>☐ U.S. Mail<br>☑ CM/ECF |

DATED this 17th day of March, 2025 at Bonney Lake, Washington.

By: _____

Elinor Engle, Paralegal

DECLARATION OF SERVICE
Case No. 2:22-cv-00272-TOR

18 WEST MERCER ST., STE. 400  **BARNARD**

SEATTLE, WASHINGTON 98119  **IGLITZIN &**

TEL 800.238.4231 | FAX 206.378.4132  **LAVITT LLP**