FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 29, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH H. EMMONS, individually, and OSPREY FIELD CONSULTING LLC, a limited liability company,<br><br>Defendant. | NO. 2:22-CV-0272-TOR<br><br>ORDER DENYING MOTION FOR ATTORNEY FEES |

BEFORE THE COURT is Defendants' Motions for Attorney's Fees and Costs. ECF No. 138. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion is **DENIED**.

## DISCUSSION

Plaintiff originally sought damages in excess of $250,000. Defendants seek fees pursuant to Washington's small claims statute, RCW § 4.84.250, and costs

ORDER DENYING MOTION FOR ATTORNEY FEES ~ 1

1  pursuant to Federal Rule of Civil Procedure ("Rule") 54(d).  Under RCW

2  § 4.84.250:

> Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. After July 1, 1985, the maximum amount of the pleading under this section shall be ten thousand dollars.

To invoke RCW § 4.84.250, "damages can be pleaded in any manner as long as the party intending to ask for attorney fees under [the statute] has put the other party on notice or constructive notice of that intention." *Schmerer v. Darcy*, 80 Wn. App. 499, 509 (1996).  This Court has diversity jurisdiction only because the amount sought exceeded $75,000 and the parties are diverse.  28 U.S.C. § 1332(a).

If this case only involved less than $10,000, this Court would not have jurisdiction over the lawsuit.  *See Target National Bank v. Higgins*, 180 Wash.App 165 (2014) and *Sherman v. Kissinger*, 146 Wash.App 855 (2008).

Because Plaintiff sought damages in excess of $10,000, this case is not subject to the attorney fee statutes applicable to small claims.

Plaintiff agrees that costs in the amount of $18,147.39 are taxable.  The Court has reviewed the costs and agrees.

ORDER DENYING MOTION FOR ATTORNEY FEES ~ 2

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motions for Attorney's Fees and Costs, ECF No. 138, is **DENIED**.

2. Costs in the amount of **$18,147.39** are imposed against Plaintiff in favor of Defendants.

The District Court Executive is directed to enter this Order and Judgment for costs and furnish copies to counsel.

DATED April 29, 2025.



THOMAS O. RICE
United States District Judge