Ambika Kumar, WSBA #38237
Sara A. Fairchild, WSBA #54419
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700

John A. DiLorenzo (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Ave, Suite 700
Portland, OR 97205
Telephone: (503) 241-2300
Fax: (503) 778-5299

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| FAYE IRENE GUENTHER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH H. EMMONS, individually, AND OSPREY FIELD CONSULTING LLC, a limited liability company, <br><br> Defendants. | No. 2:22-cv-00272-TOR <br><br> **DEFENDANTS' MOTION TO RECONSIDER ORDER DENYING ATTORNEYS' FEES** <br><br> **05/14/2025 WITHOUT ORAL ARGUMENT** |

DEFS.' MOTION TO RECONSIDER
ORDER DENYING ATTORNEYS' FEES
Case No. 2:22-cv-00272-TOR

4933-5811-8461v.6 0119896-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I.  INTRODUCTION

Defendants Joseph H. Emmons and Osprey Field Services LLC respectfully move for reconsideration of the Court's April 29, 2025, Order Denying Motion for Attorney Fees, ECF No. 150 ("Order Denying Fees").[1]  The Order is based on the erroneous factual premise that Plaintiff Faye Guenther originally pleaded damages over $250,000, when, in fact, Guenther and three other plaintiffs had *collectively* pleaded damages over $250,000.  Individually, Guenther has always claimed damages under $10,000, a fact she pleaded in her February 7, 2024, letter to Defendants.  Guenther's dismissed co-plaintiffs' damages were the original basis for federal diversity jurisdiction.  Because Guenther, the lone remaining plaintiff after Defendants' Rule 12(b)(6) motion, then pleaded damages under $10,000, RCW 4.84.250 applies to her claims.  Defendants, therefore, respectfully request the Court reconsider its Order Denying Fees and award Defendants their reasonable attorneys' fees and nontaxable expenses.

## II.  BACKGROUND

On February 24, 2025, Defendants filed a Motion for Attorneys' Fees and Costs, seeking fees in this matter under RCW 4.84.250-.270.  ECF No. 138 ("Mot.").  Guenther filed an Opposition, ECF No. 148, and Defendants filed a Reply, ECF No. 149.  On April 29, 2025, the Court issued its Order Denying Fees.  ECF No. 150.

---

[1] Pursuant to the Court's Jury Trial Scheduling Order, Defendants note this Motion to Reconsider for expedited hearing without oral argument seven days after filing.  ECF No. 34 at 7; ECF No. 93 at 4.

DEFS.' MOTION TO RECONSIDER
ORDER DENYING ATTORNEYS' FEES
Case No. 2:22-cv-00272-TOR - 1

4933-5811-8461v.6 0119896-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The Court held that RCW 4.84.250 does not apply to this matter. *Id.* at 2. It recognized that the statute applies to cases where the plaintiff "plead[s]" damages of $10,000 or less. *Id.* But, the Court stated, "[b]ecause **Plaintiff** sought damages in excess of $10,000"—specifically "in excess of $250,000"—"this case is not subject to" RCW 4.84.250. *Id.* at 1-2 (emphasis added).

### III.  ARGUMENT

Under the Court's Jury Trial Scheduling Order (ECF No. 34) and Amended Jury Trial Scheduling Order (ECF No. 93), a motion to reconsider "must show manifest error in the prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier." ECF No. 34 at 7; ECF No. 93 at 4. Defendants respectfully submit that the foundation underlying the Court's Order Denying Fees is manifestly erroneous, thereby warranting reconsideration of the Order. *See* ECF No. 34 at 7; ECF No. 93 at 4. The Court based its denial of fees on the ground that Guenther, the sole remaining plaintiff, "originally sought damages in excess of $250,000." ECF No. 150 at 1; *see id.* at 2. That basis is factually incorrect and inconsistent with the Court's prior holdings.

Guenther has always claimed under $10,000 in damages. At the outset of this case, there were four named plaintiffs—United Food and Commercial Workers ("UFCW") Local 3000, UFCW Local 21, UFCW Local 1439, and Guenther—and their collective alleged damages were over $250,000. *See* Mot. at 3-4; *see also* ECF No. 1-2 (Complaint); ECF No. 1-1 at 2-3 (Joint Case Status Report listing "UFCW 3000, 21, 1439" as plaintiffs and "not less than $250,000" as amount in controversy).

DEFS.' MOTION TO RECONSIDER
ORDER DENYING ATTORNEYS' FEES
Case No. 2:22-cv-00272-TOR - 2

4933-5811-8461v.6 0119896-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

On May 26, 2023, the Court dismissed the three unions, leaving Guenther as the sole plaintiff.  Mot. at 4 (citing ECF No. 21).

On February 7, 2024, Guenther sent Defendants a letter asserting that, although the original plaintiffs' collective damages had exceeded the threshold for federal court diversity jurisdiction, Guenther's individual damages were "under $10,000."  ECF No. 48-24 (cited in Mot. at 7-8).  Guenther's letter stated:

> [W]e proceeded with litigation on July 25, 2022, asserting claims for defamation and false light.  Subsequently, the case was transferred to federal court where plaintiffs UFCW 3000, UFCW 1439, and UFCW 21 were dismissed as parties.  This leaves Guenther as the sole claimant with damages under $10,000.

*Id.*  The letter concluded that it was "notice [to Defendants] of the applicability of RCW 4.84.250."  *Id.*[2]

Guenther's February 7, 2024, letter "pleaded" damages under $10,000, triggering RCW 4.84.250, as the letter itself states.  *See* Mot. at 10-11.  Guenther did not dispute this fact in her Opposition.  *See* ECF No. 148.

---

[2] This discrepancy between the union plaintiffs' asserted damages (over $250,000) and Guenther's individual damages (under $10,000) is consistent with the Complaint's allegations, which focus on the economic damages the union plaintiffs allegedly incurred as a result of the Flyer.  *See* ECF No. 1-2 ¶¶ 3.59-3.61, 4.7-4.8.  As the Court found, Guenther did "not plead special damages" and instead relied on a "defamation per se" theory.  ECF No. 21 at 11; *see also* ECF No. 104 at 7 (Guenther's summary judgment motion seeking "nominal damages of $1").

DEFS.' MOTION TO RECONSIDER
ORDER DENYING ATTORNEYS' FEES
Case No. 2:22-cv-00272-TOR - 3
4933-5811-8461v.6 0119896-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Moreover, the Court recognized that RCW 4.84.250 applies to this case in its June 7, 2024, Order on Plaintiff's Motion to Dismiss. ECF No. 79 at 7-14. There, Defendants opposed Guenther's request for voluntary dismissal without prejudice on the ground that dismissal without prejudice would deprive Defendants of their right to seek fees under RCW 4.84.250. ECF No. 47 at 10-12. The Court agreed. ECF No. 79 at 13-14. As Defendants explained, RCW 4.84.250 entitles a defendant to its attorneys' fees where the plaintiff "pleaded" damages of $10,000 or less and the defendant is the "prevailing party." ECF No. 47 at 10-11; *see also* Mot. at 10-11. The Court held that, because RCW 4.84.250's damages threshold was satisfied, and dismissal without prejudice would deprive Defendants of prevailing party status, Guenther's claims must be dismissed with prejudice "so Defendants may seek attorneys' fees … under RCW 4.84.250." ECF No. 79 at 13-14 (cited in Mot. at 8). If RCW 4.84.250 did not apply, that holding would have been unnecessary.

Moreover, in its decision, the Court correctly rejected Guenther's argument that, if RCW 4.84.250 applied (i.e., if her damages were less than $10,000), the Court would not have jurisdiction. *See id.* at 8-10. The Court stated:

> When an action is removed to federal court, the amount in controversy is assessed at the time of removal. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). … "[A]ny subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292-93 (1938)) ….

*Id.* at 9. Because the amount in controversy exceeded $75,000 at the time of removal, the Court's later dismissal of the union plaintiffs, which decreased the

DEFS.' MOTION TO RECONSIDER
ORDER DENYING ATTORNEYS' FEES
Case No. 2:22-cv-00272-TOR - 4
4933-5811-8461v.6 0119896-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

amount in controversy to under $10,000, did not deprive the Court of jurisdiction. *See id.* at 9-10.

*Sherman v. Kissinger*, 146 Wn. App. 855 (2008), cited by the Court in the Order Denying Fees, involved manifestly different facts. There, the sole plaintiff alleged in her complaint that she "intend[ed] to seek damages in excess of $10,000," yet the defendants asserted in an offer of judgment that the plaintiff's damages were less than $10,000. *Id.* at 875-76. The court held that RCW 4.84.250 did not apply because the plaintiff had pleaded damages over $10,000. *Id.* at 876. Here, by contrast, Guenther has consistently maintained that her individual damages do not exceed $10,000. *See* ECF No. 48-24; *see also* ECF No. 104 at 7. RCW 4.84.250 therefore applies to her claims.

*Target National Bank v. Higgins*, 180 Wn. App. 165 (2014), also cited by the Court, only underscores the point. There, the court discussed the notice required to invoke RCW 4.84.250, explaining that "notice in the original pleadings was not necessary" but "the purpose behind RCW 4.84.250 requires some type of notice so that the opposing party would realize … [they] should settle or else risk paying the prevailing party's attorney's fees." *See id.* at 173-83. Here, Guenther unquestionably had notice of RCW 4.84.250's applicability because she invoked it. Mot. at 10 (citing ECF No. 48-24). And, to avoid any doubt, Defendants expressly informed Guenther that they intended to seek fees under the statute if they prevailed. *See id.* at 11 (citing ECF No. 48 ¶ 34; ECF No. 48-25).

In sum, Guenther "pleaded" damages under $10,000 when she asserted that dismissal of the three union plaintiffs left her "as the sole claimant with damages

DEFS.' MOTION TO RECONSIDER
ORDER DENYING ATTORNEYS' FEES
Case No. 2:22-cv-00272-TOR - 5
4933-5811-8461v.6 0119896-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

under $10,000," ECF No. 48-24—a fact she did not dispute in response to Defendants' Motion, ECF No. 148. RCW 4.84.250 thus applies to her claims. Defendants seek only fees incurred *after* the date the three union plaintiffs were dismissed. Mot. at 2. Because RCW 4.84.250 mandates an award of fees to the prevailing party, Defendants should be awarded their attorneys' fees.

## IV.  CONCLUSION

For these reasons, Defendants respectfully request the Court grant the Motion to Reconsider and award Defendants their reasonable attorneys' fees and nontaxable expenses.

DATED this 7th day of May, 2025.

Attorneys for Defendants

By: *s/Sara A. Fairchild*
Ambika Kumar, WSBA #38237
Sara A. Fairchild, WSBA #54419
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
ambikakumar@dwt.com
sarafairchild@dwt.com

John A. DiLorenzo (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Ave, Suite 700
Portland, OR  97205
Telephone: (503) 241-2300
Fax: (503) 778-5299
johndilorenzo@dwt.com

DEFS.' MOTION TO RECONSIDER
ORDER DENYING ATTORNEYS' FEES
Case No. 2:22-cv-00272-TOR - 6
4933-5811-8461v.6 0119896-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025, I caused the document to which this certificate is attached to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Aaron Streepy
Jim McGuinness
STREEPY LEMONIDIS CONSULTING & LAW GROUP, PLLC
2800 First Avenue, Suite 211
Seatle, WA 98121
aaron@slglc.com
jim@mcguinnessstreepy.com

Dmitri Iglitzin
Darn M. Dalmat
Gabe Frumkin
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer St, Suite 400
Seattle, WA 98119
iglitzin@workerlaw.com
dalmat@workerlaw.com
frumkin@workerlaw.com

*Attorneys for Plaintiff Faye Guenther*

I declare under penalty of perjury that the foregoing is true and accurate.

DATED this 7th day of May, 2025.

By: *s/Sara A. Fairchild*
Sara A. Fairchild, WSBA #54419

DEFS.' MOTION TO RECONSIDER
ORDER DENYING ATTORNEYS' FEES
Case No. 2:22-cv-00272-TOR - 7
4933-5811-8461v.6 0119896-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax